# EXHIBIT B

In Re: Webloyalty.com, Inc., Marketing and Sales Practices Litigation          Doc. 12 Att. 4

1

2  **WEXLER TORISEVA WALLACE LLP**
   MARK J. TAMBLYN (State Bar No. 179272)

3  Email: mjt@wtwlaw.us
   1610 Arden Way, Suite 290

4  Sacramento, California 95815
   Telephone: (916) 568-1100

5  Facsimile: (916) 568-7890

6  -and-

7  **WEXLER TORISEVA WALLCE LLP**
   KENNETH A. WEXLER

8  Email: kaw@wtwlaw.us
   MARK R. MILLER

9  Email: mrm@wtwlaw.us
   One North LaSalle Street, Suite 2000

10 Chicago, Illinois 60602
   Telephone: (312) 346-2222
   Facsimile: (312) 346-0022

11 [Additional Counsel Listed on Signature Page]

12 Attorneys for *Plaintiff*

13

14 **IN THE UNITED STATES DISTRICT COURT**

15 **CENTRAL DISTRICT OF CALIFORNIA**

16 **WESTERN DIVISION**

17

| | |
|---|---|
| ALCIDES MELO, on behalf of himself and all others similarly situated, | Case No. **CV 06-06329 DSF (JCx)** |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| WEBLOYALTY.COM, INC., a Connecticut corporation; and VALUECLICK, INC., a Delaware corporation, d/b/a 123INKJETS.COM; | **JURY TRIAL DEMANDED** |
| Defendants. | |

18

19

20

21

22

23

24

25

26

27

28

-1-

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

BY FAX

FILED
2006 OCT -4  AM 11:08

Plaintiff Alcides Melo ("Plaintiff"), individually and on behalf of all others similarly situated, alleges by and through his attorneys, upon information and belief, as follows:

## NATURE OF CASE

1.    Plaintiff brings this consumer class action on behalf of himself and a class of consumers and entities who were charged any fees, or paid interest, as a result of becoming subscribed to Defendant Webloyalty's "Reservation Rewards" membership, along with all those whose personal credit or bank debit card information was improperly used to create such subscriptions.

2.    Through partnerships it creates with online retailers, Webloyalty sells memberships in a sham program known as "Reservation Rewards" for which it charges members a monthly fee, typically $9.00 per month. Reservation Rewards is a program that purportedly provides discounts on dining and tourist attractions, along with so-called "travel protection" such as roadside assistance, hotel overbooking and baggage insurance. The process by which Webloyalty and its partners sell Reservation Rewards is deceptive, unfair and unlawful. Worse, this process compromises the confidential billing information of unsuspecting consumers who are tricked into clicking a Reservation Rewards advertisement.

3.    The process is simple. Prior to completion of an online retail transaction with a Webloyalty retail partner, a pop-up advertisement appears on the consumer's computer screen, offering a $10.00 next purchase discount or coupon reward. All the consumer needs to do is click on a button to redeem it. When she does, however, her confidential credit card or bank debit card information is secretly transmitted from the online retailer to Webloyalty. Webloyalty then uses this confidential information to enroll her in a Reservation Rewards membership for which it collects monthly charges after the expiration of an alleged 30-day "free trial" basis. The enrollment is on a "negative option" basis, meaning she is continuously billed the monthly charge until she discovers it and manages to

-2-
CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1     cancel.  The only reference to the charges on a consumer's bank or credit card

2     statement is typically "WLI*RESERVATION REWARDS."

3         4.     With ready access to their customers' confidential billing information,

4     Webloyalty's online retail partners, like Defendants herein, exploit this confidential

5     information to generate additional revenue for themselves by obtaining a fee from

6     Webloyalty for Reservation Rewards membership accounts, generated through the

7     pop-up advertising that the retail partners facilitate through their retail websites.

8                        **JURISDICTION AND VENUE**

9         5.     The Court has original jurisdiction over this class action pursuant to 28

10     U.S.C. § 1332(d)(2).  This action asserts claims for violations of the Electronic

11     Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693e; violations of the Electronic

12     Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510; for violations of

13     California's Consumers Legal Remedies Act, Cal. Civil Code § 1750; for violations

14     of California's Unfair Competition Law, Business and Professions Code § 17200;

15     for money had and received; for conversion; and for unjust enrichment.  This Court

16     has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question),

17     15 U.S.C. § 1693m(g) (EFTA) and 18 U.S.C. § 2510, *et seq* (ECPA). This Court

18     has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §

19     1367.

