## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOE W. KUEFLER, Individually and on Behalf of All Others Similar Situated,<br><br>          Plaintiff,<br><br>vs.<br><br>WEBLOYALTY.COM, INC. and FANDANGO, INC. d/b/a FANDANGO.COM,<br><br>          Defendants. | CIVIL ACTION NO. 06-cv-11620-JLT |

## ANSWER OF DEFENDANTS
## WEBLOYALTY.COM, INC. AND FANDANGO, INC.

Defendants, Webloyalty.com, Inc. ("Webloyalty") and Fandango, Inc. d/b/a Fandango.com ("Fandango"), pursuant to Fed. R. Civ. P. 8(b), hereby respectfully submit this Answer to the Class Action Complaint ("Complaint").

### INTRODUCTION

1.      Admitted only that Plaintiff has filed the Complaint as a putative class action. Otherwise, the allegations of this paragraph are denied.  More specifically, Defendants deny that the "Reservation Rewards" program is in any way deceptive, fraudulent, or misleading or that customers are not fully informed of the terms and substantial benefits of the program before joining.  Defendants also state that customers are fully and accurately informed of the method by which they can elect to join the program, and that customers affirmatively and voluntarily consent to joining the program and to the use of their credit or debit card information.

2.      The allegations of this paragraph are denied.  Further responding, Defendants state that the offer regarding the Reservation Rewards program, as made to plaintiff Kuefler

through the Fandango website, was a multi-step process that made numerous, clear, complete, and accurate disclosures. The process neither enrolled Mr. Kuefler (or any other customer) automatically in the Reservation Rewards program, nor did it entail the use or transfer of Mr. Kuefler's (or any other customer's) credit or debit card information without Mr. Kuefler's (or the applicable customer's) informed and affirmative consent. With respect to plaintiff Kuefler, the process is described below:

(a)    Mr. Kuefler purchased movie tickets through Fandango on or about December 25, 2005. In order to select the show time, date, and number of tickets, Mr. Kuefler proceeded to the "Select Tickets" page of the Fandango website. At the bottom of the "Select Tickets" page was a box conspicuously and clearly labeled "Optional Offer" in large, bold typeface. The box provided an option – which the customer needed affirmatively to choose if he or she was interested – to learn more about the Reservation Rewards program. No customer – including Mr. Kuefler – was required to click on the box in order to proceed with purchasing his movie tickets through Fandango. The box was unclicked by default. Thus the customer would not be directed at this point to a page containing more information about the program unless, as Mr. Kuefler did, he or she affirmatively chose to learn more about the Reservation Rewards program. Clicking on the box did nothing more than allow Mr. Kuefler to see a page giving full information about the terms and conditions of joining Reservation Rewards. Clicking on the box did <u>not</u> enroll Mr. Kuefler (or any other customer) automatically in the Reservation Rewards program. Nor did it result in the transfer or use of any credit or debit card information.

(b)    Mr. Kuefler clicked on the "Yes" box in the "Optional Offer" box on the "Select Tickets" page and, as a result, expressed his interest in learning more about the terms of the

Reservation Rewards program. After making this choice, Mr. Kuefler was next directed to a page that asked him to sign in to Fandango.

(c)     Regardless of what Mr. Kuefler filled in on the sign-in page, it did not result either in his being enrolled in the Reservation Rewards program or in the transfer or use of his credit or debit card information.

(d)     If Mr. Kuefler signed in as a new Fandango customer on the sign-in page, then he would next have been directed to a "Payment" page on which he could enter the credit or debit card information to be used for his ticket purchase. If Mr. Kuefler signed in as a returning Fandango customer, then he would not have had to re-enter his credit or debit card information.

(e)     Regardless of whether Mr. Kuefler signed in as a returning or as a new customer, because he clicked "Yes" in the "Optional Offer" box on the "Select Tickets" page, he was next directed to an enrollment page ("Enrollment page") setting forth all the details of the Reservation Rewards program. The Enrollment page clearly and conspicuously notifies the customer of the terms of membership in the Reservation Rewards program. Among other things, the Enrollment page prominently discloses four times that membership in the program costs $10 per month after the initial free trial period, and also clearly discloses that the amount will be charged to the credit or debit card provided by the customer to Fandango:

> For your convenience until you call to cancel, we'll automatically
> continue your benefits for just $10 a month billed by Reservation
> Rewards to the credit card or deducted from the debit card you use
> at Fandango today.

Moreover – directly above the area in which the customer must enter his or her information in order to become a member of Reservation Rewards -- the Enrollment page prominently discloses that, by accepting the offer, the customer is authorizing the transfer of his "name, e-mail address, and credit or debit card information to Reservation Rewards for billing and benefit processing."

The Enrollment page disclosed four times that the customer would be billed a $10 monthly membership after the initial trial membership.  More specifically, the page clearly and repeatedly disclosed:

> -- "Enjoy all this FREE for the next 30 days and only **$10 per month thereafter**" (first paragraph of the Enrollment page) (emphasis added);

> -- "30 days FREE plus only **$10 a month thereafter**" (immediately above the place where the customer is required to enter his or her email address twice and click "YES!" if he or she wishes to join Reservation Rewards) (emphasis added);

> -- "enjoy ongoing savings for only **$10 a month thereafter**" (in the scroll box immediately to the left of where the customer is required to twice enter his or her email address) (emphasis added);  and

> -- "For your convenience until you call to cancel, we'll automatically continue your benefits for just **$10 a month billed by Reservation Rewards to the credit card or deducted from the debit card you use at Fandango today**." (In the scroll box immediately to the left of where the customer is required to twice enter his or her email address)  (emphasis added).

