# EXHIBIT B
## to Rule 56(f) Motion

## "George Declaration"

Dockets.Justia.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOE W. KUEFLER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>WEBLOYALTY.COM, INC. and FANDANGO, INC. d/b/a FANDANGO.COM | )<br>)<br>)<br>)<br>) Docket No: 06 CA 11620 JLT<br>)<br>)<br>)<br>)<br>)<br>) |

### DECLARATION OF DAVID J. GEORGE MADE IN SUPPORT OF PLAINTIFF'S MOTION FOR RULE 56(f) DISCOVERY

I, David J. George, submit the following declaration in support of Plaintiff's Motion for Rule 56(f) Discovery (the "Rule 56(f) Motion"):

1. I am a partner in the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins, LLP of 120 East Palmetto Park Road, Suite 500, Boca Raton, Florida. I am an attorney licensed to practice law in the State of Florida. I am also admitted to practice in the U.S. District Courts for the Southern District of Florida, the Middle District of Florida and the Northern District of Florida, as well as the U.S. Courts of Appeals for the First and Fifth Circuits. I have been admitted to practice *pro hac vice* before this Court in this case. I am co-counsel for the Plaintiff, Joe W. Kuefler ("Mr. Keufler") and I have personal knowledge of the facts and circumstances contained in this declaration.

2. I believe that Mr. Kuefler's Rule 56(f) Motion has been presented to this Court in a timely fashion. Mr. Kuefler filed his Class Action Complaint on September 11, 2006 (the "Complaint"). Shortly thereafter service of process was made on the Defendants. On

November 13, 2006, Defendants answered the Complaint and simultaneously filed their Motion for Summary Judgment. Thus, the Rule 56(f) Motion is being filed less than 3 weeks from the filing of the Motion for Summary Judgment. But for the Thanksgiving holiday, the Rule 56(f) Motion would have been filed even sooner. In addition, prior to the Defendants filing their Motion for Summary Judgment, I conferred with defense counsel and told her that if the Defendants moved for summary judgment, then a Rule 56(f) motion would be filed in response because discovery has yet to even begin.

3.  Since this case was so recently filed and we did not know what Defendants' positions regarding our client's claims would be, no discovery was taken prior to the filing of Defendants' Motion for Summary Judgment. As a result, I believe that there is good cause for Mr. Kuefler not yet having obtained the discovery necessary to oppose the Motion for Summary Judgment. Indeed, the parties have not even had a Rule 16.1 Scheduling Conference to establish a discovery time line.

4.  Because the case raises complex issues of fact and law, Mr. Kuefler requests comprehensive discovery identified in a list attached to his Rule 56(f) Motion as Exhibit "A" (and which is incorporated herein by reference) of requested witnesses to depose and documents to be produced by the Defendants and various third-parties (the "Discovery List"). The evidence that I expect to be obtained by this requested discovery is relevant and essential to filing an opposition to the Defendants' Motion for Summary Judgment, and I believe that it will substantially influence the Court's decision on the merits of the Motion for Summary Judgment.

5.  The proposed depositions of representatives of Webloyalty and Fandango, as well as

2

various third-party witnesses, we believe, will lead to the discovery of critical information concerning Webloyalty's web retailer business agreements, its computer integration systems, customer complaints, membership cancellations (and reasons behind the cancellations), the use by consumers of membership benefits and other related issues all of which are directly relevant to Defendants' purported basis for summary judgment. We expect to be able to use this substantial evidence in opposition to the Motion for Summary Judgment. More specifically, we believe that the discoverable information will show that the purported "disclosures" that Defendants claim to have made are useless and legally insufficient to create "consent" to the Defendants' scheme. This evidence would, in my opinion, be material to the Court's determination of the factual and legal sufficiency of Defendants' alleged "disclosures."

6.  The factual information that could be obtained from all of the individuals whom Mr. Kuefler seeks to depose, is specifically relevant to the issues raised in Defendants' Motion for Summary Judgment, especially concerning their computer systems, their claimed disclosures, their policies and procedures regarding customer complaints, and their knowledge that consumers are being duped into so-called "memberships" in their programs. The discoverable facts that may be obtained from these witnesses will, in my opinion, demonstrate the existence of numerous genuine issues of material fact, thus rendering summary judgment inappropriate.

7.  The documents that are being requested are also aimed at procuring relevant information that is critical to Mr. Kuefler's ability to effectively oppose the Defendants' Motion for Summary Judgment. By simply comparing the factual assertions in the Complaint with

the computer screens and disclosures the Defendants claim Mr. Kuefler and anyone being enrolled in the Reservation Rewards program saw, it is clear there is a vast discrepancy in the facts at this early stage in the litigation. Thus, the documents that we seek to obtain are designed to elicit facts that we expect will tend to refute the Defendants' proffered basis for summary judgment, and also directly, effectively and substantially contradict Defendants' positions.

8. Given the fact that Defendants' Motion for Summary Judgment has been filed so early in the case and Mr. Kuefler has not been given any meaningful opportunity to take discovery, Mr. Kuefler will be severely prejudiced without the discovery identified in the Discovery List and sought in the Rule 56(f) Motion.

9. On November 30, 2006, I participated in a conference call with Gabrielle Wolohojian, Esq., Defendants' counsel, to discuss the Discovery List and to attempt to narrow the issues and agree upon a discovery plan. As a result of the efforts of counsel, the parties have been able to agree as to some of the discovery we seek. Nevertheless, there is still substantial disagreement as to the remaining items. A letter articulating Defendants' position with respect to each item set forth in the Discovery List is attached to Mr. Kuefler's Rule 56(f) Motion as Exhibit "C," and is incorporated herein by reference. Sworn and subscribed to under the pains and penalties of perjury this 1st day of December, 2006.

_David J. George_
David J. George
Lerach Coughlin Stoia
Geller Rudman & Robbins, LLP