# EXHIBIT C

## To Rule 56(f) Motion

## "Defendants' Line-Item Response"

Dockets.Justia.

# WILMERHALE

**Gabrielle R. Wolohojian**

+1 617 526 6167 (t)
+1 617 526 5000 (f)
gabrielle.wolohojian@wilmerhale.com

December 1, 2006

By E-mail and First Class Mail

David J. George, Esq.
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 22432

Re: *Kuefler v. Webloyalty.com, Inc., et al.*

Dear David:

I write to confirm and follow-up on our discussion yesterday concerning the List of Discovery you have proposed in connection with your planned Rule 56(f) motion.

As a general matter, I repeated what I have previously said: namely, that the defendants are willing to produce discovery concerning Mr. Kuefler's transaction. Matters beyond his transaction, however, are not relevant or necessary to respond to the summary judgment motion. As a result, we have approached your extremely broad categories of requested materials in the following way: If a category concerns Mr. Kuefler and his transaction, then we are willing to produce those materials. If the request goes beyond Mr. Kuefler, then we do not believe such discovery to be in order at this time.

More specifically, we respond to the individual items of your list as follows. I have organized the response in the order of your list for ease of reference:

## I. Webloyalty Witnesses Plaintiff Seeks to Depose

We are willing to produce, subject to entry of a protective order, the following witnesses for deposition:

    (1)    Tamra Lichtman

    (2)    a 30(b)(6) deponent on the following requested topics:

> Person with the most knowledge of Webloyalty's agreements, negotiations and business relationships with Fandango as they pertain to Mr. Kuefler

David J. George, Esq.
December 1, 2006
Page 2

**WILMERHALE**

> Person with the most knowledge of the integration of software or other programming between Webloyalty and Fandango
>
> Person with the most knowledge of the methods used by Webloyalty to obtain credit card, debit card, or other personal information of users of Fandango.com
>
> Person with the most knowledge of how Webloyalty stores the personal information of consumers, including credit card and debit card information.

## II. Fandango Witnesses Plaintiff Seeks to Depose

We are willing to produce, subject to a protective order, the following witnesses for deposition:

(1) Shane O'Neill

(2) a 30(b)(6) deponent on the following requested topics:

> Person with the most knowledge of Fandango's agreements, negotiations and business relationships with Webloyalty as they pertain to Mr. Kuefler
>
> Person with the most knowledge of the integration of software or other programming between Webloyalty and Fandango
>
> Person with the most knowledge of the methods used by Webloyalty to obtain credit card, debit card, or other personal information of users of Fandango.com
>
> Person with the most knowledge of how Fandango stores the personal information of consumers, including credit card and debit card information.

**WILMERHALE**

David J. George, Esq.
December 1, 2006
Page 3

### III. Third Party Witnesses Plaintiff Seeks to Depose

As I mentioned, in addition to the fact that we do not believe that any of the third-party discovery you have identified is relevant or necessary for purposes of the summary judgment motion, I am not in any position, as counsel for the defendants, to be able to agree to or bind any non-party with respect to discovery.

### IV. Documents Sought from Defendants

| | |
|---|---|
| Category 1 | We are willing to produce the requested documents. |
| Category 2 | We are willing to produce the requested documents. |
| Category 3 | We are willing to produce the agreement between Webloyalty and Fandango, subject to entry of a protective order. |
| Category 4 | We are willing to produce the requested documents insofar as any exist concerning Mr. Kuefler. |
| Category 5 | We are willing to produce the requested documents insofar as any exist concerning Mr. Kuefler. |
| Category 9 | We are willing to produce the requested documents insofar as any exist concerning Mr. Kuefler. |
| Category 10 | We are willing to produce the requested documents insofar as any exist concerning Mr. Kuefler. |
| Category 11 | We are willing to produce the requested documents insofar as any exist concerning Mr. Kuefler. |
| Category 15 | If we are able to identify any responsive documents in this category that pertain to Mr. Kuefler, we will produce them. |
| Category 17 | We do not believe that we are able to identify any responsive documents in this category that pertain to Mr. Kuefler. If was are able to identify any script used for his call, however, we will produce it. |
| Category 20 | We are willing to produce the requested documents insofar as any exist concerning Mr. Kuefler. |

US1DOCS 5957675v1

**WILMERHALE**

David J. George, Esq.
December 1, 2006
Page 4

| | |
|---|---|
| Category 21 | We are willing to produce the requested documents insofar as any exist concerning Mr. Kuefler. |
| Category 22 | We are willing to produce the requested documents insofar as any exist concerning Mr. Kuefler. |
| Category 31 | As I mentioned, I believe this category calls for documents that do not have any bearing on the summary judgment motion. |
| Category 45 | We are willing to produce the requested documents insofar as any exist concerning Mr. Kuefler. |
| Category 46 | We are willing to produce the requested documents insofar as any exist concerning Mr. Kuefler. |
| Category 61 | We are willing to produce the requested documents insofar as any exist concerning Mr. Kuefler. |
| Category 71 | We are willing to provide to you the names of the persons who are currently the heads of the customer service, rebate, quality assurance, and information technology departments. These employees should not be contacted by you or anyone acting on your behalf. Webloyalty does not have a separate internet website design department. |

We are not willing to produce documents except as identified above because we do not believe that they have any connection to the limited issues raised by our summary judgment motion.

**V.    Documents Sought from Third Parties**

Our view with respect to documents from third parties is the same as with respect to depositions of third parties.

Please do not hesitate to contact me should any of this be unclear or if you are willing to limit your requests in any way.

Sincerely,

Gabrielle R. Wolohojian