UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOE W. KUEFLER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WEBLOYALTY.COM, INC. and FANDANGO, INC. d/b/a FANDANGO.COM,<br><br>Defendants. | CIVIL ACTION NO. 06-cv-11620-JLT |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RULE 56(f) DISCOVERY AND DEFENDANTS' MOTION FOR DISCOVERY**

**INTRODUCTION**

Defendants have already voluntarily agreed to provide all discovery that is necessary to allow Plaintiff to respond to the limited issues raised by the Defendants' summary judgment motion. Specifically, as discussed below, Defendants have agreed to make witnesses available for deposition, agreed to produce corporate designees on relevant topics, and have agreed to produce documents concerning Plaintiff's transaction with the Defendants. Indeed, Defendants have already voluntarily produced to Plaintiff all communications concerning the Reservation Rewards program between Defendants, on the one hand, and Plaintiff, on the other, along with a computer log evidencing such communications. Plaintiff is not entitled to anything more, let alone the broad, unfocused discovery he seeks in the form of: (1) 35 depositions, (2) Rule 30(b)(6) depositions encompassing 25 separate topics, (3) 78 categories of documents (not including subparts) from Defendants, and (4) 7 categories of documents from third parties. Such

discovery would not be justified no matter what posture this case were in[1] -- it is particularly so in the context of a Rule 56(f) motion, which is a vehicle to be used solely to obtain discovery essential to oppose summary judgment.

Plaintiff brought this suit claiming that he was enrolled in a program called Reservation Rewards without his knowledge and without having received any information about the program beforehand. He further claims that his credit card information was transferred to Reservation Rewards without prior disclosure that such a transfer would occur. *See* Complaint ¶¶ 23 & 24. Plaintiff's case rests entirely upon these central factual assertions. Unfortunately for him, they are flatly and incontrovertibly incorrect and, as a result, Defendants have moved for summary judgment. Defendants' summary judgment motion is limited to Plaintiff's enrollment in Reservation Rewards. It neither raises nor relies on any facts outside of Plaintiff's individual transaction, the web screens he saw, the disclosures made to him, or the steps he took to enroll in Reservation Rewards. Defendants agree that Plaintiff should receive discovery concerning ***his*** transaction. What should not be permitted, however, is a broad fishing expedition by Plaintiffs' counsel into matters beyond those concerning the named Plaintiff and his transaction. Such aimless discovery is not necessary to oppose Defendants' summary judgment motion, but is designed to impose unnecessary cost and expense on Defendants, whether to try to exert pressure or to try to find a case where one otherwise does not exist and has not been pled.[2]

Rule 56(f) plainly allows no such thing. Only discovery that is likely to influence the outcome of a pending summary judgment motion and that is essential to the moving party's

---

[1]  *See* Local Rule 26.1, limiting discovery to ten depositions.

[2]  In addition, allowing Plaintiff's requested discovery would have the undesirable and unfair effect of running up unwarranted and unnecessary fees that would be submitted as part of a fee application for Plaintiff's counsel were the case to be settled.

opposition may be sought *via* a Rule 56(f) motion. Plaintiff has not and cannot make the showing required to prevail on such a motion. Accordingly, the motion should be denied to the extent that it seeks discovery beyond that voluntarily agreed to by Defendants.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendants' summary judgment motion is narrowly focused on the legal and factual issues raised by Plaintiff's single transaction with Defendants: his enrollment in the Reservation Rewards program in response to an offer presented while he was purchasing movie tickets on Fandango's website. Defendants' summary judgment motion describes in detail each step Plaintiff took to enroll in the Reservations Reward program, and provides supporting affidavits and documentation with respect to his transaction. Defendants' motion papers raise ***absolutely no factual issue*** beyond those concerning Plaintiff's individual transaction.

