BEFORE THE JUDICIAL PANEL ON

MULTIDISTRICT LITIGATION

In re Webloyalty.com, Inc. Marketing and
Sales Practices Litigation                              MDL Docket No. MDL-1820
_____/

In Re: Webloyalty.com, Inc., Marketing and Sales Practices Litigation                              Doc. 27

**MASSACHUSETTS PLAINTIFFS' REPLY TO PLAINTIFF ALCIDES MELO'S
MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO TRANSFER AND
<u>COORDINATE OR CONSOLIDATE ACTIONS UNDER 28 U.S.C. § 1407</u>**

| | |
|---|---|
| **LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP**<br>Paul J. Geller<br>David J. George<br>Stuart A. Davidson<br>Marisa N. DeMato<br>Michael L. Greenwald<br>120 E. Palmetto Park Road, Suite 500<br>Boca Raton, FL 33432<br>Telephone: (561) 750-3000 | **LEE & AMTZIS, P.L.**<br>Eric A. Lee<br>5550 Glades Road, Suite 401<br>Boca Raton, FL 33431<br>Telephone: (561) 981-9988<br><br>**PHILLIPS & GARCIA, LLP**<br>Carlin J. Phillips<br>Andrew J. Garcia<br>13 Ventura Drive<br>North Dartmouth, MA 02747<br>Telephone: (508) 998-0800 |

*Counsel for Massachusetts Plaintiffs*

I.   **PRELIMINARY STATEMENT**

On November 7, 2006, plaintiffs Joe Kuefler, Kim Crouse, and Monica Staaf (collectively the "Massachusetts Plaintiffs") filed a motion before this Panel to transfer the action styled, *Alcides Melo v. Webloyalty.com, Inc., E-Babylon Inc d/b/a 123inkjets.com, and ValueClick, Inc.*, (the "*Melo* action") and consolidate the four class actions (the "Motion to Transfer") to the District of Massachusetts before Judge Tauro. On December 1, 2006, Defendants filed a response to Massachusetts Plaintiffs' Motion to Transfer, which supports the centralization of these cases before Judge Tauro and requests that this Panel grant the Motion for Transfer. On December 1, 2006, the plaintiff in the Melo action (the "California Plaintiff") filed a memorandum of law in opposition to the Massachusetts Plaintiffs' Motion to Transfer. The crux of the California Plaintiff's opposition is that the Melo action should not be transferred to Judge Tauro because that case concerns the application of Webloyalty's scheme to a different transaction with the help of a different retail partner (Webloyalty calls them "e-tailers"). The California Plaintiff also argues that six of the eight e-tailer defendants are located in California. Both of these arguments should be rejected because they miss the point – regardless of the identity of the consumer or the e-tailer, Webloyalty, as the common wrong-doer in each e-tailer partnership, drove the deceptive conduct.

Thus, while there may be minor factual differences between the transactions underlying each case, all material facts relevant to Defendants' unlawful acts are the same, as is the deceptive course of conduct by Defendants that forms the basis for all claims in all cases. Focusing primarily on the different e-tailers patronized by each class member, the California Plaintiff's position ignores the fact that these actions allege an identical scheme orchestrated by Webloyalty. Likewise, the existence of a claim for violations of California state law in the Melo action should be of no moment; this is precisely the purpose of an MDL action – to preside over numerous cases from different jurisdictions in order to promote judicial efficiency and conserve judicial resources.

1

Further, the location of six e-tailer defendants in California should be unavailing given the fact that Webloyalty's principal place of business is located in Connecticut, the majority of discovery required will be located in the Northeast, and no Defendant objects to the transfer of the case to Massachusetts. Finally, the California Plaintiff himself is a resident of New York, making transfer of all cases to Massachusetts more logical. As such, Massachusetts Plaintiffs have satisfied their burden for Section 1407 transfer and this Panel should grant the Motion to Transfer.

