# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOE W. KUEFLER, Individually and on Behalf of All Others Similarly Situated, | CIVIL ACTION NO. 06-cv-11620-JLT |
| Plaintiff, | |
| v. | |
| WEBLOYALTY.COM, INC. and FANDANGO, INC. d/b/a FANDANGO.COM, | |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION FOR SANCTIONS

This motion seeks an appropriate sanction to remedy Plaintiff's intentional violation of this Court's Local Rules and the Federal Rules of Civil Procedure, as well as Plaintiff's deliberate effort to circumvent this Court's processes and to preempt its ruling on a pending motion.

On January 11, 2007, Plaintiff served a third-party subpoena on the Connecticut Better Business Bureau (the "BBB"). At the time Plaintiff issued the subpoena, the Federal and Local Rules prohibited the serving of discovery requests, because no mandatory disclosures had yet been made nor had the parties had a Rule 26(f) conference. Fed. R. Civ. P. 26(a)(1) and (f). In addition, the subpoena was not served on counsel for the Defendants. Nor was any other form of notice given to Defendants that Plaintiff was seeking significant third-party discovery. Issuance of the subpoena under these circumstances was highly improper.

1

In addition, the question of what third-party discovery would be permitted – *including whether the precise discovery sought from the BBB would be allowed* – was the subject of a fully-briefed motion pending before this Court. Plaintiff filed that motion on December 1, 2006, pursuant to Rule 56(f) which, among other things, specifically requested that the Court authorize "depositions and documentary evidence from third parties *which include the Connecticut Better Business Bureau*." Then, without waiting for the Court to rule on that motion, Plaintiff improperly decided to take matters into his own hands and obtain discovery outside of any permitted process, the Court's authority, or defense counsel's view.

Plaintiff's counsel has agreed to withdraw the subpoena now that this course of conduct has been discovered. But Plaintiff's practices require a far more substantial sanction than simply a "no harm, no foul" voluntary withdrawal of the covert subpoena. Rather, to deter future misconduct and to emphasize that this Court's rules and orders must be diligently obeyed, the appropriate sanction is the denial of the pending discovery motion that Plaintiff so directly sought to undermine and circumvent through these improper actions.

## FACTS

**I.    The Pleadings and Summary Judgment Motion**

The Complaint in this action was filed on September 11, 2006. Plaintiff's basic allegation is that he was "unwitting[ly]" enrolled in the Reservation Rewards consumer discount program offered by Defendant Webloyalty while he was completing a retail transaction at Defendant Fandango's movie ticket retail web site. (Complaint ¶¶ 1, 23-26.) Plaintiff also complains that his personal information, including his credit card billing information, was allegedly transmitted by Fandango to Webloyalty without his consent. (Complaint ¶ 27.) Plaintiff seeks to represent a class of similarly situated consumers.

Defendants filed a detailed answer on November 13, 2006, refuting Plaintiff's assertions. Defendants simultaneously filed a summary judgment motion placing before the Court the key information that had been provided to Plaintiff (including the terms and cost of the Reservation Rewards program and the statement that his credit card information would be used for billing) *before* he took numerous affirmative steps to enroll, steps that included expressly indicating his agreement to those terms. (*See* Defendants' Motion for Summary Judgment and Supporting Materials (Docket 16 - 20).) Based on that showing, it is clear that Plaintiff's Complaint should be dismissed and that this matter should not proceed as a class action.

Although it appears that (faced with the documentary evidence accompanying the summary judgment motion) Plaintiff no longer disputes the facts regarding what disclosures were made to him before he joined Reservation Rewards, Defendants voluntarily agreed to provide discovery to Plaintiff so that there would be no doubt as to what he had seen and how he had joined Reservation Rewards. (*See* Defendants' Opposition to Plaintiff's Motion for Rule 56(f) Discovery and Defendant's Motion for Discovery (Docket 26) at 4-5.) Specifically, within three days of the filing of the summary judgment motion, Defendants had offered to produce the documents related to Plaintiff's retail transactions and enrollment and membership in Reservation Rewards and to allow depositions of the two summary judgment declarants. A few days later, Defendants confirmed this offer in writing, and further agreed to allow appropriate depositions of persons with relevant knowledge under Federal Rule of Civil Procedure 30(b)(6). (*See* November 20, 2006, Letter from Gabrielle Wolohojian to David George, attached as Exhibit 1 to Wolohojian Declaration.) And in fact, by that time an informal exchange of key documents had already commenced, with Defendants voluntarily providing to Plaintiff on December 11, 2006, copies of all communications between him and Webloyalty, as well as his membership

records and information regarding the web screens that he viewed during his Fandango and Reservation Rewards transaction.

