# EXHIBIT 2

## Wolohojian, Gabrielle

**From:** David George [dgeorge@lerachlaw.com]
**Sent:** Tuesday, January 30, 2007 3:09 PM
**To:** Wolohojian, Gabrielle
**Cc:** Mark J. Tamblyn; Stuart Davidson; Andrew Garcia
**Subject:** webloyalty - fandango

Gabrielle,

As we discussed this afternoon, as a result of some internal communication issues, a subpoena was inadvertently served on the Connecticut Better Business Bureau. The subpoena, a copy of which is attached, was served on January 11th. The subpoena was not served on you prior to my sending this e-mail to you.

I have also attached correspondence dated January 24, 2007 from Day Pitney LLP, outside counsel for the Connecticut Better Business Bureau, to us, responding to the subpoena. As you will see, the BBB has 677 paper complaints related to Webloyalty and 229 electronic complaints related to Webloyalty.

In order to give you an opportunity to review the subpoena and the BBB's response, we will not accept production of any documents until you and I have a further discussion on this matter. In addition, we agree that nothing that has occurred to date with respect to the subpoena shall be deemed a waiver by any party of any position it desires to take in the event that a discovery dispute develops with respect to the production of documents being sought.

If you have no objections, it is our intention to obtain copies of all paper complaints and a few examples of electronic complaints, while reserving our rights to obtain hard-copies of the electronic files if and when we decide that it is necessary to do so. We will, of course, provide you with copies of any documents that we obtain.

This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to which they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please immediately notify an office administrator by telephone at (561) 750-3000. You will be reimbursed for reasonable costs incurred in notifying us. Thank you.

David J. George, Esq.
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432
(561) 750-3000
(561) 750-3364
dgeorge@lerachlaw.com

2/20/2007

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF **CONNECTICUT**

JOE W. KUEFLER, et al.

V.

WEBLOYALTY.COM, INC., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 06 CA 11620 JLT (D. Mass.)

TO: The Better Business Bureau, Inc.
94 South Turnpike Road
Wallingford, CT 06492

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached "Schedule A"

| PLACE  Phillips & Garcia, P.C., 13 Ventura Drive, North Dartmouth, MA 02747 | DATE AND TIME  1/26/2007 2:41 pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  |  |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Andrew Garcia, Esq., Phillips & Garcia, P.C., 13 Ventura Drive, North Dartmouth, MA 02747
Tel. (508) 998-0800

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
   (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
   (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) If a subpoena
      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
   (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
   (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
   (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
   (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
   (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
   (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE 'A'

Pursuant to the foregoing subpoena *duces tecum* without deposition and Rule 45 of the Federal Rules of Civil Procedure, Plaintiff hereby requests and demands that The Better Business Bureau, Inc., a Third Party herein, produce for possible inspection and copying the documents described herein.

I.  **DEFINITIONS**

The following definitions apply to each of the requests for documents set forth and are deemed to be incorporated in each said request.

1. "BBB," "you," or "your" mean The Better Business Bureau, Inc. (a/k/a the Connecticut Better Business Bureau), and its parent companies, predecessors, successors, divisions, subsidiaries, and officers, directors, employees, agents, or anyone acting or purporting to act on their behalf.

2. "Webloyalty" means Webloyalty, Inc., and its parent companies, predecessors, successors, divisions, subsidiaries, and officers, directors, employees, agents, or anyone acting or purporting to act on their behalf.

3. The term "document(s)" is synonymous and equal in scope to usage of this term in Fed. R. Civ. P. 34(a) and to the terms "[w]ritings and recordings, "photographs," "original," and "duplicate" defined in Fed. R. Evid. 1001, specifically including, but not limited to, electronic documents and data (as defined below). "Document" or "documents" shall mean any and all written, recorded or graphic material (however produced or reproduced), all tangible things from which information can be processed or transcribed, tapes or other voice recordings, and all other tangible objects, including but not limited to, booklets, brochures, pamphlets, circulars, notices, periodicals, papers, financial statements, income statements, balance sheets,

projections, budgets, statements of cash flows, statements of operations, contracts, agreements, photographs, agendas, minutes, contracts, agreements, summaries, inter-office and intra-office communications, offers, notations of any sort of conversations, diaries, appointment books, teletypes, thermofax, confirmations, memoranda, messages, appraisals, analyses, reports, plans, evaluations, financial calculations and representations, calendars, telephone logs, telephone records, electronic mail, correspondence, telegrams, telecopies, press releases, advertisements, magazine or newspaper articles, releases, canceled checks, notes (handwritten or otherwise), transcripts, working papers, drawings, schedules, tabulations and projections, surveys, scripts, studies, graphs, charts, films, printouts, video and audio tapes, recording and all other data whether recorded by electronic or any other means, including without limitation all computer-stored information (whether or not reduced to printed forms), including drafts of any of the foregoing. If a document was prepared in several copies or if additional copies were thereafter made, and if any such copies are not identical or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including without limitation, notations on the front or back of any of the pages thereof, then each such non-identical copy is a separate document and must be produced.

