# EXHIBIT 6

**WILMERHALE**

February 5, 2007

**Gabrielle R. Wolohojian**

+1 617 526 6167 (t)
+1 617 526 5000 (f)
gabrielle.wolohojian@wilmerhale.com

**By E-mail and First Class Mail**

David J. George, Esq.
Lerach Coughlin Stoia Geller Rudman Robbins LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, Florida 33432

Re: In re Webloyalty Litigation

Dear David:

As you correctly write in your February 1st letter, on Tuesday (January 30), you called and told me that you had inadvertently served a third party subpoena on the Connecticut Better Business Bureau and that you had failed to serve on me a copy of that subpoena. You also stated that you had only recently learned of the inadvertent service of the subpoena despite the fact that it had been served several weeks earlier on January 11, 2007.

At that time I did not doubt your word because, as you note in your letter, we had until then had cordial and cooperative dealings with each other. However, after your call, I learned from counsel for the Better Business Bureau that:

- No later than January 16, 2007 – only a few days after the subpoena was served -- your office began actively pressing for production of documents in response. This included calling counsel for the BBB, as well as sending an email on which you were copied.

- Your office continued to have discussions with counsel for the BBB over the next several weeks during which you pressed for the accelerated production of documents. Your office's efforts in this regard included telephone calls, as well as emails. Stuart Davidson of your office initiated these phone calls and emails. Your local counsel, Andrew Garcia, is copied on several of the emails.

- As late as Friday, January 26, your office was continuing to press for accelerated production of the documents and even offering to go yourselves to the BBB to personally review and collect documents.

- At no time during this course of dealing with counsel for the BBB did you inform them that the subpoena had been served "inadvertently" or that it was invalid given the failure to serve me. In addition, you did not advise them that the information was subject to a pending Rule 56(f) motion. Nor, apparently, did you inform them of any of these facts before I called them.

David J. George, Esq.
February 5, 2007
Page 2

WILMERHALE

I was, frankly, stunned to learn about these aggressive attempts to obtain improperly third-party discovery. It is impossible for me to reconcile your office's (not your local counsel's office's) vigorous and persistent efforts to obtain discovery in response to the subpoena with the notion that you "inadvertently" served it or that your office was unaware that it had been issued and served. If, as you say, service of the subpoena was inadvertent, then the most natural thing for your office to have done when it first contacted counsel for the BBB would have been to inform them of that fact and withdraw the subpoena. It is not logical to believe that, instead, your office spent several weeks of effort pursuing production of materials in response to what you characterize as an "inadvertence" and only chose to correct that "inadvertence" after I asked you to withdraw the subpoena.

Not only did these facts undercut your representation to me that both the initial service of the subpoena and the failure to serve me were inadvertent, they indicated an alarming disregard and violation of numerous Rules and are also inconsistent with the posture of this case:

> As you know, among other things, your Rule 56(f) motion sought leave to obtain discovery from the BBB. That motion was pending and had not been granted at the time you issued the subpoena or were seeking production in response to it.

> Rule 26(a)(1) precludes discovery until after the required disclosures have been made or an order of the Court has issued. Neither had occurred at the time the subpoena was issued or thereafter.

> No discovery may be obtained until after the parties' Rule 26(f) conference. That conference had not occurred at the time the subpoena was issued and still has not to this day.

> Rule 45(b) requires service of any subpoena in accordance with Rule 5(b). I believe you acknowledge that this requirement was not met.

Most troubling to me is the fact that the discovery sought by the subpoena is directly at issue in the pending Rule 56(f) motion. What discovery you are entitled to at this stage of the litigation is the precise question your motion itself has put before the Court ("Kuefler also seeks depositions and documentary evidence from third parties which include the Connecticut Better Business Bureau . . . ." (Plaintiffs' Memorandum at p. 9)). That question encompasses whether you are entitled to discovery from the BBB in order to respond to our summary judgment motion. Judge Tauro has not yet heard that motion, let alone ruled on it. The conduct of your office demonstrates, in my view, a deliberate attempt to obtain surreptitiously that which the Court has not given you leave to do. It is for this reason that withdrawal of your Rule 56(f) motion appears to me to be reasonable and appropriate.

WILMERHALE

David J. George, Esq.
February 5, 2007
Page 3

In light of the information I learned after your call to me, I asked that you both withdraw the subpoena and your Rule 56(f) motion. I appreciate your prompt withdrawal of the subpoena. However, I ask now that, as part of a meet and confer process, you let me know whether you disagree with the chronology of facts I have set out above so that I may assess whether we will proceed with a motion seeking denial of your Rule 56(f) motion. In addition, I ask that you let me know whether you will agree not to use in any way any information you have learned in connection with the "inadvertent" subpoena, including the number of consumer complaints.

I look forward to hearing from you.

Sincerely,

Gabrielle R. Wolohojian

USIDOCS 6049940v1