# EXHIBIT 7

Dockets.Justia.com



LERACH
COUGHLIN
STOIA
GELLER
RUDMAN
& ROBBINS LLP

SAN DIEGO • SAN FRANCISCO
LOS ANGELES • NEW YORK • BOCA RATON
WASHINGTON, DC • HOUSTON
PHILADELPHIA • SEATTLE

David J. George
Dgeorge@lerachlaw.com

February 6, 2007

VIA E-MAIL & U.S. MAIL

Gabrielle R. Wolohojian
WILMERHALE
60 State Street
Boston, MA 02109

Re:   *In re Webloyalty Marketing & Sales Practices Litig.*

Dear Gabrielle:

I am in receipt of your letter dated February 5th. You clearly misunderstood the substance and importance of our January 30th telephone conversation and follow-up e-mail.

Of course I knew that the subpoena was issued and served, because I knew of and participated in at least some of the conversations with counsel for the Connecticut Better Business Bureau. What I did not know until just prior to our conversation was that you had not been served with the subpoena. For that reason, until I learned to the contrary, I was operating under the assumption that you had been served with the subpoena and did not have any objection to the production of the documents being sought. It was therefore my intention, at that time, to obtain the documents and provide you with copies of them (as I offered to do when I sent you the follow-up e-mail).

However, prior to the time that we accepted any documents whatsoever, I learned, for the first time, that you had not been served with the subpoena. Once I learned that you had not been served with the subpoena, I could no longer assume that you did not have any objections to the production of the documents requested therein. I then called you, disclosed the error and asked you how you wished to proceed.

The bottom line is that, no matter how you or your clients attempt to twist this into something nefarious and untoward, it was a simple error, and no more than that. More importantly, no matter how it is characterized, it resulted in no prejudice whatsoever to your clients. We withdrew the subpoena. None of the hundreds and hundreds of complaints filed by defrauded consumers has been produced.

120 East Palmetto Park Road, Suite 500 • Boca Raton, Florida 33432-4809 • 561.750.3000 • Fax 561.750.3364 • www.lerachlaw.com

202  •  115



Gabrielle R. Wolohojian
February 6, 2007
Page 2

      In fact, the existence of such complaints does not even require formal discovery, as a ten minute search of the Connecticut Better Business Bureau's website, which can be undertaken by anybody (www.connecticut.bbb.org), reveals the existence and number of the complaints, along with the fact that Webloyalty "has an unsatisfactory record with the Bureau due to a pattern of complaints concerning deceptive marketing/selling practices and unauthorized charges to consumer's credit cards." While I understand why your clients would like to prevent Judge Tauro or a jury from ever seeing these myriad complaints, there is no legal or factual basis for that to happen.

      It is clear that it is your intention to attempt to exploit this situation in order to gain an unfair advantage in this case. If that is the course of action you choose to take, so be it. I stand by my prior position that there is nothing that resulted from this mistake that has not already been corrected. We will not withdraw our Rule 56(f) motion.

Very truly yours,

David J. George

cc:    Mark Tamblyn, Esq.
         Andrew Garcia, Esq.
         Stuart Davidson, Esq.