JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

RELEASED FOR PUBLICATION

FEB 1 5 2007

DOCKET NO. 1820

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE WEBLOYALTY.COM, INC., MARKETING AND SALES PRACTICES LITIGATION

*BEFORE WM. TERRELL HODGES,* CHAIRMAN, D. LOWELL JENSEN,* J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL*

### TRANSFER ORDER

This litigation consists of the four actions listed on Schedule A and pending in two districts as follows: three actions in the District of Massachusetts and one action in the Central District of California. Plaintiffs in the three Massachusetts actions move the Panel, pursuant to 28 U.S.C. § 1407, for centralization of the litigation in the District of Massachusetts. Common defendant Webloyalty, Inc. (Webloyalty), the web retailer defendants[1] in each action and the California plaintiff[2] agree that Section 1407 centralization in the District of Massachusetts is appropriate.

On the basis of the papers filed and the hearing held (without oral argument), the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions are brought as putative nationwide class actions raising common questions of fact and law against defendants allegedly engaged in a scheme to defraud consumers whose personal and/or credit card information was accessed by Webloyalty during online transactions (with the defendant web retailer(s) involved in each action) as part of Webloyalty's Reservation Rewards or other programs.[3] Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

The Panel is persuaded that the District of Massachusetts is an appropriate transferee district for this litigation. Webloyalty is headquartered nearby and it is likely to be the source of a substantial number

---

   * Judges Hodges and Jensen took no part in the decision of this matter.

   [1] Fandango, Inc. d/b/a Fandango.com and Priceline.com, Inc. d/b/a Priceline.com are each a defendant in one Massachusetts action. Affiliated web retailer defendants in the other Massachusetts action are Nelson Shane Garrett and Maxim O. Khokhlov d/b/a JustFlowers.com and GiftBasketsASAP.com. Valueclick, Inc. d/b/a 123inkjets.com is the web retailer defendant in the California action.

   [2] Plaintiff initially opposed centralization, but, on January 4, 2007, notified the Panel that he now supports centralization in the Massachusetts forum.

   [3] Travel Values Plus, Shopper Discounts & Rewards, Buyer Assurance and WalletShield.

- 2 -

of witnesses and documents subject to discovery. All parties agree that this district is an appropriate forum for conducting Section 1407 proceedings.

    IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action listed on Schedule A and pending in the Central District of California is transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Joseph L. Tauro for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

_____
J. Frederick Motz
Acting Chairman

# SCHEDULE A

MDL-1820 -- In re Webloyalty.com, Inc., Marketing and Sales Practices Litigation

### Central District of California

*Alcides Melo v. Webloyalty.com, Inc., et al.*, C.A. No. 2:06-6329

### District of Massachusetts

*Joe W. Kuefler v. Webloyalty.com, Inc., et al.*, C.A. No. 1:06-11620
*Kim Crouse v. Webloyalty.com, Inc., et al.*, C.A. No. 1:06-11834
*Monica Staaf v. Webloyalty.com, Inc., et al.*, C.A. No. 1:06-11835