# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**
Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:        [202] 502-2888

http://www.jpml.uscourts.gov

February 15, 2007

Sarah Thornton, Clerk
Clerk's Office - Attn: Sherry Jones
U.S. District Court
595 Main Street
Worcester, MA 01608

Re: MDL-1820 -- In re Webloyalty.com, Inc., Marketing and Sales Practices Litigation

(See Schedule A of Order)

Dear Ms. Thornton:

I am enclosing a certified copy and one additional copy of a transfer order filed today by the Panel in the above-captioned matter. The order is directed to you for filing.

The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "...transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred."

A copy of Rule 1.6 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 428 (2001), which deals specifically with the transfer of files, is enclosed for your convenience. Also enclosed are a complete set of the Panel Rules and a copy of Chapter 7 of Volume 4 of the Clerks Manual, United States District Courts.

The Panel Clerk's Office maintains the only statistical accounting of multidistrict litigation traffic in the federal courts. These statistics are used by the Administrative Office of the United States Courts and the Judicial Conference. Therefore, your cooperation in keeping the Panel advised of the progress of this litigation would be appreciated. We are particularly interested in receiving the docket numbers assigned to each transferred action by your court; the caption and docket numbers of all actions originally filed in your district; and copies of orders regarding appointment of liaison counsel, settlements, dismissals, state court remands, and reassignments to other judges in your district.

- 2 -

Your attention is also directed to Panel Rule 7.6, regarding termination and remand of transferred actions. Upon notification from your court of a finding by the transferee judge that Section 1407 remand of a transferred action is appropriate, this office will promptly file a conditional remand order.

For your information, I am enclosing a copy of the Panel Attorney Service List.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By _____
Mecca S. Thompson
Deputy Clerk

Enclosures

cc w/all enclosures (Chapter 7 of Volume 4 of the Clerks Manual, U.S. District Courts, Rule 1.6, R.P.J.P.M.L., transfer order, Panel Attorney Service List, and complete Panel Rules):

        Transferee Judge:  Judge Joseph L. Tauro

cc w/order only:    Transferee Chief Judge:  Judge Mark L. Wolf

cc w/order and Rule 1.6, R.P.J.P.M.L.:

        Transferor Clerk(s):  Sherri R. Carter

        Transferor Judge(s):  Judge Dale S. Fischer

JPML Form 33

A CERTIFIED TRUE COPY

FEB 15 2007

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 15 2007

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1820*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE WEBLOYALTY.COM, INC., MARKETING AND SALES PRACTICES LITIGATION*

*BEFORE WM. TERRELL HODGES,[*] CHAIRMAN, D. LOWELL JENSEN,[*] J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL*

### TRANSFER ORDER

This litigation consists of the four actions listed on Schedule A and pending in two districts as follows: three actions in the District of Massachusetts and one action in the Central District of California. Plaintiffs in the three Massachusetts actions move the Panel, pursuant to 28 U.S.C. § 1407, for centralization of the litigation in the District of Massachusetts. Common defendant Webloyalty, Inc. (Webloyalty), the web retailer defendants[1] in each action and the California plaintiff[2] agree that Section 1407 centralization in the District of Massachusetts is appropriate.

On the basis of the papers filed and the hearing held (without oral argument), the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions are brought as putative nationwide class actions raising common questions of fact and law against defendants allegedly engaged in a scheme to defraud consumers whose personal and/or credit card information was accessed by Webloyalty during online transactions (with the defendant web retailer(s) involved in each action) as part of Webloyalty's Reservation Rewards or other programs.[3] Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

The Panel is persuaded that the District of Massachusetts is an appropriate transferee district for this litigation. Webloyalty is headquartered nearby and it is likely to be the source of a substantial number

---

[*] Judges Hodges and Jensen took no part in the decision of this matter.

[1] Fandango, Inc. d/b/a Fandango.com and Priceline.com, Inc. d/b/a Priceline.com are each a defendant in one Massachusetts action. Affiliated web retailer defendants in the other Massachusetts action are Nelson Shane Garrett and Maxim O. Khokhlov d/b/a JustFlowers.com and GiftBasketsASAP.com. Valueclick, Inc. d/b/a 123inkjets.com is the web retailer defendant in the California action.

[2] Plaintiff initially opposed centralization, but, on January 4, 2007, notified the Panel that he now supports centralization in the Massachusetts forum.

[3] Travel Values Plus, Shopper Discounts & Rewards, Buyer Assurance and WalletShield.

- 2 -

of witnesses and documents subject to discovery. All parties agree that this district is an appropriate forum for conducting Section 1407 proceedings.

   IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action listed on Schedule A and pending in the Central District of California is transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Joseph L. Tauro for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

              FOR THE PANEL:

              J. Frederick Motz
              Acting Chairman

## SCHEDULE A

MDL-1820 -- In re Webloyalty.com, Inc., Marketing and Sales Practices Litigation

### Central District of California

*Alcides Melo v. Webloyalty.com, Inc., et al.*, C.A. No. 2:06-6329

### District of Massachusetts

*Joe W. Kuefler v. Webloyalty.com, Inc., et al.*, C.A. No. 1:06-11620
*Kim Crouse v. Webloyalty.com, Inc., et al.*, C.A. No. 1:06-11834
*Monica Staaf v. Webloyalty.com, Inc., et al.*, C.A. No. 1:06-11835