UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: WEBLOYALTY.COM, INC. MARKETING AND SALES PRACTICES LITIGATION | MDL 07-01820<br><br>Lead Case: 06-11620-JLT |

**PLAINTIFFS' PROPOSED AGENDA
FOR APRIL 24, 2007 STATUS CONFERENCE**

Plaintiffs in each of the previously consolidated cases, by and through their respective counsel, pursuant to the Court's Order dated April 10, 2007, hereby respectfully submit this proposed agenda in connection with the status conference scheduled to be held before the Court on April 24, 2007.

### A.     CURRENT STATUS OF THE CASES

#### 1.     The Consolidation of All Pending Class Action Cases

Pursuant to its Order dated March 21, 2007, the Court consolidated the four currently pending putative class actions against Defendant Webloyalty.com, Inc. ("Webloyalty") and several of its "e-tailer" partners. The cases are:

(1) *Joe W. Kuefler, Individually and on Behalf of All Others Similarly Situated v. Webloyalty.com, Inc. and Fandango, Inc. d/b/a Fandango.com* (Case No. 06 CA 11620 JLT) (the "Fandango Case");

(2) *Kim Crouse, Individually and on Behalf of All Others Similarly Situated v. Webloyalty.com, Inc. and Priceline.com, Inc. d/b/a Priceline.com* (Case No. 06 CA 11834 JLT prior to consolidation) (the "Priceline Case");

(3) *Monica S. Staaf, Individually and on Behalf of All Others Similarly Situated v. Webloyalty.com, Inc., Nelson Shane Garrett, Individually and d/b/a Justflowers.com and Giftbasketsasap.com; and Maxim O. Khokhlov, Individually and d/b/a Justflowers.com and Giftbasketsasap.com* (Case No. 06 CA 11835 JLT prior to consolidation) (the "Justflowers Case"); and

(4) *Alcides Melo, Individually and on Behalf of All Others Similarly Situated v. Webloyalty.com, Inc., E-Babylon Inc. d/b/a 123Inkjets.com, and ValueClick, Inc.* (Case No. CV 06 6329 DSF (JCx) prior to consolidation) (the "123Inkjets Case").[1]

These actions are collectively referred to as the "Webloyalty Cases."

### 2. The Nature of the Class Claims

The facts alleged in each action are uniform. As described more fully in the various complaints, the Webloyalty Cases allege a fraudulent and deceptive practice of "selling" Webloyalty's "Reservation Rewards" (and similar membership programs) to unwitting customers who make initially legitimate online purchases from Webloyalty's various e-tailer partners, as well the unauthorized transfer of private credit and debit card account information by and between the e-tailer partners and Webloyalty.

More specifically, when a consumer enters into an online transaction with one of Webloyalty's 75 or more e-tailer partners, including the e-tailer Defendants in each of the Webloyalty Cases, an advertisement appears on the consumer's computer screen that promises a cash-back reward from the e-tailer partner on the consumer's next purchase. Plaintiffs uniformly allege that the real purpose of the advertisement, however, is to induce enrollment in "Reservations Rewards" and similar subscription-based clubs that offer such purported benefits as discounts on tourist attractions and baggage loss insurance.

Once consumers click on the advertisement and enter their e-mail address to redeem their free $10 discount, their personal information, including their credit or debit card number, is intercepted or otherwise obtained by Webloyalty. Webloyalty then automatically bills the consumer's credit or bank card a flat monthly fee of up to $10 for membership in one of its "discount clubs" on a purported 30-day trial basis. Consumers who had initially entered their

---

[1] The Fandango Case, Priceline Case, and Justflowers Case were originally filed in this Court. The 123Inkjets Case was transferred to this Court pursuant to a Transfer Order entered by the Judicial Panel on Multidistrict Litigation on February 15, 2007.

private financial information (whether to buy a movie ticket or printer ink) are never asked again to enter this information for the purpose of buying a membership in a "Reservations Rewards" program. Billing is then conducted on a "negative option" basis whereby consumers are continuously billed a monthly charge until they discover it and manage to cancel. Because of the relatively small amount of the debit made by Webloyalty each month (*i.e.*, up to $10), most consumers never even notice that this amount is being deducted from their accounts every month without their knowledge or consent.

Webloyalty retains the consumer payments and then pays its e-tailer partner a "per customer" fee for each consumer who enrolls, resulting in substantial revenues for both Webloyalty and its e-tailer partners. Plaintiffs in each of the Webloyalty Cases uniformly allege that the overall manner in which Webloyalty sells its subscription-based membership programs is highly deceptive to consumers, causing them to purchase these programs without meaningful or adequate warning. As described in the complaints, hundreds, if not thousands, of consumers have complained to Webloyalty and local, state and federal consumer protection agencies about the deceptive nature of its sales of Reservation Rewards and similar discount club products and its unauthorized access to their credit card information. The Connecticut Better Business Bureau, alone, has received nearly 900 complaints against Webloyalty by aggrieved consumers.[2]

All actions assert claims for: (1) Violations of the Electronic Communications Privacy Act; (2) Unjust Enrichment; and (3) Money Had and Received. The Fandango, Priceline, and Justflowers assert additional claims for Invasion of Privacy, Breach of Implied Covenant of Good Faith and Fair Dealing, and Civil Theft. The 123inkjets Case asserts additional claims for violation of the federal Electronic Funds Transfer Act, 15 U.S.C. § 1693(e), and for violations of California's consumer protection statutes.

