UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE:  WEBLOYALTY.COM LITIGATION          MDL 07-01820
Lead Case:  06-11620-JLT

### DEFENDANTS' PROPOSED AGENDA
### SUBMITTED IN RESPONSE TO THE COURT'S
### ORDER DATED APRIL 10, 2007

Defendants respectfully submit this proposed agenda in response to the Court's order of

April 10, 2007.  There are four cases subject to this MDL and, although there are significant

differences among them,[1] one common threshold issue is presented by each of the complaints:

each plaintiff claims that he or she did not consent to enrolling in the Reservation Rewards

program or to the transfer of his or her credit card information.  Defendants believe that

resolution of this common threshold issue at the outset will be the most efficient way to frame or

dispose of the cases.  Because there is no genuine dispute about what each plaintiff saw before

enrolling or did in order to enroll, the claims can be disposed of on summary judgment.

Defendants have, accordingly, filed a motion for summary judgment in *Kuefler v. Webloyalty, et*

*al.* (C.A. No.  06-11620-JLT), which was the first case filed and is the lead case in this MDL.

Because the legal consequences of the facts will be the same in each of the remaining three

cases, and the facts concerning each plaintiff's enrollment would be equally undisputed in those

cases, summary judgment would also be appropriate in the three remaining cases.  However, as

has been previously discussed with plaintiffs' counsel, defendants have deferred filing those

---

[1]     Each case involves a different named plaintiff.  Although Webloyalty is named as a defendant in each case,
each case also names co-defendants that are different from case to case.  Three of the cases (*Kuefler, Staaf,* and
*Crouse*) assert the same causes of action; the *Melo* case, however, asserts different causes of action arising under
California statutes.  Each named plaintiff enrolled in Webloyalty's Reservation Rewards program through a different
retailer, and each plaintiff saw different webscreens as part of his or her individual enrollment process.  Although
there will be certain common legal issues among the case, there are significant factual differences, as well as
differences among the identities of the parties and the claims asserted, such that defendants do not believe that all
aspects of the cases can be treated uniformly.

Dockets.Justia.com

motions until the parties have learned the Court's preference as to how to streamline the process of briefing those motions.

The plaintiffs in these actions joined Reservation Rewards, a discount rewards program offered by defendant Webloyalty.  Each plaintiff chose to enroll in the Reservation Rewards program after responding to offers fully describing the program, which were presented to them during online transactions at the web sites of the other named defendants.  Contrary to the inaccurate recitation of facts contained in Plaintiffs' Complaints and Proposed Agenda for April 24, 2007 Status Conference, each plaintiff—before they voluntarily signed up—was presented with a description of the program's material terms, including its price and the fact that, on enrollment, the person's credit or debit card would be transmitted to the program and used for billing purposes.  Enrollment always requires the person to take several affirmative acts, including typing their email address two different times into clearly-marked signature boxes and further clicking on a button or statement marked "Yes," unambiguously confirming that the person has elected to join the program.  The program's terms and billing details are plainly and accurately disclosed before any person makes a decision to accept them.

With that background, defendants propose the following agenda for the status conference on April 24, 2007:

A.     CURRENT STATUS OF THE CASES

    1.     *Kuefler*     Answer filed
Defendants' summary judgment motion has been filed, together with supporting brief and affidavits
Plaintiff's Rule 56(f) motion has been fully briefed (*i.e.,* motion, opposition, and reply brief)
Defendants' Motion for sanctions has been fully briefed (*i.e.,* motion, opposition, and reply brief)

    2.     *Staaf*     Answer filed

    3.     *Crouse*     Answer filed

    4.     *Melo*     Answer filed

B.     OUTSTANDING ISSUES NEEDING IMMEDIATE ATTENTION

    1.     Defendants' Motion for sanctions

    2.     Plaintiffs' Rule 56(f) Motion

C.     SUGGESTIONS ON HOW TO PROCEED

    1.     Schedule a hearing on the pending Motions in *Kuefler* (the sanctions motion and the Rule 56(f) motion).

    2.     Conduct discovery, if any, that is permitted by the Court in its ruling on the Rule 56(f) motion and, if appropriate, any similar discovery pertaining to the other plaintiffs' transactions.  Then complete the briefing on the summary judgment motion that has been filed in *Kuefler* in accordance with the schedule previously filed with the Court.

    3.     File streamlined summary judgment papers in *Staaf, Crouse,* and *Melo*.

    4.     After the Court's decision on the summary judgment motion, the parties should return to the Court with proposals on how to handle the remaining aspects of the case, if any.

