UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOE W. KUEFLER, Individually and on Behalf of All Others Similar Situated,<br><br>               Plaintiff,<br><br>vs.<br><br>WEBLOYALTY.COM, INC. and FANDANGO, INC. d/b/a FANDANGO.COM,<br><br>               Defendants. | CIVIL ACTION NO. 06-cv-11620-JLT |

**REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR SANCTIONS
[LEAVE TO FILE GRANTED ON APRIL 24, 2007]**

Plaintiff and his counsel concede that they improperly issued a subpoena to the Connecticut Better Business Bureau ("BBB") in violation of the Federal Rules, and before waiting for the Court to decide the pending Rule 56(f) motion which squarely presented the issue of whether they were entitled to the discovery sought by the subpoena. Plaintiff and his counsel give no explanation as to why or how they decided to issue a subpoena before they were entitled to do so under the Rules. Nor do they give any explanation as to why they issued the subpoena before obtaining leave from the Court to obtain the discovery. Similarly, they remain silent as to why – despite the fact that they themselves had moved for leave to obtain the discovery –- they chose not to wait for the Court's ruling but instead sought to obtain through self help that which neither the Rules nor the Court gave them leave to do.

In addition to providing absolutely no explanation for their actions, neither Plaintiff nor his counsel claim that issuance of the subpoena was inadvertent. In short, Plaintiff's opposition: (a) does not dispute that the subpoena to the BBB was improper; (b) does not dispute that the

subpoena was issued deliberately; and (c) expressly declines to offer any explanation,[1] let alone justification, for this unauthorized course of conduct. In these circumstances, the tailored sanction of denying Plaintiff's Rule 56(f) (which Plaintiff and his counsel sought to preempt through their conduct) is entirely appropriate.

Instead of explaining how or why they chose to deliberately operate outside the Rules, and without waiting for the Court's ruling, Plaintiff and his counsel offer three irrelevant arguments that have no bearing on the two central issues of why and how the subpoena came to be issued. The first argument (to which Plaintiff devotes the bulk of his brief) contends that the materials sought by the subpoena are relevant to the litigation and tries to paint Webloyalty as a bad company with numerous consumer complaints. Whether the materials are relevant to the summary judgment motion is precisely the issue that was presented to this Court by Plaintiff himself in his Rule 56(f) motion. That motion was opposed because the BBB materials are, in fact, not necessary to respond to Defendants' summary judgment motion and, therefore, not relevant to that proceeding. It is and was the Court's responsibility to determine whether Plaintiff could obtain third-party discovery from the BBB. It was not appropriate for the Plaintiff and his counsel to deprive the Court of its ability to make that determination. Even if the materials are, as Plaintiff argues, necessary to oppose the summary judgment motion (which they are not), Plaintiff and his counsel were not entitled to seek those materials unilaterally without complying with the Rules or waiting for the Court's ruling on the Rule 56(f) motion. The Federal Rules of Civil Procedure govern discovery, its timing, and its conduct. Neither Plaintiff nor his counsel were entitled to ignore or violate those Rules simply because they considered the

---

[1]     Indeed, Plaintiff's Opposition and the affidavit of David George submitted therewith repeatedly decline to offer any explanation whatsoever for their conduct, apparently operating under the mistaken assumption that the Court is not entitled to know what happened: "While there is a litany of circumstances that aligned to allow the Subpoena to be issued prematurely, there is little point in dissecting them here. Plaintiff's counsel will not make excuses or seek to lay blame." (Plaintiff's Opp. at 8 n.4; George Aff. ¶12).

discovery to be useful or because they believed the materials would cast their opponent in an unflattering light.  This is particularly true where their entitlement to the materials was squarely presented to (and remained undecided by) the Court.

