UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE WEBLOYALTY.COM, INC. MARKETING AND SALES PRACTICES LITIGATION | MDL No. 07-01820<br><br>Lead Case: 06-11620-JLT |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
FOR LEAVE TO FILE CONSOLIDATED AMENDED COMPLAINT**

Plaintiffs respectfully submit this memorandum in support of their Motion for Leave to File Consolidated Amended Complaint ("Motion"). For the reasons set forth herein, the Court should grant leave to amend and permit Plaintiffs to file the Consolidated Amended Complaint (the "Consolidated Complaint").

**I.     INTRODUCTION**

This Motion arises in response to the Court's March 21, 2007 Order [Docket No. 38] to consolidate four related actions[1] underlying *In Re Webloyalty.com, Inc. Marketing and Sales Practices Litigation*. In each of these four actions Webloyalty.com, Inc. ("Webloyalty") is alleged to have partnered with internet-based retailers to enroll consumers, without their knowledge or consent, in membership programs for which Webloyalty charged a monthly fee. The business practices and general techniques devised to intercept or obtain confidential billing information are also common to each of these actions. Furthermore, each complaint alleges similar federal and state claims against Webloyalty and online retailers and seeks to recover

---

[1] *Kuefler v. Webloyalty.com, Inc. and Fandango, Inc. d/b/a Fandango.com*, Case No. 06-CA-11620-JLT, filed in the United States District Court for the District of Massachusetts; *Krouse v. Webloyalty.com, Inc. and Priceline.com, Inc. d/b/a Priceline.com*, Case No. 06-CA-11834-JLT, filed in the United States District Court for the District of Massachusetts; *Staaf v. Webloyalty.com, Inc. Nelson Shane Garrett, Individually and d/b/a JustFlowers.com and Giftbasketasap.com; and Maxim O. Khokholov, Individually and d/b/a JustFlowers.com and Giftbasketasap.com*, Case no. 06-CA-11835-JLT, filed in the United States District Court for the District of Massachusetts; and *Melo v. Webloyalty.com, Inc., E-Babylon, Inc. d/b/a 123Inkjets.com, and ValueClick, Inc.*, Case No. CV-06-6329-DSF (JCx), filed in the United States District Court for the Central District of California.

1

---

losses based on defendants' uniform sales and marketing scheme.

Plaintiffs now seek to file the Consolidated Complaint to combine and amend the claims asserted in the individual actions. The use of a consolidated complaint is a common and practical tool that will allow this transferee court to manage the instant multidistrict litigation ("MDL") efficiently and without unnecessary costs or delay.

**I.    ARGUMENT**

Rule 15(a) of the Federal Rules of Civil Procedure provides courts with broad authority to grant leave to amend.[2] Also, as an extension of the Court's authority under Rule 42(a), which allows the Court to consolidate pending actions to avoid unnecessary costs or delay, Rule 42(a) also allows the court to authorize the filing of a consolidated complaint. A consolidated complaint "help[s] the Court and the parties focus on common issues in an efficient and effective manner . . ." *In re: Vioxx Prods. Liab. Litig.*, 239 F.R.D. 450 (E.D. La. 2006).

All plaintiffs seek leave of this Court to allow the filing of the Consolidated Complaint given that the core, operative facts that relate to all claims presented are essentially identical in all cases. As is almost always the case following MDL transfer and consolidation, the cases should be presented in a single pleading that merges the common facts and legal theories.

**A.    Leave To Amend Is Freely Granted Under Rule 15(a)**

Rule 15(a) states that "leave shall be freely given when justice so requires." The U.S. Supreme Court has held that leave to amend should be granted unless there has been, for instance, undue delay, bad faith or "undue prejudice to the opposing party by virtue of allowance of the amendment, . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also In re Carbon Black*

---

[2] Under Rule 15(a), a complaint may be amended once as of right if no responsive pleading has been served. If a responsive pleading has been served, the complaint may be amended only with leave of the court or the consent of the defendants. Responsive pleadings were served in only two of the four consolidated cases. Accordingly, under Rule 15(a), plaintiffs in the remaining two actions – the *Staff* and *Crouse* actions – may amend as a matter of right.

