UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE WEBLOYALTY.COM, INC. MARKETING AND SALES PRACTICES LITIGATION | MDL No. 07-01820 – JLT<br><br>Lead Case: 06-11620-JLT |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56, Defendants, Webloyalty.com, Inc. ("Webloyalty"), Fandango, Inc. d/b/a Fandango.com ("Fandango"), Priceline.com., Inc. d/b/a Priceline.com ("Priceline"), E-Babylon. Inc. ("E-Babylon"), ValueClick, Inc. ("ValueClick"), Nelson Shane Garrett ("Garrett"), individually and d/b/a JustFlowers.com and Giftbasketsasap.com, and Maxim O. Khokhlov ("Khokhlov"), individually and d/b/a JustfFlowers.com and Giftbasketsasap.com (together, "JustFlowers"), respectfully move for summary judgment in their favor on all counts of the Complaint.

As set forth in the accompanying Memorandum of Law and Declarations, there is no genuine issue as to any material fact and Defendants are entitled to judgment as a matter of law. It is undisputed that Plaintiffs unambiguously and affirmatively took steps to join the Reservations Rewards program after an extensive and complete disclosure of the terms of membership. Defendants are entitled to summary judgment for the following reasons:

<u>Count I (Violation of the Electronic Funds Transfer Act (EFTA))</u>. Plaintiff Melo's EFTA claim fails as a matter of law because the undisputed facts demonstrate that: (1) Webloyalty complied with the requirements set forth therein; and (2) Plaintiff Melo cannot demonstrate that any allegedly violative act caused any damages.

Count II (Violation of the Electronic Communications Privacy Act (ECPA)). Summary judgment should be granted on Plaintiffs' ECPA claim because the undisputed facts establish that the Plaintiffs consented to the transmission of their credit or debit card information to Webloyalty. Further, summary judgment should be granted for the independent reason that Plaintiffs' information was not "intercepted" by Webloyalty, such as is necessary to constitute a claim under the ECPA.

Count III (Civil Theft). Plaintiffs' civil theft claim fails as a matter of law because it is undisputed that the Plaintiffs consented to the terms and conditions of their membership in the Reservations Reward program.

Count IV (Unjust Enrichment). Because Plaintiffs entered into an express contract with Webloyalty governing their membership in the Reservations Rewards program, their unjust enrichment claim fails as a matter of law. Plaintiffs cannot create a claim by alleging that they did not read, pay attention to, or understand the terms of the agreement. Summary judgment should also be granted for the independent reason that Plaintiffs Kuefler, Crouse and Staaf have suffered no harm.

Count V (Money Had and Received). Because the relationships among the parties are governed by an express contract, Plaintiffs' claim for money had and received fails as a matter of law. Further, Plaintiffs cannot establish that Defendants have done anything "unfair" because the undisputed facts demonstrate that, after full disclosure, Plaintiffs affirmatively contracted to join the Reservations Reward program. In addition, this claim fails with respect to Plaintiffs Kuefler, Crouse, and Staaf for the independent reason that Webloyalty completely refunded their membership fees such that it does not possess anything that would be unfair to retain.

Count VI (Violation of Consumers Legal Remedies Act (CLRA)).  Defendants are entitled to summary judgment on Plaintiff Melo's CLRA claim because the undisputed facts demonstrate that Plaintiff Melo consented to join Reservation Rewards and chose not to cancel his membership and, thus, there is no causation as a matter of law.

Count VII (Violation of California Unfair Competition Law (UCL)).  Plaintiff Melo's claim under the UCL similarly fails because the undisputed facts establish that Plaintiff Melo consented to join Reservation Rewards and chose not to cancel his membership and, thus, there is no causation as a matter of law.

**REQUEST FOR ORAL ARGUMENT**

Defendants request oral argument pursuant to Local Rule 7.1(D).

Respectfully submitted,

WEBLOYALTY.COM, INC, FANDANGO, INC., VALUECLICK,INC., E-BABYLON, INC., PRICELINE.COM, INC., NELSON SHANE GARRETT, AND MAXIM O. KHOKHLOV

By Their Attorneys


/s/ Gabrielle R. Wolohojian_____
Gabrielle R. Wolohojian, BBO # 555704
John J. Regan, BBO # 415120
Joan S. Mitrou, BBO # 664499
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109
Tel:  617-526-6000
Fax:  617-526-5000

                                        Steven Lieberman, *pro hac vice*
                                        Anne M. Sterba, *pro hac vice*
                                        C. Nichole Gifford, *pro hac vice*
                                        Rothwell, Figg, Ernst & Manbeck P.C.
                                        1425 K Street NW
                                        Washington, DC 20005
                                        Tel:  202-783-6040
                                        Fax: 202-783-6031

Dated: July 20, 2007

### Certificate of Service

I, Joan Mitrou, hereby certify that a true and accurate copy of the above document has been filed and served through the Court's electronic filing system, this 20th day of July 2007.  I also certify that I caused the above document to be served by email upon the counsel listed on the attached Service List who do not receive electronically Notices of Electronic filing and that a copy of the foregoing document was served by hand on Mr. Gael Mahony.

                                                                                       /s/ Joan Mitrou

### Rule 7.1 Certification

I, Gabrielle R. Wolohojian, hereby certify that counsel for plaintiffs, David George, and I conferred by email on July 19, 2007, and were unable to resolve or narrow the issues presented by this motion.

                                                                          /s/ Gabrielle R. Wolohojian

# SERVICE LIST
# 1:07-md-01820-JLT

**Manual Notice List**

**Michael L. Greenwald**
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
Suite 500
120 E. Palmetto Park Road
Boca Raton, FL 33432

**Mark R. Miller**
Wexler, Toriseva, Wallace
One North LaSalle Street
Suite 2000
Chicago, IL 60602

**Mark J. Tamblyn**
Wexler, Toriseva, Wallace
1610 Arden Way
Suite 290
Sacramento, CA 95815