UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE WEBLOYALTY.COM, INC. MARKETING AND SALES PRACTICES LITIGATION | MDL No. 07-01820 - JLT<br><br>Lead Case: 06-11620-JLT |

**DECLARATION OF MICHAEL MASONE IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

I, Michael Masone, submit the following declaration in support of Defendants' Motion for Summary Judgment.

1. I am the Director of Interactive Marketing of Priceline.com, Inc. ("Priceline"). As such, I am familiar with the world-wide-web page flows and transaction processes used by customers of Priceline's travel service. I am also familiar with the screen flows and transaction processes used by Priceline customers who choose to enroll in Webloyalty's Reservation Rewards program after completing Priceline transactions.

2. This Declaration is based on my personal knowledge of Priceline's systems and their relationship to the systems used by Webloyalty for the Reservation Rewards program, and on my review of Priceline's records regarding the Priceline transactions of Plaintiff Kim Crouse as well as Priceline's testing of the systems.

3. Plaintiff Crouse made hotel reservations through Priceline.com on January 11, 2005. The email address Plaintiff Crouse provided to Priceline in connection with his transaction was "kcrouse@sympatico.ca."

4. On Priceline, customers can offer to purchase travel products (such as airline flights or hotel rooms) at a particular price. Once a "name your own price" offer is accepted by one of Priceline's vendors (such as an airline or hotel company), the customer is taken to a transaction

- 1 -

acceptance screen, indicating that one of his or her price offers has been accepted. At that point, the customer's Priceline transaction is complete and the web screen displays itinerary information for the customer's records. (A form of the "Transaction Acceptance Page" is attached as Exhibit 1).

5. On January 11, 2005, Priceline's world-wide-web transaction screen contained two "banner advertisements" – or boxes containing an internet link – that would direct the customer to the Reservation Rewards Enrollment page if the customer chose to click on one of them. (A form of the Reservation Rewards Enrollment page is attached as Exhibit 2).

6. If a customer clicked on one of these banner advertisements, the customer was then taken to a screen that contained information regarding an optional offer from Webloyalty's Reservation Rewards Program.

7. The steps for enrolling in Webloyalty's Reservation Rewards Program are described in the Declaration of Tamra Lichtman, Vice President of Marketing for Webloyalty, as follows: First, the customer would have had to type his email address into the empty box under the statement: "By entering my email address as my electronic signature and clicking YES, I have read and agree to the Offer Details and authorize Priceline.com to securely transfer my name, address and credit or debit card information to Reservation Rewards for billing and benefit processing." Second, Plaintiff Crouse would have had to again enter the same email address in a confirmation box. Third, he would have had to click the large red button containing the word "YES!" and above the phrase in red text "I want my Reservations Rewards discounts plus my $10.00 Cash Back Award!" Once Plaintiff Crouse had clicked on a banner advertisement, entered his email twice into the enrollment form, and clicked the "YES!" button, he would have been enrolled in Reservation Rewards. I have no reason to believe that the steps described in the Lichtman Declaration are incorrect.

US1DOCS 6288668v1

8. Priceline.com would not have transmitted a customer's, including Plaintiff Crouse's, credit or debit card and identifying information to the Reservation Rewards program until after the customer entered his email address twice, and clicked the button.

9. The data transferred from Priceline.com to Reservation Rewards after a customer affirmatively chose to enroll in the program consisted of the customer's name, address, email address, and credit or debit card information, with the information being encrypted before transmission.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 20th day of July, 2007 at Norwalk, Connecticut.

  /s/  Michael Masone  
Michael Masone