# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE WEBLOYALTY.COM, INC. MARKETING AND SALES PRACTICES LITIGATION | MDL No. 07-01820 - JLT  Lead Case: 06-11620-JLT |

### DECLARATION OF NELSON SHANE GARRETT IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

I, Nelson Shane Garrett, submit the following declaration in support of Defendants' Motion for Summary Judgment.

1. I am the President of JustFlowers, Inc. As such, I am familiar with the world-wide-web page flows and transaction processes used by customers of Giftbasketsasap.com, flower.com, and Justflowers.com (collectively referred to as "JustFlowers"). I am also familiar with the screen flows and transaction processes used by JustFlowers' customers that choose to enroll in Webloyalty's Reservation Rewards program while completing transactions at JustFlowers' websites.

2. This Declaration is based on my personal knowledge of JustFlowers' systems and their relationship to the systems used by Webloyalty for the Reservation Rewards program, and on my review of JustFlowers' records regarding the transactions of Plaintiff Monica Staaf.

3. Plaintiff Staaf conducted a transaction on the GiftBasketsasap.com website on December 19, 2005, at which time Giftbasketsasap.com's world-wide-web transaction screens included information regarding an optional offer from Webloyalty's Reservation Rewards program. Plaintiff Staaf enrolled in the Reservations Reward offer in connection with this transaction on December 19, 2005.

4. Under the screen flow used by Justflowers' websites on the date of Plaintiff Staaf's enrollment, after the customer completed her retail transaction, she was taken to a confirmation page

that displayed the transaction's Order Number for the customer's records.  That confirmation page contained a Reservations Reward "banner" advertisement – a box of text containing an internet link that would direct a customer to the Reservations Reward offer and Enrollment page.  Exhibit 1 to this Declaration is a true and accurate copy of the banner advertisement displayed at Giftbasketsasap.com on December 19, 2005.

5. Plaintiff Staaf clicked on the banner advertisement and was then taken in the same browser window to a screen that contained information regarding an optional offer from Webloyalty's Reservation Rewards Program.  This was a Reservation Rewards Enrollment page coded 54939, a true and accurate copy of the Reservation Rewards Enrollment page coded 54939 containing a description of the Reservations Rewards program, the scroll-down box containing the Offer and Billing Details, and the email signature sign-in boxes is attached as Exhibit 2 to this Declaration ("Enrollment page").

6. To enroll in Reservation Rewards from this Enrollment page, Plaintiff Staaf was required to take several steps.  First, she was required to type her email address into the empty box under the statement:  "By entering my email address as my electronic signature and clicking YES, I have read and agree to the Offer and Billing Details and authorize the secure transfer of my name, address and credit or debit card information for my purchase at flower.com to Reservation Rewards for billing and benefit processing."  See Exhibit 2.  Second, Plaintiff Staaf was required to again enter the same email address in a confirmation box under the words "Verify email."  Third, she was required to click the large red button containing the word "YES!" and above the phrase in blue text "I want my Reservations Rewards discounts plus my $10.00 Reward Certificate!"  See Exhibit 2.

7. Once Plaintiff Staaf had entered her email twice into the enrollment form and clicked the "YES!" button, she was enrolled in Reservation Rewards.  At this time, and not before, Plaintiff

- 3 -

Staaf's credit or debit card and identifying information was transmitted to the Reservation Rewards program. It was not possible to join Reservation Rewards from this screen flow on December 19, 2005, without taking each of these three affirmative steps and, until Plaintiff Staaf chose to enroll in Reservation Rewards by taking these steps, no credit or debit card or other personal identifying information of Plaintiff Staaf was transmitted to the program.

8.  The data transferred to Reservation Rewards at this point consisted of Plaintiff Staaf's name, address, and credit or debit card information with the information sent encrypted. One piece of information that was <u>not</u> passed from JustFlowers to Reservation Rewards was Plaintiff Staaf's email address. Thus, the only way Reservation Rewards could have obtained the email address contained in its records for Plaintiff Staaf was if she voluntarily typed it into the two signature boxes on the Reservation Rewards Enrollment page.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 18th day of July, 2007 at Los Angeles, California.

                                                ___/s/ Nelson Shane Garrett_____
                                                Nelson Shane Garrett

US1DOCS 6255478v2