# EXHIBIT C
# Part IV

Dockets.Justia.com

document, and (d) author(s), addressee(s), and recipient(s).

c.  The term "identify," when referring to a database, means to state the name and structure of the database, the hardware and software that operates it, the person(s) or entities who developed the database or any modifications thereto, the name, address and telephone number of the current custodian of the database. If any such database was but is no longer in Your possession or subject to Your control, state what disposition was made of it, including the date that it left Your possession or control and identify the person or entity to whom You transferred it.

4.      "Subscription-Based Program(s)" means Webloyalty's web-based programs, including but not limited to:  Reservation Rewards, Travel Values Plus, Buyer Assurance, Wallet Shield, Shopper Discounts & Rewards, and Distinct Privileges.

5.      The term "document" or "documents" is intended to be interpreted in the broadest possible sense and includes, but is not limited to, all electronic data and all communications which are stored or retrievable or recorded in any manner and also includes, without limitation, any writing or other record of information or images, including, but not limited to, print, handwriting, photographs, film, recordings, memoranda, books, records, accounts, ledgers, vouchers, invoices, drafts, bills, charge slips, letters, electronic mail or "e-mail," compact discs, CD-ROM discs, magnetic tape, videotape, magnetic or optical disks, "floppy disks," "PowerPoint" or other presentation software systems, telegrams, mailgrams, correspondence, notes and minutes of meetings, conversations or telephone calls, resolutions, interoffice memoranda, work papers, reports, projects, tabulations, studies, surveys, legal complaints and other pleadings, affidavits, interrogatories, legal briefs, legal motions, judgments, designs, drawings, schematics, maps, manuals, models, notebooks, contracts, agreements, diaries, telephone records, desk calendars, appointment books, circulars, charts, transcripts, news releases, trade releases, advertisements, press books, teletype messages, licenses, financial statements, stenographers' notebooks, punchcards, computer printouts and data, telecopier or

facsimile transmissions and printouts, letters of credit, stock certificates and securities. The term "document" also includes preliminary drafts or revisions or copies of any such document if the copy is in any way different from the original, now in Your possession, custody or control, or in the possession, custody or control of Your advisors, agents, employees, servants, representatives, trustees, counsel or other persons acting or purporting to act on Your behalf.

6.    The term "electronic data" refers to any original and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind), of mechanical, facsimile, electronic, magnetic, digital or other programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail or "e-mail," personal digital assistant ("PDA") messages, instant messenger messages, operating systems, source code of all types, programming languages, linkers and compilers, peripheral drives, PDF files, PRF files, batch files, ASCII files, crosswalks, code keys, pull down tables, logs, file layouts and any and all miscellaneous files or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists of an active file, deleted file or file fragment. "Electronic data" also includes any and all items stored on computer memory or memories, hard disks, floppy disks, zip drives, CD-ROM discs, Bernoulli Boxes and their equivalents, magnetic tapes of all types and kinds, microfiche, punched cards, punched tape, computer chips (including, but not limited to, EPROM, PROM, ROM or RAM of any kind) on or in any other vehicle for digital data storage or transmittal, files, folder tabs, or containers and labels appended to or associated with any physical storage device associated with each original and each copy.

7.    The term "person" or "persons" means and refers to natural persons, proprietorships, corporations, partnerships, trusts, joint ventures, groups, associations, organizations and governmental agencies and other agencies.

8.    The term "communications" refers to any exchange of information by any means of transmission, including, but not limited to, face-to-face conversations, mail, electronic mail (including any attachments), telegram, overnight delivery, telephone, facsimile or telex.

9.    The term "concerning" or "regarding" means relating to, referring to, describing, concerning, evidencing or constituting.

## INSTRUCTIONS

10.    Information requested.  In answering these Interrogatories, furnish all information, however obtained, that is available to You or Your reasonable inquiry, access or control, including information in Your actual or constructive possession, Your attorneys, or anyone else acting on Your behalf.

11.    Time period.  Unless otherwise specifically stated herein, the "Relevant Time Period" is from September 11, 2000 until the date of Your response to these Interrogatories.

12.    Partial Response.  If You cannot respond to all or part of any interrogatory after exercising due diligence to secure the full information to do so, so state and answer to the extent possible, specifying Your inability to answer the remainder.  In any partial response, state whatever information or knowledge You have concerning the unanswered portion, and detail what efforts You have taken to secure the information.

13.    Objections.  If You object to any part of an interrogatory, set forth the basis for Your objection and respond to all parts of the request to which You do not object.

14.    Privilege.  For any privilege claimed as a ground for not answering any interrogatory or for withholding any information responsive to any interrogatory, provide all

4

information required by the Federal Rules of Civil Procedure.

15.     Duty to Supplement.  Pursuant to Federal Claims Rule 26(e), You have a duty to supplement these responses if the information disclosed becomes incomplete or incorrect or additional responsive information becomes known to You at any time.

16.     And/Or/Singular/Plural.  The singular form of a noun or pronoun includes the plural form, and the plural form includes the singular.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a response that otherwise might be construed to be outside of its scope.

## INTERROGATORIES

INTERROGATORY NO. 1:

Identify the location, type and operation of all servers, electronic hardware, and software, including utilities, utilized by You in any way for the operation, analysis, development, maintenance or storage of data regarding Subscription-Based Programs.

INTERROGATORY NO. 2:

Identify and describe in detail any policy, procedure or practice concerning Your retention, preservation or destruction of documents, electronic data and databases.

INTERROGATORY NO. 3:

Describe in detail Your record keeping system for storage of information relating to the establishment, use, facilitation, offer, sales, enrollment, cancellation or payment for any Subscription-Based Program.  In this context, "describe in detail" means to specifically identify the type of information stored with respect to each enrollment, cancellation, or payment, including a specification of each field within any database, and to identify the brands and versions of all equipment or software used for such storage.

INTERROGATORY NO. 4:

Identify and describe in detail each contract, agreement or other arrangement that You have or previously had with Webloyalty relating to the establishment, use, facilitation, offer, or sale of any Subscription-Based Program.

INTERROGATORY NO. 5:

Identify and describe in detail all Subscription-Based Programs (by title of product or program) that were established, used, facilitated, offered, or sold by You during any point in the Relevant Time Period.

INTERROGATORY NO. 6

State the name of the person or persons employed by You who is most knowledgeable about Subscription-Based Programs.

INTERROGATORY NO. 7:

Identify each advertisement disseminated to the public through any medium regarding Subscription-Based Programs, including but not limited to advertisements in newspapers, magazines, TV, radio and the internet, and with respect to each, state the date of the first dissemination and the method of dissemination, the name of each entity in which the advertisement appeared, and identify any marketing agency or other third party that prepared or assisted in any way in the preparation and/or dissemination of each such advertisement.

INTERROGATORY NO. 8:

Identify all documents and persons involved during any point in the Relevant Time Period in the creation or development of any strategies regarding the establishment, use, facilitation, marketing, sales, or retention of Subscription-Based Programs, and state with respect to each person, the person's title, a description of their responsibilities, whether they are

currently employed by You, the dates of employment, and the last known address and telephone number of each such person.

INTERROGATORY NO. 9:

Identify and describe in detail all documents relating to Your decision to establish, use, facilitate, offer, or sell any Subscription-Based Program.

INTERROGATORY NO. 10:

Describe in detail the on-line marketing and sales strategies used – including but not limited to web-page layouts, page flows, screen orders, font style and size, word choice, color schemes, and text and graphical placement – to facilitate consumer memberships and retention in Subscription-Based Programs.

INTERROGATORY NO. 11:

Identify and describe in detail any study or documentation pertaining to consumer demographics and characteristics used to inform marketing and sales strategies relating to Subscription-Based Programs.

INTERROGATORY NO. 12:

Identify all documents and describe in detail Your policies, practices or procedures regarding consumer enrollment in any Subscription-Based Program.

INTERROGATORY NO. 13:

State on a monthly basis the number of consumers that enroll in each Subscription-Based Program established, used, facilitated, offered, or sold by You.

INTERROGATORY NO. 14:

State on a monthly basis all monies received by You from fees paid by persons or entities who enrolled in Subscription-Based Programs.