20         6.     Venue in this judicial district is proper pursuant to 28 U.S.C. §

21     1391(a)(1) because Defendants ValueClick, Inc. and 123inkjets.com maintain their

22     principal places of business in this judicial district.  Venue is also proper pursuant

23     to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions

24     giving rise to the claim occurred in this judicial district.

25         7.     The members of the putative Class have suffered aggregate damages

26     exceeding $5,000,000, exclusive of interest and costs.

27

28

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## PARTIES

8.    Plaintiff Alcides Melo is an individual citizen and resident of Selden, New York.

9.    Defendant Webloyalty.com, Inc. ("Webloyalty") is a corporation organized and existing under the laws of Connecticut with its principal executive offices located at 101 Merritt Seven, 7th Floor, Norwalk, Connecticut 06851. According to the Connecticut Better Business Bureau, Webloyalty.com also does business as "travelvalueplus.com", "reservationrewards.com" "buyerassurance.com", "walletshield.com" and "memberspecials.com."

10.    Defendant ValueClick, Inc. ("ValueClick") is a corporation organized and existing under the laws of Delaware with its principal executive offices located at 30699 Russell Ranch Road, Suite 250, Westlake Village, California, 91362.

11.    Defendant 123inkjets.com. is owned by Defendant ValueClick, with its principal executive offices located at 25 East Easy Street, Simi Valley, California, 93065.

12.    Unless otherwise stated, Defendants Webloyalty, ValueClick and 123inkjets.com are referred to collectively herein as "Defendants."

13.    At all times herein mentioned, Defendants were the agents, principals, employees, servants, partners, joint venturers, and representatives of each other.  In doing the acts hereinafter alleged, they each were acting within the scope and course of their authority as such agents, principals, employees, servants, partners, joint venturers, and representatives, and were acting with the permission and consent of the other Defendant.

14.    Plaintiff alleges on information and belief Defendants had knowledge of and agreed to the unlawful conduct alleged herein.  Defendants conspired with each other to engage in the common course of unlawful conduct alleged herein, or aided and abetted that common course of unlawful conduct, for the purpose of enriching themselves at the expense of Plaintiff and the Class, resulting in damages

-4-
CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

to Plaintiff and all others similarly situated.

## FACTUAL ALLEGATIONS

### Defendants' Practice of Creating and Charging for "Reservation Rewards" Unauthorized Membership Accounts

15.    Webloyalty and its online retail co-conspirators, like ValueClick, create unauthorized membership accounts through misleading and deceptive "pop-up" screens or advertisements which purport to offer $10 next purchase coupons or discounts. These unsolicited pop-up advertisements appear on-screen immediately after a consumer attempts to complete an online transaction, such as purchasing an ink refill. Webloyalty and its online retail partners constructed and employ the pop-up advertisements in a manner which automatically enrolls the consumer in the Reservation Rewards membership without the consumer's permission, knowledge, or consent.

16.    Webloyalty's online retail partners, like ValueClick, use the confidential billing information they collect when customers complete an online retail transaction (e.g., an ink refill). Webloyalty, in turn, uses this confidential billing information, without the consumer's authorization, to enroll the consumer in its Reservation Rewards product. Webloyalty engages in this practice, with the knowing aid of its online retail partners, like ValueClick, although customers do not agree, nor have they ever agreed, to pay separate charges of approximately $9 per month for Reservation Rewards by credit card, by electronic fund transfers from debit cards or bank accounts.

17.    Because of the automatic billing structure employed by Webloyalty (pursuant to which Webloyalty customers do not receive any bill or invoice notifying them of charges prior to Webloyalty assessing the charges), customers often do not realize for months or years that they are being charged for unauthorized memberships with Reservation Rewards.

-5-
CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

18. When Webloyalty customers discover that they have been charged for unauthorized Reservation Rewards membership accounts and attempt to contact Webloyalty's customer service, Webloyalty discourages and frustrates members from cancelling or terminating such accounts, and advises the customers that they freely and voluntarily signed up for the service.

19. Defendants profit from this scheme by collecting fees for unauthorized Reservation Rewards membership accounts, by refusing to reimburse members for such fees, and by obstructing and delaying members from cancelling unauthorized Reservation Rewards membership accounts. Webloyalty reportedly earns approximately $100 million in annual revenue.

20. Webloyalty's online retail partners, including Defendants ValueClick, Inc. and 123injets.com, profit from this scheme because they receive compensation from Webloyalty for "sales" of Reservation Rewards to their customers. In addition to ValueClick and 123inkjets.com, Webloyalty has partnered with up to 100 other Internet retailers, such as Priceline.com, Fandango.com, Hotels.com, FTD.com, Classmates.com, Allposters.com, and Half.com.