A true and accurate copy of the Enrollment page is set out below:

[remainder of page intentionally left blank]

 **RESERVATION · REWARDS**

## Click YES to claim your Optional Offer below.
## Get your $10.00 Cash Back on your next Fandango purchase plus much more!

 **FANDANGO**
You're Good To Go.™

| Purchase Tickets | SELECT TICKETS | PAYMENT | >> | REVIEW ORDER | CONFIRMATION |

### Thanks for being a valued Fandango shopper...

To thank you for being a valued Fandango shopper today, click YES below to sign up for all the money-saving benefits of Reservation Rewards, the premier online travel discounts and protection club! Plus get your $10.00 Cash Back Award just for trying Reservation Rewards. Enjoy all this FREE for the next 30 days and only $10 per month thereafter...

**Shopping Savings up to 50%** — Save at participating Portrait Studios, Sports Stores, Eyewear Stores and more. Choose from 70,000 locations!

**Savings at Top Attractions** — Save at popular locations like Theme Parks, Museums, Aquariums, Zoos and more than 15,000 locations!

**"Buy 1 Get 1 On Us" Dining Discounts** — Save at participating Family Restaurants, Fast Food Chains, Local Diners and many more. Over 70,000 locations!



$10.00
**Cash Back Award**
Good for your next Fandango purchase!

Enjoy your $10.00 Cash Back Award just for trying Reservation Rewards.

**Get Money-Saving Discounts at...**
Portrait Studios   Sports Stores   Museums
Theme Parks   Zoos   Family Restaurants
Fast Food Chains   Plus more!

**Plus get $10.00 Cash Back on your next Fandango purchase!** As a Reservation Rewards member just make another purchase anytime in the next 3 months, send Reservation Rewards your order confirmation and we'll send you the Cash. Details.

---

**Offer and Billing Details:**

Sign up for Reservation Rewards FREE for the next 30 days, with our compliments, and enjoy ongoing savings for only $10 a month thereafter. Plus get your $10.00 Cash Back Award on your next Fandango purchase today! For your convenience until you call to cancel, we'll automatically continue your benefits for just $10 a month billed by Reservation Rewards to the credit card or deducted from the debit card you use at Fandango today. Reservation Rewards will also use the contact information you use at Fandango today for billing and benefit processing. Benefits may be modified without prior notice; but if we change your membership fee, you'll be notified before billing. If at anytime you are not satisfied, call Reservation Rewards at 1-800-732-7031 to cancel and owe nothing further.

Consent to receive electronic disclosures. Please read and save for your records. Reservation Rewards will convey your membership

Terms of Service apply. Reservation Rewards is owned and operated by webloyalty.com.

Click here for more benefit information.

- **30 days FREE plus only $10 a month thereafter**
- **E-mail reminder before first monthly charge**
- **Cancel anytime hassle-free online or by phone**

### Sign up for Reservation Rewards by entering your e-mail address and clicking YES below

By entering my e-mail address as my electronic signature and clicking YES, I have read and agree to the Offer and Billing Details and authorize Fandango to securely transfer my name, e-mail address and credit or debit card information to Reservation Rewards for billing and benefit processing.

**Enter e-mail address:**          **Confirm e-mail:**

⊙ **YES!** I want my Reservation Rewards benefits and $10.00 Cash Back Award!

○ **No Thanks**

---

? Help with Purchasing Tickets                    **Continue with ticket purchase >**

About Us | Partners | Affiliates | Advertising | Promo Codes | Policies | How Fandango Works | Help | Contact Us

Get Fandango on your wireless device!
Copyright © 2005 Fandango. All rights reserved.
Fandango, Inc., 12200 W. Olympic Blvd, Suite 150, Los Angeles, CA 90064

(f)    The scroll-down box (i.e., the yellow box above) clearly disclosed to Mr. Kuefler (and all other customers) the offer and billing details of the Reservation Rewards program, as well as the fact that, by choosing to enroll, the customer was expressly authorizing the transfer and use of his or her credit or debit card information.  More specifically – in direct contradiction to the allegations of the Complaint -- the scroll-down box disclosed: (a) the fact that the customer would be charged $10 per month after the 30-day trial membership; (b) that the credit or debit card information provided by the customer to Fandango would be billed by Reservation Rewards for the $10 monthly charge; (c) that the contact information provided by the customer to Fandango would be used for billing and benefit processing; and (d) that the customer could contact Reservation Rewards (at a toll-free number provided) at any time to cancel his or her membership and "owe nothing further."  Cancellation could also be implemented directly by the customer online – "Cancel anytime hassle-free online or by phone." A true and accurate copy of the disclosures contained in the scroll-down box on the Enrollment page is set out below:

[remainder of page intentionally left blank]