On page 4 of his Rule 56(f) motion, Plaintiff identifies the only facts relevant to the outcome of the summary judgment motion that he claims are disputed:

> Kuefler alleges that when he made an on-line purchase of movie tickets from Fandago, he was presented with a "pop-up" window offering a "free" $10.00 gift voucher for use on his next purchase. Only two months after the purchase, when he saw his credit card statement, did Kuefler become aware of the automatic monthly charges being made by Webloyalty. According to Kuefler, neither Webloyalty nor Fandango disclosed to him that his personal credit card information was being transferred to and/or intercepted by Webloyalty or that he was being enrolled in Webloyalty's Reservations Rewards club for a monthly fee.

(citations omitted). Defendants do not dispute that Mr. Kuefler is entitled to discovery on these topics, and have agreed to produce documents and witnesses concerning his transaction. Moreover, Defendants have agreed to produce documents and 30(b)(6) deponents relating to data storage and the integration of software between Webloyalty and Fandango. In particular,

Defendants have agreed to provide Plaintiff with the following materials and information, subject to entry of a protective order:

1. The deposition Tamra Lichtman, Vice President of Marketing for Webloyalty and a declarant in support of Defendants' summary judgment motion.

2. The deposition of a 30(b)(6) deponent from Webloyalty on the following topics:

    - Person with the most knowledge of Webloyalty's agreements, negotiations and business relationships with Fandango as they pertain to Mr. Kuefler

    - Person with the most knowledge of the integration of software or other programming between Webloyalty and Fandango

    - Person with the most knowledge of the methods used by Webloyalty to obtain credit card, debit card, or other personal information of users of Fandango.com

    - Person with the most knowledge of how Webloyalty stores the personal information of consumers, including credit card and debit card information.

3. The deposition of Shane O'Neill, Chief Technology Officer of Fandango, Inc. and a declarant in support of Defendants' summary judgment motion.

4. The deposition of a 30(b)(6) deponent from Fandango, Inc. on the following topics:

    - Person with the most knowledge of Fandango's agreements, negotiations and business relationships with Webloyalty as they pertain to Mr. Kuefler

    - Person with the most knowledge of the integration of software or other programming between Webloyalty and Fandango

    - Person with the most knowledge of the methods used by Webloyalty to obtain credit card, debit card, or other personal information of users of Fandango.com

    - Person with the most knowledge of how Fandango stores the personal information of consumers, including credit card and debit card information.

5. All documents concerning Plaintiff, including, but not limited to, screen shots showing the exact computer screens shown to Plaintiff when he signed up for Webloyalty's Reservation Rewards program, as well as the entire content of Plaintiff's member profile at Webloyalty.com.

6. Documents which show the number of times that Mr. Kuefler used or accessed Reservation Rewards, including but not limited to the number of times that he

logged on to the Reservations Rewards website, after he signed-up for the Reservations Rewards membership program.

7. The agreement between Webloyalty and Fandango.

8. Documents concerning any communications between Webloyalty and Fandango concerning Mr. Kuefler's membership in a Webloyalty program into which purchasers of Fandango products are enrolled insofar as any exist.

9. All documents concerning any communications between Webloyalty and Fandango pertaining to Mr. Kuefler insofar as any exist.

10. All documents concerning any monies received by Webloyalty and Fandango for any membership fee charged to Mr. Kuefler insofar as any exist.

11. All documents concerning any monies refunded by Webloyalty to Mr. Kuefler insofar as any exist.

12. All documents concerning the cancellation of Mr. Kuefler's membership in any of Webloyalty's membership programs insofar as any exist.

13. All transcripts and audio or video recordings of any communications between Webloyalty employees and Mr. Kuefler, including, but not limited to, all Quality Analyst tapes or recordings, insofar as any exist.

14. Any script provided to Webloyalty employees used in conversations with Mr. Kuefler, if Defendants are able to identify any.

15. All reports relating to Mr. Kuefler that are capable of being generated by the Enhansiv program insofar as any exist.

16. All reports of complaints received by Webloyalty concerning Mr. Kuefler insofar as any exist.

17. Membership kit(s) mailed to Mr. Kuefler insofar as any exist.

18. Documents concerning revenue Webloyalty and Fandango received concerning the business relationship between Webloyalty and Fandango that relate to Mr. Kuefler insofar as any exist.