## II.   ARGUMENT

Centralization under 28 U.S.C. § 1407 is appropriate in this action because it is "necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, including those with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary." *In re Ameriquest Mortg. Co. Mortg. Lending Practices Litig.*, 408 F. Supp. 2d 1354 (J.P.M.L. 2005) (Panel held that five actions involved common questions of fact and that centralization under Section 1407 served the convenience of the parties and promoted the just and efficient conduct of the litigation.) Indeed, Defendants in this action agree with the Massachusetts Plaintiffs that "centralization of these actions before Judge Tauro would indeed be convenient for parties and witnesses." (Def. Resp. at 4).

Contrary to the California Plaintiff's position, there are not significant factual and legal differences between the Melo case and the Massachusetts Cases. In fact, the primary issue involved in all four actions is the common course of deceptive conduct on the part of Webloyalty and its e-tailer partners. The fact of the matter is that each plaintiff suffered the same exact harm and damages as a result of the scheme perpetrated by Webloyalty and its e-tailers, regardless of the fact that different retailers were involved. Indeed, "transfer under Section 1407 does not require complete identity, or even a majority, of common factual issues as a prerequisite to transfer . . . and has the salutary effect of placing all actions in [a] docket before a single judge who can formulate a

pretrial program" that allows discovery on common issues. *In re Ins. Brokerage Antitrust Litig.*, 360 F. Supp. 2d 1371, 1373 (J.P.M.L. 2005); *see also In re Pharmacy Benefit Managers Antitrust Litig.*, 452 F. Supp. 2d 1352 (J.P.M.L. 2006) (Panel held that different contracts requiring unique discovery did not bar consolidation as all plaintiffs allege that the contracts create a price-fixing conspiracy). Here, the Massachusetts Plaintiffs allege the same predatory tactics by Webloyalty and its e-tailers, and each of the cases centers around the plaintiffs' unwitting enrollment in Webloyalty's Reservation Rewards program, rendering the particular e-tailer used of no moment. Moreover, the common deceptive scheme alleged in each action lends itself in fact, to significant discovery overlap. Thus, consolidation of these actions is warranted.

The California Plaintiff also asserts that its inclusion of a California Consumers Legal Remedies Act claim under California law creates a basis to deny transfer. This is wrong. In *In re Ameriquest*, for example, the plaintiffs in the related actions each sought redress under different legal theories, yet transfer was granted. 408 F. Supp. 2d at 1355. As the Panel explained, "the transferee court can employ any number of pretrial techniques, such as establishing separate discovery and/or motion tracks, to manage [the] litigation efficiently and to ensure that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions." *Id.* This is precisely the purpose of 1407 treatment – courts and judges are adequately prepared to oversee MDL cases where various states' common and statutory law is to be applied.

Notably, the purpose of Section 1407 is to conserve judicial resources – and that is precisely what will happen if the Motion to Transfer is granted. While the California Plaintiff would apply a heightened burden on the Massachusetts Plaintiffs due to the relatively small number of cases involved in this action, the number of cases involved is not a factor listed in Section 1407. Indeed, MDL actions have been litigated which involved as few as 5 and 6 consolidated actions.

Specifically, the *In re Ameriquest* action consisted of five consolidated cases, and the *In re Pharmacy Benefit Managers* action consisted of six consolidated cases. *See* 452 F. Supp. 2d 1352. Here, the Massachusetts Plaintiffs seek to consolidate four virtually identical actions alleging the same deceptive course of conduct by Defendants. As a result, Section 1407 transfer is proper.

Moreover, the complex nature of facts involved which deal with the disclosure of private information via complex internet transactions, supports transfer and consolidation of these actions. For example, one of the claims pled by the Massachusetts Plaintiffs as well as the California Plaintiff is for damages and other relief under the Electronic Communication Privacy Act (the "ECPA"), 18 U.S.C. § 2510 et seq. the interpretation of which often involves a keen understanding of complicated and highly technical issues. Judge Tauro is intimately familiar with these issues having overseen *In re Pharmatrak, Inc. Privacy Litig.*, 292 F. Supp. 2d 263 (D. Mass 2003), which included ECPA claims.[1]

The facts underlying the circumstances of how e-commerce consumers are duped into becoming members of Webloyalty's Reservation Rewards program are similarly complex in nature, and will likely involve expert analysis of whether the "disclosures" provided by Webloyalty would have led a reasonable consumer to understand that they were enrolling into one of Webloyalty's rewards programs and that Webloyalty would have access to and charge their credit cards. As such, the Massachusetts Plaintiffs easily meet their burden and Section 1407 transfer is warranted in this action.