Plaintiff, however, responded by demanding discovery far broader than was necessary to oppose summary judgment. On December 1, 2006, Plaintiff filed a Rule 56(f) motion and a 12-page single-spaced "Discovery List" seeking class-wide discovery concerning virtually every aspect of Defendants' business operations and extensive discovery from numerous third parties. (*See* Plaintiff's Motion for Rule 56(f) Discovery and Incorporated Memorandum of Law (Docket 24) ("Rule 56(f) Motion").) Plaintiff's requested discovery includes 35 proposed depositions, Rule 30(b)(6) "person most knowledgeable" depositions covering 25 separate topics, 78 categories of documents (not including subparts), and 7 categories of documents from various third parties.[1] Among the mass of discovery Plaintiff sought leave to take is "documentary evidence from third parties which include the Connecticut Better Business Bureau." (*See* Rule 56(f) Motion at 9-10.)

Defendants opposed Plaintiff's improper attempt to use Rule 56(f) to conduct a burdensome fishing expedition in hopes of discovering some viable theory (a course Plaintiff apparently has concluded is necessary since the Summary Judgment motion establishes that the theory (and the allegations) pleaded in the Complaint are entirely without merit). The Rule 56(f) Motion has been fully briefed since January 8, 2007, and remains pending before this Court.

---

[1] The breadth of these requests is truly staggering, including, for example, requests such as "All documents concerning any communications between Webloyalty and Fandango," "All documents concerning contracts or agreements between Webloyalty and any web retailer (i.e., Webloyalty's clients)," and "All documents concerning the cancellation of any membership in any of Webloyalty's membership programs." (*See* Rule 56(f) Motion, Exhibit A.)

4

(*See* Defendants' Opposition to Plaintiff's Motion for Rule 56(f) Discovery and Defendant's Motion for Discovery (Docket 26).)

## II.     The BBB Subpoena and Rule 56(f) Motion

On Tuesday January 30, 2007, Plaintiff's counsel phoned Defendants' counsel and informed her that, several weeks earlier, on January 11, 2007 — three days after the Rule 56(f) motion was fully briefed — local counsel had "inadvertently" served a subpoena for the production of documents on the BBB, and had failed to serve that subpoena on counsel for Defendants.  (*See* January 30, 2007 Email from David George to Gabrielle Wolohojian, attached as Exhibit 2 to Wolohojian Dec.)  In that call, Plaintiff's counsel acknowledged that the issuance of and failure to serve the BBB subpoena was a "mistake" and stated that, due to miscommunications on his end, he had only recently learned that the service had been "inadvertently" made by local counsel.  Plaintiff's counsel also reported that the BBB had objected to the subpoena.  In an email that same day, Plaintiff's counsel again represented that "as a result of some internal communication issues, a subpoena was inadvertently served on the [BBB]." (Exhibit 2 to the Wolohojian Dec.)

Defendants' counsel then contacted the BBB's counsel and learned that — in seeming contradiction to the claim of "inadvertence" — Plaintiff's counsel had been actively negotiating for the production of documents from the BBB for several weeks.  (*See* email string among counsel for the BBB, the BBB, and Plaintiff's counsel, attached as Exhibit 3 to Wolohojian Dec.) In addition, Defendants' counsel learned that Plaintiff's lead counsel and other attorneys in his office, not just local counsel, had been involved in these discussions since at least January 16. *See id.*  It was difficult, if not impossible, to reconcile the history of numerous contacts and continued efforts by Plaintiff's counsel to obtain documents from the BBB with Plaintiff's

5

counsel's statements that service of the subpoena on the BBB was "inadvertent" and "due to internal communication issues."