   4.  The term "electronic data" refers to any original and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind), of mechanical, facsimile, electronic, magnetic, digital or other programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail or "e-mail," personal

digital assistant ("PDA") messages, instant messenger messages, operating systems, source code of all types, programming languages, linkers and compilers, peripheral drives, PDF files, PRF files, batch files, ASCII files, crosswalks, code keys, pull down tables, logs, file layouts and any and all miscellaneous files or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists of an active file, deleted file or file fragment. "Electronic data" also includes any and all items stored on computer memory or memories, hard disks, floppy disks, zip drives, CD-ROM discs, Bernoulli Boxes and their equivalents, magnetic tapes of all types and kinds, microfiche, punched cards, punched tape, computer chips (including, but not limited to, EPROM, PROM, ROM or RAM of any kind) on or in any other vehicle for digital data storage or transmittal, files, folder tabs, or containers and labels appended to or associated with any physical storage device associated with each original and each copy.

5. The term "concerning" means relating to, referring to, regarding, reflecting, discussing, supporting, addressing, describing, evidencing, or constituting. Request for documents "concerning" any subject matter include documents concerning communications regarding that subject matter.

6. The terms "all" and "each" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

7. The terms "communicate" or "communications" refers to every manner of or means of disclosure, transfer or exchange of information, including the transmission, sending, and/or receipt of information of any kind (in the form of facts, ideas, inquiries, or otherwise), by and/or through any means including, but not limited to, speech, writings, language (machine, foreign or otherwise), computer electronics of any kind (including, but not limited to, e-mail

and/or instant messaging), magnetic tape, videotape, photographs, graphs, symbols, signs, magnetic and/or optical disks, "floppy disks," compact discs, CD-ROM discs, sound, radio and/or video signals, telecommunication, telephone, teletype, facsimile, telegram, microfilm, microfiche, photographic film of all type, and/or other media of any kind.  The terms "communicate" or "communications" also include, without limitation, all "documents" (as defined herein) and all inquiries, discussions, conversations, correspondence, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, and/or press, publicity, or trade releases.

8. The term "including" means "including but not limited to."

9. The terms "refer," or "relate," or "referring," or "relating" mean all documents that comprise, or explicitly or implicitly refer to, or were reviewed in conjunction with, or were created, generated or maintained as a result of, the subject matter of the request, including, without limitation, all documents that reflect, record, memorialize, embody, discuss, evaluate, consider, review, or report on the subject matter of the request.

10. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope. "Or" is understood to include and encompass "and."

11. "Any" is understood to include and encompass "all." The word "all" also includes "each" and vice versa.

12. The use of singular form of any word includes the plural and vice versa.

## II. INSTRUCTIONS

1. In responding to these requests, you shall produce all responsive documents (including those documents stored electronically) which are in your possession, custody, or control, including (by way of illustration only and not limited to) documents in the possession, custody, or control of your affiliates or subsidiaries, and your present or former attorneys, accountants, directors, offices, partners, employees, and other representatives and agents, as well as your present or former independent contractors over which or whom you have had control, and any other persons acting on your behalf. A document shall be deemed to be within your control if you have the right to secure the document or a copy of the document from another person having possession or custody of the document.

2. Where a claim of privilege is asserted in objecting to any request; identify the nature of the privilege (including work product) which is being claimed and the privilege rule being invoked, and for each response, or portion thereof, that is withheld provide the following information:

(i) For documents: (i) the type of document; (ii) the date of the document; (iii) the author(s), addressee(s), and recipient(s) of the document (including, without limitation, any indicated or blind copy recipients, and all persons to whom the document was distributed, shown or explained), and, where not apparent, the relationship of the author(s), addressee(s), and recipient(s) to one another; (iv) the number of pages; (v) the identity of any enclosure(s) or attachment(s); and (vi) a brief description sufficient to identify the type, subject matter, and purpose of the document; and

(ii) For oral communications: (i) the name of the person making the communication and the names of the persons present while the communication was made and,

where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of the communication; and (iii) the general subject matter of the communication.

3. Notwithstanding the assertion of an objection, any purportedly privileged or otherwise protected document containing non-privileged or otherwise protected matter shall be produced, with the purportedly privileged or otherwise protected portion excised (and clearly marked to so indicate).