---

[2]    *See http://www.connecticut.bbb.org/commonreport.html?compid=77000102.*

Defendants contend that that their disclosures are adequate and that there is nothing deceptive about the manner in which Webloyalty's discount clubs are sold. Plaintiffs anticipate that this consolidated action will involve extensive expert testimony from both sides.

### 3. Status of the Priceline, Justflowers and 123Inkjets Cases

Counsel for the various parties anticipated that the Webloyalty Cases would be transferred to this Court and that the Court would desire to schedule a status conference to discuss the coordinated litigation. As a result, counsel informally agreed not to litigate the Priceline Case, Justflowers Case and 123Inkjets Case until such time as the Court had an opportunity to do so. Consequently, there are currently no pending motions in any of these cases.

### 4. Status of the Fandango Case

On November 13, 2006, Defendants in the Fandango Case filed their Answer. On that same date, Defendants in the Fandango Case filed a Motion for Summary Judgment (the "Fandango Motion for Summary Judgment"). Because the Fandango Case is in its infancy and no discovery has taken place, Mr. Kuefler filed a Motion For Rule 56(f) Discovery And Incorporated Memorandum of Law (the "Rule 56(f) Motion"), requesting that the Court permit discovery.[3] The Rule 56(f) Motion has been fully briefed.[4] It is now appropriate that discovery proceed as to all Webloyalty Cases.

---

[3] As a result of Plaintiffs' ongoing factual investigation, it has become evident to all Plaintiffs in the Webloyalty Cases, and their counsel, that depositions and document discovery beyond that requested in the Rule 56(f) Motion is necessary and appropriate. At the April 24, 2007 status conference, Plaintiffs' counsel will be prepared to discuss the enlarged discovery parameters.

[4] Defendants in the Fandango case have also filed a Motion for Sanctions in connection with the inadvertent issuance of a third-party subpoena on the Connecticut Better Business Bureau (the "CT BBB Subpoena"), despite the fact that the CT BBB Subpoena was withdrawn, no documents whatsoever have been produced by the CT BBB, and, thus, Defendants suffered no prejudice. The Motion for Sanctions has been fully briefed, and Mr. Kuefler's counsel is prepared to address this motion at the status conference should the Court desire to hear from them.

4

### B.  OUTSTANDING ISSUES NEEDING IMMEDIATE ATTENTION AND SUGGESTIONS ON HOW TO PROCEED

1.  *Entry of a Pretrial Order No. 1*:  Plaintiffs propose the entry of a pretrial order that will govern the consolidation, treatment of newly filed actions, admission of attorneys, organization of plaintiffs' counsel, maintenance of time records, initial case scheduling, a protective order, and document preservation.  Plaintiffs propose to submit a proposed Pretrial Order No. 1 no later than May 2, 2007.

2.  *Entry of a Scheduling Order*.  Plaintiffs believe that the filing of a Consolidated Amended Complaint is appropriate and propose that the Court enter a scheduling order that provides for the filing of the Consolidated Amended Complaint, timing of initial disclosures, completion of discovery and depositions, filing of dispositive motions, and setting of a further status conference.  Plaintiffs' proposed schedule is set forth below.

### C.  TIME FRAME FOR DISCOVERY AND FILING OF MOTIONS

1.  *Consolidated Amended Complaint*.  Plaintiffs propose to file a Consolidated Amended Complaint within thirty (30) days of the status conference.  If Defendants choose to answer the Consolidated Complaint, Plaintiffs propose that they do so within (30) days of the filing the Consolidated Amended Complaint.  If Defendants choose to file a motion to dismiss, Plaintiffs propose that they shall do so within forty-five (45) days of the filing of the Consolidated Amended Complaint.

2.  *Subsequently-Filed Actions*.  If other actions are filed, Counsel will promptly amend the Consolidated Complaint and seek transfer of those actions to this Court within 15 days after those actions are filed.

3.  *Initial Disclosures*.  Plaintiffs propose that initial disclosures be made within seven (7) days of filing the Consolidated Amended Complaint.

5

4. *Discovery Timetable*. Plaintiffs propose that all written discovery be completed within six (6) months of filing the Consolidated Amended Complaint, all lay-witness depositions be completed within ten (10) months of filing the Consolidated Amended Complaint, and that all expert discovery be completed within twelve (12) months of filing the Consolidated Amended Complaint.