    5.     In light of the significant differences among the cases, defendants do not believe a consolidated complaint is appropriate.

D.     TIME FRAME FOR DISCOVERY AND FILING OF MOTIONS

    1.     Any discovery permitted by the Court as a result of Plaintiff's Rule 56(f) motion in *Kuefler* shall occur as soon as the Court's decision on that motion is received.  It is difficult to predict the length of time that will be required for discovery until the parties know the scope of discovery the Court permits.

    2.     In accordance with the schedule previously submitted to the Court, plaintiff Kuefler would file his opposition to the summary judgment motion either (a) 30 days after a denial of the Rule 56(f) motion; or (b) 30 days after completion of the discovery permitted as a result of the Rule 56(f) motion.

    3.     Defendants are prepared to file streamlined summary judgment papers in *Staaf, Crouse*, and *Melo* within 30 days of the status conference.

E.    PENDING MOTIONS

1.    Defendants' Motion for Sanctions is fully-briefed and ready to be heard and decided.

2.    Plaintiff's Rule 56(f) Motion is fully-briefed and ready to be heard and decided.

Respectfully submitted,

WEBLOYALTY.COM, INC, FANDANGO, INC., VALUECLICK,INC., E-BABYLON, INC., PRICELINE.COM, INC., SHANE NELSON GARRETT, AND MAXIM O. KHOKHLOV

By Their Attorneys

 /s/ Gabrielle R. Wolohojian
Gabrielle R. Wolohojian, BBO # 555704
John J. Regan, BBO # 415120
Joan S. Mitrou, BBO # 664499
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
Tel:  617-526-6000
Fax:  617-526-5000

Steven Lieberman, *pro hac vice*
Anne M. Sterba, *pro hac vice*
C. Nichole Gifford, *pro hac vice*
Rothwell, Figg, Ernst & Manbeck P.C.
1425 K Street NW
Washington, DC 20005
Tel:  202-783-6040
Fax:  202-783-6031

Dated:  April 17, 2007

<u>Certificate of Service</u>

I, Joan S. Mitrou, hereby certify that a true and accurate copy of the above document has been filed and served through the Court's electronic filing system, this 17th day of April, 2007.  I also certify that I caused the above document to be served by mail upon the counsel listed on the attached Service List who do not receive electronically Notices of Electronic filing.

<u>__/s/ Joan S. Mitrou</u>

# SERVICE LIST
# 1:07-md-01820-JLT

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.
• **Ethan J. Brown**
ethan.brown@lw.com
• **Stuart A. Davidson**
sdavidson@lerachlaw.com e_file_fl@lerachlaw.com
• **Andrew J. Garcia**
agarcia@phillipsgarcia.com dmedeiros@phillipsgarcia.com;info@phillipsgarcia.com
• **David J. George**
dgeorge@lerachlaw.com e_file_fl@lerachlaw.com
• **Eric A. Lee**
lee@leeamlaw.com zallen@leeamlaw.com;leeamlawecf@gmail.com
• **Joan S. Mitrou**
Joan.Mitrou@wilmerhale.com
• **Carlin J Phillips**
cphillips@phillipsgarcia.com dmedeiros@phillipsgarcia.com;info@phillipsgarcia.com
• **John J. Regan**
john.regan@wilmerhale.com
• **Kenneth A. Wexler**
kaw@wtwlaw.us ehs@wtwlaw.us;amn@wtwlaw.us;ecf@wtwlaw.us
• **Gabrielle R. Wolohojian**
gabrielle.wolohojian@wilmerhale.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing).

**C. Nichole Gifford**
Rothwell, Figg, Ernst & Manbeck, P.C.
Suite 800
1425 K Street, N.W.
Washington, DC 20005

**Michael L. Greenwald**
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
Suite 500
120 E. Palmetto Park Road
Boca Raton, FL 33432

**Steven Lieberman**
Rothwell, Figg, Ernst & Manbeck, P.C.
Suite 800
1425 K Street, N.W.
Washington, DC 20005

**Mark R. Miller**
Wexler, Toriseva, Wallace
One North LaSalle Street
Suite 2000
Chicago, IL 60602

**Anne M. Sterba**
Rothwell, Figg, Ernst & Manbeck, P.C.
Suite 800
1425 K Street, N.W.
Washington, DC 20005

**Mark J. Tamblyn**
Wexler, Toriseva, Wallace
1610 Arden Way
Suite 290
Sacramento, CA 95815

**Nathan L. Walker**
Wilmer, Cutler, Pickering, Hale & Dorr
1117 California Ave.
Palo Alto, CA 94304