Second, although Plaintiff's counsel correctly points out that he notified counsel for the Defendants of the subpoena (a fact that Defendants themselves acknowledged in their opening brief), he did not do so until *several weeks after* he knew that the subpoena had been served, he had spent several weeks negotiating with the BBB's counsel over the scope of the subpoena, and he had reached an agreement with the BBB's counsel over what documents would be produced.  During this period, Defendants had no knowledge of the subpoena because they had not been served and were, therefore, deprived of their right to object to the subpoena, its scope, its untimeliness, and its lack of compliance with the Federal Rules.  Plaintiff's counsel does not deny that, throughout this period, he knew that the subpoena was issued.  Nor does he explain why the subpoena was issued and not served on Defendants, let alone why such events occurred despite the clear requirements of the Federal Rules and his knowledge of his own pending motion seeking leave from the Court to propound such discovery.   And Plaintiff's counsel never explains how his original statement that the subpoena was "inadvertently" served due to "internal communications issues" can be squared with his later statements that "of course" he knew that the subpoena had been served because he had participated in the discussions regarding its enforcement.

Third, Plaintiff argues that, because he withdrew the subpoena after Defendants requested that he do so, there has been no harm.  As noted in Defendants' opening brief, harm is not required for the requested sanction to enter.  See Tower Ventures, 296 F.3d at 47 (internal citation omitted) (emphasis added); see also Young v. Gordon, 330 F.3d 76, 83 (1st Cir. 2003)

("no harm no foul" argument "overlooks that the court has an institutional interest in ensuring compliance with its orders").  In addition, Plaintiff ignores the fact that Defendants and the Court suffered various harms by the improper issuance and pursuit of the subpoena: (a) the Court's interest in ensuring compliance with the Rules; (b) the Court's ability to decide freely a pending motion; (c) Defendants' interest in having both parties litigate according to the Rules; and (d) Defendants' interest in not being put in a position of having to either accede to the production of documents or engage in motion practice to quash or object to a subpoena that was invalid from the start.  Even after supposedly belatedly discovery their error, neither Plaintiff nor Plaintiff's counsel voluntarily withdrew the subpoena – instead they sought to place Defendants in the position of "either rais[ing] objections to the documents being sought in the Subpoena, ask[ing] to have the Subpoena abated until the Court held a case management conference, or simply agree[ing] that the documents would be produced by the BB so long as copies were provided to Defendants."  Plaintiff's Opp. at p. 9 and George Decl. at ¶18.  In other words, neither Plaintiff nor his counsel cured their alleged error – or even offered to – even upon its discovery.  Instead, they sought to place Defendants in a position of having to either accede to the production of documents, or engage in motion practice to quash or object to a subpoena that was invalid from the start.  In these circumstances, Plaintiff's ultimate withdrawal of the subpoena did not cure his and his counsel's violation of the Rules, and the requested sanction is therefore fully justified.

For these reasons and those set forth in Defendants' opening brief, Defendants respectfully request that their motion for sanctions be granted.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | WEBLOYALTY.COM, INC.<br>FANDANGO, INC. |
|  | By Their Attorneys |
|  | /s/ Gabrielle R. Wolohojian<br>Gabrielle R. Wolohojian, BBO # 555704<br>John J. Regan, BBO # 415120<br>Joan S. Mitrou, BBO # 664499<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>60 State Street<br>Boston, MA  02109<br>Tel:  617-526-6000<br>Fax:  617-526-5000 |
|  | Samuel Broderick-Sokol<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>1875 Pennsylvania Avenue NW<br>Washington, DC 20006<br>Tel:  202-663-6000<br>Fax: 202-663-6363 |
|  | Steven Lieberman, *pro hac vice*<br>Anne M. Sterba, *pro hac vice*<br>C. Nichole Gifford, *pro hac vice*<br>Rothwell, Figg, Ernst & Manbeck P.C.<br>1425 K Street NW<br>Washington, DC 20005<br>Tel:  202-783-6040 |
| Dated: April 24, 2007 | Fax: 202-783-6031 |

Certificate of Service

I, Joan Mitrou, hereby certify that a true and accurate copy of the above document has been filed and served through the Court's electronic filing system, this 24th day of April, 2007.

  /s/   Joan Mitrou

- 5 -