*Antitrust Litig.*, No. 03-CV-10191-DPW, MDL Docket No. 1543, 2005 U.S. Dist. LEXIS 20561 (D. Mass. Sept. 8, 2005) (permitting amendment to consolidated complaint in multidistrict litigation pursuant to *Foman*). None of the factors that would prevent amendment under *Foman* are present in the instant litigation.

### 1. Plaintiffs Have Not Delayed Filing The Consolidated Complaint And Have Not Acted In Bad Faith

Plaintiffs have not delayed filing the Consolidated Complaint and have not acted in bad faith. The proposed Consolidated Complaint responds to the recent centralization and transfer of related cases to this Court, and it is necessary and appropriate to identify all of the proper parties and actions in the same complaint. The Consolidated Complaint was not delayed and, in fact, responds to the Court's recent consolidation Order of March 21, 2007. Moreover, the Court only ordered Plaintiffs to file this motion on April 24, 2007. The Consolidated Complaint was submitted within the time period allocated by this Court.

Furthermore, the Consolidated Complaint is proposed prior to the commencement of discovery and does not expand the scope of discovery. *Cf. Ricupero v. Mancini*, No. 94-1211, 1994 U.S. App. LEXIS 22913 (1st Cir. Aug. 24, 1994) (the district court denied plaintiff's motion for leave to amend because plaintiffs had an earlier opportunity to amend to include new claims, additional discovery would have been required, and the case was ready for trial).

### 2. The Amendment Will Not Cause Undue Prejudice To Defendants

Courts have held that where, like here, the litigation is in its infancy and no discovery has occurred, it would not be prejudicial to grant leave to amend. *See*, *e.g.*, *Martha Stewart Living Omnimedia LLC v. Beers Flower Shop, Inc.*, 98 Civ. 3398 (RWS), 1998 U.S. Dist. LEXIS 14738, at *21 (S.D.N.Y. Sept. 21, 1998) ("Amendment at this early stage, prior to any discovery, cannot constitute . . . prejudice"); *Brennan v. City of White Plains*, 97 Civ. 2709 (RWS), 1998

U.S. Dist. LEXIS 1931, at *29 (S.D.N.Y. Feb. 20, 1998) (same).

The instant litigation is in relative infancy – no discovery has taken place in any of the actions, these cases were consolidated little more than two months ago and the transferee court held a status conference a little more than a month ago. Plaintiffs would file the Consolidated Complaint in response to this Court's consolidation Order and not to insert additional sweeping claims long after previous opportunities to amend have lapsed or after discovery commenced or closed. As a result, granting the Motion will not be unduly prejudicial to defendants.

### B. Federal Rule 42(a) Provides The Court With Broad Authority To Grant The Filing Of A Consolidated Complaint

Rule 42(a) provides this Court with broad authority to consolidate actions that are pending before it and to "make such orders 'as may tend to avoid unnecessary costs or delay.'" *In re: Propulsid Prods. Liab. Litig.*, 208 F.R.D. 133, 141 (E.D. La. 2002) (quoting Rule 42(a)). This authority has also allowed courts to authorize the filing of a consolidated or master complaint in cases that have been consolidated for pretrial discovery. *In re: Propulsid Prods. Liab.*, 208 F.R.D. at 141 (citing *Katz v. Realty Equities Corp. of New York*, 521 F.2d 1354 (2d Cir. 1975); *In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 175 (C.D. Cal 1976); *see also Newberg on Class Actions* § 9.27, at 269 (2d ed. 1985)). This power is limited only where consolidation of pleadings "causes serious prejudice to the right of a party to litigate its claims or defenses." *In re Equity Funding Corp. of America Sec. Litig.*, 416 F. Supp. 161, 176-77 (C.D. Cal. 1976); *Katz v. Realty Equities Corp. of New York*, 521 F.2d 1354, 1360 (2d Cir. 1975) (citing *Garber v. Randall*, 477 F.2d 711 (2d Cir. 1973) (indicating that the desirability of a consolidated complaint depends upon whether the anticipated benefits outweigh potential prejudice to the parties).