7

INTERROGATORY NO. 15:

State on a monthly basis all monies received by You from any person or entity resulting from your establishment, use, facilitation, offer, or sale of Subscription-Based Programs, or resulting from the enrollment of persons or entities in Subscription-Based Programs.

INTERROGATORY NO. 16:

Describe in detail the process and means by which a consumer's billing information is transferred from You to Webloyalty.com following a consumer's enrollment in a Subscription-Based Program.

INTERROGATORY NO. 17:

Identify and describe in detail each policy, practice or procedure You have concerning notification to consumers of their creation or activation of a membership in any Subscription-Based Program.

INTERROGATORY NO. 18:

State on a monthly basis the number of consumers who redeemed with You any "Cash Back Reward" or other discounts offered through Subscription-Based Programs established, used, facilitated, offered, or sold by You. .

INTERROGATORY NO. 19:

State on a monthly basis the number of complaints You received from consumers regarding Subscription-Based Programs.

INTERROGATORY NO. 20:

State the types of complaints You received from consumers regarding Subscription-Based Programs.

INTERROGATORY NO. 21:

8

Identify and describe in detail each policy, practice or procedure You have concerning a consumer's cancellation of membership in any Subscription-Based Program.

INTERROGATORY NO. 22:

State on a monthly basis the number of memberships in Subscription-Based Programs established, used, facilitated, offered, or sold by You that are cancelled.

INTERROGATORY NO. 23:

Identify the average length of time a consumer remained enrolled in Subscription-Based Programs established, used, facilitated, offered or sold by You before successfully canceling the membership.

INTERROGATORY NO. 24:

Identify and describe in detail each policy, practice or procedure You have for providing refunds to consumers who are or were enrolled in Subscription-Based Program established, used, facilitated, offered or sold by You.

INTERROGATORY NO. 25:

State on a monthly basis the number of refunds issued to consumers who were enrolled in Subscription-Based Programs established, used, facilitated, offered, or sold by You.

INTERROGATORY NO. 26:

State on a monthly basis all monies paid by You for refunds issued to consumers who were enrolled in Subscription-Based Programs.

INTERROGATORY NO. 27:

Identify and describe in complete detail any study or other form of substantiation You contend demonstrates the effectiveness of the disclosures --- either made by You or Webloyalty --- to consumers regarding enrollment in Subscription-Based Programs

INTERROGATORY NO. 28:

Identify all documents and persons involved during any point in the Relevant Time Period in the creation or development of Your Privacy Policy and Terms of Use agreements.

INTERROGATORY NO. 29:

Have You been in the past 5 years or are You currently a defendant in any litigation besides this litigation involving allegations that You violated the unfair trade practices statute in any state or federal jurisdiction and/or similar statute dealing with deceptive consumer practices? If so, please identify, as to each case, the court in which the case was filed, the names of all parties, the case number, the particular violations alleged by plaintiff(s), whether a settlement or verdict was reached and the details of the particular resolution, including the date and the type and the amount, if applicable, of any relief provided.

INTERROGATORY NO. 30:

Identify and describe in detail any governmental investigations or enforcement actions (including Better Business Bureau investigations) that have been conducted or are currently being conducted against You.

INTERROGATORY NO. 31:

Identify and describe in detail all contracts, agreements or other arrangements between You and Webloyalty regarding the issuance of a credit, debit or stored value card.

INTERROGATORY NO. 32:

Identify any insurance policy taken out by You, or for the benefit of You, which provides, or may provide, for coverage for any claims asserted by Plaintiff.

INTERROGATORY NO. 33:

Identify all third-party vendors or providers of any purported services or benefits made

available through any Subscription-Based Program.

INTERROGATORY NO. 34:

Identify all persons who contributed information, or were consulted, to answer each of

the following interrogatories and, as to each person, identify each interrogatory number or

numbers and subparts thereof to which that person contributed information.

Dated:  August __, 2007

**PHILLIPS & GARCIA, LLP**
CARLIN J. PHILLIPS
ANDREW J. GARCIA

_____
ANDREW J. GARCIA

13 Ventura Drive
North Dartmouth, MA  02747
Telephone:  (508) 998-0800
Facsimile:  (508) 998-0919

***Proposed Liaison Counsel for Plaintiffs and the Class***

**LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP**
DAVID J. GEORGE
STUART A. DAVIDSON
MARISA N. DEMATO
JAMES L. DAVIDSON
197 South Federal Highway, Suite 200
Boca Raton, FL 33432
Telephone:  (561) 750-3000
Facsimile:  (561) 750-3364

**WEXLER TORISEVA WALLACE LLP**
MARK J. TAMBLYN
1610 Arden Way, Suite 290
Sacramento, California 95815
Telephone:  (916) 568-1100
Facsimile:  (916) 568-7890

11

**WEXLER TORISEVA WALLACE LLP**
KENNETH A. WEXLER
One North LaSalle St., Suite 2000
Chicago, Illinois 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

*Proposed Co-Lead Counsel for Plaintiffs and the Class*

**LEE & AMTZIS, P.L.**
ERIC A. LEE
GINA GREENWALD
5550 Glades Road, Suite 401
Boca Raton, FL 33431
Telephone: (561) 981-9988
Facsimile: (561) 981-9980

**McCALLUM HOAGLUND COOK & IRBY LLP**
CHARLES M. MCCALLUM
R. BRENT IRBY
2062 Columbiana Road
Vestavia Hills, Alabama 35216
Telephone: (205) 824-7768
Facsimile: (205) 824-7767 (

**GREEN WELLING LLP**
ROBERT S. GREEN
CHARLES D. MARSHALL
595 Market Street, Suite 2750
San Francisco, California 94105
Telephone: (415) 477-6700
Facsimile: (415) 477-6710

*Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

IN RE WEBLOYALTY.COM, INC.
MARKETING AND SALES PRACTICES
LITIGATION

MDL No. 07-01820

Lead Case: 06-11620-JLT

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO
## DEFENDANT PRICELINE.COM, INC. D/B/A PRICELINE.COM

Plaintiffs, pursuant to Fed. R. Civ. P. 33, on behalf of themselves and all others similarly

situated, hereby direct the following Interrogatories to defendant Priceline.com, Inc. d/b/a

Priceline.com to be answered in writing, separately and fully, within thirty (30) days of service.

Each interrogatory is subject to the Instructions and Definitions following the specific requests.

## DEFINITIONS

1.     "Webloyalty" means defendant Webloyalty.com, Inc. and its parent companies,

predecessors, successors, divisions, subsidiaries, and officers, directors, employees, agents, or

anyone acting or purporting to act on their behalf.

2.     "You" or "Defendant" mean Priceline.com, Inc. d/b/a Priceline.com its parent

companies, predecessors, successors, divisions, subsidiaries, and officers, directors, employees,

agents, or anyone acting or purporting to act on its behalf.

3.     For purposes of these Interrogatories "identify" is defined as follows:

    a.  The term "identify," when referring to a person, means to give, to the extent
        known, the person's full name, present or last known address, and when referring
        to a natural person, additionally, the present or last known place of employment,
        job title, and date of separation from employment.  Once a person has been
        identified in accordance with this paragraph, only the name of that person need be
        listed in any response to subsequent discovery requesting the identification of that
        person.

    b.  The term "identify," when referring to a document, means to give, to the extent
        known, the (a) type of document, (b) general subject matter, (c) date of the

1

document, and (d) author(s), addressee(s), and recipient(s).

c.   The term "identify," when referring to a database, means to state the name and structure of the database, the hardware and software that operates it, the person(s) or entities who developed the database or any modifications thereto, the name, address and telephone number of the current custodian of the database.  If any such database was but is no longer in Your possession or subject to Your control, state what disposition was made of it, including the date that it left Your possession or control and identify the person or entity to whom You transferred it.

4.      "Subscription-Based Program(s)" means Webloyalty's web-based programs, including but not limited to:  Reservation Rewards, Travel Values Plus, Buyer Assurance, Wallet Shield, Shopper Discounts & Rewards, and Distinct Privileges.