21. Defendants, and Webloyalty in particular, have received scores of complaints from consumers who have been charged for unauthorized Reservation Rewards membership accounts. More complaints can be found at hundreds of Internet postings at consumer protection websites and blogs such as www.ripoffreport.com, www.investorial.com, www.complaints.com, www.consumerwebwatch.org, http://adam.rosi-kessel.org/weblog/the_man/webloyalty_aka_wli_reservations_is_a_scam.html (consumer blog containing over 1,000 consumer complaints regarding Webloyalty).

22. The complaints found throughout the Internet each contain the same common theme of consumers who were unwittingly enrolled in the Reservation Rewards program, and then at some later time discovered charges of $9 to $11 per month on their credit or debit statement with no disclosure as to the origin of those

-6-

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  charges.

2      23.    The scores of consumer complaints regarding Defendants' business

3  practices are further reflected in Webloyalty's "unsatisfactory" rating by the

4  Connecticut Better Business Bureau:

5          Based on Better Business Bureau files, [Webloyalty] has an
6          unsatisfactory record with the Bureau due to a pattern of complaints
           concerning deceptive marketing/selling practices and unauthorized
7          charges on consumers' credit cards. Although the company has
8          resolved all complaints brought to its attention by the BBB by
           canceling consumers' program memberships and by providing refunds,
9          the firm has failed to correct the underlying reasons for the complaints.
10                                    * * * * *
11         To date, the BBB continues to receive the same patterns of complaint
           activity.
12
                            **Plaintiff Melo is Charged for an**
13         **Unauthorized Reservation Rewards Membership Account**

14     24.    In or about March 2006, Plaintiff Alcides Melo noticed that a $9

15  charge associated with "Reservation Rewards" appeared on his bank card

16  statement. Plaintiff Melo investigated the origin of the charge through his bank and

17  determined that Webloyalty obtained his confidential bank account information

18  from a transaction with Defendants ValueClick and 123inkjets.com. Plaintiff Melo

19  also discovered that his bank account had been charged the $9 fee each month since

20  in or about November 2005.

21                        **CLASS ACTION ALLEGATIONS**

22     25.    Plaintiff brings this action as a class action pursuant to Federal Rule of

23  Civil Procedure 23(a) and 23(b) on behalf of himself and all others similarly

24  situated as members of the following classes (collectively, the "Class"):

25         (a) All persons and entities who were charged fees or interest by
26         Webloyalty for a "Reservation Rewards" membership in an online
           transaction with ValueClick and/or 123inkjets.com;
27
           (b) All persons and entities whose personal credit or bank debit card
28         information was accessed by Webloyalty through an online transaction
           with ValueClick and/or 123inkjets.com; and

                                    -7-
CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

(c) All persons and entities who were charged fees or interest by Webloyalty for a "Reservation Rewards" membership in an online transaction with ValueClick and/or 123inkjets.com and whose bank debit cards or bank accounts were charged without their prior expressed request or consent (the "EFTA Subclass").

26.    Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint. Specifically excluded from the proposed Class are Defendants, their officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint venturers, or entities controlled by Defendants, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendants and/or their officers and/or directors, or any of them; the Judge assigned to this action, and any member of the Judge's immediate family.

27.    **Numerosity.** The members of the Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes, and on that basis alleges, that the proposed class contains tens of thousands of members. The precise number of Class members is unknown to Plaintiff. The true number of Class members are known by Defendants, however, and thus, may be notified of the pendency of this action by first class mail, electronic mail, and by published notice.

28.    **Existence and Predominance of Common Questions of Law and Fact.** Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

    a.    Whether Defendants developed and implemented a scheme to intentionally create unauthorized Reservation Rewards membership accounts and to charge consumers and entities for such accounts;

    b.    Whether Defendants conspired with or aided and abetted each other to

-8-

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

intentionally create unauthorized Reservation Rewards membership accounts and to charge consumers and entities for such accounts;

c.   Whether Defendants systematically refused to cancel unauthorized Reservation Rewards membership accounts and obstructed and delayed members of the Class from seeking refunds for charges for such accounts.

e.   Whether pursuant to the policies and practices described above, Defendants made "preauthorized electronic fund transfers" from the debit card accounts of EFTA Subclass members without first obtaining the EFTA Subclass members' written authorization;

f.   Whether Defendants violated 15 U.S.C. § 1693e with respect to the EFTA Subclass members;

g.   Whether Defendants violated 18 U.S.C. § 2510;

h.   Whether Defendants' conduct constituted unlawful, unfair, or fraudulent business practices in violation of Cal. Bus. & Prof. Code §§ 17200, et seq., as alleged herein;

i.   Whether Defendants' conduct constituted conversion, as alleged herein;

j.   Whether Defendants have been unjustly enriched as a result of their conduct, as alleged herein;

k.   Whether Plaintiff and members of the Class have sustained damages as a result of Defendants' conduct, and, if so, what is the appropriate measure of damages; and

l.   Whether Plaintiff and members of the Class are entitled to punitive damages, and, if so, in what amount.