**Offer and Billing Details:**
Sign up for Reservation Rewards FREE for the next 30 days, with our compliments, and enjoy ongoing savings for only **$10 a month thereafter**. Plus get your $10.00 Cash Back Award on your next Fandango purchase. It's a Special Reward for being a valued Fandango shopper today! **For your convenience until you call to cancel, we'll automatically continue your benefits for just $10 a month billed by Reservation Rewards to the credit card or deducted from the debit card you use at Fandango today.** Reservation Rewards will also use the contact information you use at Fandango today for billing and benefit processing. Benefits may be modified without prior notice; but if we change your membership fee, you'll be notified before billing. **If at anytime you are not satisfied, call Reservation Rewards at 1-800-732-7031 to cancel and owe nothing further.**

Consent to receive electronic disclosures. Please read and save for your records. Reservation Rewards will convey your membership info and payment authorization via email and postings on our site. Your Membership Kit email will include a copy of the Offer and Billing Details. To view this info in electronic form you must have Internet browser version IE 5.5 or Netscape 4.7 or higher. **To receive Reservation Rewards you must agree to receive communications electronically and by clicking Yes you consent to do so. You may withdraw consent by canceling the service.** If you want a free printed copy of this information simply email us at customerservice@reservationrewards.com. You can update your email address on the Reservation Rewards profile page.

**Reservation Rewards Terms of Service**

Offer only available to residents of the U.S., Puerto Rico and the U.S. Virgin Islands and is not available to current Reservation Rewards members. Terms of Service apply. Reservation Rewards is owned and operated by webloyalty.com. All trademarks and or copyrights are the property of their respective owners, and unless otherwise noted, Reservation Rewards is not affiliated with the respective owners. Apple computer users need to print coupons using Netscape Navigator or Communicator. Merchants participating in this program vary by location. Reservation Rewards benefits cannot be accessed via WebTV. **Privacy Policy** ©2005, webloyalty inc.

(Emphasis added.)

Contrary to the assertions in the Complaint, the customer must take several affirmative, successive steps to join the program.  In fact, it is easier not to join Reservation Rewards than it is to join the program.  In order not to join, the customer can simply proceed to the Fandango check-out process or click on the "No Thanks" option on the Enrollment page.  In order to join the program, the customer must successively: (1) **twice** type in his or her email address as affirmation of the customer's choice to join on the Enrollment page and as affirmation that he or she has read and accepted all the terms and conditions of the offer, including the transfer of credit or debit card information; and (2) click on the "YES!" button.

(g)    Mr. Kuefler affirmatively took at least the following steps to authorize the transfer and use of his credit card information before enrolling in the Reservation Rewards program:

(1)    he clicked the "Yes" box in the "Optional Offer" box on the "Select Tickets" page, so as to receive more information about the Reservation Rewards program;

(2)    he clicked the "Continue" button on the "Select Tickets" page;

(3)    he typed his email address on the Enrollment page as specifically instructed;

(4)    he typed his email address a second time on the Enrollment page as required to proceed further;

(5)    he clicked the "YES!" button on the Enrollment page, as final confirmation of his consent.

Directly above the space in which the last three steps occurred was the following language that

was impossible to miss, could not be clearer, and alerted Mr. Kuefler as to the significance of

what he was doing, the substance of what he was attesting, and the consent he was giving:

> By entering my e-mail address as my electronic signature and clicking YES, I have read
> and agree to the Offer and Billing Details and authorize Fandango to securely transfer my
> name, e-mail address and credit or debit card information to Reservation Rewards for
> billing and benefit processing.

(h)     Plaintiff Kuefler was not enrolled in the Reservation Rewards program

until all material terms of the program had been disclosed to him (including that the credit or

debit card he used for his Fandango purchase would be charged $10 per month), he had had

ample time to read the terms of the offer at his leisure, and he affirmatively took several steps to

accept the offer, enroll in the program, and/or to authorize the billing of his credit or debit card.

The same is true of all other customers of Fandango who, at or around the same time period,

enrolled in the Reservation Rewards program through the Fandango website.  No customer is

enrolled in the Reservation Rewards program nor is his or her credit or debit card information

used or transferred without the customer's informed consent after a full and accurate disclosure

of the program's terms and the opportunity and methods for cancellation by the customer.

3.     Admitted only that, if a customer affirmatively takes the several steps required to

enroll in the Reservation Rewards program, which include authorizing billing of the customer's

credit or debit card, a monthly fee will be billed as agreed to by the customer until such time as

the customer cancels his or her membership in the program.  Otherwise, the allegations of this

paragraph are denied.  More specifically, Webloyalty states that the Reservation Rewards

program provides numerous benefits to its customers including: (a) online access to

Entertainment® book benefits (including many thousands of discount coupons from restaurants

and retailers); (b) discounts to theme parks; (c) discounts on movie tickets; (d) emergency

roadside assistance; (e) trip delay protection; (f) lost/delayed luggage protection; (g) hotel overbooking protection; (h) credit card fraud protection; (i) damage/theft/loss protection; (j) discounts on hotels; (k) car rental discounts; and (l) airline discounts.

4.      Admitted only that, if a customer affirmatively takes the several steps required to enroll in the Reservation Rewards program, which includes authorizing billing of the customer's credit or debit card, a monthly fee will be billed as agreed to by the customer until such time as the customer cancels his or her membership in the program.  Otherwise, the allegations of this paragraph are denied.