19. Documents concerning communications between Fandango and Webloyalty in connection with complaints received by Mr. Kuefler concerning Webloyalty insofar as any exist.

20. The names of the persons who are currently the heads of the customer service, rebate, quality assurance, and information technology departments.

Not content with the extensive discovery Defendants are willing to produce, Plaintiffs' counsel seeks to embark on a fishing expedition unrelated to the issues raised by the summary judgment motion.  Plaintiff seeks to depose at least twenty-one officers and employees of Defendants and has requested twenty-five Rule 30(b)(6) deponents from Webloyalty and Fandango on such irrelevant topics as "any copyrights with respect to the "signup" text used by Fandango" (p. 4 of List of Discovery for Rule 56(f) Motion).  In his seventy-eight part request for documents from Defendants, Plaintiff requests such things as "[d]ocuments sufficient to show the percentage of Webloyalty's customers who changed their e-mail address information following enrolling in one of Webloyalty's membership programs" (request 16); "[a]ll documents concerning any settlements or other agreements Webloyalty and Fandango have entered to resolve lawsuits, arbitrations or other investigations pending against either defendant," (request 34); "[f]orms of any membership kits mailed to persons residing in any state in the United States concerning any Webloyalty memberships" (request 45); "[s]tate and federal income tax returns for Webloyalty" (request 51); and "[d]ocuments concerning communications with Webloyalty's auditors reflecting revenues received nationwide" (request 53).  Plaintiff also seeks to depose fifteen third party witnesses from such entities as the Visa U.S.A., Inc., and Discovery Financial Services.

Plaintiff's requests are particularly egregious and overreaching when it comes to Fandango.  Plaintiff's claim against Fandango is limited to his mistaken allegation that it transferred his name, address, and credit card information without his knowledge.  Despite the extremely narrow nature of Plaintiff's claim, he seeks unlimited discovery from Fandango into a broad range of irrelevant topics and to depose ten senior executives of the company (without any explanation as to why), in addition to ten broad Rule 30(b)(6) deposition topics.

Plaintiff's discovery requests are overwhelmingly broad and not are not germane to any factual issue raised by the summary judgment motion, which is limited to the single transaction plaintiff conducted and the materials that were provided to him concerning the Reservation Rewards program. Defendants have already agreed to provide all information necessary to respond to the summary judgment motion and, therefore, Plaintiff's motion should be denied to the extent that it seeks information beyond that necessary to respond to the motion.[3]

## ARGUMENT

**PLAINTIFF'S REQUESTED DISCOVERY, TO THE EXTENT IT EXCEEDS THAT ALREADY AGREED TO BY DEFENDANTS, DOES NOT SATISFY THE REQUIREMENTS OF RULE 56(f)**

Rule 56(f) requires Plaintiff to demonstrate that the discovery sought is "essential to justify the party's opposition." Fed. R. Civ. P. 56(f). Therefore, in order to succeed on a Rule 56(f) motion, Plaintiff must establish that the sought facts, if found, will "influence the outcome of the pending motion for summary judgment." See Adorno v. Crowley Towing and Trans. Co., 443 F.3d 122, 127 (1st Cir. 2006) (internal quotations omitted); see also U.S. Steel v. M. DeMatteo Construction Co., 315 F.3d 43, 53 (1st Cir. 2002) (affirming denial of Rule 56(f) motion where the movant "did not seek discovery on an issue that could alter the outcome of [the defendant's] contention on summary judgment that, as a matter of contract law, [the plaintiff] was not entitled to any recovery"); C.B. Trucking, Inc. v. Waste Mgmt., Inc., 137 F.3d 41, 44 (1st Cir. 1998) (party relying on Rule 56(f) must "indicate how the emergent facts, if adduced, will