---

[1] Massachusetts Plaintiffs are obviously not attempting to "cherry-pick" this particular Judge; rather, Judge Tauro just happened to be assigned the first filed Massachusetts case with Plaintiff Keufler and his substantial ECPA experience makes him the ideal Judge to preside over these actions.

Additionally, the California Plaintiff suggests that alternatives to transfer exist in order to minimize the possibility of duplicative discovery. Similar arguments have been rejected before. In *In re Fosamax Prods. Liab. Litig.*, 444 F. Supp. 2d 1347 (J.P. M. L. 2006), for example, defendant suggested alternative coordinating efforts in lieu of Section 1407 transfer and the Panel rejected this argument and reasoned that "Section 1407 will offer the benefit of placing all actions in [the] docket before a single judge who can structure pretrial proceedings to consider all parties' legitimate discovery needs, in addition to ensuring that common parties and witnesses are not subjected to discovery demands that duplicate activity that will occur or has already occurred in other actions." *Id.* at 1349 (citing *In re Zyprexa Prods. Liab. Litig.*, 314 F. Supp. 2d 1380 (J.P.M.L. 2004)).

The California Plaintiff also suggests that if centralization is warranted, the Panel should transfer the cases to the Central District of California because several of the e-tailer defendants are located there.[2] This argument misses the mark in that Webloyalty, the common player involved in the deceptive conduct in concert with numerous of its e-tailer partners, is headquartered in Connecticut. Accordingly, the proximity of Webloyalty facilities in the Northeast, where the majority of relevant documents and witnesses are likely to be located, makes Boston the most convenient forum for these actions to be litigated. Notably, Defendants agree that "the District of Massachusetts is preferable for MDL centralization because of the proximity to Webloyalty's operations." (Def. Resp. pg. 4). Moreover, the California Plaintiff's argument that these cases should be transferred to California is belied by the fact that Melo, himself, is in fact a resident of New York, which only further supports Section 1407 transfer to Massachusetts as appropriate.

---

[2] The California Plaintiff also erroneously suggests that the Central District of California is easily accessible, citing that counsel for Massachusetts Plaintiffs have law offices in Los Angeles. However, lead counsel for the Massachusetts Plaintiffs are based in Boca Raton, Florida and the law firm's California offices play no role in this litigation.

Notably, the California Plaintiff concedes that no discovery has commenced in any of the four actions and that each action is still in its infancy. (Melo. Opp. pg. 11) This position only further supports that there will not be a substantial prejudice to the California Plaintiff if Section 1407 transfer is granted and all cases are consolidated in Massachusetts before Judge Tauro. Moreover, the agreement of the parties is a key factor in centralization. *See In re Sony BMG Audio Compact Disc Litig.*, 429 F. Supp. 2d 1378 (J.P.M.L. 2006) (Panel granted Section 1407 transfer because movants and responding parties all agreed to transfer). Here, the Massachusetts Plaintiffs and all Defendants agree that Section 1407 transfer is warranted and that these cases are appropriate for centralization before Judge Tauro.

The importance of centralization in this action is also underscored by the potential risk of inconsistent or conflicting pretrial rulings, including on the most important issue of class certification. In light of the fact that these matters are in early stages of litigation, centralization would not disrupt any ongoing litigation activities. As such, centralization of these actions serves to "promote the just and efficient conduct" of this litigation.

### III. CONCLUSION

For these reasons set forth herein and in the Motion to Transfer, the Massachusetts Plaintiffs respectfully request that the Panel enter an Order consolidating and coordinating the actions identified in the Motion to Transfer together with any related actions subsequently filed or presently unknown to Massachusetts Plaintiffs for proceedings in the District of Massachusetts.