Concerned about Plaintiff's multiple violations of the Federal and Local Rules, and even more so by the direct effort to preempt the Court's ability to effectively rule on the pending Rule 56(f) Motion represented by the subpoena, Defendants' counsel immediately requested that Plaintiff's counsel withdraw the subpoena and the Rule 56(f) Motion.  (January 31, 2007 Email from Gabrielle Wolohojian to David George, attached as Exhibit 4 to Wolohojian Dec.)  The next day, Plaintiff's counsel agreed to withdraw the subpoena but declined to withdraw the Rule 56(f) Motion, again claiming that Plaintiff had "*mistakenly* served a subpoena [on the BBB]," and had also "*inadvertently* failed to serve a copy of the Subpoena on your firm."  (February 1, 2007, Letter from David George to Gabrielle Wolohojian, attached as Exhibit 5 to Wolohojian Dec. (emphasis added).)

Defendants' counsel responded by explaining their concern that the improper service of the subpoena did not appear to be a "mistake" at all, and that Plaintiff's counsel's statements on the issue seemed inconsistent with the facts known at that time.  (February 5, 2007, Letter from Gabrielle Wolohojian to David George, attached as Exhibit 6 to Wolohojian Dec.)  In response, Plaintiff's counsel offered what can only be understood as an entirely new story.  Now, Plaintiff's counsel claimed that "Of course I knew that the subpoena was issued and served, because I knew of and participated in [at least some discussions with the BBB].  What I did not know until just prior to our conversation was that you had not been served with the subpoena."  (February 6, 2007, Letter from David George to Gabrielle Wolohojian, attached as Exhibit 7 to the Wolohojian Dec.)

Needless to say, Plaintiff's counsel made no effort in this letter to explain how this view of the facts comported with his prior statements that "as a result of some internal communication issues, a subpoena was inadvertently served on the [BBB]" by local counsel. (Exhibit 2 to Wolohojian Dec.) Nor has Plaintiff's counsel made any effort to explain how such a deliberate course of conduct does not violate the Federal and Local Rules governing the conduct of discovery and the authority of the Court before which a Rule 56(f) motion concerning the authority to take such discovery is pending.

## ARGUMENT

**I.  Plaintiff Has Violated the Applicable Federal and Local Rules and Basic Principles of Fair Practice**

Plaintiff now concedes, as he must, that his counsel knowingly served a third party subpoena while such discovery was effectively stayed, and did so without providing notice to the Defendants. By deliberately and without notice issuing a third party subpoena to the BBB on January 11, 2007, Plaintiff's counsel violated: (i) the Court's Local Rule 26.2; (ii) Rule 26(d) of the Federal Rules of Civil Procedure; and (iii) Rule 45(b)(1) of the Federal Rules of Civil Procedure. It is also clear that Plaintiff attempted to circumvent the Court's authority to decide the fully-briefed Rule 56(f) Motion, and attempted to obtain discovery through the subpoena which the Court had not yet granted them leave to obtain. In the course of these violations, inaccurate statements have been made to Defendants' counsel regarding the service of the subpoena on the BBB.

**A.  Timing of Subpoena Violated Local Rule 26.2 and Federal Rule 26(d)**

Plaintiff's issuance of a third party subpoena violated both U.S.D.C. Local Rule 26.2 and Rule 26(d) of the Federal Rules of Civil Procedure. Local Rule 26.2 states that "[u]nless otherwise ordered by [] a judicial officer, <u>before a party may initiate discovery</u>, that party must

7

provide to other parties disclosure of the information and materials called for by Fed.R.Civ.P. 26(a)(1)." (emphasis added). The parties have not yet provided Rule 26(a)(1) initial disclosures, and there has been no order authorizing any discovery, including third party discovery. Thus, the Plaintiff's issuance of the third party subpoena to the BBB on January 11, 2007 violated Local Rule 26.2. See Fed.R. Civ. P. 26(a)(1); Local Rule 26.2; see also Alper v. United States, 190 F.R.D. 281, 283 (D. Mass. 2000) (subpoena for pre-trial discovery "clearly constitutes 'discovery' within the meaning of Rules 26 and 34 and, as a result, comes up against court's discovery schedule").

The BBB subpoena also violated Rule 26(d) of the Federal Rules of Civil Procedure, which provides that "[e]xcept . . . when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." (emphasis added). To date, the parties have not had a Rule 26(f) conference, nor has the Court issued any order authorizing any discovery. Likewise, the parties have not agreed to engage in discovery.[2]

### B.    Serving the Subpoena Without the Required Prior Notice to Defendant Violated Fed. R. Civ. P. 45(b)(1)

Plaintiff prematurely engaged in discovery in violation of the Local and Federal Rules. Plaintiff then compounded this initial misconduct by failing to provide Defendants with prior notice of service of the subpoena, in violation of Rule 45(b)(1) of the Federal Rules of Civil Procedure. Rule 45(b) mandates that "Prior notice of any commanded production of documents

---

[2]    In fact, on January 25, 2007, two weeks after the subpoena was issued and before Defendants were aware of its issuance, the parties explicitly agreed *not* to serve subpoenas at that time. Remarkably, during the telephone call in which that agreement was made, Plaintiff's counsel never informed Defendants that a subpoena had already been served.

and things or inspection of premises before trial shall be served on each party in the manner prescribed by Rule 5(b)."