4. You are to produce each document requested herein in its entirety, without deletion or excision (except as qualified by Instructions 2 and 3 above) regardless of whether you consider the entire document to be relevant or responsive to the request.

5. If any information or data is withheld because such information or data is stored only electronically, it is to be identified by the subject matter of the information or data, the storage mode, and the place or places where such information is maintained.

6. In the event that any document called for any of these discovery requests has been lost, stolen, destroyed or discarded, that document is to be identified by stating: (1) any addresser and addressee; (ii) any indicated or blind copy recipients; (ii) the document's date, subject matter, number of pages, and attachments, enclosures, or appendices; (iv) all persons to whom the document was distributed, shown or explained; (v) the date of loss, destruction or discard and the reason for destruction or discard; and (vi) the persons authorizing and carrying out such loss, destruction or discard.

7. Documents produced pursuant to this Subpoena shall be produced as kept in the usual course of business or shall be organized and labeled to correspond with the categories set forth below, as required by Rule 45(d)(1) of the Federal Rules of Civil Procedure. If a document

was prepared in several copies, or if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including, without limitation, handwritten notations on the front or back of the document, all such non-identical copies shall be produced.

8. Pursuant to the Federal Rules of Civil Procedure, you are to produce for inspection and copying by plaintiffs original documents including those stored electronically as they are kept in the usual course of business, i.e., documents maintained electronically shall be produced in the manner in which you store and retrieve them.

9. This Subpoena shall be deemed continuing so as to require the production of any additional responsive documents you may become aware of between the time of your initial response and the time of trial, as required by Rule 26(e) of the Federal Rules of Civil Procedure.

### RELEVANT TIME PERIOD

Unless otherwise specified herein, you shall produce documents dated, prepared, or obtained during the time period September 11, 2000 through the present, or that refer or relate to all or any portion of that period whenever prepared.

### III.    DOCUMENTS REQUESTED

1. All documents relating to Webloyalty.

2. All documents relating to any complaints received by you referring to Webloyalty.

3. All documents relating to your investigation(s) of Webloyalty, including, without limitation, all reports generated relating to such investigation(s) and drafts of the same.

4. All documents received by you from Webloyalty.

5. All documents evidencing correspondence between you and Webloyalty.

6.  All documents that formed the basis for your conclusion that Webloyalty had an "unsatisfactory record" because of "a pattern of complaints concerning deceptive marketing/selling practices."

7.  Documents sufficient to identify persons at the BBB with most knowledge of Webloyalty's business practices.

C:\Documents and Settings\dgeorge\Local Settings\Temporary Internet Files\OLK66\Schedule A for CT BBB Subpoena.DOC

## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

### AFFIDAVIT OF SERVICE

Joe W. Kuefler, et al.

vs.  CASE NO.: 06 CA 11620 JLT (D. Mass)

Webloyalty.com, Inc., et al.

_____/

STATE OF CONNECTICUT
COUNTY OF NEW HAVEN    ss.

Stuart Perlmutter, the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of twenty-one and not a party to this action.

That on 01/11/2007 at 2:00 PM, Deponent served the within named **The Better Business Bureau, Inc.** by delivering a true copy of the **Subpoena In A Civil Case** to Kristen Horan, Vice President, a person authorized to accept service on behalf of **The Better Business Bureau, Inc.**.
Said service was effected at 94 South Turnpike Road, Wallingford, CT 06492.

Description:
Sex: Female – Age: 40 – Skin: White – Hair: Brown – Height: 5'8 – Weight: 135
Other Features:

To the best of my knowledge and belief, said person was not engaged in the U.S. Military at the time of service.

The undersigned declares under penalty of perjury that the foregoing is true, correct and my free act and deed.

Stuart Perlmutter

Sworn to and subscribed before me this
____ day of _January_____, 20 07
by an affiant who is personally known to
me or produced identification.

_____
NOTARY PUBLIC
My Commission Expires: 12/31/08

Date: _____

Client File#:  – Our File# 29225

# DAY PITNEY LLP

RICHARD D. HARRIS
Attorney at Law
T: (203) 752 5094
E: rdharris@daypitney.com

January 24, 2007

VIA E-MAIL
Stuart A. Davidson, Esq.
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, Florida 33432
sdavidson@lerachlaw.com

    Re:   <u>Joe W. Kuefler v. Webloyalty.com, Inc., No. 06 CA 11620 JLT (D. Mass.)</u>

Dear Attorney Davidson:

    Day Pitney LLP represents Better Business Bureau, Inc. ("BBB") in connection with the subpoena served upon BBB on January 11, 2007 in the above-referenced case. As we discussed by telephone last week, BBB intends to work cooperatively to respond to your subpoena requests. Pursuant to Rule 45(c)(2)(B), we provide the following objections to your requests.