5. *Motion(s) for Summary Judgment*. Plaintiffs believe that any motion for summary judgment should be filed only upon completion of expert discovery.

### D. PENDING MOTIONS

1. Motion for Summary Judgment in Fandango Case.[5]

2. Rule 56(f) Motion in Fandango Case.

3. Motion for Sanctions in Fandango Case.

Dated: April 17, 2007

Respectfully submitted,

**LERACH COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP**
DAVID J. GEORGE (*Admitted Pro Hac Vice*)
STUART A. DAVIDSON (*Admitted Pro Hac Vice*)
MARISA N. DEMATO
JAMES L. DAVIDSON

s/ *David J. George*
David J. George
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
(561) 750-3364 (facsimile)

*Proposed Co-Lead Counsel for Plaintiffs and the Class*

---

[5] In the event the Court finds it appropriate that the Consolidated Amended Complaint be filed, the pending Motion for Summary Judgment and Rule 56(f) motion will be mooted. In addition to incorporating all of the actions into a single complaint, the Consolidated Amended Complaint will serve the purpose of incorporating facts developed after the original filing of the cases.

**PHILLIPS & GARCIA, LLP**
CARLIN J. PHILLIPS
ANDREW J. GARCIA
13 Ventura Drive
North Dartmouth, MA  02747
Telephone:  508/998-0800
508/998-0919 (fax)

*Proposed Liaison Counsel for Plaintiffs and the Class*

**WEXLER TORISEVA WALLACE LLP**
MARK J. TAMBLYN
1610 Arden Way, Suite 290
Sacramento, California 95815
Telephone:  916/568-1100
916/568-7890 (fax)

**WEXLER TORISEVA WALLACE LLP**
KENNETH A. WEXLER
MARK R. MILLER
One North LaSalle St., Suite 2000
Chicago, Illinois 60602
Telephone: 312/346-2222
312/346-0022 (fax)

*Proposed Co-Lead Counsel for Plaintiffs and the Class*

**LEE & AMTZIS, P.L.**
ERIC A. LEE
GINA GREENWALD
5550 Glades Road, Suite 401
Boca Raton, FL 33431
Telephone:  561/ 981-9988
561/981-9980 (fax)

**McCALLUM HOAGLUND COOK
     & IRBY LLP**
CHARLES M. MCCALLUM
R. BRENT IRBY
2062 Columbiana Road
Vestavia Hills, Alabama 35216
Telephone: 205/824-7768
205/824-7767 (fax)

**GREEN WELLING LLP**
ROBERT S. GREEN
CHARLES D. MARSHALL
595 Market Street, Suite 2750
San Francisco, California 94105
Telephone: 415/477-6700
415/477-6710 (fax)

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 17, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/ David J. George*
David J. George

# SERVICE LIST

# 1:07-md-01820-JLT

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ethan J. Brown**
  ethan.brown@lw.com
- **Stuart A. Davidson**
  sdavidson@lerachlaw.com e_file_fl@lerachlaw.com
- **Andrew J. Garcia**
  agarcia@phillipsgarcia.com dmedeiros@phillipsgarcia.com;info@phillipsgarcia.com
- **David J. George**
  dgeorge@lerachlaw.com e_file_fl@lerachlaw.com
- **Eric A. Lee**
  lee@leeamlaw.com zallen@leeamlaw.com;leeamlawecf@gmail.com
- **Joan S. Mitrou**
  Joan.Mitrou@wilmerhale.com
- **Carlin J Phillips**
  cphillips@phillipsgarcia.com dmedeiros@phillipsgarcia.com;info@phillipsgarcia.com
- **John J. Regan**
  john.regan@wilmerhale.com
- **Kenneth A. Wexler**
  kaw@wtwlaw.us ehs@wtwlaw.us;amn@wtwlaw.us;ecf@wtwlaw.us
- **Gabrielle R. Wolohojian**
  gabrielle.wolohojian@wilmerhale.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
C. Nichole Gifford
Rothwell, Figg, Ernst & Manbeck, P.C.
Suite 800
1425 K Street, N.W.
Washington, DC 20005

Michael L. Greenwald
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
Suite 500
120 E. Palmetto Park Road
Boca Raton, FL 33432
```

**Steven Lieberman**
Rothwell, Figg, Ernst & Kurz, PC
Columbia Sq. 555 Thirteenth Street, N.W. 701 East Tower
Washington, DC 20004

**Mark R. Miller**
Wexler, Toriseva, Wallace
One North LaSalle Street
Suite 2000
Chicago, IL 60602

**Anne M. Sterba**
Rothwell, Figg, Ernst & Manbeck
1425 K Street, N.W.
Suite 800
Washington, DC 20005

**Mark J. Tamblyn**
Wexler, Toriseva, Wallace
1610 Arden Way
Suite 290
Sacramento, CA 95815

**Nathan L. Walker**
Wilmer, Cutler, Pickering, Hale & Dorr
1117 California Ave.
Palo Alto, CA 94304