Just as principles of efficiency and economy inform the Court's decisions as to whether

4

consolidation is appropriate, which it has already found to be the case, such principles should also guide the Court in determining whether the Consolidated Complaint should be permitted. The common issues of fact and law that are among each of the instant actions suggest that the Consolidated Complaint would bring added efficiency and economy to this litigation.

1. **Consolidated Complaints Are A Common Management Tool In Multidistrict Litigation And Appropriate To Avoid Unnecessary Cost Or Delay**

Once the JPML has consolidated and transferred pending cases to a single district court under 28 U.S.C. § 1407, it is common for the transferee court to "encourage use of a 'master' pleading" to manage the litigation. *Manual for Complex Litigation* § 20.14, at 255 (4th ed. 2005); *see also In re Pharmatrak, Inc. Privacy Litig.,* 329 F.3d 9 (1st Cir. 2003); *Katz v. Realty Equities Corp. of New York*, 521 F.2d 1354 (2d Cir. 1975); *In re: Vioxx Prods. Liab. Litig.*, 239 F.R.D. 450, 453 (E.D. La. 2006). The common use of a "master" pleading "is supported by the checklist found at § 40.1(6), [of the *Manual for Complex* Litigation, at 414 (3d ed. 1995)]." *Manual for Complex Litigation* § 20.14, at 255 (4th ed. 2005).

Indeed, this Court has deemed consolidated complaints to be effective tools for managing multidistrict litigation, indicating that his "practice has been, and [his] experience has been, that in these MDL cases, you try to get a consolidated compliant." Status Conference Transcript, at 18:4-6. For instance, in *In re Volkswagen and Audi Warranty Extension Litig.*, this Court recently ordered that "Plaintiffs in the consolidated action shall file and serve a consolidated amended complaint, which shall be the only complaint in *In re Volkswagen and Audi Warranty Extension Litigation,* 1:07-md-01790." *In re Volkswagen and Audi Warranty Extension Litig.*, MDL Docket No. 1:07-md-01790, Pretrial Order No. 1, at 6. This litigation involved violations of New Jersey state law and "consumer fraud acts of various other states, . . . " *In re Volkswagen*

5

*and Audi Warranty Extension Litig.*, MDL Docket No. 1:07-md-01790, Plaintiffs' Amended Class Action Complaint, at 1.

Courts have held that a consolidated complaint is particularly useful for avoiding unnecessary costs, duplication, or delay. *See*, *e.g.*, *In re Equity Funding Corp. of America Sec. Litig.*, 416 F. Supp. at 176 (indicating the consolidated complaint served the purpose of avoiding unnecessary costs or delay); *Katz*, 521 F.2d at 1359 (stating "overall economies in reducing the proliferation of duplicative papers warrant[ed]" the use of a consolidated complaint). Some of the overall efficiencies courts have experienced by utilizing a consolidated complaint include being able to receive memoranda and hear arguments "directed to one coherent pleading," *In re Equity Funding Corp. of America Sec. Litig.*, 416 F. Supp. at 176, considering class action issues without varying and conflicting class allegations stated in separate complaints, and using a consolidated complaint as the primary reference point for discovery management. *Id.*

These benefits could not be realized without common questions of law and fact and a "core issue [that] is central to all proceedings," *In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. at 175 – all reasons for which consolidation was deemed necessary by the JPML. In each of the actions comprising this multidistrict litigation, Webloyalty is alleged to have partnered with internet-based retailers to "'subscribe' consumers without their knowledge or consent [] in sham programs . . . for which it charges members a monthly fee, . . . " Ex. A, at 1. The business practices and general techniques devised to intercept or obtain consumers' confidential billing information are also common to each of these actions. *Id.* at 2. Furthermore, each complaint alleges similar federal and state claims against Webloyalty and online retailers and seeks to recover losses based on defendants' uniformly unfair and deceptive sales and marketing scheme.

Even where different state law claims have been asserted in multidistrict litigation, courts have recognized the practical benefits of the consolidated complaint. For example, in *In re: Propulsid Prods. Liab. Litig.*, 208 F.R.D. 133 (E.D. La. 2002), pleadings in the multidistrict litigation alleged theories of liability under "both New Jersey law and the 'laws of any state whose law may be found to be applicable to this case.'" *Id.* at 136. Choice-of-law analysis did not undermine the use of a master complaint. Rather, the question resolved by the court was whether to apply the laws of the state where the master complaint was filed. *Id.* at 140-42.