5.      The term "document" or "documents" is intended to be interpreted in the broadest possible sense and includes, but is not limited to, all electronic data and all communications which are stored or retrievable or recorded in any manner and also includes, without limitation, any writing or other record of information or images, including, but not limited to, print, handwriting, photographs, film, recordings, memoranda, books, records, accounts, ledgers, vouchers, invoices, drafts, bills, charge slips, letters, electronic mail or "e-mail," compact discs, CD-ROM discs, magnetic tape, videotape, magnetic or optical disks, "floppy disks," "PowerPoint" or other presentation software systems, telegrams, mailgrams, correspondence, notes and minutes of meetings, conversations or telephone calls, resolutions, interoffice memoranda, work papers, reports, projects, tabulations, studies, surveys, legal complaints and other pleadings, affidavits, interrogatories, legal briefs, legal motions, judgments, designs, drawings, schematics, maps, manuals, models, notebooks, contracts, agreements, diaries, telephone records, desk calendars, appointment books, circulars, charts, transcripts, news releases, trade releases, advertisements, press books, teletype messages, licenses, financial statements, stenographers' notebooks, punchcards, computer printouts and data, telecopier or

facsimile transmissions and printouts, letters of credit, stock certificates and securities. The term "document" also includes preliminary drafts or revisions or copies of any such document if the copy is in any way different from the original, now in Your possession, custody or control, or in the possession, custody or control of Your advisors, agents, employees, servants, representatives, trustees, counsel or other persons acting or purporting to act on Your behalf.

6.    The term "electronic data" refers to any original and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind), of mechanical, facsimile, electronic, magnetic, digital or other programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail or "e-mail," personal digital assistant ("PDA") messages, instant messenger messages, operating systems, source code of all types, programming languages, linkers and compilers, peripheral drives, PDF files, PRF files, batch files, ASCII files, crosswalks, code keys, pull down tables, logs, file layouts and any and all miscellaneous files or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists of an active file, deleted file or file fragment. "Electronic data" also includes any and all items stored on computer memory or memories, hard disks, floppy disks, zip drives, CD-ROM discs, Bernoulli Boxes and their equivalents, magnetic tapes of all types and kinds, microfiche, punched cards, punched tape, computer chips (including, but not limited to, EPROM, PROM, ROM or RAM of any kind) on or in any other vehicle for digital data storage or transmittal, files, folder tabs, or containers and labels appended to or associated with any physical storage device associated with each original and each copy.

7.    The term "person" or "persons" means and refers to natural persons, proprietorships, corporations, partnerships, trusts, joint ventures, groups, associations, organizations and governmental agencies and other agencies.

8.    The term "communications" refers to any exchange of information by any means of transmission, including, but not limited to, face-to-face conversations, mail, electronic mail (including any attachments), telegram, overnight delivery, telephone, facsimile or telex.

9.    The term "concerning" or "regarding" means relating to, referring to, describing, concerning, evidencing or constituting.

## INSTRUCTIONS

10.    Information requested.  In answering these Interrogatories, furnish all information, however obtained, that is available to You or Your reasonable inquiry, access or control, including information in Your actual or constructive possession, Your attorneys, or anyone else acting on Your behalf.

11.    Time period.  Unless otherwise specifically stated herein, the "Relevant Time Period" is from September 11, 2000 until the date of Your response to these Interrogatories.

12.    Partial Response.  If You cannot respond to all or part of any interrogatory after exercising due diligence to secure the full information to do so, so state and answer to the extent possible, specifying Your inability to answer the remainder.  In any partial response, state whatever information or knowledge You have concerning the unanswered portion, and detail what efforts You have taken to secure the information.

13.    Objections.  If You object to any part of an interrogatory, set forth the basis for Your objection and respond to all parts of the request to which You do not object.

14.    Privilege.  For any privilege claimed as a ground for not answering any interrogatory or for withholding any information responsive to any interrogatory, provide all

4

information required by the Federal Rules of Civil Procedure.

15.    Duty to Supplement.  Pursuant to Federal Claims Rule 26(e), You have a duty to supplement these responses if the information disclosed becomes incomplete or incorrect or additional responsive information becomes known to You at any time.

16.    And/Or/Singular/Plural.  The singular form of a noun or pronoun includes the plural form, and the plural form includes the singular.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a response that otherwise might be construed to be outside of its scope.

## INTERROGATORIES

INTERROGATORY NO. 1:

Identify the location, type and operation of all servers, electronic hardware, and software, including utilities, utilized by You in any way for the operation, analysis, development, maintenance or storage of data regarding Subscription-Based Programs.

INTERROGATORY NO. 2:

Identify and describe in detail any policy, procedure or practice concerning Your retention, preservation or destruction of documents, electronic data and databases.

INTERROGATORY NO. 3:

Describe in detail Your record keeping system for storage of information relating to the establishment, use, facilitation, offer, sales, enrollment, cancellation or payment for any Subscription-Based Program.  In this context, "describe in detail" means to specifically identify the type of information stored with respect to each enrollment, cancellation, or payment, including a specification of each field within any database, and to identify the brands and versions of all equipment or software used for such storage.

INTERROGATORY NO. 4:

Identify and describe in detail each contract, agreement or other arrangement that You have or previously had with Webloyalty relating to the establishment, use, facilitation, offer, or sale of any Subscription-Based Program.

INTERROGATORY NO. 5:

Identify and describe in detail all Subscription-Based Programs (by title of product or program) that were established, used, facilitated, offered, or sold by You during any point in the Relevant Time Period.

INTERROGATORY NO. 6

State the name of the person or persons employed by You who is most knowledgeable about Subscription-Based Programs.

INTERROGATORY NO. 7:

Identify each advertisement disseminated to the public through any medium regarding Subscription-Based Programs, including but not limited to advertisements in newspapers, magazines, TV, radio and the internet, and with respect to each, state the date of the first dissemination and the method of dissemination, the name of each entity in which the advertisement appeared, and identify any marketing agency or other third party that prepared or assisted in any way in the preparation and/or dissemination of each such advertisement.

INTERROGATORY NO. 8:

Identify all documents and persons involved during any point in the Relevant Time Period in the creation or development of any strategies regarding the establishment, use, facilitation, marketing, sales, or retention of Subscription-Based Programs, and state with respect to each person, the person's title, a description of their responsibilities, whether they are

6

currently employed by You, the dates of employment, and the last known address and telephone number of each such person.

INTERROGATORY NO. 9:

Identify and describe in detail all documents relating to Your decision to establish, use, facilitate, offer, or sell any Subscription-Based Program.

INTERROGATORY NO. 10:

Describe in detail the on-line marketing and sales strategies used – including but not limited to web-page layouts, page flows, screen orders, font style and size, word choice, color schemes, and text and graphical placement – to facilitate consumer memberships and retention in Subscription-Based Programs.

INTERROGATORY NO. 11:

Identify and describe in detail any study or documentation pertaining to consumer demographics and characteristics used to inform marketing and sales strategies relating to Subscription-Based Programs.

INTERROGATORY NO. 12:

Identify all documents and describe in detail Your policies, practices or procedures regarding consumer enrollment in any Subscription-Based Program.

INTERROGATORY NO. 13:

State on a monthly basis the number of consumers that enroll in each Subscription-Based Program established, used, facilitated, offered, or sold by You.

INTERROGATORY NO. 14:

State on a monthly basis all monies received by You from fees paid by persons or entities who enrolled in Subscription-Based Programs.

7

INTERROGATORY NO. 15:

State on a monthly basis all monies received by You from any person or entity resulting from your establishment, use, facilitation, offer, or sale of Subscription-Based Programs, or resulting from the enrollment of persons or entities in Subscription-Based Programs.

INTERROGATORY NO. 16:

Describe in detail the process and means by which a consumer's billing information is transferred from You to Webloyalty.com following a consumer's enrollment in a Subscription-Based Program.

INTERROGATORY NO. 17:

Identify and describe in detail each policy, practice or procedure You have concerning notification to consumers of their creation or activation of a membership in any Subscription-Based Program.

INTERROGATORY NO. 18:

State on a monthly basis the number of consumers who redeemed with You any "Cash Back Reward" or other discounts offered through Subscription-Based Programs established, used, facilitated, offered, or sold by You. .

INTERROGATORY NO. 19:

State on a monthly basis the number of complaints You received from consumers regarding Subscription-Based Programs.

INTERROGATORY NO. 20:

State the types of complaints You received from consumers regarding Subscription-Based Programs.