29.   **Typicality.**  Plaintiffs' claims are typical of the claims of the members of the Class in that Plaintiff and each member of the Class were charged without his or her prior expressed request or consent for a Reservation Rewards membership

-9-
CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   account.

2       30.   **Adequacy of Representation**. Plaintiff will fairly and adequately

3   protect the interests of the members of the Class.  Plaintiff has retained counsel

4   highly experienced in complex consumer class action litigation, and Plaintiff

5   intends to prosecute this action vigorously.  Plaintiff has no adverse or antagonistic

6   interests to those of the Class.

7       31.   **Superiority**. A class action is superior to all other available means for

8   the fair and efficient adjudication of this controversy.  The damages or other

9   financial detriment suffered by individual Class members is relatively small

10  compared to the burden and expense that would be entailed by individual litigation

11  of their claims against the Defendants.  It would thus be virtually impossible for

12  Class, on an individual basis, to obtain effective redress for the wrongs done to

13  them.  Furthermore, even if Class members could afford such individualized

14  litigation, the court system could not.  Individualized litigation would create the

15  danger of inconsistent or contradictory judgments arising from the same set of facts.

16  Individualized litigation would also increase the delay and expense to all parties

17  and the court system from the issues raised by this action.  By contrast, the class

18  action device provides the benefits of adjudication of these issues in a single

19  proceeding, economies of scale, and comprehensive supervision by a single court,

20  and presents no unusual management difficulties under the circumstances here.

21      32.   In the alternative, the Class may be certified because:

22          a.   the prosecution of separate actions by individual Class members

23               would create a risk of inconsistent or varying adjudication with respect

24               to individual Class members that would establish incompatible

25               standards of conduct for the Defendants;

26          b.   the prosecution of separate actions by individual Class members would

27               create a risk of adjudications with respect to them that would, as a

28               practical matter, be dispositive of the interests of other Class members

-10-

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    not parties to the adjudications, or substantially impair or impede their
2    ability to protect their interests; and/or

3       c. Defendants have acted or refused to act on grounds generally
4         applicable to the Class thereby making appropriate final and injunctive
5         relief with respect to the members of the Class as a whole.

6        33.   The claims asserted herein are applicable to all individuals and entities
7    throughout the United States who became enrolled in Webloyalty's Reservation
8    Rewards membership program through an online transaction with ValueClick (dba
9    123inkjets.com). The State of California has sufficient state interest through a
10   significant contact or aggregation of contacts to the claims asserted by each
11   member of the Class so that the choice of California law is not arbitrary or unfair.
12   Defendants sell Reservation Rewards membership in California and engage in
13   marketing activities in California. In addition ValueClick and 123inkjets.com
14   reside in California.

15       34.   Adequate notice can be given to Class members directly using
16   information maintained in Defendants' records, or through notice by publication.

17       35.   Damages may be calculated from the sales information maintained in
18   Defendants' records, so that the cost of administering a recovery for the Class can
19   be minimized. The amount of damages is known with precision from Defendants'
20   records.

21       36.   Defendants benefited from the sale of Reservation Rewards
22   memberships at issue to Plaintiff and the Class. The benefit to Defendants can be
23   identified from the sale of such memberships to Plaintiff and the Class and that
24   such monies can be restored to Plaintiff and the Class. Such monies are the
25   property of the Plaintiff and the Class. All or a portion of this benefit retained by
26   Defendants is money in which Plaintiff and the Class have an ownership interest.
27   Plaintiff and the Class were injured and lost money as a result of Defendants'
28   unfair, unlawful and fraudulent business practices described herein.

-11-
CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## FIRST CLAIM FOR RELIEF
### (For Violations of the Electronic Funds Transfer Act, 15 U.S.C. § 1693e)

37.    Plaintiff hereby realleges and incorporates by reference all paragraphs previously alleged herein. Plaintiff asserts this claim against Defendant Webloyalty on behalf of himself and the EFTA Subclass.