5.      Admitted only that Plaintiff has filed a Complaint on behalf of a putative class. Denied that Plaintiff is entitled to bring any claim, whether individually or on behalf of a class.

## JURISDICTION AND VENUE

6.      Because this paragraph consists solely of Plaintiff's legal conclusion regarding jurisdiction, no answer is required.  To the extent that any answer is required, being without sufficient information at this time to admit the allegations, the Defendants deny them and leave Plaintiff to his proof.

7.      Because this paragraph consists solely of Plaintiff's legal conclusion regarding venue, no answer is required.  To the extent that any answer is required, being without sufficient information at this time to admit the allegations, the Defendants deny them and leave Plaintiff to his proof.

## PARTIES

8.      Defendants lack information sufficient to admit or deny the allegations of this paragraph; therefore, the allegations are denied.

9.      Admitted only that Webloyalty has a place of business at 101 Merritt 7, Norwalk, Connecticut; otherwise, the allegations of the first and second sentences of this paragraph are

denied.  The allegations of the third sentence are admitted.  The remaining allegations of this paragraph are denied.

10.     Admitted only that Fandango has a place of business at 12200 West Olympic Blvd., Suite 150, Los Angeles, California.  The remaining allegations of this paragraph are denied.

## FACTUAL BACKGROUND

11.     The first sentence of this paragraph is denied.  The second and third sentences of this paragraph are admitted.

12.     The allegations of this paragraph are denied as written.  Further responding, Defendants state that this paragraph does not correctly describe the process by which Plaintiff Kuefler was either offered or chose to enroll in the Reservation Rewards program.  Rather, the process with respect to Mr. Kuefler, and all other customers of Fandango at or around the same time as his enrollment, is correctly described in paragraph 2 above.

13.     The allegations of this paragraph are denied.

14.     The allegations of this paragraph are denied.  Further responding, Defendants state that this paragraph does not correctly describe the process by which plaintiff Kuefler was either offered or chose to enroll in the Reservation Rewards program.  Rather, the process with respect to Mr. Kuefler, and all other customers of Fandango at or around the same time as his enrollment, is correctly described in paragraph 2 above.

15.     The allegations of this paragraph are denied.  Each and every customer who enrolls in Reservation Rewards is informed of all the material terms of the Reservation Rewards program, including but not limited to, the use of the customer's credit or debit card information for billing and the price of membership.  The disclosures that Mr. Kuefler received prior to enrolling are set out in paragraph 2 above.

16.    The allegations of this paragraph are denied.

17.    The allegations of this paragraph are denied.

18.    The allegations of this paragraph are denied.

19.    The allegations of this paragraph are denied.  As set out above in paragraph 2, Mr. Kuefler, and all other Fandango customers at or around the same time as his enrollment, were fully informed that their credit or debit card information would be transferred by Fandango to Reservation Rewards and that they would be charged a monthly $10 fee with the right to cancel the membership without charge at any time.

20.    The allegations of this paragraph are denied.  Each customer is typically sent at least four separate emails concerning his or her enrollment in the Reservation Rewards program before he or she is charged any monthly membership fee.  The emails are sent to the email address provided by the customer.  Webloyalty relies on the accuracy of the email address provided by the customer.  It is the customer's responsibility to read his or her emails and, to the extent that a customer chooses to ignore his or her emails concerning the Reservation Rewards program, the customer assumes a risk that is not Defendants' responsibility.  Further responding, Defendants state as follows with respect to the follow-up communications that were sent specifically by Webloyalty to Mr. Kuefler concerning the Reservation Rewards program:

(a)    Shortly after a customer enrolls in the program, he or she is sent an email that provides information concerning the Reservation Rewards program and also repeats the terms of the program that were previously disclosed before enrollment.  In the case of Mr. Kuefler, at or about approximately 5:44 p.m. on December 25, 2005, he was sent a confirmatory email describing the program and confirming its terms, including those concerning billing.  Upon information and belief, Mr. Kuefler received this email and chose to ignore it.  Part of the text of

the form of the initial email sent to Mr. Kuefler is set out below. Among other things, the email

confirmed and re-stated that Mr. Kuefler's credit or debit card would be billed $10 per month

after the initial free 30-day trial period. In addition, the email explicitly and clearly told Mr.

Kuefler that he could cancel his membership at any time and provided the toll-free telephone

number that he could call should he wish to cancel his membership:

> **OFFER AND BILLING DETAILS—CONFIRMATION FOR YOUR RECORDS**
>
> For your records, this confirms the Offer and Billing Details for your membership in Reservation Rewards: Enjoy your $10.00 Cash Back Award on your next Fandango purchase, plus 30 days of all the money-saving discounts and valuable protection of Reservation Rewards through [date], with our compliments. It's a Special Reward! If you are completely satisfied during your trial, do nothing. All your Reservation Rewards discounts and protection will automatically continue for just $10 a month billed by Reservation Rewards to the credit or debit card you authorized [Mr. Kuefler's credit card name and number]. For your convenience Reservation Rewards will use the contact and credit or debit card information you authorized for billing and benefit processing. In the event your monthly membership fee were to ever change, you would be notified before you are billed. Reservation Rewards benefits may be enhanced or modified at anytime without prior notice. Your monthly fee will show up on your card statement as billed by WLI*RESERVATIONREWARDS 800-732-7031 CT.
>
> And you have our Guarantee! If at anytime you are not completely satisfied during your trial or thereafter, simply call Reservation Rewards at 1-800-732-7031 to let us know you wish to cancel your monthly membership benefits and owe nothing further. All your benefits and access will be canceled. All the money you save is yours to keep!
>
> Consent to receive electronic disclosures. Please read carefully and save or print a copy for your records. Reservation Rewards will communicate your benefit and other membership information to you, including payment authorization, by electronic communications, including email and electronic postings on our site. In order to view this membership and benefit information in electronic form, you need to have access to a computer with Internet browser version IE 5.5 or Netscape 4.7 or higher. In order to receive Reservation Rewards you must agree to receive these

communications electronically.  You may withdraw this consent by canceling the service.  Of course if you would also like a printed copy of any membership information you can email us at customer service@reservationrewards.com to request it and we will be happy to send it at no charge.  You can update your email address on the Reservation Rewards profile page.

**CUSTOMER SERVICE—WE'RE HERE TO HELP**
If you have any questions or comments, please click to contact customerservice@reservationrewards.com or call us at 1-800-732-7031 (EST Monday-Friday 8:00 am to 11:00 pm, Saturday 9:00 am to 6:00 pm and Sunday 9:00 am to 5:00 pm).

(b)      Seven days into Mr. Kuefler's trial period (i.e., on or about January 1, 2006), Webloyalty sent to Mr. Kuefler an email reminding him of his membership in the Reservation Rewards program.

(c)      Approximately a week later, on or about January 7, 2006, Webloyalty sent another email to Mr. Kuefler reminding him of his membership.

(d)      A few days later, on or about January 10, 2006, Webloyalty sent another email to Mr. Kuefler.  Among other things, this email reminded Mr. Kuefler that, unless he elected to cancel his membership, his credit or debit card would be charged a $10 monthly fee. The email also stated the last four digits of his credit or debit card that would be charged, and provided the name under which the charge would be made so that it would be easily identifiable on Mr. Kuefler's credit or debit card statement.  The email also again gave Mr. Kuefler the instructions and toll-free number to contact should he wish to cancel his membership before being charged any amount at all.

(e)      On or about January 24, 2006, Mr. Kuefler's trial membership in the Reservation Rewards program ended and, accordingly, he was charged his first $10 monthly membership fee.  On the same date, he was also again sent yet another reminder email confirming that he had enrolled in the program.

Despite the numerous reminders of his enrollment in the Reservation Rewards program, the repeated reminders of the terms of the program (including the fact that his credit card would be billed), and the repeated instructions as to how to cancel his membership and avoid any monthly charge, Mr. Kuefler did not seek to cancel his membership before the first $10 monthly charge was posted.

21.    The allegations of this paragraph are denied.

22.    Webloyalty admits only that some customers have requested refunds. Otherwise, the allegations of this paragraph are denied.

### Plaintiff's Involvement with Fandango and Webloyalty

23.    The first three sentences of this paragraph are admitted. Defendants lack information sufficient to admit or deny the allegations of the fourth sentence of this paragraph, including the picture.

24.    The allegations of this paragraph are denied. As set out above in paragraph 2, Mr. Kuefler was fully informed of the terms of the Reservation Rewards program, that his credit or debit card information would be transferred by Fandango to Reservation Rewards, and that he would be charged a monthly $10 fee after the initial trial period.

25.    Defendants lack information sufficient to admit or deny the allegations of this paragraph as written; therefore, the allegations are denied. Webloyalty states further as follows: On or about February 22, 2006, Mr. Kuefler contacted Webloyalty's toll-free number (which had been provided to him on numerous occasions over the previous two months) and requested that his membership in the Reservation Rewards program be terminated. His request was promptly granted. In addition, Mr. Kuefler requested a refund of the $10 previously billed in January 2006. This request, too, was granted and was processed the following day, February 23, 2006.

As a result, Mr. Kuefler has not paid anything or incurred any damages as a result of being enrolled in the Reservation Rewards program.

26.     The allegations of this paragraph are denied.  As set out above in paragraph 2, Mr. Kuefler was fully informed of the terms of the Reservation Rewards program, that his credit or debit card information would be transferred by Fandango to Reservation Rewards, and that he would be charged a monthly $10 fee.  In addition, as set out above in paragraph 20, Mr. Kuefler was sent numerous reminder emails about his membership which, among other things, reminded him of the terms of his membership and the fact that the $10 monthly charge would be posted to his credit or debit card after the 30-day trial period.

27.     The allegations of this paragraph are denied.

### Confidential Witnesses

28.     The allegations in this paragraph are alleged to be based upon a so-called "investigation" supposedly conducted by Plaintiff and/or his counsel before filing suit and about which Defendants lack information sufficient to admit the allegations.  Therefore, the allegations of this paragraph are denied.  Defendants also deny that Plaintiff and/or his counsel conducted an adequate pre-suit investigation and aver that had they done so, they would have known that the allegations of the Complaint are inaccurate and do not state any claim.  Moreover, the allegations of this paragraph are irrelevant to any claim and do not form the basis for any relief as a matter of law.