---

[3] If the Court permits any discovery, Defendants are entitled to parallel discovery from Plaintiff. Specifically, Defendants are entitled to: (1) take Mr. Kuefler's deposition, and (2) all documents relating in any way to the transaction Mr. Kuefler alleges he conducted on Fandango.com, or to the membership (including charges, benefits, or cancellation) he alleges he had in Reservations Rewards or with Webloyalty. Defendants plan to take that discovery during the same period Plaintiff takes whatever discovery is permitted as a result of the Rule 56(f) motion.

influence the outcome of the pending summary judgment motion") (internal quotations omitted). Plaintiff is not entitled under Rule 56(f) to discovery that is unnecessary to meet the very limited factual issues raised by Defendants' summary judgment motion; namely (a) what was presented to Plaintiff; (b) what were the terms and conditions of the program in which he enrolled; and (c) what steps did Plaintiff take to enroll in the Reservation Rewards program.

Defendants have already agreed to provide Plaintiff with all of the discovery that meets the Rule 56(f) standard. This includes depositions of the two individuals who submitted declarations in support of Defendants' motion for summary judgment as well as 30(b)(6) depositions on a broad range of topics including all communications concerning the Plaintiff's transaction, the manner in which Defendants obtain and store personal information of consumers, and the integration of Webloyalty and Fandango's software and programming. Further, Defendants have agreed to provide Plaintiff with all documents relating to his transaction and interactions with the Defendants, including all documents concerning communications between Webloyalty and Fandango pertaining to the Plaintiff. The documents and depositions Defendants have agreed to provide Plaintiff constitute everything that Plaintiff would need to address the limited issue presented in Defendants summary judgment motion: that Plaintiff consented to the transaction after receiving full extensive and complete disclosure of the terms of his membership, and that his credit card information was not transferred to Reservation Rewards until after he affirmatively enrolled in the program and signified his assent to the transfer.

Plaintiff does not allege that the terms of his agreement with Reservation Rewards were unclear or ambiguous. Instead, Plaintiff's claim is entirely different: he claims that he never saw the terms of the contract and that no information about the Reservation Rewards program was disclosed to him prior to enrollment or the transfer of his credit card information. (Complaint at

7-8). Thus, Plaintiff's claim– as his own brief acknowledges on page 4 – turns on whether he received disclosures and what steps he took (or he claims he did not take) thereafter. Nowhere does his brief identify, nor can it, any wording or term of the contract that was unclear or ambiguous.

Because the terms of the Reservations Rewards program displayed to Plaintiff prior to his enrollment are clear and unambiguous on their face, the Court must interpret the contract according to those terms, without considering extrinsic evidence. See Allison H. v. Byard, 163 F.3d 2, 6 (1st Cir. 1998) (entering judgment for defendants; "where the wording of the contract is unambiguous, the contract must be enforced according to its terms") (internal quotations omitted); Smart v. Gillette Co. Long-Term Disability Plan, 70 F.3d 173, 178 (1st Cir. 1995) (interpretation of an unambiguous agreement is a matter of law and a court need not consult extrinsic evidence); Ritter v. Durand Chevrolet, Inc., 945 F. Supp. 381, 383, 384 (D. Mass. 1996) (granting summary judgment for defendant in a Truth in Lending Act (TILA) case where disclosures on automobile retail installment contract were clear and conspicuous as a matter of law). Accordingly, Plaintiff's requests for discovery on matters beyond his transaction or his agreement with Reservation Rewards are misplaced. Such discovery would not affect the outcome of the pending summary judgment motion because it has absolutely no bearing on the issue of what information Plaintiff received and the steps he took in response. See Adorno v. Crowley Towing and Trans. Co., 443 F.3d at 127 (Rule 56(f) standard); see also Smart, 70 F.3d at 178 (unambiguous contract interpreted by its terms by the court); Ritter, 945 F. Supp. 381, 383, 384 (D. Mass. 1996) (disclosures were clear and conspicuous as a matter of law).