DATED: December 18th, 2006

Respectfully submitted,

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
PAUL J. GELLER
DAVID J. GEORGE
STUART A. DAVIDSON
MARISA N. DEMATO
MICHAEL L. GREENWALD

_/s/ Michael L. Greenwald_
Michael L. Greenwald

120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
661/750-3364 (fax)

PHILLIPS & GARCIA, LLP
CARLIN J. PHILLIPS
ANDREW J. GARCIA
13 Ventura Drive
North Dartmouth, MA 02747
Telephone: 508/998-0800
508/998-0919 (fax)

LEE & AMTZIS, P.L.
ERIC A. LEE
5550 Glades Road, Suite 401
Boca Raton, FL 33431
Telephone: 561/ 981-9988
561/981-9980 (fax)

***Attorneys for Massachusetts Plaintiffs***

7

BEFORE THE JUDICIAL PANEL ON

MULTIDISTRICT LITIGATION

In re Webloyalty.com, Inc. Marketing and
Sales Practices Litigation

MDL Docket No. MDL-1820

_____/

**CERTIFICATE OF SERVICE**

**LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP**
Paul J. Geller
David J. George
Stuart A. Davidson
Marisa N. DeMato
Michael L. Greenwald
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000

**LEE & AMTZIS, P.L.**
Eric A. Lee
5550 Glades Road, Suite 401
Boca Raton, FL 33431
Telephone: (561) 981-9988

**PHILLIPS & GARCIA, LLP**
Carlin J. Phillips
Andrew J. Garcia
13 Ventura Drive
North Dartmouth, MA 02747
Telephone: (508) 998-0800

*Counsel for Massachusetts Plaintiffs*

I, Janet L. Dennis, hereby declare as follows:

I am employed by Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 120 E. Palmetto Park Rd., Suite 500, Boca Raton, Florida 33432. I am over the age of eighteen years and not a party to this action.

On December 18, 2006, I served the following documents:

1.   **MASSACHUSETTS PLAINTIFFS' REPLY TO PLAINTIFF ALCIDES MELO'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO TRANSFER AND COORDINATE OR CONSOLIDATE ACTIONS UNDER 28 U.S.C. § 1407; and**

2.   **CERTIFICATE OF SERVICE.**

on:

### SEE ATTACHED SERVICE LIST "A"

 X   by placing the document(s) listed above for collection and mailing following the firm's ordinary business practices in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Boca Raton, Florida addressed as set forth on the attached service list.

I further certify and declare that I caused the above documents to be delivered by the same means to the clerks of the following courts affected by the Motion for Transfer and Consolidation:

### SEE ATTACHED SERVICE LIST "B"

I further certify that on December 18, 2006, I sent the original Certificate of Service and the original and eleven (11) copies and one 3 1/2 inch disk in WordPerfect for Windows format of the above document to be delivered via Federal Express for filing upon:

Jeffery N. Lüthi, Clerk of the Panel
United States of America Judicial Panel
 on Multidistrict Litigation
One Columbus Circle, NE
Thurgood Marshall Federal Judiciary Bldg.
Room G-255, North Lobby
Washington, DC 20002

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct, executed this 18th day of December, 2006, at Boca Raton, Florida.