Prior notice is mandatory under Rule 45(b) because the other parties have the right to object to the production or inspection of the third party's documents, or to serve a demand for additional documents or things. See Fed. R. Civ. P. 45 Committee Note, 1991 Amendments; see also United States v. Santiago-Lugo, 904 F. Supp. 43, 47 (D.P.R. 1995). Plaintiff was well aware that Defendants would indeed object to the untimely and improper issuance of the subpoena, as the very documents sought are the subject of Plaintiff's opposed Rule 56(f) Motion, which is pending before this Court. Given the stage of the litigation, Defendants would have also objected on the grounds that the issuance of the subpoena directly violated Rule 26(a)(1) of the Federal Rules of Civil Procedure and Local Rule 26.2, as well as the parties' agreement that no discovery requests would yet be served. In addition, as argued in Defendants' opposition to the Rule 56(f) motion, discovery from the BBB was completely irrelevant to the legal issues presented by this case and the summary judgment motion.

On January 30, and again on February 1, 2007, Plaintiff's counsel represented to Defendants that they "inadvertently" served a subpoena on the BBB and then also "inadvertently" failed to serve a copy of the subpoena on the Defendants. (Exhibits 2, 5 to Wolohojian Dec.) This communication occurred a full eighteen days after Plaintiff's counsel issued the subpoena, and only after they had come to an agreement with the BBB with respect to the production of documents. This does not constitute "prior notice" under Rule 45. (Exhibit 3 to Wolohojian Dec.). See Biocore Med. Technologies, Inc. v. Khosrowshahi, 181 F.R.D. 660, 667 (D. Kan. 1998) (notice must be given before issuance of subpoena, not merely before return date); 9 Moore's Federal Practice, 45.21[3][a] at 45-51 (3d. ed. 2006).

9

Plaintiff's initial attempt to characterize as "inadvertent" its issuance of the subpoena to the BBB is particularly egregious. As described above, Plaintiff's counsel engaged in extensive negotiations with the BBB regarding its production of documents, and informed Defendants' counsel of the subpoena only after the BBB had agreed to produce documents. But it was only after Defendants' counsel confronted Plaintiff's counsel with their knowledge of those facts that Plaintiff's counsel changed their position and admitted that the subpoena had been deliberately served.

### C. Plaintiff Sought to Obtain Without Authority the Very Discovery that is the Subject of a Motion Pending Before the Court

The discovery Plaintiff sought through his *ex parte* subpoena to the BBB is part of the discovery sought in his pending Motion for Rule 56(f) Discovery. See "Discovery List," Exhibit A to Rule 56(f) Motion, p. 11 (seeking "CT Better Business Bureau – Complaints and investigations"). What discovery the Plaintiff — an individual seeking to represent a class — is entitled to at this stage in the litigation is the precise question that his Rule 56(f) Motion put before the Court, including the specific question whether Plaintiff may obtain discovery from the BBB. But rather than awaiting the Court's decision, Plaintiff circumvented the Court's processes and preempted and undermined its ability to rule on the motion by issuing the subpoena. This course of conduct violated the basic principles governing civil litigation and challenged the authority of this Court. See generally, Massachusetts Rules of Professional Conduct and Comments, Sup. J. Ct. Rule 3:07 (2006); Azubuko v. MBNA American Bank, 396 F. Supp. 2d. 1, 6-7 (D. Mass. 2005) (dismissing complaint with prejudice where plaintiff circumvented the Court's order).