## General Objections

1. BBB generally objects to your requests to the extent that any request calls for documents protected by Attorney/Client Privilege and/or Work Product Doctrine.

2. BBB generally objects to the demands of the subpoena on the ground that they require BBB to disclose private and confidential consumer information, such as names and addresses. It is our understanding that such information is not necessary for Plaintiffs' case, and BBB would like to ensure that such information will not be used by Lerach Coughlin Stoia Geller Rudman & Robbins LLP for any purpose, and will not be disclosed or published in connection with the case.

We propose the following process to protect this information:

- (1) Subject to and without waiving the objections outlined herein, BBB will provide un-redacted copies of non-privileged documents requested in the subpoena, at Plaintiffs' cost;

**DAY PITNEY** LLP

Stuart A. Davidson, Esq.
January 24, 2007
Page 2

- (2) Plaintiffs will redact identifiable consumer information in the documents produced;

- (3) Plaintiffs will then return the un-redacted copies and retain and use only the redacted versions in connection with the litigation; and

- (4) Lerach Coughlin Stoia Geller Rudman & Robbins LLP agrees that it shall maintain the confidentiality of the un-redacted copies while in its possession and that it will not reveal any information contained therein to anyone, including its client.

3. BBB also generally objects to the demands of the subpoena on the ground that they are overly broad by requiring BBB to submit all consumer complaints filed with BBB. BBB currently has on record approximately 677 relevant complaints filed in paper form and 229 relevant complaints filed electronically. Due to system limitations, preparing copies of complaints filed electronically requires significant manual processes that will pose an undue burden on BBB. It is BBB's impression that complaints filed in paper form and the complaints filed electronically appear in electronic form are distributed evenly over time, and therefore production of electronic complaints would not demonstrate any unique pattern of consumer complaints against Webloyalty.

Subject to and without waiving the foregoing objection or any of the Specific Objections set forth below, BBB is willing to provide the Plaintiffs with all relevant consumer complaints filed with the BBB in paper form. If electronically filed complaints are required, we are willing to work with you to identify a process by which Plaintiffs may review such records.

**Specific Objections**

Subject to and without waiving the General Objections set forth above, BBB more specifically objects to the subpoena on the following grounds:

1. *All documents relating to Webloyalty.*

    Objection: BBB objects to request number 1 on the ground that it is overly broad and unduly burdensome, as it calls for "all documents" in a nearly seven-year time frame.

    Subject to and without waiving the foregoing objection, BBB agrees to provide Plaintiffs with all consumer complaints received by BBB referring to Webloyalty, Inc.

41752573.5

## DAY PITNEY LLP

Stuart A. Davidson, Esq.
January 24, 2007
Page 3

("Webloyalty").

2. *All documents relating to any complaints received by you referring to Webloyalty.*

   Objection: See General Objections 1, 2, and 3, above, which are incorporated herein by reference.

   Subject to and without waiving the foregoing objections, BBB agrees to provide Plaintiffs with all consumer complaints responsive to this request.

3. *All documents relating to your investigation(s) of Webloyalty, including, without limitation, all reports generated relating to such investigation(s) and drafts of the same.*

   Objections:
   BBB objects to request number 3 to the extent it calls for documents protected by the Attorney/Client Privilege or Work Product Doctrine.

   BBB also objects to request number 3 to the extent it calls for confidential evaluative materials, intended to aid Webloyalty in a candid self-evaluation, which are protected by the self-critical analysis privilege. The self-critical analysis privilege prevents the disclosure of subjective, evaluative material where disclosure would deter socially useful investigations or compliance with the law or professional standards. The rationale for this privilege is that the public policy of encouraging such investigations and efforts outweighs the need for disclosure of the evaluative materials. BBB collects confidential consumer complaints about businesses, such as Webloyalty, and works with those businesses to conduct self-evaluations regarding their efforts comply with the law and professional standards. Disclosure of BBB's evaluative materials regarding Webloyalty would deter businesses from participating in socially useful investigations and improvement of professional standards.

   Moreover, BBB objects to request number 3 to the extent that such documents contain consumers' confidential information, such as names, addresses and other information that could be used to identify individual consumers. See General Objections 1 and 2, above, which are incorporated herein by reference.

   Subject to and without waiving the foregoing objections, BBB agrees to provide Plaintiffs with all consumer complaints responsive to this request.