The JPML, presented with the same description of these actions, has already deemed that consolidation and transfer of these cases was necessary for promoting efficiency and avoiding duplicative discovery. Furthermore, despite the presence of different state law claims in complaints underlying these actions, courts have held this is not an impediment to ordering a consolidated complaint. As such, the Consolidated Complaint would provide this court with a practical and effective device for managing this litigation.

### 2. The Consolidated Complaint Would Not Be Prejudicial

Courts rarely have determined that the benefits of a consolidated complaint were outweighed by prejudice to the parties. One example of where prejudice to the parties did outweigh the benefits of a consolidated complaint was described in *Garber v. Cortes*, 477 F.2d 711 (2d Cir. 1973). In *Garber*, a law firm was one of fifty-eight (58) defendants in a securities MDL. *Id.* at 712-13. Only one of fifteen (15) plaintiffs brought an action against defendant law firm and the plaintiff was a questionable class representative. *Id.* at 716. Furthermore, the transactions defendant law firm participated in were found to be "limited as to scope, subject matter and time, in contrast to the broad claims asserted by all plaintiffs against most of the other 57 defendants." *Id.* Due to the limited nature of these claims, the court found it was prejudicial

7

to include claims asserted against defendant law firm in the consolidated complaint. *Id.* at 717; *see also Katz*, 521 F.2d at 1360.

Here, however, each of the named defendants is of equal importance to this litigation. Each online retail defendant named in this litigation has been accused of partnering with Webloyalty to engage in substantially uniform deceptive sales and marketing practices. Each defendant has engaged in these partnerships (and participated in the underlying scheme) with equal force, and none of the claims as to any of the defendants may be characterized as limited in scope, subject matter, or time.

Consequently, the benefits of permitting the filing of the Consolidated Complaint herein would not be outweighed by any prejudice to defendants.

### III.   CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court grant the Motion and permit them to file the Consolidated Complaint.

Dated:  May 29, 2007

Respectfully submitted,

**LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP**
DAVID J. GEORGE
STUART A. DAVIDSON
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone:  561/750-3000
561/750-3364 (fax)


*/s/ David J. George*
DAVID J. GEORGE

*Proposed Co-Lead Counsel for Plaintiffs and the Class*

**PHILLIPS & GARCIA, LLP**
CARLIN J. PHILLIPS
ANDREW J. GARCIA
13 Ventura Drive
North Dartmouth, MA 02747
Telephone: 508/998-0800
508/998-0919 (fax)

*Proposed Liaison Counsel for Plaintiffs and the Class*

**WEXLER TORISEVA WALLACE LLP**
MARK J. TAMBLYN
1610 Arden Way, Suite 290
Sacramento, California 95815
Telephone: 916/568-1100
916/568-7890 (fax)

**WEXLER TORISEVA WALLACE LLP**
KENNETH A. WEXLER
MARK R. MILLER
One North LaSalle St., Suite 2000
Chicago, Illinois 60602
Telephone: 312/346-2222
312/346-0022 (fax)

*Proposed Co-Lead Counsel for Plaintiffs and the Class*

**LEE & AMTZIS, P.L.**
ERIC A. LEE
GINA GREENWALD
5550 Glades Road, Suite 401
Boca Raton, FL 33431
Telephone: 561/ 981-9988
561/981-9980 (fax)

**McCALLUM HOAGLUND COOK & IRBY LLP**
CHARLES M. MCCALLUM
R. BRENT IRBY
2062 Columbiana Road
Vestavia Hills, Alabama 35216
Telephone: 205/824-7768
205/824-7767 (fax)

9

          **GREEN WELLING LLP**
          ROBERT S. GREEN
          CHARLES D. MARSHALL
          595 Market Street, Suite 2750
          San Francisco, California 94105
          Telephone: 415/477-6700
          415/477-6710 (fax)

          *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

    I, David J. George, hereby certify that a true and accurate copy of the above document has been filed and served through the Court's electronic filing system, this 29th day of May, 2007.

          */s/ David J. George*