INTERROGATORY NO. 21:

8

Identify and describe in detail each policy, practice or procedure You have concerning a consumer's cancellation of membership in any Subscription-Based Program.

INTERROGATORY NO. 22:

State on a monthly basis the number of memberships in Subscription-Based Programs established, used, facilitated, offered, or sold by You that are cancelled.

INTERROGATORY NO. 23:

Identify the average length of time a consumer remained enrolled in Subscription-Based Programs established, used, facilitated, offered or sold by You before successfully canceling the membership.

INTERROGATORY NO. 24:

Identify and describe in detail each policy, practice or procedure You have for providing refunds to consumers who are or were enrolled in Subscription-Based Program established, used, facilitated, offered or sold by You.

INTERROGATORY NO. 25:

State on a monthly basis the number of refunds issued to consumers who were enrolled in Subscription-Based Programs established, used, facilitated, offered, or sold by You.

INTERROGATORY NO. 26:

State on a monthly basis all monies paid by You for refunds issued to consumers who were enrolled in Subscription-Based Programs.

INTERROGATORY NO. 27:

Identify and describe in complete detail any study or other form of substantiation You contend demonstrates the effectiveness of the disclosures --- either made by You or Webloyalty --- to consumers regarding enrollment in Subscription-Based Programs

9

INTERROGATORY NO. 28:

Identify all documents and persons involved during any point in the Relevant Time Period in the creation or development of Your Privacy Policy and Terms of Use agreements.

INTERROGATORY NO. 29:

Have You been in the past 5 years or are You currently a defendant in any litigation besides this litigation involving allegations that You violated the unfair trade practices statute in any state or federal jurisdiction and/or similar statute dealing with deceptive consumer practices? If so, please identify, as to each case, the court in which the case was filed, the names of all parties, the case number, the particular violations alleged by plaintiff(s), whether a settlement or verdict was reached and the details of the particular resolution, including the date and the type and the amount, if applicable, of any relief provided.

INTERROGATORY NO. 30:

Identify and describe in detail any governmental investigations or enforcement actions (including Better Business Bureau investigations) that have been conducted or are currently being conducted against You.

INTERROGATORY NO. 31:

Identify and describe in detail all contracts, agreements or other arrangements between You and Webloyalty regarding the issuance of a credit, debit or stored value card.

INTERROGATORY NO. 32:

Identify any insurance policy taken out by You, or for the benefit of You, which provides, or may provide, for coverage for any claims asserted by Plaintiff.

INTERROGATORY NO. 33:

Identify all third-party vendors or providers of any purported services or benefits made

available through any Subscription-Based Program.

<u>INTERROGATORY NO. 34</u>:

Identify all persons who contributed information, or were consulted, to answer each of the following interrogatories and, as to each person, identify each interrogatory number or numbers and subparts thereof to which that person contributed information.

Dated: August __, 2007

**PHILLIPS & GARCIA, LLP**
CARLIN J. PHILLIPS
ANDREW J. GARCIA


ANDREW J. GARCIA

13 Ventura Drive
North Dartmouth, MA  02747
Telephone:  (508) 998-0800
Facsimile:  (508) 998-0919

***Proposed Liaison Counsel for Plaintiffs and the Class***

**LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP**
DAVID J. GEORGE
STUART A. DAVIDSON
MARISA N. DEMATO
JAMES L. DAVIDSON
197 South Federal Highway, Suite 200
Boca Raton, FL 33432
Telephone:  (561) 750-3000
Facsimile:  (561) 750-3364

**WEXLER TORISEVA WALLACE LLP**
MARK J. TAMBLYN
1610 Arden Way, Suite 290
Sacramento, California 95815
Telephone:  (916) 568-1100
Facsimile:  (916) 568-7890

11

**WEXLER TORISEVA WALLACE LLP**
KENNETH A. WEXLER
One North LaSalle St., Suite 2000
Chicago, Illinois 60602
Telephone:  (312) 346-2222
Facsimile:  (312) 346-0022

*Proposed Co-Lead Counsel for Plaintiffs and the Class*

**LEE & AMTZIS, P.L.**
ERIC A. LEE
GINA GREENWALD
5550 Glades Road, Suite 401
Boca Raton, FL 33431
Telephone:  (561) 981-9988
Facsimile:  (561) 981-9980

**McCALLUM HOAGLUND COOK
& IRBY LLP**
CHARLES M. MCCALLUM
R. BRENT IRBY
2062 Columbiana Road
Vestavia Hills, Alabama 35216
Telephone:  (205) 824-7768
Facsimile:  (205) 824-7767 (

**GREEN WELLING LLP**
ROBERT S. GREEN
CHARLES D. MARSHALL
595 Market Street, Suite 2750
San Francisco, California 94105
Telephone:  (415) 477-6700
Facsimile:  (415) 477-6710

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE WEBLOYALTY.COM, INC. MARKETING AND SALES PRACTICES LITIGATION | MDL No. 07-01820 <br><br> Lead Case:  06-11620-JLT |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES
## TO DEFENDANT VALUECLICK, INC.

Plaintiffs, pursuant to Fed. R. Civ. P. 33, on behalf of themselves and all others similarly situated, hereby direct the following Interrogatories to defendant Valueclick, Inc. to be answered in writing, separately and fully, within thirty (30) days of service.  Each interrogatory is subject to the Instructions and Definitions following the specific requests.

## DEFINITIONS

1.      "Webloyalty" means defendant Webloyalty.com, Inc. and its parent companies, predecessors, successors, divisions, subsidiaries, and officers, directors, employees, agents, or anyone acting or purporting to act on their behalf.

2.       "You" or "Defendant" mean Valueclick, Inc., its parent companies, predecessors, successors, divisions, subsidiaries, and officers, directors, employees, agents, or anyone acting or purporting to act on its behalf.

3.      For purposes of these Interrogatories "identify" is defined as follows:

   a.   The term "identify," when referring to a person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment, job title, and date of separation from employment.  Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in any response to subsequent discovery requesting the identification of that person.

   b.   The term "identify," when referring to a document, means to give, to the extent known, the (a) type of document, (b) general subject matter, (c) date of the

1

document, and (d) author(s), addressee(s), and recipient(s).

    c.   The term "identify," when referring to a database, means to state the name and structure of the database, the hardware and software that operates it, the person(s) or entities who developed the database or any modifications thereto, the name, address and telephone number of the current custodian of the database. If any such database was but is no longer in Your possession or subject to Your control, state what disposition was made of it, including the date that it left Your possession or control and identify the person or entity to whom You transferred it.

    4.    "Subscription-Based Program(s)" means Webloyalty's web-based programs, including but not limited to: Reservation Rewards, Travel Values Plus, Buyer Assurance, Wallet Shield, Shopper Discounts & Rewards, and Distinct Privileges.

    5.    The term "document" or "documents" is intended to be interpreted in the broadest possible sense and includes, but is not limited to, all electronic data and all communications which are stored or retrievable or recorded in any manner and also includes, without limitation, any writing or other record of information or images, including, but not limited to, print, handwriting, photographs, film, recordings, memoranda, books, records, accounts, ledgers, vouchers, invoices, drafts, bills, charge slips, letters, electronic mail or "e-mail," compact discs, CD-ROM discs, magnetic tape, videotape, magnetic or optical disks, "floppy disks," "PowerPoint" or other presentation software systems, telegrams, mailgrams, correspondence, notes and minutes of meetings, conversations or telephone calls, resolutions, interoffice memoranda, work papers, reports, projects, tabulations, studies, surveys, legal complaints and other pleadings, affidavits, interrogatories, legal briefs, legal motions, judgments, designs, drawings, schematics, maps, manuals, models, notebooks, contracts, agreements, diaries, telephone records, desk calendars, appointment books, circulars, charts, transcripts, news releases, trade releases, advertisements, press books, teletype messages, licenses, financial statements, stenographers' notebooks, punchcards, computer printouts and data, telecopier or

2

facsimile transmissions and printouts, letters of credit, stock certificates and securities. The term "document" also includes preliminary drafts or revisions or copies of any such document if the copy is in any way different from the original, now in Your possession, custody or control, or in the possession, custody or control of Your advisors, agents, employees, servants, representatives, trustees, counsel or other persons acting or purporting to act on Your behalf.