38.    Webloyalty has initiated electronic transfers of funds for unauthorized Webloyalty "Reservation Rewards membership accounts from the debit card accounts of Plaintiff and EFTA Subclass members on a recurring basis, at substantially regular intervals, without first obtaining written authorization from them or providing them with a copy of any such purported authorization.

39.    Therefore, Webloyalty has violated 15 U.S.C. § 1693e.

40.    Plaintiff and members of the EFTA Subclass have suffered damages by reason of Webloyalty's violations of 15 U.S.C. § 1693e. Accordingly, under 15 U.S.C. § 1693m, Plaintiff, on behalf of the EFTA Subclass, seeks actual damages, statutory damages, costs of suit, attorneys' fees and an injunction against further violations.

## SECOND CLAIM FOR RELIEF
### (For Violations of the Electronic Communications Privacy Act)

41.    Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth herein. Plaintiff asserts this claim against each and every Defendant on behalf of himself and the Class.

42.    The transfer of data by Plaintiff and the Class between their computers and Defendants, including but not limited to electronic funds transfer information stored by a financial institution, constitute "electronic communications" within the meaning of 18 U.S.C. § 2510.

43.    Defendants have intentionally intercepted, and have aided and abetted one another in intercepting, by device or otherwise, these electronic

-12-

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  communications without Plaintiff's or Class members' knowledge, consent or
2  authorization.

3      44.    Defendants have intentionally disclosed to another person, and have
4  otherwise used, such electronic communications, with knowledge, or having reason
5  to know, that the electronic communications were obtained through interception.

6      45.    Plaintiff and the Class, pursuant to 18 U.S.C. § 2520, are entitled to
7  preliminary, equitable and declaratory relief, in addition to statutory damages of the
8  greater of $10,000 or $100 a day for each day of violation, actual and punitive
9  damages, reasonable attorneys' fees, and Defendants' profits obtained from the
10  above-described violations.

## THIRD CLAIM FOR RELIEF
### [Violation of Consumers Legal Remedies Act, Cal. Civ. Code § 1750, et seq.]

13      46.    Plaintiff hereby incorporates by reference each of the preceding
14  allegations as though fully set forth herein. Plaintiff asserts this claim against each
15  and every Defendant on behalf of itself and the Class.

16      47.    This cause of action is brought against Defendant pursuant to the
17  Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, et seq.

18      48.    Defendants are each a "person" as defined by Cal. Civ. Code §
19  1761(c).

20      49.    Plaintiff and the proposed Class members are "consumers" within the
21  meaning of Cal. Civ. Code § 1761(d).

22      50.    Plaintiff's on-line purchase as well as the Defendants' enrollment of
23  Plaintiff and Class members in the Reservation Reward program constitutes a
24  "transaction" within the meaning of Civil Code section 1761(e) and 1770.

25      51.    Defendants' conduct violated and continues to violate the CLRA in at
26  least the following respects:

27
28

-13-

a.   In violation of Section 1770(a)(1) of the CLRA, Defendants misrepresented the source, sponsorship, approval or certification of goods or services;

b.   In violation of Section 1770(a)(2) of the CLRA, Defendants misrepresented the affiliation, connection, or association with, or certification by another;

c.   In violation of Section 1770(a)(5) of the CLRA, Defendants represented that its goods or services sponsorship, approval, characteristics, uses or benefits which they do not have;

d.   In violation of Section 1770(a)(9) of the CLRA, Defendants advertised goods or services with the intent not to sell then as advertised;

e.   In violation of Section 1770(a)(13) of the CLRA, Defendants made false or misleading statements of fact concerning reasons for, existence of, or amounts or price reductions;

f.   In violation of Section 1770(a)(14) of the CLRA, Defendants advertised that a transaction confers or involves, rights, remedies, or obligations which it does not have or involve;

g.   In violation of Section 1770(a)(16) of the CLRA, Defendants represented that the subject of the transaction has been supplied in accordance with a previous representation when it has not; and/or

h.   In violation of Section 1770(a)(16) of the CLRA, Defendants represented that the consumer will receive a rebate, discount, or other economic benefit, if the earning of the benefit is contingent on an event to occur subsequent to the consummation of the transaction.

52.   Defendants engaged in these unfair or deceptive acts and practices with the intent that they result, and which did result, in the sale of memberships in the Reservation Rewards program to Plaintiff and the Class.