29.     The allegations in this paragraph are alleged to be based upon a so-called "investigation" supposedly conducted by Plaintiff and/or his counsel before filing suit and about which Defendants lack information sufficient to admit the allegations.  Therefore, the allegations of this paragraph are denied.  Defendants also deny that Plaintiff and/or his counsel conducted an adequate pre-suit investigation and aver that had they done so, they would have known that the

allegations of the Complaint are inaccurate and do not state any claim.  Moreover, the allegations of this paragraph are irrelevant to any claim and do not form the basis for any relief as a matter of law.

30.    The allegations in this paragraph are to be based upon a so-called "investigation" supposedly conducted by Plaintiff and/or his counsel before filing suit and about which Defendants lack information sufficient to admit the allegations.  Therefore, the allegations of this paragraph are denied.  Defendants also deny that Plaintiff and/or his counsel conducted an adequate pre-suit investigation and aver that had they done so, they would have known that the allegations of the Complaint are inaccurate and do not state any claim.  Moreover, the allegations of this paragraph are irrelevant to any claim and do not form the basis for any relief as a matter of law.

31.    The allegations in this paragraph are alleged to be based upon a so-called "investigation" supposedly conducted by Plaintiff and/or his counsel before filing suit and about which Defendants lack information sufficient to admit the allegations.  Therefore, the allegations of this paragraph are denied.  Defendants also deny that Plaintiff and/or his counsel conducted an adequate pre-suit investigation and aver that had they done so, they would have known that the allegations of the Complaint are inaccurate and do not state any claim.  Moreover, the allegations of this paragraph are irrelevant to any claim and do not form the basis for any relief as a matter of law.

32.    The allegations in this paragraph are alleged to be based upon a so-called "investigation" supposedly conducted by Plaintiff and/or his counsel before filing suit and about which Defendants lack information sufficient to admit the allegations.  Therefore, the allegations of this paragraph are denied.  Defendants also deny that Plaintiff and/or his counsel conducted an

adequate pre-suit investigation and aver that had they done so, they would have known that the allegations of the Complaint are inaccurate and do not state any claim. Moreover, the allegations of this paragraph are irrelevant to any claim and do not form the basis for any relief as a matter of law.

33.    The allegations in this paragraph are alleged to be based upon a so-called "investigation" supposedly conducted by Plaintiff and/or his counsel before filing suit and about which Defendants lack information sufficient to admit the allegations. Therefore, the allegations of this paragraph are denied. Defendants also deny that Plaintiff and/or his counsel conducted an adequate pre-suit investigation and aver that had they done so, they would have known that the allegations of the Complaint are inaccurate and do not state any claim. Moreover, the allegations of this paragraph are irrelevant to any claim and do not form the basis for any relief as a matter of law.

34.    The allegations in this paragraph are alleged to be based upon a so-called "investigation" supposedly conducted by Plaintiff and/or his counsel before filing suit and about which Defendants lack information sufficient to admit the allegations. Therefore, the allegations of this paragraph are denied. Defendants also deny that Plaintiff and/or his counsel conducted an adequate pre-suit investigation and aver that had they done so, they would have known that the allegations of the Complaint are inaccurate and do not state any claim. Moreover, the allegations of this paragraph are irrelevant to any claim and do not form the basis for any relief as a matter of law.

35.    The allegations in this paragraph are alleged to be based upon a so-called "investigation" supposedly conducted by Plaintiff and/or his counsel before filing suit and about which Defendants lack information sufficient to admit the allegations. Therefore, the allegations

of this paragraph are denied.  Defendants also deny that Plaintiff and/or his counsel conducted an adequate pre-suit investigation and aver that had they done so, they would have known that the allegations of the Complaint are inaccurate and do not state any claim.  Moreover, the allegations of this paragraph are irrelevant to any claim and do not form the basis for any relief as a matter of law.

36.     The allegations in this paragraph are alleged to be based upon a so-called "investigation" supposedly conducted by Plaintiff and/or his counsel before filing suit and about which Defendants lack information sufficient to admit the allegations.  Therefore, the allegations of this paragraph are denied.  Defendants also deny that Plaintiff and/or his counsel conducted an adequate pre-suit investigation and aver that had they done so, they would have known that the allegations of the Complaint are inaccurate and do not state any claim.  Moreover, the allegations of this paragraph are irrelevant to any claim and do not form the basis for any relief as a matter of law.

37.     The allegations in this paragraph are alleged to be based upon a so-called "investigation" supposedly conducted by Plaintiff and/or his counsel before filing suit and about which Defendants lack information sufficient to admit the allegations.  Therefore, the allegations of this paragraph are denied.  Defendants also deny that Plaintiff and/or his counsel conducted an adequate pre-suit investigation and aver that had they done so, they would have known that the allegations of the Complaint are inaccurate and do not state any claim.  Moreover, the allegations of this paragraph are irrelevant to any claim and do not form the basis for any relief as a matter of law.