Nor will such discovery have any bearing on the interpretation of the contract Plaintiff entered into. Courts have enforced Internet agreements similar to the one at issue here, where

consumers manifest their assent to the terms of an agreement by clicking on an icon after the opportunity to review the terms and conditions of the agreement.  In doing so, courts have interpreted the disclosures on their face and have not considered extrinsic evidence.  See I. Lan. Sys. v. Netscout Serv. Level Corp., 183 F. Supp. 2d 328, 336 (D. Mass. 2002) (enforcing a clickwrap license agreement where the purchaser clicked "I agree" icon"); Novak v. Overture Servs., 309 F. Supp. 2d 446, 451 (E.D.N.Y. 2004) (enforcing a forum selection clause where plaintiff had to click button to accept terms of the agreement, plaintiff had a full and fair opportunity to refuse the terms of the contract, the terms were written in easy to read font and only seven and a half pages long, and plaintiff had no time limit for reading terms); DeJohn v. The .TV Corp. Int'l, 245 F. Supp. 2d 913, 919 (C.D. Ill. 2003) (plaintiff entered into a binding online click-wrap agreement by clicking on an "I Agree" icon, which indicated he had read, understood, and agreed to the terms of the parties' contract; fact that plaintiff claimed he did not read the contract was irrelevant).  Similarly, here, the Court need not consider extrinsic evidence to interpret the disclosures provided to Plaintiff.  Thus, Plaintiff's request for discovery pertaining to matters beyond his transaction is not necessary to prepare an opposition to the pending summary judgment motion.

Plaintiff mistakenly turns to a Federal Trade Commission (FTC) case to argue that he is entitled to discovery regarding information concerning other customers, rather than his own claims or his own transaction.  Such information is entirely extraneous and cannot be considered by the Court where, as here, the terms of the agreement are unambiguous.  Moreover, F.T.C. v. Cyberspace.com, LLC, 453 F.3d 1996 (9th Cir. 2006), was neither private civil litigation nor did it involve any of the claims Plaintiff alleges here.  Instead, the case was brought by the FTC under § 5 of the FTC Act, 15 U.S.C. §45(a)(1), which does not permit private causes of action.

See, e.g., Holloway v. Bristol-Myers Corp., 485 F.2d 986, 992 (D.C. Cir. 1973). Whatever discovery may be relevant in an enforcement action brought by a regulatory body pursuing an entirely different statutory claim has absolutely no bearing on the discovery that Plaintiff should receive in this case. See U.S. Steel, 315 F.3d at 53 (denying Rule 56(f) motion where the discovery requested could not alter the outcome of the summary judgment matter, which was decided as a matter of contract law).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for Rule 56(f) Discovery to the extent that it seeks discovery beyond what the Defendants have already agreed to produce.

>Respectfully submitted,
>
>WEBLOYALTY.COM, INC.
>FANDANGO, INC.
>
>By Their Attorneys
>
>
>/s/ Gabrielle R. Wolohojian_____
>Gabrielle R. Wolohojian, BBO # 555704
>John J. Regan, BBO # 415120
>Joan S. Mitrou, BBO # 664499
>Wilmer Cutler Pickering Hale and Dorr LLP
>60 State Street
>Boston, MA  02109
>Tel:  617-526-6000
>Fax:  617-526-5000
>
>Samuel Broderick-Sokol
>Wilmer Cutler Pickering Hale and Dorr LLP
>1875 Pennsylvania Avenue NW
>Washington, DC 20006
>Tel:  202-663-6000
>Fax: 202-663-6363

        Steven Lieberman, *pro hac vice*
        Anne M. Sterba, *pro hac vice*
        C. Nichole Gifford, *pro hac vice*
        Rothwell, Figg, Ernst & Manbeck P.C.
        1425 K Street NW
        Washington, DC 20005
        Tel: 202-783-6040
        Fax: 202-783-6031

Dated: December 22, 2006

## Certificate of Service

I, Joan S. Mitrou, hereby certify that a true and accurate copy of the above document has been filed and served through the Court's electronic filing system, this 22nd day of December 2006.

        __/s/ Joan S. Mitrou__

US1DOCS 5960778v6