_____
Janet L. Dennis

2

## In re Webloyalty Privacy Litigation

### SERVICE LIST "A"

| | |
|---|---|
| Paul J. Geller<br>David J. George<br>Stuart A. Davidson<br>**LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP**<br>120 E. Palmetto Park Road, Suite 500<br>Boca Raton, FL 33432<br>Telephone: (561) 750-3000<br>Facsimile: (561) 750-3364<br><br>Eric A. Lee<br>**LEE & AMTZIS, P.L.**<br>5550 Glades Road, Suite 401<br>Boca Raton, FL 33431<br>Telephone: (561) 981-9988<br>Facsimile: (561) 981-9980<br><br>Carlin J. Phillips<br>Andrew J. Garcia<br>**PHILLIPS & GARCIA, LLP**<br>13 Ventura Drive<br>North Dartmouth, MA 02747<br>Telephone: (508) 998-0800<br>Facsimile: (508) 998-0919<br><br>*Attorneys for the Massachusetts Plaintiffs* | Gabrielle R. Wolohojian<br>John J. Regan<br>Joan S. Mitrou<br>**WILMER CUTLER PICKERING HALE AND DORR**<br>60 State Street<br>Boston, Massachusetts 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>Sam Broderick-Sokol<br>**WILMER CULTER PICKERING HALE AND DORR**<br>1875 Pennsylvania Ave NW<br>Washington, DC 20006<br>Telephone: (202) 663-6000<br>Facsimile: (202) 663-6363<br><br>Nathan L. Walker<br>**WILMER CULTER PICKERING HALE AND DORR**<br>1117 California Avenue<br>Palo Atlo, CA 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |
| Mark J. Tamblyn<br>**WEXLER TORISEVA WALLACE LLP**<br>1610 Arden Way, Suite 290<br>Sacramento, CA 95815<br>Telephone: (916) 569-1100<br>Facsimile: (916) 568-7890<br><br>*Attorneys for Plaintiff Alcides Melo* | Steven Lieberman<br>Anne M. Sterba<br>C. Nichole Gifford<br>**ROTHWELL, FIGG, ERNST & MANBECK PC**<br>1425 K Street NW<br>Washington, DC 20005<br>Telephone: (202) 783-6040<br>Facsimile: (202) 783-6031<br><br>*Attorneys for Defendants Webloyalty.com, Inc., Fandango, Inc., Valueclick, Inc., E-Babylon, Inc., Priceline.com, Inc., Shane Nelson Garrett and Maxim O. Khokhlov* |

Kenneth A. Wexler
**WEXLER TORISEVA WALLACE LLP**
One North LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Charles M. McCallum
R. Brent Irby
**McCALLUM HOAGLUND COOK
 & IRBY LLP**
2062 Columbiana Road
Vestavia Hills, AL 35216
Telephone: (205) 824-7767
Facsimile: (205) 724-7768

Robert S. Green
Jenelle Welling
Charles D. Marshall
**GREEN WELLING LLP**
595 Market Street, Suite 2750
San Francisco, CA 94105
Telephone: (415) 477-6700
Facsimile: (415) 477-6710

***Attorneys for Plaintiff Alcides Melo***

4

## In re Webloyalty Privacy Litigation

### SERVICE LIST "B"

| CASE | CLERK |
|---|---|
| Kuefler v. Webloyalty.com, Inc., et al.<br>Case No. 06-CA-11620-JLT<br>USDC, District of Massachusetts | USDC, District of Massachusetts<br>John Joseph Moakley United States Courthouse<br>Suite 2300<br>One Courthouse Way<br>Boston, MA 02210-3002 |
| Krouse v. Webloyalty.com, Inc., et al.<br>Case No. 06-CA-11834-JLT<br>USDC, District of Massachusetts | USDC, District of Massachusetts<br>John Joseph Moakley United States Courthouse<br>Suite 2300<br>One Courthouse Way<br>Boston, MA 02210-3002 |
| Staaf v. Webloyalty.com, Inc., et al.<br>Case No. 06-CA-11835-JLT<br>USDC, District of Massachusetts | USDC, District of Massachusetts<br>John Joseph Moakley United States Courthouse<br>Suite 2300<br>One Courthouse Way<br>Boston, MA 02210-3002 |
| Melo v. Webloyalty.com, Inc., et al.<br>Case No. CV06-06329-DSF (JCx)<br>USDC, Central District of California | USDC, Central District of California<br>G-8 United States Courthouse<br>312 North Spring Street<br>Los Angeles, CA 90012-4701 |

I:\Webloyalty MDL\CERT Service MDL REPLY to MOT for Transfer-FINAL.doc