## II. Denial of the Plaintiff's Motion for Rule 56(f) Discovery is the Appropriate Sanction

The appropriate remedy for Plaintiff's multiple and intentional violation of the Rules, inaccurate and shifting statements to opposing counsel, and undermining of the Court's ability to effectively rule on a pending motion, is denial of Plaintiff's Rule 56(f) Motion. The Court has the power to order such a sanction under both Local Rule 1.3 and its inherent powers. See Local Rule 1.3 ("Failure to comply with any of the directions or obligations set forth in, or authorized by, these Local Rules may result in dismissal, default, or the imposition of other sanctions as deemed appropriate by the judicial officer"); see also Pan American Grain Manufacturing Co., Inc. v. Puerto Rico Ports Authority, 295 F.3d 108, 117 (1st Cir. 2002) (affirming district court's decision to award sanctions under its inherent power).[3]  Because Plaintiff's misconduct strikes so directly at the issues raised by the Rule 56(f) Motion, denial of that motion would be proportionate to and commensurate with the violations, and would be an appropriate and fair sanction for the Court to impose.

The denial of the Rule 56(f) Motion would serve the dual purpose of sanctions: to punish the offender and to deter future misconduct. See Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 47-48 (1st Cir. 2002) (upholding imposition of a sanction where "[i]t is reasonably commensurate to the infraction, and its imposition sends a clear signal to others that court orders must be obeyed"). No lesser sanction would suffice.

Plaintiff may argue that the Court should not impose sanctions because he has withdrawn the subpoena before receiving any documents. But this argument ignores the ongoing harm done

---

[3]  See also Azubuko v. MBNA American Bank, 396 F. Supp. 2d. 1, 6-7 (D. Mass. 2005) ("courts have the inherent power to impose sanctions for abuse of the judicial system"); Bailey v. Dart Container Corp. of Michigan, 980 F. Supp. 584, 589 (D. Mass. 1997) (awarding sanctions under Local Rule 1.3).

11

to this litigation, and to the judicial process generally, by Plaintiff's unauthorized discovery and inaccurate statements regarding same.  Prejudice to the party seeking sanctions is only one factor among many that determine the appropriate sanction for the Court to award:  "Although prejudice to the defendants can be a factor in determining whether dismissal is a condign sanction . . . the analysis is multifaceted, and the presence or absence of prejudice is not determinative.  ***To hold otherwise would devalue the judiciary's strong institutional interest in ensuring that litigants honor court orders.***"  See Tower Ventures, 296 F.3d at 47 (internal citation omitted) (emphasis added); see also Young v. Gordon, 330 F.3d 76, 83 (1st Cir. 2003) ("no harm, no foul" argument "overlooks that the court has an institutional interest in ensuring compliance with its orders").

Were this Court not to impose sanctions on the Plaintiff, that would only encourage him (or others) to "push the envelope" in the future, safe in the knowledge that, if discovered, an effort to cure the harm would avoid punishment.  Because Plaintiff ignored the rules of the Court, and disregarded the Court's authority to decide the Rule 56(f) Motion, the Court should deny that motion, as a reasonable and measured sanction, and let this case proceed to the summary judgment phase.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion for Sanctions and, in doing so, deny Plaintiff's Motion for Rule 56(f) Discovery or, in the alternative, for any other sanction, including the attorney's fees and costs incurred in bringing this motion, that the Court deems appropriate.

        Respectfully submitted,

        WEBLOYALTY.COM, INC.
        FANDANGO, INC.

        By Their Attorneys


        /s/ Gabrielle R. Wolohojian_____
        Gabrielle R. Wolohojian, BBO # 555704
        John J. Regan, BBO # 415120
        Joan S. Mitrou, BBO # 664499
        Wilmer Cutler Pickering Hale and Dorr LLP
        60 State Street
        Boston, MA  02109
        Tel:  617-526-6000
        Fax:  617-526-5000

        Samuel Broderick-Sokol
        Wilmer Cutler Pickering Hale and Dorr LLP
        1875 Pennsylvania Avenue NW
        Washington, DC 20006
        Tel:  202-663-6000
        Fax: 202-663-6363

        Steven Lieberman, *pro hac vice*
        Anne M. Sterba, *pro hac vice*
        C. Nichole Gifford, *pro hac vice*
        Rothwell, Figg, Ernst & Manbeck P.C.
        1425 K Street NW
        Washington, DC 20005
        Tel:  202-783-6040
        Fax: 202-783-6031


Dated:  February 20, 2007


### Certificate of Service

I, Joan S. Mitrou, hereby certify that a true and accurate copy of the above document has been filed and served through the Court's electronic filing system, this 20th day of February, 2007.

        /s/ Joan S. Mitrou