41752573.5

# DAY PITNEY LLP

Stuart A. Davidson, Esq.
January 24, 2007
Page 4

4. *All documents received by you from Webloyalty.*

   Objections:
   BBB objects to request number 4 on the ground that it is overly broad and unduly burdensome as it calls for "all documents" in a nearly seven-year time frame.

   BBB also objects to request number 4 to the extent it calls for confidential evaluative materials, intended to aid Webloyalty in a candid self-evaluation, which are protected by the self-critical analysis privilege. The self-critical analysis privilege prevents the disclosure of subjective, evaluative material where disclosure would deter socially useful investigations or compliance with the law or professional standards. The rationale for this privilege is that the public policy of encouraging such investigations and efforts outweighs the need for disclosure of the evaluative materials. BBB collects confidential consumer complaints about businesses, such as Webloyalty, and works with those businesses to conduct self-evaluations regarding their efforts comply with the law and professional standards. Disclosure of documents received by BBB from Webloyalty as a part of the evaluative process would deter businesses from participating in socially useful investigations and improvement of professional standards.

   Subject to and without waiving the foregoing objections, BBB agrees to provide Plaintiffs with all consumer complaints received by BBB from Webloyalty.

5. *All documents evidencing correspondence between you and Webloyalty.*

   Objections:
   BBB objects to request number 5 on the ground that it is overly broad and unduly burdensome as it calls for "all documents" in a nearly seven-year time frame.

   BBB also objects to request number 5 to the extent it calls for confidential evaluative materials, intended to aid Webloyalty in a candid self-evaluation, which are protected by the self-critical analysis privilege. The self-critical analysis privilege prevents the disclosure of subjective, evaluative material where disclosure would deter socially useful investigations or compliance with the law or professional standards. The rationale for this privilege is that the public policy of encouraging such investigations and efforts outweighs the need for disclosure of the evaluative materials. BBB collects confidential consumer complaints about businesses, such as Webloyalty, and works with those businesses to conduct self-evaluations regarding their efforts comply with the law and professional standards. Disclosure of correspondence between BBB and Webloyalty pertains to evaluative materials and would deter businesses from participating in socially useful investigations and improvement of professional standards.

41752573.5

# DAY PITNEY LLP

Stuart A. Davidson, Esq.
January 24, 2007
Page 5

>Subject to and without waiving the foregoing objections, BBB agrees to provide Plaintiffs with all consumer complaints received by BBB in correspondence from Webloyalty.

6. *All documents that formed the basis for your conclusion that Webloyalty had an "unsatisfactory record" because of "a pattern of complaints concerning deceptive marketing/selling practices."*

   Objections:
   BBB objects to request number 6 to the extent it calls for documents protected by the Attorney/Client Privilege or Work Product Doctrine. Moreover, BBB objects to the extent that such documents contain consumers' confidential information, such as names, addresses and other information that could be used to identify the individual who made the complaint to BBB. See General Objections 1 and 2, above, which are incorporated herein by reference.

   BBB also objects to request number 6 to the extent it calls for confidential evaluative materials, intended to aid Webloyalty in a candid self-evaluation, which are protected by the self-critical analysis privilege. The self-critical analysis privilege prevents the disclosure of subjective, evaluative material where disclosure would deter socially useful investigations or compliance with the law or professional standards. The rationale for this privilege is that the public policy of encouraging such investigations and efforts outweighs the need for disclosure of the evaluative materials. BBB collects confidential consumer complaints about businesses, such as Webloyalty, and works with those businesses to conduct self-evaluations regarding their efforts comply with the law and professional standards. Disclosure of BBB's evaluative materials regarding Webloyalty would deter businesses from participating in socially useful investigations and improvement of professional standards.

   Subject to and without waiving the foregoing objections, BBB agrees to provide Plaintiffs with all consumer complaints responsive to this request.

7. *Documents sufficient to identify persons at the BBB with most knowledge of Webloyalty's business practices.*

   Objection: BBB objects to request number 7 on the ground that it is vague and ambiguous.

41752573.5

**DAY PITNEY** LLP

Stuart A. Davidson, Esq.
January 24, 2007
Page 6

    Subject to and without waiving the foregoing objection, to the extent that it is understood, BBB will produce all non-privileged documents responsive to this request.

    Please contact me at your earliest convenience to discuss these matters. Thank you.

                                      Very truly yours,

                                      Richard D. Harris

RDH/AER

cc via e-mail:  Paulette Hotton – Better Business Bureau, Inc. (pnh@ctbbb.org)
                 Andrew Garcia, Esq. - Phillips & Garcia, LLP (agarcia@phillipsgarcia.com)

41752573.5