      6.     The term "electronic data" refers to any original and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind), of mechanical, facsimile, electronic, magnetic, digital or other programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail or "e-mail," personal digital assistant ("PDA") messages, instant messenger messages, operating systems, source code of all types, programming languages, linkers and compilers, peripheral drives, PDF files, PRF files, batch files, ASCII files, crosswalks, code keys, pull down tables, logs, file layouts and any and all miscellaneous files or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists of an active file, deleted file or file fragment. "Electronic data" also includes any and all items stored on computer memory or memories, hard disks, floppy disks, zip drives, CD-ROM discs, Bernoulli Boxes and their equivalents, magnetic tapes of all types and kinds, microfiche, punched cards, punched tape, computer chips (including, but not limited to, EPROM, PROM, ROM or RAM of any kind) on or in any other vehicle for digital data storage or transmittal, files, folder tabs, or containers and labels appended to or associated with any physical storage device associated with each original and each copy.

7.    The term "person" or "persons" means and refers to natural persons, proprietorships, corporations, partnerships, trusts, joint ventures, groups, associations, organizations and governmental agencies and other agencies.

8.    The term "communications" refers to any exchange of information by any means of transmission, including, but not limited to, face-to-face conversations, mail, electronic mail (including any attachments), telegram, overnight delivery, telephone, facsimile or telex.

9.    The term "concerning" or "regarding" means relating to, referring to, describing, concerning, evidencing or constituting.

## INSTRUCTIONS

10.    Information requested.  In answering these Interrogatories, furnish all information, however obtained, that is available to You or Your reasonable inquiry, access or control, including information in Your actual or constructive possession, Your attorneys, or anyone else acting on Your behalf.

11.    Time period.  Unless otherwise specifically stated herein, the "Relevant Time Period" is from September 11, 2000 until the date of Your response to these Interrogatories.

12.    Partial Response.  If You cannot respond to all or part of any interrogatory after exercising due diligence to secure the full information to do so, so state and answer to the extent possible, specifying Your inability to answer the remainder.  In any partial response, state whatever information or knowledge You have concerning the unanswered portion, and detail what efforts You have taken to secure the information.

13.    Objections.  If You object to any part of an interrogatory, set forth the basis for Your objection and respond to all parts of the request to which You do not object.

14.    Privilege.  For any privilege claimed as a ground for not answering any interrogatory or for withholding any information responsive to any interrogatory, provide all

4

information required by the Federal Rules of Civil Procedure.

15.    Duty to Supplement.  Pursuant to Federal Claims Rule 26(e), You have a duty to

supplement these responses if the information disclosed becomes incomplete or incorrect or

additional responsive information becomes known to You at any time.

16.    And/Or/Singular/Plural.  The singular form of a noun or pronoun includes the

plural form, and the plural form includes the singular.  The connectives "and" and "or" shall be

construed either disjunctively or conjunctively as necessary to bring within the scope of a

response that otherwise might be construed to be outside of its scope.

## **INTERROGATORIES**

INTERROGATORY NO. 1:

Identify the location, type and operation of all servers, electronic hardware, and software,

including utilities, utilized by You in any way for the operation, analysis, development,

maintenance or storage of data regarding Subscription-Based Programs.

INTERROGATORY NO. 2:

Identify and describe in detail any policy, procedure or practice concerning Your

retention, preservation or destruction of documents, electronic data and databases.

INTERROGATORY NO. 3:

Describe in detail Your record keeping system for storage of information relating to the

establishment, use, facilitation, offer, sales, enrollment, cancellation or payment for any

Subscription-Based Program.  In this context, "describe in detail" means to specifically identify

the type of information stored with respect to each enrollment, cancellation, or payment,

including a specification of each field within any database, and to identify the brands and

versions of all equipment or software used for such storage.

INTERROGATORY NO. 4:

Identify and describe in detail each contract, agreement or other arrangement that You have or previously had with Webloyalty relating to the establishment, use, facilitation, offer, or sale of any Subscription-Based Program.

INTERROGATORY NO. 5:

Identify and describe in detail all Subscription-Based Programs (by title of product or program) that were established, used, facilitated, offered, or sold by You during any point in the Relevant Time Period.

INTERROGATORY NO. 6

State the name of the person or persons employed by You who is most knowledgeable about Subscription-Based Programs.

INTERROGATORY NO. 7:

Identify each advertisement disseminated to the public through any medium regarding Subscription-Based Programs, including but not limited to advertisements in newspapers, magazines, TV, radio and the internet, and with respect to each, state the date of the first dissemination and the method of dissemination, the name of each entity in which the advertisement appeared, and identify any marketing agency or other third party that prepared or assisted in any way in the preparation and/or dissemination of each such advertisement.

INTERROGATORY NO. 8:

Identify all documents and persons involved during any point in the Relevant Time Period in the creation or development of any strategies regarding the establishment, use, facilitation, marketing, sales, or retention of Subscription-Based Programs, and state with respect to each person, the person's title, a description of their responsibilities, whether they are

currently employed by You, the dates of employment, and the last known address and telephone number of each such person.

INTERROGATORY NO. 9:

Identify and describe in detail all documents relating to Your decision to establish, use, facilitate, offer, or sell any Subscription-Based Program.

INTERROGATORY NO. 10:

Describe in detail the on-line marketing and sales strategies used – including but not limited to web-page layouts, page flows, screen orders, font style and size, word choice, color schemes, and text and graphical placement – to facilitate consumer memberships and retention in Subscription-Based Programs.

INTERROGATORY NO. 11:

Identify and describe in detail any study or documentation pertaining to consumer demographics and characteristics used to inform marketing and sales strategies relating to Subscription-Based Programs.

INTERROGATORY NO. 12:

Identify all documents and describe in detail Your policies, practices or procedures regarding consumer enrollment in any Subscription-Based Program.

INTERROGATORY NO. 13:

State on a monthly basis the number of consumers that enroll in each Subscription-Based Program established, used, facilitated, offered, or sold by You.

INTERROGATORY NO. 14:

State on a monthly basis all monies received by You from fees paid by persons or entities who enrolled in Subscription-Based Programs.

7

INTERROGATORY NO. 15:

State on a monthly basis all monies received by You from any person or entity resulting from your establishment, use, facilitation, offer, or sale of Subscription-Based Programs, or resulting from the enrollment of persons or entities in Subscription-Based Programs.

INTERROGATORY NO. 16:

Describe in detail the process and means by which a consumer's billing information is transferred from You to Webloyalty.com following a consumer's enrollment in a Subscription-Based Program.

INTERROGATORY NO. 17:

Identify and describe in detail each policy, practice or procedure You have concerning notification to consumers of their creation or activation of a membership in any Subscription-Based Program.

INTERROGATORY NO. 18:

State on a monthly basis the number of consumers who redeemed with You any "Cash Back Reward" or other discounts offered through Subscription-Based Programs established, used, facilitated, offered, or sold by You. .

INTERROGATORY NO. 19:

State on a monthly basis the number of complaints You received from consumers regarding Subscription-Based Programs.

INTERROGATORY NO. 20:

State the types of complaints You received from consumers regarding Subscription-Based Programs.

INTERROGATORY NO. 21:

Identify and describe in detail each policy, practice or procedure You have concerning a consumer's cancellation of membership in any Subscription-Based Program.

INTERROGATORY NO. 22:

State on a monthly basis the number of memberships in Subscription-Based Programs established, used, facilitated, offered, or sold by You that are cancelled.

INTERROGATORY NO. 23:

Identify the average length of time a consumer remained enrolled in Subscription-Based Programs established, used, facilitated, offered or sold by You before successfully canceling the membership.

INTERROGATORY NO. 24:

Identify and describe in detail each policy, practice or procedure You have for providing refunds to consumers who are or were enrolled in Subscription-Based Program established, used, facilitated, offered or sold by You.

INTERROGATORY NO. 25:

State on a monthly basis the number of refunds issued to consumers who were enrolled in Subscription-Based Programs established, used, facilitated, offered, or sold by You.

INTERROGATORY NO. 26:

State on a monthly basis all monies paid by You for refunds issued to consumers who were enrolled in Subscription-Based Programs.