-14-

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

53.    In engaging in unfair or deceptive conduct in violation of the CLRA, Defendants actively concealed and intentionally failed to disclose material facts about the Reservation Rewards program

54.    As a result of Defendants' acts and practices as alleged in this Complaint, Plaintiff seeks an Order enjoining Defendants from continuing to engage in unlawful, unfair or fraudulent business practices, and any other act prohibited by law.  Contemporaneously with this Complaint, Plaintiff is providing notice as required by the CLRA and will amend to add claims for damages under the CLRA if corrective action is not taken.

### FOURTH CLAIM FOR RELIEF
### (Violation of the California Unfair Competition Law, Business & Professions Code §§ 17200, *et seq.*)

55.    Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth herein.  Plaintiff asserts this claim against each and every Defendant on behalf of itself and the Class.

56.    Defendants' acts and practices, described herein, constitute unlawful, unfair or fraudulent business practices in violation of the Unfair Competition Law, Business & Professions Code sections 17200 et seq ("UCL").

57.    The utility of Defendants' sales and unauthorized billing practices is significantly outweighed by the gravity of the harm they impose on Plaintiff and the Class.  Defendants' acts and practices are oppressive, unscrupulous or substantially injurious to consumers.

58.    The above-described unfair, unlawful and fraudulent business practices conducted by Defendants present a threat and likelihood of harm and deception to members of the Class in that Defendants have systematically perpetrated and continue to perpetrate the unfair, unlawful and fraudulent conduct upon members of the public by engaging in the conduct described herein.

59.    Defendants' conduct violates the public policy principles espoused in both federal and state statutes and federal regulations. For example:

    a.    The Electronic Funds Transfer Act was designed to ensure basic protections for consumers against unauthorized electronic funds transfers, 15 U.S.C. § 1693e;

    b.    The Electronic Communications Privacy Act was enacted to ensure the privacy of electronic communications, and prohibit access to those communications by third parties without authorization, 15 U.S.C. §§ 2510 *et seq.*;

    c.    The Federal Trade Commission Act, Section 5, recognizes the public policy that companies must not misrepresent the nature of their goods and services, and must take precautions to protect consumers' personal information; and

    d.    The underlying purpose of the CLRA is to "protect consumers against unfair and deceptive business practices[.]" Cal. Civ. Code §1760.

60.    These stated policies seeking to protect consumers against unfair practices, including those pleaded in this Complaint, provide a sufficient predicate for Plaintiff's claims.

61.    Plaintiff and the Class have suffered harm as a proximate result of the wrongful conduct of the Defendants alleged herein, and therefore bring this claim for relief for restitution and disgorgement. Plaintiff is a person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

62.    Pursuant to Business and Professions Code sections 17200 and 17203, Plaintiff, on behalf of himself and the Class, seeks an order of this Court: enjoining Defendants from the continued Reservation Rewards membership sales and billing practices in an unfair, unlawful and fraudulent manner, and an order enjoining Defendants from collecting money from the Class from the sale of such

-16-
CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  memberships, and enjoining the further disclosure and use of confidential billing

2  information. Plaintiff further requests an order awarding Plaintiff and the Class

3  restitution and disgorgement of profits acquired by Defendants by means of such

4  unlawful acts and practices, so as to deter Defendants and to rectify Defendants'

5  unfair and unlawful practices and to restore any and all monies to Plaintiff and the

6  Class, which are still retained by Defendants, plus interest and attorneys' fees and

7  costs pursuant to, *inter alia*, Code of Civil Procedure section 1021.5.

8

9  ### FIFTH CLAIM FOR RELIEF
   ### (For Money Had and Received)

10

11  63.    Plaintiff hereby incorporates by reference each of the preceding

12  allegations as though fully set forth herein. Plaintiff asserts this claim against each

13  and every Defendant on behalf of itself and the Class.

14  64.    Defendants have imposed the above-described improper, unfair and

15  fraudulent practices on Plaintiff and the Class in violation of statutory and common

16  law. Plaintiff and the members of the Class have suffered harm as a proximate

17  result of the violations of law and wrongful conduct of the Defendants alleged

18  herein.

19  65.    Defendants are legally obligated to pay over and remit those sums paid

20  by the Class. Plaintiff therefore seeks an order requiring Defendants to pay

21  damages, according to proof, full restitution of all monies wrongfully obtained, and

22  to disgorge all ill-gotten revenues and profits.

23  ### SIXTH CLAIM FOR RELIEF
   ### (For Unjust Enrichment)

24

25  66.    Plaintiff hereby realleges and incorporates by reference all paragraphs

26  previously alleged herein. Plaintiff asserts this claim against each and every

27  Defendant on behalf of himself and the Class.

28  67.    Defendants have received, and continue to receive, a benefit at the

-17-
CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    expense of Plaintiff and members of the Class. Defendants have knowledge of this

2    benefit.