38.     The allegations in this paragraph are alleged to be based upon a so-called "investigation" supposedly conducted by Plaintiff and/or his counsel before filing suit and about

which Defendants lack information sufficient to admit the allegations.  Therefore, the allegations of this paragraph are denied.  Defendants also deny that Plaintiff and/or his counsel conducted an adequate pre-suit investigation and aver that had they done so, they would have known that the allegations of the Complaint are inaccurate and do not state any claim.  Moreover, the allegations of this paragraph are irrelevant to any claim and do not form the basis for any relief as a matter of law.

39.    The allegations in this paragraph are alleged to be based upon a so-called "investigation" supposedly conducted by Plaintiff and/or his counsel before filing suit and about which Defendants lack information sufficient to admit the allegations.  Therefore, the allegations of this paragraph are denied.  Defendants also deny that Plaintiff and/or his counsel conducted an adequate pre-suit investigation and aver that had they done so, they would have known that the allegations of the Complaint are inaccurate and do not state any claim.  Moreover, the allegations of this paragraph are irrelevant to any claim and do not form the basis for any relief as a matter of law.

## CLASS ACTION ALLEGATIONS

40.    Admitted only that Plaintiff has filed the Complaint individually and on behalf of a putative class.  Denied that Plaintiff is entitled to bring a claim either individually or on behalf of any class, including the class identified in this paragraph.

41.    This paragraph merely contains a recitation of the class period sought by Plaintiff; therefore, no response is required.  To the extent a response may be required, the allegations of this paragraph are denied.

42.    The allegations of this paragraph are denied.

43.    The allegations of this paragraph are denied.

44.    The allegations of this paragraph are denied.

45.     The allegations of this paragraph are denied.

46.     The allegations of this paragraph are denied.

47.     The allegations of this paragraph are denied.

48.     The allegations of this paragraph are denied.

49.     The allegations of this paragraph are denied.

## CAUSES OF ACTION

### COUNT I

(Violation of Title I of the Electronic Communications Privacy Act)

50.     Defendants repeat and reallege the denials and answers contained in each of the paragraphs above as if fully set forth herein.

51.     The allegations of this paragraph consist of a legal conclusion to which no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

52.     The allegations of this paragraph are denied.

53.     The allegations of this paragraph are denied.

54.     The allegations of this paragraph are denied.

55.     The allegations of this paragraph are denied.

56.     The allegations of this paragraph are denied.

WHEREFORE, it is denied that Plaintiff, either individually or on behalf of a class, is entitled to any relief.  Defendants request that judgment be entered in their favor and that the Court award any and all other relief as is just and proper to Defendants.

## COUNT II

### (Unjust Enrichment)

57.     Defendants repeat and reallege the denials and answers contained in each of the paragraphs above as if fully set forth herein.

58.     The allegations of this paragraph are denied.

59.     The allegations of this paragraph are denied.

60.     The allegations of this paragraph are denied.

61.     The allegations of this paragraph are denied.

62.     The allegations of this paragraph are denied.

63.     The allegations of this paragraph are denied.

64.     The allegations of this paragraph are denied.

65.     The allegations of this paragraph are denied.

66.     The allegations of this paragraph are denied.

67.     The allegations of this paragraph are denied.

68.     Admitted only that Plaintiff seeks certain forms of relief for himself and an alleged putative class; denied that Plaintiff is entitled to any such relief.  The remaining allegations of this paragraph are denied.

WHEREFORE, it is denied that Plaintiff, either individually or on behalf of a class, is entitled to any relief.  Defendants request that judgment be entered in their favor and that the Court award any and all other relief as is just and proper to Defendants.

## COUNT III

### (Invasion of Privacy)

69.     Defendants repeat and reallege the denials and answers contained in each of the paragraphs above as if fully set forth herein.

70.    The allegations of this paragraph are denied.

71.    The allegations of this paragraph are denied.

72.    The allegations of this paragraph are denied.

73.    The allegations of this paragraph are denied.

74.    The allegations of this paragraph are denied.

75.    Admitted only that Plaintiff seeks certain forms of relief for himself and an alleged putative class; denied that Plaintiff is entitled to any such relief.  The remaining allegations of this paragraph are denied.

WHEREFORE, it is denied that Plaintiff, either individually or on behalf of a class, is entitled to any relief.  Defendants request that judgment be entered in their favor and that the Court award any and all other relief as is just and proper to Defendants.

## COUNT IV

### (Breach of Implied Covenant of Good Faith & Fair Dealing)

76.    Defendants repeat and reallege the denials and answers contained in each of the paragraphs above as if fully set forth herein.

77.    The allegations of this paragraph are denied.

78.    The allegations of this paragraph are denied.

79.    The allegations of this paragraph are denied.

80.    The allegations of this paragraph are denied.

81.    The allegations of this paragraph are denied.

82.    The allegations of this paragraph are denied.

83.    Admitted only that Plaintiff seeks certain forms of relief for himself and an alleged putative class; denied that Plaintiff is entitled to any such relief.  The remaining allegations of this paragraph are denied.

WHEREFORE, it is denied that Plaintiff, either individually or on behalf of a class, is entitled to any relief.  Defendants request that judgment be entered in their favor and that the Court award any and all other relief as is just and proper to Defendants.

## COUNT V

### (Money Had and Received)

84.    Defendants repeat and reallege the denials and answers contained in each of the paragraphs above as if fully set forth herein.

85.    The allegations of this paragraph are denied.

86.    The allegations of this paragraph are denied.

87.    The allegations of this paragraph are denied.

88.    The allegations of this paragraph are denied.

89.    Admitted only that Plaintiff seeks certain forms of relief for himself and an alleged putative class; denied that Plaintiff is entitled to any such relief.  The remaining allegations of this paragraph are denied.

WHEREFORE, it is denied that Plaintiff, either individually or on behalf of a class, is entitled to any relief.  Defendants request that judgment be entered in their favor and that the Court award any and all other relief as is just and proper to Defendants.

## COUNT VI

### (Civil Theft – Treble Damages)

90.    Defendants repeat and reallege the denials and answers contained in each of the paragraphs above as if fully set forth herein.

91.    Admitted only that Plaintiff has alleged a claim under Connecticut General Statutes §52-564; Defendants deny that Plaintiff is entitled to bring or maintain any such claim or that Plaintiff has properly stated one.  The remaining allegations of this paragraph are denied.

92. This paragraph consists only of a quotation from a statute and thus requires no response. To the extent a response is required, the allegations of this paragraph are denied.

93. The allegations of this paragraph are denied.

94. The allegations of this paragraph are denied.

95. The allegations of this paragraph are denied.

96. The allegations of this paragraph are denied.

97. The allegations of this paragraph are denied.

98. The allegations of this paragraph are denied.

99. The allegations of this paragraph are denied.

100. The allegations of this paragraph are denied.

101. The allegations of this paragraph are denied.

102. Admitted only that Plaintiff seeks certain forms of relief for himself and an alleged putative class; denied that Plaintiff is entitled to any such relief. The remaining allegations of this paragraph are denied.

WHEREFORE, it is denied that Plaintiff, either individually or on behalf of a class, is entitled to any relief. Defendants request that judgment be entered in their favor and that the Court award any and all other relief as is just and proper to Defendants.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff, individually and on behalf of any class, has failed to state any claim for which relief can be granted.

### Second Affirmative Defense

Plaintiff's causes of action, whether asserted individually or on behalf of any class, are barred in whole or in part by Plaintiff's (and the class members') comparative and/or contributory negligence.

### Third Affirmative Defense

Plaintiff's recovery, whether on behalf of himself or on behalf of a class, if any, should be reduced by Plaintiff's (or the class members') comparative negligence.

### Fourth Affirmative Defense

Neither Plaintiff's nor the alleged class's alleged damages were proximately caused by any act or omission by Defendants.

### Fifth Affirmative Defense

Plaintiff's claims, whether individual or on behalf of any class, are barred because there is no legally cognizable injury.

### Sixth Affirmative Defense

The claims of the Complaint are barred, in whole or in part, by the doctrine of accord and satisfaction.

### Seventh Affirmative Defense

Plaintiff's causes of action, individually and on behalf of any class, are barred because, at all relevant times, Plaintiff was a knowledgeable purchaser who was aware or should have been aware of the facts complained of and, therefore, Plaintiff expressly or impliedly assumed the risk of any alleged damages.

### Eighth Affirmative Defense

Plaintiff's causes of action, individually and on behalf of any class, are barred because a reasonable purchaser and/or consumer would have been aware of the facts complained.

### Ninth Affirmative Defense

Plaintiff lacks standing.

### Tenth Affirmative Defense

Plaintiff's claims, whether asserted individually or on behalf of any class, are barred by the doctrine of estoppel.

### Eleventh Affirmative Defense

Plaintiff's claims, whether asserted individually or on behalf of any class, are barred by the doctrine of waiver.

### Twelfth Affirmative Defense

Neither Plaintiff nor the purported class has suffered any damages.

### Thirteenth Affirmative Defense

Plaintiff's claims, whether asserted individually or on behalf of any class, are barred by the doctrine of disclosure and consent.

### Fourteenth Affirmative Defense

Plaintiff's claims, whether asserted individually or on behalf of any class, are barred because the disclosures made by Defendants satisfied legal requirements.

### Fifteenth Affirmative Defense

No claim asserted can be maintained on behalf of any class because of Plaintiff's failure to satisfy the requirements of Rule 23.

### Sixteenth Affirmative Defense

Venue is not proper.

Defendants reserve the right to amend their Affirmative Defenses.

Respectfully submitted,
WEBLOYALTY.COM, INC.
FANDANGO, INC.

By Their Attorneys

/s/ Gabrielle R. Wolohojian_____
Gabrielle R. Wolohojian, BBO # 555704
John J. Regan, BBO # 415120
Joan S. Mitrou, BBO # 664499
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109
Tel:  617-526-6000
Fax:  617-526-5000

Samuel Broderick-Sokol
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel:  202-663-6000
Fax: 202-663-6363

Steven Lieberman, *pro hac vice*
Anne M. Sterba, *pro hac vice*
C. Nichole Gifford, *pro hac vice*
Rothwell, Figg, Ernst & Manbeck P.C.
1425 K Street NW
Washington, DC 20005
Tel:  202-783-6040
Fax: 202-783-6031

Certificate of Service

        I, Gabrielle R. Wolohojian, hereby certify that a true and accurate copy of the above document has been filed and served through the Court's electronic filing system, this 13th day of November, 2006.

__/s/Gabrielle R. Wolohojian_____