INTERROGATORY NO. 27:

Identify and describe in complete detail any study or other form of substantiation You contend demonstrates the effectiveness of the disclosures --- either made by You or Webloyalty --- to consumers regarding enrollment in Subscription-Based Programs

9

INTERROGATORY NO. 28:

Identify all documents and persons involved during any point in the Relevant Time Period in the creation or development of Your Privacy Policy and Terms of Use agreements.

INTERROGATORY NO. 29:

Have You been in the past 5 years or are You currently a defendant in any litigation besides this litigation involving allegations that You violated the unfair trade practices statute in any state or federal jurisdiction and/or similar statute dealing with deceptive consumer practices? If so, please identify, as to each case, the court in which the case was filed, the names of all parties, the case number, the particular violations alleged by plaintiff(s), whether a settlement or verdict was reached and the details of the particular resolution, including the date and the type and the amount, if applicable, of any relief provided.

INTERROGATORY NO. 30:

Identify and describe in detail any governmental investigations or enforcement actions (including Better Business Bureau investigations) that have been conducted or are currently being conducted against You.

INTERROGATORY NO. 31:

Identify and describe in detail all contracts, agreements or other arrangements between You and Webloyalty regarding the issuance of a credit, debit or stored value card.

INTERROGATORY NO. 32:

Identify any insurance policy taken out by You, or for the benefit of You, which provides, or may provide, for coverage for any claims asserted by Plaintiff.

INTERROGATORY NO. 33:

Identify all third-party vendors or providers of any purported services or benefits made

available through any Subscription-Based Program.

INTERROGATORY NO. 34:

Identify all persons who contributed information, or were consulted, to answer each of

the following interrogatories and, as to each person, identify each interrogatory number or

numbers and subparts thereof to which that person contributed information.

Dated:  August __, 2007          **PHILLIPS & GARCIA, LLP**
                                 CARLIN J. PHILLIPS
                                 ANDREW J. GARCIA

                                 _____
                                       ANDREW J. GARCIA

                                 13 Ventura Drive
                                 North Dartmouth, MA  02747
                                 Telephone:  (508) 998-0800
                                 Facsimile:  (508) 998-0919

                                 *Proposed Liaison Counsel for Plaintiffs and the*
                                 *Class*

                                 **LERACH COUGHLIN STOIA GELLER**
                                 **RUDMAN & ROBBINS LLP**
                                 DAVID J. GEORGE
                                 STUART A. DAVIDSON
                                 MARISA N. DEMATO
                                 JAMES L. DAVIDSON
                                 197 South Federal Highway, Suite 200
                                 Boca Raton, FL 33432
                                 Telephone:  (561) 750-3000
                                 Facsimile:  (561) 750-3364

                                 **WEXLER TORISEVA WALLACE LLP**
                                 MARK J. TAMBLYN
                                 1610 Arden Way, Suite 290
                                 Sacramento, California 95815
                                 Telephone:  (916) 568-1100
                                 Facsimile:  (916) 568-7890

**WEXLER TORISEVA WALLACE LLP**
KENNETH A. WEXLER
One North LaSalle St., Suite 2000
Chicago, Illinois 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

***Proposed Co-Lead Counsel for Plaintiffs and the
Class***

**LEE & AMTZIS, P.L.**
ERIC A. LEE
GINA GREENWALD
5550 Glades Road, Suite 401
Boca Raton, FL 33431
Telephone: (561) 981-9988
Facsimile: (561) 981-9980

**McCALLUM HOAGLUND COOK
& IRBY LLP**
CHARLES M. MCCALLUM
R. BRENT IRBY
2062 Columbiana Road
Vestavia Hills, Alabama 35216
Telephone: (205) 824-7768
Facsimile: (205) 824-7767 (

**GREEN WELLING LLP**
ROBERT S. GREEN
CHARLES D. MARSHALL
595 Market Street, Suite 2750
San Francisco, California 94105
Telephone: (415) 477-6700
Facsimile: (415) 477-6710

***Counsel for Plaintiffs***

12

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

IN RE WEBLOYALTY.COM, INC.
MARKETING AND SALES PRACTICES
LITIGATION

MDL No. 07-01820

Lead Case: 06-11620-JLT

### PLAINTIFFS' FIRST SET OF INTERROGATORIES TO
### DEFENDANT E-BABYLON, INC. D/B/A/ 123INKJETS.COM

Plaintiffs, pursuant to Fed. R. Civ. P. 33, on behalf of themselves and all others similarly

situated, hereby direct the following Interrogatories to defendant E-Babylon, Inc. d/b/a

123inkjets.com to be answered in writing, separately and fully, within thirty (30) days of service.

Each interrogatory is subject to the Instructions and Definitions following the specific requests.

### DEFINITIONS

1.     "Webloyalty" means defendant Webloyalty.com, Inc. and its parent companies,

predecessors, successors, divisions, subsidiaries, and officers, directors, employees, agents, or

anyone acting or purporting to act on their behalf.

2.     "You" or "Defendant" mean E-Babylon, Inc. d/b/a 123inkjets.com, its parent

companies, predecessors, successors, divisions, subsidiaries, and officers, directors, employees,

agents, or anyone acting or purporting to act on its behalf.

3.     For purposes of these Interrogatories "identify" is defined as follows:

  a.  The term "identify," when referring to a person, means to give, to the extent
      known, the person's full name, present or last known address, and when referring
      to a natural person, additionally, the present or last known place of employment,
      job title, and date of separation from employment.  Once a person has been
      identified in accordance with this paragraph, only the name of that person need be
      listed in any response to subsequent discovery requesting the identification of that
      person.

  b.  The term "identify," when referring to a document, means to give, to the extent
      known, the (a) type of document, (b) general subject matter, (c) date of the

1

document, and (d) author(s), addressee(s), and recipient(s).

    c.   The term "identify," when referring to a database, means to state the name and structure of the database, the hardware and software that operates it, the person(s) or entities who developed the database or any modifications thereto, the name, address and telephone number of the current custodian of the database. If any such database was but is no longer in Your possession or subject to Your control, state what disposition was made of it, including the date that it left Your possession or control and identify the person or entity to whom You transferred it.

    4.    "Subscription-Based Program(s)" means Webloyalty's web-based programs, including but not limited to: Reservation Rewards, Travel Values Plus, Buyer Assurance, Wallet Shield, Shopper Discounts & Rewards, and Distinct Privileges.

    5.    The term "document" or "documents" is intended to be interpreted in the broadest possible sense and includes, but is not limited to, all electronic data and all communications which are stored or retrievable or recorded in any manner and also includes, without limitation, any writing or other record of information or images, including, but not limited to, print, handwriting, photographs, film, recordings, memoranda, books, records, accounts, ledgers, vouchers, invoices, drafts, bills, charge slips, letters, electronic mail or "e-mail," compact discs, CD-ROM discs, magnetic tape, videotape, magnetic or optical disks, "floppy disks," "PowerPoint" or other presentation software systems, telegrams, mailgrams, correspondence, notes and minutes of meetings, conversations or telephone calls, resolutions, interoffice memoranda, work papers, reports, projects, tabulations, studies, surveys, legal complaints and other pleadings, affidavits, interrogatories, legal briefs, legal motions, judgments, designs, drawings, schematics, maps, manuals, models, notebooks, contracts, agreements, diaries, telephone records, desk calendars, appointment books, circulars, charts, transcripts, news releases, trade releases, advertisements, press books, teletype messages, licenses, financial statements, stenographers' notebooks, punchcards, computer printouts and data, telecopier or

facsimile transmissions and printouts, letters of credit, stock certificates and securities. The term "document" also includes preliminary drafts or revisions or copies of any such document if the copy is in any way different from the original, now in Your possession, custody or control, or in the possession, custody or control of Your advisors, agents, employees, servants, representatives, trustees, counsel or other persons acting or purporting to act on Your behalf.