3         68.    Defendants have charged and collected from consumers, including

4    Plaintiff and members of the Class, money for unauthorized Reservation Rewards

5    membership accounts. Defendants thus have received benefits that they have

6    unjustly retained at the expense of Plaintiff and members of the Class.

7         69.    As a direct and proximate result of Defendants' unlawful acts and

8    conduct, Plaintiff and members of the Class were deprived of the use of their

9    monies that was unlawfully charged and collected by Defendants, and are therefore

10   entitled to restoration of their monies.

## PRAYER FOR RELIEF

12       WHEREFORE, Plaintiff, on behalf of himself and all others similarly

13   situated, prays for judgment against Defendants as follows:

14       1.    For an order certifying the Class under Rule 23 of the Federal Rules of

15          Civil Procedure and appointing Plaintiff and his counsel of record to

16          represent the Class;

17       2.    For restitution, disgorgement and/or other equitable relief as the Court

18          deems proper;

19       3.    That pursuant to sections 17203 and 17204 of the Business and

20          Professions Code, Defendants be permanently enjoined from

21          performing or proposing to perform any of the aforementioned acts of

22          unfair, unlawful and fraudulent business practices;

23       4.    For compensatory damages sustained by Plaintiff and all others

24          similarly situated as a result of Defendants' unlawful acts and conduct;

25       5.    For statutory damages under 15 U.S.C. § 1693m;

26       6.    For statutory damages under 18 U.S.C. § 2520(b)(2) and (c), including

27          punitive damages;

28       7.    For a permanent injunction prohibiting Defendants from engaging in

-18-

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

the conduct and practices complained of herein;

8.    For pre-judgment and post-judgment interest;

9.    For reasonable attorneys' fees and costs of suit, including expert witness fees; and

10.   For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

To the full extent available, Plaintiff demands a trial by jury.

Dated: October 3, 2006.          **WEXLER TORISEVA WALLACE LLP**


By _____
     MARK J. TAMBLYN

**WEXLER TORISEVA WALLACE LLP**
1610 Arden Way, Suite 290
Sacramento, California 95815
Telephone: (916) 568-1100
Facsimile: (916) 568-7890

Kenneth A. Wexler
Mark R. Miller
**WEXLER TORISEVA WALLACE LLP**
One North LaSalle St., Suite 2000
Chicago, Illinois 60602
Telephone:  (312) 346-2222
Facsimile:  (312) 346-0022

Charles M. McCallum
R. Brent Irby
**McCALLUM HOAGLUND COOK & IRBY LLP**
2062 Columbiana Road
Vestavia Hills, Alabama 35216
Telephone: (205) 824-7767
Facsimile: (205) 824-7768

-19-
CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Robert S. Green
Jenelle Welling
Charles D. Marshall
**GREEN WELLING LLP**
595 Market Street, Suite 2750
San Francisco, California 94105
Telephone: (415) 477-6700
Facsimile: (415) 477-6710

*Attorneys for Plaintiff and the Class*

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**DECLARATION OF ALCIDES MELO**
**PURSUANT TO CALIFORNIA CIVIL CODE § 1780(C)**

I, Alcides Melo, declare as follows:

1.    I submit this declaration pursuant to section 1780(c) of the California Consumers Legal Remedies Act. I have personal knowledge of the matters set forth below and if called as a witness could and would be competent to testify thereto.

2.    Webloyalty.com, Inc. does business in California.

3.    ValueClick, Inc. maintains its principal executive office in Los Angeles County, California.

4.    123inkjects.com maintains its principal executive office in Ventura County, California.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct and that this declaration was executed on October 3, 2006 in Selden, New York.

ALCIDES MELO

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

(JCx), DISCOVERY

## U.S. District Court
## CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:06-cv-06329-DSF-JC

Alcides Melo v. Webloyalty.com Inc et al          Date Filed: 10/04/2006
Assigned to: Judge Dale S. Fischer              Jury Demand: Plaintiff
Referred to: Magistrate Judge Jacqueline Chooljian   Nature of Suit: 890 Other Statutory
Cause: 28:1331 Fed. Question                    Actions
                                               Jurisdiction: Federal Question