      6.    The term "electronic data" refers to any original and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind), of mechanical, facsimile, electronic, magnetic, digital or other programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail or "e-mail," personal digital assistant ("PDA") messages, instant messenger messages, operating systems, source code of all types, programming languages, linkers and compilers, peripheral drives, PDF files, PRF files, batch files, ASCII files, crosswalks, code keys, pull down tables, logs, file layouts and any and all miscellaneous files or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists of an active file, deleted file or file fragment. "Electronic data" also includes any and all items stored on computer memory or memories, hard disks, floppy disks, zip drives, CD-ROM discs, Bernoulli Boxes and their equivalents, magnetic tapes of all types and kinds, microfiche, punched cards, punched tape, computer chips (including, but not limited to, EPROM, PROM, ROM or RAM of any kind) on or in any other vehicle for digital data storage or transmittal, files, folder tabs, or containers and labels appended to or associated with any physical storage device associated with each original and each copy.

3

7.    The term "person" or "persons" means and refers to natural persons, proprietorships, corporations, partnerships, trusts, joint ventures, groups, associations, organizations and governmental agencies and other agencies.

8.    The term "communications" refers to any exchange of information by any means of transmission, including, but not limited to, face-to-face conversations, mail, electronic mail (including any attachments), telegram, overnight delivery, telephone, facsimile or telex.

9.    The term "concerning" or "regarding" means relating to, referring to, describing, concerning, evidencing or constituting.

## INSTRUCTIONS

10.    Information requested.  In answering these Interrogatories, furnish all information, however obtained, that is available to You or Your reasonable inquiry, access or control, including information in Your actual or constructive possession, Your attorneys, or anyone else acting on Your behalf.

11.    Time period.  Unless otherwise specifically stated herein, the "Relevant Time Period" is from September 11, 2000 until the date of Your response to these Interrogatories.

12.    Partial Response.  If You cannot respond to all or part of any interrogatory after exercising due diligence to secure the full information to do so, so state and answer to the extent possible, specifying Your inability to answer the remainder.  In any partial response, state whatever information or knowledge You have concerning the unanswered portion, and detail what efforts You have taken to secure the information.

13.    Objections.  If You object to any part of an interrogatory, set forth the basis for Your objection and respond to all parts of the request to which You do not object.

14.    Privilege.  For any privilege claimed as a ground for not answering any interrogatory or for withholding any information responsive to any interrogatory, provide all

4

information required by the Federal Rules of Civil Procedure.

15.    Duty to Supplement.  Pursuant to Federal Claims Rule 26(e), You have a duty to supplement these responses if the information disclosed becomes incomplete or incorrect or additional responsive information becomes known to You at any time.

16.    And/Or/Singular/Plural.  The singular form of a noun or pronoun includes the plural form, and the plural form includes the singular.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a response that otherwise might be construed to be outside of its scope.

## **INTERROGATORIES**

INTERROGATORY NO. 1:

Identify the location, type and operation of all servers, electronic hardware, and software, including utilities, utilized by You in any way for the operation, analysis, development, maintenance or storage of data regarding Subscription-Based Programs.

INTERROGATORY NO. 2:

Identify and describe in detail any policy, procedure or practice concerning Your retention, preservation or destruction of documents, electronic data and databases.

INTERROGATORY NO. 3:

Describe in detail Your record keeping system for storage of information relating to the establishment, use, facilitation, offer, sales, enrollment, cancellation or payment for any Subscription-Based Program.  In this context, "describe in detail" means to specifically identify the type of information stored with respect to each enrollment, cancellation, or payment, including a specification of each field within any database, and to identify the brands and versions of all equipment or software used for such storage.

5

INTERROGATORY NO. 4:

Identify and describe in detail each contract, agreement or other arrangement that You have or previously had with Webloyalty relating to the establishment, use, facilitation, offer, or sale of any Subscription-Based Program.

INTERROGATORY NO. 5:

Identify and describe in detail all Subscription-Based Programs (by title of product or program) that were established, used, facilitated, offered, or sold by You during any point in the Relevant Time Period.

INTERROGATORY NO. 6

State the name of the person or persons employed by You who is most knowledgeable about Subscription-Based Programs.

INTERROGATORY NO. 7:

Identify each advertisement disseminated to the public through any medium regarding Subscription-Based Programs, including but not limited to advertisements in newspapers, magazines, TV, radio and the internet, and with respect to each, state the date of the first dissemination and the method of dissemination, the name of each entity in which the advertisement appeared, and identify any marketing agency or other third party that prepared or assisted in any way in the preparation and/or dissemination of each such advertisement.

INTERROGATORY NO. 8:

Identify all documents and persons involved during any point in the Relevant Time Period in the creation or development of any strategies regarding the establishment, use, facilitation, marketing, sales, or retention of Subscription-Based Programs, and state with respect to each person, the person's title, a description of their responsibilities, whether they are

6

currently employed by You, the dates of employment, and the last known address and telephone number of each such person.

INTERROGATORY NO. 9:

Identify and describe in detail all documents relating to Your decision to establish, use, facilitate, offer, or sell any Subscription-Based Program.

INTERROGATORY NO. 10:

Describe in detail the on-line marketing and sales strategies used – including but not limited to web-page layouts, page flows, screen orders, font style and size, word choice, color schemes, and text and graphical placement – to facilitate consumer memberships and retention in Subscription-Based Programs.

INTERROGATORY NO. 11:

Identify and describe in detail any study or documentation pertaining to consumer demographics and characteristics used to inform marketing and sales strategies relating to Subscription-Based Programs.

INTERROGATORY NO. 12:

Identify all documents and describe in detail Your policies, practices or procedures regarding consumer enrollment in any Subscription-Based Program.

INTERROGATORY NO. 13:

State on a monthly basis the number of consumers that enroll in each Subscription-Based Program established, used, facilitated, offered, or sold by You.

INTERROGATORY NO. 14:

State on a monthly basis all monies received by You from fees paid by persons or entities who enrolled in Subscription-Based Programs.

INTERROGATORY NO. 15:

State on a monthly basis all monies received by You from any person or entity resulting from your establishment, use, facilitation, offer, or sale of Subscription-Based Programs, or resulting from the enrollment of persons or entities in Subscription-Based Programs.

INTERROGATORY NO. 16:

Describe in detail the process and means by which a consumer's billing information is transferred from You to Webloyalty.com following a consumer's enrollment in a Subscription-Based Program.

INTERROGATORY NO. 17:

Identify and describe in detail each policy, practice or procedure You have concerning notification to consumers of their creation or activation of a membership in any Subscription-Based Program.

INTERROGATORY NO. 18:

State on a monthly basis the number of consumers who redeemed with You any "Cash Back Reward" or other discounts offered through Subscription-Based Programs established, used, facilitated, offered, or sold by You. .

INTERROGATORY NO. 19:

State on a monthly basis the number of complaints You received from consumers regarding Subscription-Based Programs.

INTERROGATORY NO. 20:

State the types of complaints You received from consumers regarding Subscription-Based Programs.

INTERROGATORY NO. 21:

8

Identify and describe in detail each policy, practice or procedure You have concerning a consumer's cancellation of membership in any Subscription-Based Program.

INTERROGATORY NO. 22:

State on a monthly basis the number of memberships in Subscription-Based Programs established, used, facilitated, offered, or sold by You that are cancelled.

INTERROGATORY NO. 23:

Identify the average length of time a consumer remained enrolled in Subscription-Based Programs established, used, facilitated, offered or sold by You before successfully canceling the membership.

INTERROGATORY NO. 24:

Identify and describe in detail each policy, practice or procedure You have for providing refunds to consumers who are or were enrolled in Subscription-Based Program established, used, facilitated, offered or sold by You.

INTERROGATORY NO. 25:

State on a monthly basis the number of refunds issued to consumers who were enrolled in Subscription-Based Programs established, used, facilitated, offered, or sold by You.

INTERROGATORY NO. 26:

State on a monthly basis all monies paid by You for refunds issued to consumers who were enrolled in Subscription-Based Programs.

INTERROGATORY NO. 27:

Identify and describe in complete detail any study or other form of substantiation You contend demonstrates the effectiveness of the disclosures --- either made by You or Webloyalty --- to consumers regarding enrollment in Subscription-Based Programs

INTERROGATORY NO. 28:

Identify all documents and persons involved during any point in the Relevant Time Period in the creation or development of Your Privacy Policy and Terms of Use agreements.

INTERROGATORY NO. 29:

Have You been in the past 5 years or are You currently a defendant in any litigation besides this litigation involving allegations that You violated the unfair trade practices statute in any state or federal jurisdiction and/or similar statute dealing with deceptive consumer practices? If so, please identify, as to each case, the court in which the case was filed, the names of all parties, the case number, the particular violations alleged by plaintiff(s), whether a settlement or verdict was reached and the details of the particular resolution, including the date and the type and the amount, if applicable, of any relief provided.

INTERROGATORY NO. 30:

Identify and describe in detail any governmental investigations or enforcement actions (including Better Business Bureau investigations) that have been conducted or are currently being conducted against You.

INTERROGATORY NO. 31:

Identify and describe in detail all contracts, agreements or other arrangements between You and Webloyalty regarding the issuance of a credit, debit or stored value card.

INTERROGATORY NO. 32:

Identify any insurance policy taken out by You, or for the benefit of You, which provides, or may provide, for coverage for any claims asserted by Plaintiff.

INTERROGATORY NO. 33:

Identify all third-party vendors or providers of any purported services or benefits made

available through any Subscription-Based Program.

INTERROGATORY NO. 34:

Identify all persons who contributed information, or were consulted, to answer each of

the following interrogatories and, as to each person, identify each interrogatory number or

numbers and subparts thereof to which that person contributed information.

Dated: August __, 2007

**PHILLIPS & GARCIA, LLP**
CARLIN J. PHILLIPS
ANDREW J. GARCIA

_____
ANDREW J. GARCIA

13 Ventura Drive
North Dartmouth, MA  02747
Telephone:  (508) 998-0800
Facsimile:  (508) 998-0919

*Proposed Liaison Counsel for Plaintiffs and the Class*

**LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP**
DAVID J. GEORGE
STUART A. DAVIDSON
MARISA N. DEMATO
JAMES L. DAVIDSON
197 South Federal Highway, Suite 200
Boca Raton, FL 33432
Telephone:  (561) 750-3000
Facsimile:  (561) 750-3364

**WEXLER TORISEVA WALLACE LLP**
MARK J. TAMBLYN
1610 Arden Way, Suite 290
Sacramento, California 95815
Telephone:  (916) 568-1100
Facsimile:  (916) 568-7890

11

**WEXLER TORISEVA WALLACE LLP**
KENNETH A. WEXLER
One North LaSalle St., Suite 2000
Chicago, Illinois 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

*Proposed Co-Lead Counsel for Plaintiffs and the Class*

**LEE & AMTZIS, P.L.**
ERIC A. LEE
GINA GREENWALD
5550 Glades Road, Suite 401
Boca Raton, FL 33431
Telephone: (561) 981-9988
Facsimile: (561) 981-9980

**McCALLUM HOAGLUND COOK & IRBY LLP**
CHARLES M. MCCALLUM
R. BRENT IRBY
2062 Columbiana Road
Vestavia Hills, Alabama 35216
Telephone: (205) 824-7768
Facsimile: (205) 824-7767 (

**GREEN WELLING LLP**
ROBERT S. GREEN
CHARLES D. MARSHALL
595 Market Street, Suite 2750
San Francisco, California 94105
Telephone: (415) 477-6700
Facsimile: (415) 477-6710

*Counsel for Plaintiffs*

12

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE WEBLOYALTY.COM, INC. MARKETING AND SALES PRACTICES LITIGATION | MDL No. 07-01820<br><br>Lead Case: 06-11620-JLT |

### PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT MAXIM O. KHOKHLOV, INDIVIDUALLY AND D/B/A JUSTFLOWERS.COM AND GIFTBASKETSASAP.COM

Plaintiffs, pursuant to Fed. R. Civ. P. 33, on behalf of themselves and all others similarly situated, hereby direct the following Interrogatories to defendant Maxim O. Khokhlov, individually and d/b/a Justflowers.com and Giftbasketasap.com, to be answered in writing, separately and fully, within thirty (30) days of service. Each interrogatory is subject to the Instructions and Definitions following the specific requests.

### DEFINITIONS

1.      "Webloyalty" means defendant Webloyalty.com, Inc. and its parent companies, predecessors, successors, divisions, subsidiaries, and officers, directors, employees, agents, or anyone acting or purporting to act on their behalf.

2.      "You" or "Defendant" mean Maxim O. Khokhlov, individually and d/b/a Justflowers.com and Giftbasketasap.com, any parent companies, predecessors, successors, divisions, subsidiaries, and officers, directors, employees, agents, or anyone acting or purporting to act on Your behalf.

3.      For purposes of these Interrogatories "identify" is defined as follows:

   a. The term "identify," when referring to a person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment, job title, and date of separation from employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be

1

listed in any response to subsequent discovery requesting the identification of that
person.

b.  The term "identify," when referring to a document, means to give, to the extent
    known, the (a) type of document, (b) general subject matter, (c) date of the
    document, and (d) author(s), addressee(s), and recipient(s).

c.  The term "identify," when referring to a database, means to state the name and
    structure of the database, the hardware and software that operates it, the person(s)
    or entities who developed the database or any modifications thereto, the name,
    address and telephone number of the current custodian of the database.  If any
    such database was but is no longer in Your possession or subject to Your control,
    state what disposition was made of it, including the date that it left Your
    possession or control and identify the person or entity to whom You transferred it.

4.    "Subscription-Based Program(s)" means Webloyalty's web-based programs,

including but not limited to:  Reservation Rewards, Travel Values Plus, Buyer Assurance, Wallet

Shield, Shopper Discounts & Rewards, and Distinct Privileges.

5.    The term "document" or "documents" is intended to be interpreted in the broadest

possible sense and includes, but is not limited to, all electronic data and all communications

which are stored or retrievable or recorded in any manner and also includes, without limitation,

any writing or other record of information or images, including, but not limited to, print,

handwriting, photographs, film, recordings, memoranda, books, records, accounts, ledgers,

vouchers, invoices, drafts, bills, charge slips, letters, electronic mail or "e-mail," compact discs,

CD-ROM discs, magnetic tape, videotape, magnetic or optical disks, "floppy disks,"

"PowerPoint" or other presentation software systems, telegrams, mailgrams, correspondence,

notes and minutes of meetings, conversations or telephone calls, resolutions, interoffice

memoranda, work papers, reports, projects, tabulations, studies, surveys, legal complaints and

other pleadings, affidavits, interrogatories, legal briefs, legal motions, judgments, designs,

drawings, schematics, maps, manuals, models, notebooks, contracts, agreements, diaries,

telephone records, desk calendars, appointment books, circulars, charts, transcripts, news

2

releases, trade releases, advertisements, press books, teletype messages, licenses, financial

statements, stenographers' notebooks, punchcards, computer printouts and data, telecopier or

facsimile transmissions and printouts, letters of credit, stock certificates and securities.  The term

"document" also includes preliminary drafts or revisions or copies of any such document if the

copy is in any way different from the original, now in Your possession, custody or control, or in

the possession, custody or control of Your advisors, agents, employees, servants, representatives,

trustees, counsel or other persons acting or purporting to act on Your behalf.

      6.    The term "electronic data" refers to any original and any non-identical copies

(whether non-identical because of notes made on copies or attached comments, annotations,

marks, transmission notations, or highlighting of any kind), of mechanical, facsimile, electronic,

magnetic, digital or other programs (whether private, commercial, or work-in-progress),

programming notes or instructions, activity listings of electronic mail receipts or transmittals,

output resulting from the use of any software program, including word processing documents,

spreadsheets, database files, charts, graphs and outlines, electronic mail or "e-mail," personal

digital assistant ("PDA") messages, instant messenger messages, operating systems, source code

of all types, programming languages, linkers and compilers, peripheral drives, PDF files, PRF

files, batch files, ASCII files, crosswalks, code keys, pull down tables, logs, file layouts and any

and all miscellaneous files or file fragments, regardless of the media on which they reside and

regardless of whether said electronic data consists of an active file, deleted file or file fragment.

"Electronic data" also includes any and all items stored on computer memory or memories, hard

disks, floppy disks, zip drives, CD-ROM discs, Bernoulli Boxes and their equivalents, magnetic

tapes of all types and kinds, microfiche, punched cards, punched tape, computer chips (including,

but not limited to, EPROM, PROM, ROM or RAM of any kind) on or in any other vehicle for

3