**Plaintiff**

**Alcides Melo**                     represented by   **Kenneth A Wexler**
*on behalf of himself and all others*                Wexler Toriseva Wallace
*similarly situated*                                 1 N La Salle, Ste 2000
                                                     Chicago, IL 60602
                                                     312-346-2222
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Mark R Miller**
                                                     Wexler Toriseva Wallace
                                                     One North LaSalle Street, Suite 2000
                                                     Chicago, IL 60602
                                                     US
                                                     312-346-2222
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Mark J Tamblyn**
                                                     Wexler Toriseva Wallace
                                                     1610 Arden Way, Suite 290
                                                     Sacramento, CA 95815
                                                     916-568-1100
                                                     Email: mjt@wtwlaw.us
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Webloyalty.com Inc**               represented by   **Nathan L Walker**
*a Connecticut corporation*                          Wilmer Cutler Pickering Hale and Dorr
                                                     1117 California Avenue
                                                     Palo Alto, CA 94304
                                                     650-858-6000
                                                     *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Defendant**

**Valueclick Inc**
*a Delaware corporation*
*doing business as*
123Inkjets.com

represented by **Nathan L Walker**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/04/2006 | 1 | COMPLAINT against defendants Webloyalty.com Inc, Valueclick Inc. (Filing fee $ 350) Jury Demanded. , filed by plaintiff Alcides Melo. (rrey, ) (Entered: 10/10/2006) |
| 10/04/2006 | | 20 Day Summons Issued re Complaint - (Discovery)[1] as to Webloyalty.com Inc, Valueclick Inc. (rrey, ) (Entered: 10/10/2006) |
| 10/04/2006 | 2 | CERTIFICATION AS TO Interested Parties filed by Plaintiff Alcides Melo. (rrey, ) (Entered: 10/10/2006) |
| 10/04/2006 | | FAX number for Attorney Mark J Tamblyn is 916-568-7890. (rrey, ) (Entered: 10/10/2006) |
| 10/04/2006 | | FAX number for Attorney Mark R Miller, Kenneth A Wexler is 312-346-0022. (rrey, ) (Entered: 10/10/2006) |
| 10/10/2006 | 3 | STANDING ORDER regarding newly assigned cases to Judge Dale S Fischer by Judge Dale S. Fischer (lc, ) (Entered: 10/11/2006) |
| 10/10/2006 | 4 | FAXED COPY OF PROOF OF SERVICE Executed by plaintiff Alcides Melo, upon Webloyalty.com Inc served on 10/6/2006, answer due 10/26/2006. The Summons and Complaint were served by personal service, by CCP statute, upon Nicole Edwards, person authorized to accept service of process, Original Summons not returned. (lc, ) (Entered: 10/11/2006) |
| 10/13/2006 | 5 | PROOF OF SERVICE Executed by Plaintiff Alcides Melo, upon Webloyalty.com served on 10/11/2006, answer due 10/31/2006. The Summons and Complaint were served by Substituted service and by Mail on 10/11/2006, by under CCP 415.20 statute, upon Shane Spitzer, Person authorized to accept service of process by leaving copies with Liz Kraus, Business. Develop Manager, Person in Charge of Office. Due Dilligence declaration ATTACHED. Original Summons NOT returned. (jp) (Entered: 10/16/2006) |
| 10/17/2006 | 6 | CERTIFICATE OF SERVICE Executed by Plaintiff Alcides Melo, upon defendant Webloyalty.com served on 10/11/2006. Answer due 10/31/2006. The Summons and Calss Action Complaint were served by Substituted service and by Mail on 10/11/2006, by under CCP 415.20 statute, upon Shane Spitzer, Person authorized to accept service of process by leaving copies with Liz Kraus, Business. Develop Manager, Person in charge of Office. Due Dilligence declaration ATTACHED. |

| | | Original Summons NOT returned. (FILED BY FAX.) (jp) (Entered: 10/18/2006) |
|---|---|---|
| 10/17/2006 | 8 | NOTICE of issuance of standing order filed by plaintiff Alcides Melo. (lc, ) (Entered: 10/27/2006) |
| 10/26/2006 | 7 | FIRST STIPULATION Extending Time to Answer the complaint. Webloyalty.com Inc answer due 11/21/2006; Valueclick Inc answer due 11/21/2006. filed by defendant Webloyalty.com Inc; Valueclick Inc. (lc, ) (Entered: 10/27/2006) |
| 10/26/2006 | | FAX number for Attorney Nathan L Walker is 650-858-6100. (lc, ) (Entered: 10/27/2006) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/30/2006 12:06:17 | | | |
| **PACER Login:** | mw0078 | **Client Code:** | 060228-00001/01480 |
| **Description:** | Docket Report | **Search Criteria:** | 2:06-cv-06329-DSF-JC |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |