# EXHIBIT C
# Part VI

Dockets.Justia.com

13. All marketing, promotional, or informational materials provided to you by Webloyalty or any Webloyalty affiliate.

14. Documents concerning revenue you received concerning the business relationship between you and Webloyalty, including, but not limited to, reports, analysis, spreadsheets, and bank statements showing any fund transfers.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF ARKANSAS

In Re: Webloyalty.com, Inc. Marketing and Sales Practices Litigation

V.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] MDL 07-1820
Lead Case: 06-11620-JLT
District of Massachusetts

TO: Wal-Mart Stores, Inc.
Bentonville, Arkansas 72716-8611

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached "Exhibit A"

| PLACE | DATE AND TIME |
|---|---|
| Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 120 E. Palmetto Park Road, Suite 500 Boca Raton, Florida 33432 Telephone: (561)750-3000; Facsimile: (561)750-3364 | By July 23, 2007 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David J. George, Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 120 E. Palmetto Park Road, Suite 500
Boca Raton, Florida 33432 Telephone: (561)750-3000 Facsimile: (561)750-3364

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | June 22, 2007 | |
| | Wal-Mart Stores, Inc. | Bentonville, Arkansas 72716-8611 |

SERVED ON (PRINT NAME) — MANNER OF SERVICE

David J. George — Attorney — Certified Mail/Return Receipt Requested

SERVED BY (PRINT NAME) — TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on June 22, 2007
DATE

SIGNATURE OF SERVER

120 E. Palmetto Park Road, Suite 500
ADDRESS OF SERVER

Boca Raton, Florida 33432

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

## I. DEFINITIONS

1. "Webloyalty" means defendant Webloyalty.com, Inc. and its parent companies, predecessors, successors, divisions, subsidiaries, and officers, directors, employees, agents, or anyone acting or purporting to act on their behalf.

2. "Subscription-Based Program(s)" means Webloyalty.com's web-based programs, including but not limited to: Reservation Rewards, Travel Values Plus, Buyer Assurance, Wallet Shield, Shopper Discounts & Rewards, and Distinct Privileges.

## II. RELEVANT PERIOD

Unless otherwise stated in this request, the "Relevant Period" for all requests is from September 11, 2000 until such time as production of responsive pleadings is complete.

## III. DOCUMENTS TO BE PRODUCED

1. Copies of any and all contracts or agreements between you and Webloyalty or any Webloyalty affiliate.

2. All documents evidencing any communications between you and Webloyalty or any Webloyalty affiliate.

3. All documents which evidence, refer, or relate to any monies exchanged or revenues shared between you and Webloyalty or any Webloyalty affiliate.

4. All documents concerning any study, review, analysis, survey, investigation, or estimation as to the redemption or participation rates by your customers of any discounts, coupons, rebates, "best price guarantees," "rewards," or other "benefits" made available from you to your customers by virtue of the customer's membership into any Webloyalty Subscription Based Program.

5. All documents which evidence, refer, or relate to the means and manner in which you are able to identify your customers who have utilized or taken advantage of any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to the customer by virtue of the customer's membership into any Webloyalty Subscription Based Program (i.e., membership cards, member codes, member identification numbers, etc.).

6. All documents sufficient to evidence the total number of your customers who, from 2002 to the present, have utilized or taken advantage of any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to the customer by virtue of the customer's membership into any Webloyalty Subscription Based Program.

7. All documents sufficient to evidence the total monetary amount, beginning from 2002 to the present, of money saved, refunded or redeemed by your customers who have utilized or taken advantage of any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to a customer by virtue of the customer's membership into any Webloyalty Subscription Based Program.

8. All documents which evidence, refer, or relate to the terms, conditions, guidelines, instructions, policies, and protocol surrounding any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to the customer by virtue of the customer's membership into any Webloyalty Subscription Based Program.

9. All documents sufficient to evidence the total number of your customers who, from 2002 to the present, have purchased goods or services from you and used a rewards card, membership card, or member identification number associated with any Webloyalty Subscription Based Program, or who otherwise participated in any rewards or discount programs available to the customer by virtue of the customer's membership into any Webloyalty Subscription Based

Program.

10. All documents concerning any discounts, coupons, rebates, "best price guarantee," "rewards," or other "benefits" made available to your customers by virtue of your agreement and relationship with Webloyalty or any Webloyalty affiliate.

11. All documents concerning any complaint or dispute with Webloyalty or with any Webloyalty affiliate, or with any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available by virtue of your agreement and relationship with Webloyalty.

12. All marketing, promotional, or informational materials provided to you by Webloyalty or any Webloyalty affiliate.

13. Documents concerning revenue you and Webloyalty received concerning the business relationship between you and Webloyalty, including, but not limited to, reports, analysis, spreadsheets, and bank statements showing any fund transfers.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

In Re: Webloyalty.com, Inc. Marketing and Sales Practices Litigation

V.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] MDL 07-1820
Lead Case: 06-11620-JLT
District of Massachusetts

TO: ESPN, Inc.
899 Middle Street
Bristol, Connecticut 06010

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached "Exhibit A"

| PLACE | DATE AND TIME |
|---|---|
| Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 120 E. Palmetto Park Road, Suite 500 Boca Raton, Florida 33432 Telephone: (561)750-3000; Facsimile: (561)750-3364 | By July 23, 2007 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David J. George, Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 120 E. Palmetto Park Road, Suite 500
Boca Raton, Florida 33432 Telephone: (561)750-3000 Facsimile: (561)750-3364

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | June 22, 2007 | |
| | ESPN, Inc. | 899 Middle Street, Bristol, Connecticut 06010 |

SERVED ON (PRINT NAME) ESPN, Inc.

MANNER OF SERVICE Certified Mail/Return Receipt Requested

SERVED BY (PRINT NAME) David J. George

TITLE Attorney

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on June 22, 2007
DATE

SIGNATURE OF SERVER

120 E. Palmetto Park Road, Suite 500
ADDRESS OF SERVER

Boca Raton, Florida 33432

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

### I. DEFINITIONS

1. "Webloyalty" means defendant Webloyalty.com, Inc. and its parent companies, predecessors, successors, divisions, subsidiaries, and officers, directors, employees, agents, or anyone acting or purporting to act on their behalf.

2. "Subscription-Based Program(s)" means Webloyalty.com's web-based programs, including but not limited to: Reservation Rewards, Travel Values Plus, Buyer Assurance, Wallet Shield, Shopper Discounts & Rewards, and Distinct Privileges.

### II. RELEVANT PERIOD

Unless otherwise stated in this request, the "Relevant Period" for all requests is from September 11, 2000 until such time as production of responsive pleadings is complete.

### III. DOCUMENTS TO BE PRODUCED

1. Copies of any and all contracts or agreements between you and Webloyalty or any Webloyalty affiliate.

2. All documents evidencing any communications between you and Webloyalty or any Webloyalty affiliate.

3. All documents which evidence, refer, or relate to any monies exchanged or revenues shared between you and Webloyalty or any Webloyalty affiliate.

4. All documents concerning any study, review, analysis, survey, investigation, or estimation as to the redemption or participation rates by your customers of any discounts, coupons, rebates, "best price guarantees," "rewards," or other "benefits" made available from you to your customers by virtue of the customer's membership into any Webloyalty Subscription Based Program.

5. All documents which evidence, refer, or relate to the means and manner in which you are able to identify your customers who have utilized or taken advantage of any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to the customer by virtue of the customer's membership into any Webloyalty Subscription Based Program (i.e., membership cards, member codes, member identification numbers, etc.).

6. All documents sufficient to evidence the total number of your customers who, from 2002 to the present, have utilized or taken advantage of any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to the customer by virtue of the customer's membership into any Webloyalty Subscription Based Program.

7. All documents sufficient to evidence the total monetary amount, beginning from 2002 to the present, of money saved, refunded or redeemed by your customers who have utilized or taken advantage of any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to a customer by virtue of the customer's membership into any Webloyalty Subscription Based Program.

8. All documents which evidence, refer, or relate to the terms, conditions, guidelines, instructions, policies, and protocol surrounding any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to the customer by virtue of the customer's membership into any Webloyalty Subscription Based Program.

9. All documents sufficient to evidence the total number of your customers who, from 2002 to the present, have purchased goods or services from you and used a rewards card, membership card, or member identification number associated with any Webloyalty Subscription Based Program, or who otherwise participated in any rewards or discount programs available to the customer by virtue of the customer's membership into any Webloyalty Subscription Based

Program.

10. All documents concerning any discounts, coupons, rebates, "best price guarantee," "rewards," or other "benefits" made available to your customers by virtue of your agreement and relationship with Webloyalty or any Webloyalty affiliate.

11. All documents concerning any complaint or dispute with Webloyalty or with any Webloyalty affiliate, or with any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available by virtue of your agreement and relationship with Webloyalty.

12. All marketing, promotional, or informational materials provided to you by Webloyalty or any Webloyalty affiliate.

13. Documents concerning revenue you and Webloyalty received concerning the business relationship between you and Webloyalty, including, but not limited to, reports, analysis, spreadsheets, and bank statements showing any fund transfers.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

In Re: Webloyalty.com, Inc. Marketing and Sales Practices Litigation

V.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] MDL 07-1820
Lead Case: 06-11620-JLT
District of Massachusetts

TO: Amazon.com
1516 2nd Avenue
Seattle, Washington 98101

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached "Exhibit A"

| PLACE | DATE AND TIME |
|---|---|
| Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 120 E. Palmetto Park Road, Suite 500 Boca Raton, Florida 33432 Telephone: (561)750-3000; Facsimile: (561)750-3364 | By July 23, 2007 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David J. George, Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 120 E. Palmetto Park Road, Suite 500
Boca Raton, Florida 33432 Telephone: (561)750-3000 Facsimile: (561)750-3364

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | June 22, 2007 | |
| | Amazon.com | 1516 2nd Avenue, Seattle, Washington 98101 |

SERVED ON (PRINT NAME) — MANNER OF SERVICE

David J. George — Attorney — Certified Mail/Return Receipt Requested

SERVED BY (PRINT NAME) — TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on June 22, 2007
DATE

SIGNATURE OF SERVER

120 E. Palmetto Park Road, Suite 500
ADDRESS OF SERVER

Boca Raton, Florida 33432

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT A**

**I. DEFINITIONS**

1. "Webloyalty" means defendant Webloyalty.com, Inc. and its parent companies, predecessors, successors, divisions, subsidiaries, and officers, directors, employees, agents, or anyone acting or purporting to act on their behalf.

2. "Subscription-Based Program(s)" means Webloyalty.com's web-based programs, including but not limited to: Reservation Rewards, Travel Values Plus, Buyer Assurance, Wallet Shield, Shopper Discounts & Rewards, and Distinct Privileges.

**II. RELEVANT PERIOD**

Unless otherwise stated in this request, the "Relevant Period" for all requests is from September 11, 2000 until such time as production of responsive pleadings is complete.

**III. DOCUMENTS TO BE PRODUCED**

1. Copies of any and all contracts or agreements between you and Webloyalty or any Webloyalty affiliate.

2. All documents evidencing any communications between you and Webloyalty or any Webloyalty affiliate.

3. All documents which evidence, refer, or relate to any monies exchanged or revenues shared between you and Webloyalty or any Webloyalty affiliate.

4. All documents concerning any study, review, analysis, survey, investigation, or estimation as to the redemption or participation rates by your customers of any discounts, coupons, rebates, "best price guarantees," "rewards," or other "benefits" made available from you to your customers by virtue of the customer's membership into any Webloyalty Subscription Based Program.

5. All documents which evidence, refer, or relate to the means and manner in which you are able to identify your customers who have utilized or taken advantage of any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to the customer by virtue of the customer's membership into any Webloyalty Subscription Based Program (i.e., membership cards, member codes, member identification numbers, etc.).

6. All documents sufficient to evidence the total number of your customers who, from 2002 to the present, have utilized or taken advantage of any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to the customer by virtue of the customer's membership into any Webloyalty Subscription Based Program.

7. All documents sufficient to evidence the total monetary amount, beginning from 2002 to the present, of money saved, refunded or redeemed by your customers who have utilized or taken advantage of any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to a customer by virtue of the customer's membership into any Webloyalty Subscription Based Program.

8. All documents which evidence, refer, or relate to the terms, conditions, guidelines, instructions, policies, and protocol surrounding any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to the customer by virtue of the customer's membership into any Webloyalty Subscription Based Program.

9. All documents sufficient to evidence the total number of your customers who, from 2002 to the present, have purchased goods or services from you and used a rewards card, membership card, or member identification number associated with any Webloyalty Subscription Based Program, or who otherwise participated in any rewards or discount programs available to the customer by virtue of the customer's membership into any Webloyalty Subscription Based

Program.

10. All documents concerning any discounts, coupons, rebates, "best price guarantee," "rewards," or other "benefits" made available to your customers by virtue of your agreement and relationship with Webloyalty or any Webloyalty affiliate.

11. All documents concerning any complaint or dispute with Webloyalty or with any Webloyalty affiliate, or with any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available by virtue of your agreement and relationship with Webloyalty.

12. All marketing, promotional, or informational materials provided to you by Webloyalty or any Webloyalty affiliate.

13. Documents concerning revenue you and Webloyalty received concerning the business relationship between you and Webloyalty, including, but not limited to, reports, analysis, spreadsheets, and bank statements showing any fund transfers.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re: Webloyalty.com, Inc. Marketing and Sales Practices Litigation

V.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] MDL 07-1820
Lead Case: 06-11620-JLT
District of Massachusetts

TO: Apple
1 Infinite Loop
Cupertino, California 95014

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached "Exhibit A"

| PLACE | DATE AND TIME |
|---|---|
| Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 120 E. Palmetto Park Road, Suite 500 Boca Raton, Florida 33432 Telephone: (561)750-3000; Facsimile: (561)750-3364 | By July 23, 2007 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David J. George, Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 120 E. Palmetto Park Road, Suite 500
Boca Raton, Florida 33432 Telephone: (561)750-3000 Facsimile: (561)750-3364

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | June 22, 2007 | |
| Apple | | 1 Infinite Loop, Cupertino, California 95014 |

SERVED ON (PRINT NAME) — Apple

MANNER OF SERVICE — Certified Mail/Return Receipt Requested

SERVED BY (PRINT NAME) — David J. George

TITLE — Attorney

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on June 22, 2007
DATE

SIGNATURE OF SERVER

120 E. Palmetto Park Road, Suite 500
ADDRESS OF SERVER

Boca Raton, Florida 33432

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

### I. DEFINITIONS

1. "Webloyalty" means defendant Webloyalty.com, Inc. and its parent companies, predecessors, successors, divisions, subsidiaries, and officers, directors, employees, agents, or anyone acting or purporting to act on their behalf.

2. "Subscription-Based Program(s)" means Webloyalty.com's web-based programs, including but not limited to: Reservation Rewards, Travel Values Plus, Buyer Assurance, Wallet Shield, Shopper Discounts & Rewards, and Distinct Privileges.

### II. RELEVANT PERIOD

Unless otherwise stated in this request, the "Relevant Period" for all requests is from September 11, 2000 until such time as production of responsive pleadings is complete.

### III. DOCUMENTS TO BE PRODUCED

1. Copies of any and all contracts or agreements between you and Webloyalty or any Webloyalty affiliate.

2. All documents evidencing any communications between you and Webloyalty or any Webloyalty affiliate.

3. All documents which evidence, refer, or relate to any monies exchanged or revenues shared between you and Webloyalty or any Webloyalty affiliate.

4. All documents concerning any study, review, analysis, survey, investigation, or estimation as to the redemption or participation rates by your customers of any discounts, coupons, rebates, "best price guarantees," "rewards," or other "benefits" made available from you to your customers by virtue of the customer's membership into any Webloyalty Subscription Based Program.

5. All documents which evidence, refer, or relate to the means and manner in which you are able to identify your customers who have utilized or taken advantage of any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to the customer by virtue of the customer's membership into any Webloyalty Subscription Based Program (i.e., membership cards, member codes, member identification numbers, etc.).

6. All documents sufficient to evidence the total number of your customers who, from 2002 to the present, have utilized or taken advantage of any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to the customer by virtue of the customer's membership into any Webloyalty Subscription Based Program.

7. All documents sufficient to evidence the total monetary amount, beginning from 2002 to the present, of money saved, refunded or redeemed by your customers who have utilized or taken advantage of any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to a customer by virtue of the customer's membership into any Webloyalty Subscription Based Program.

8. All documents which evidence, refer, or relate to the terms, conditions, guidelines, instructions, policies, and protocol surrounding any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to the customer by virtue of the customer's membership into any Webloyalty Subscription Based Program.

9. All documents sufficient to evidence the total number of your customers who, from 2002 to the present, have purchased goods or services from you and used a rewards card, membership card, or member identification number associated with any Webloyalty Subscription Based Program, or who otherwise participated in any rewards or discount programs available to the customer by virtue of the customer's membership into any Webloyalty Subscription Based

Program.

10. All documents concerning any discounts, coupons, rebates, "best price guarantee," "rewards," or other "benefits" made available to your customers by virtue of your agreement and relationship with Webloyalty or any Webloyalty affiliate.

11. All documents concerning any complaint or dispute with Webloyalty or with any Webloyalty affiliate, or with any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available by virtue of your agreement and relationship with Webloyalty.

12. All marketing, promotional, or informational materials provided to you by Webloyalty or any Webloyalty affiliate.

13. Documents concerning revenue you and Webloyalty received concerning the business relationship between you and Webloyalty, including, but not limited to, reports, analysis, spreadsheets, and bank statements showing any fund transfers.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

In Re: Webloyalty.com, Inc. Marketing and Sales Practices Litigation

V.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] MDL 07-1820
Lead Case: 06-11620-JLT
District of Massachusetts

TO: Comcast
1500 Market Street
Philadelphia, Pennsylvania 19102

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached "Exhibit A"

| PLACE | DATE AND TIME |
|---|---|
| Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 120 E. Palmetto Park Road, Suite 500 Boca Raton, Florida 33432 Telephone: (561)750-3000; Facsimile: (561)750-3364 | By July 23, 2007 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David J. George, Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 120 E. Palmetto Park Road, Suite 500
Boca Raton, Florida 33432 Telephone: (561)750-3000 Facsimile: (561)750-3364

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | June 22, 2007 | |
| | Comcast | 1500 Market Street, Philadelphia, Pennsylvania 19102 |

SERVED ON (PRINT NAME) MANNER OF SERVICE

David J. George Attorney Certified Mail/Return Receipt Requested

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on June 22, 2007
DATE

SIGNATURE OF SERVER

120 E. Palmetto Park Road, Suite 500
ADDRESS OF SERVER

Boca Raton, Florida 33432

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT A**

## I. DEFINITIONS

1. "Webloyalty" means defendant Webloyalty.com, Inc. and its parent companies, predecessors, successors, divisions, subsidiaries, and officers, directors, employees, agents, or anyone acting or purporting to act on their behalf.

2. "Subscription-Based Program(s)" means Webloyalty.com's web-based programs, including but not limited to: Reservation Rewards, Travel Values Plus, Buyer Assurance, Wallet Shield, Shopper Discounts & Rewards, and Distinct Privileges.

## II. RELEVANT PERIOD

Unless otherwise stated in this request, the "Relevant Period" for all requests is from September 11, 2000 until such time as production of responsive pleadings is complete.

## III. DOCUMENTS TO BE PRODUCED

1. Copies of any and all contracts or agreements between you and Webloyalty or any Webloyalty affiliate.

2. All documents evidencing any communications between you and Webloyalty or any Webloyalty affiliate.

3. All documents which evidence, refer, or relate to any monies exchanged or revenues shared between you and Webloyalty or any Webloyalty affiliate.

4. All documents concerning any study, review, analysis, survey, investigation, or estimation as to the redemption or participation rates by your customers of any discounts, coupons, rebates, "best price guarantees," "rewards," or other "benefits" made available from you to your customers by virtue of the customer's membership into any Webloyalty Subscription Based Program.

5. All documents which evidence, refer, or relate to the means and manner in which you are able to identify your customers who have utilized or taken advantage of any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to the customer by virtue of the customer's membership into any Webloyalty Subscription Based Program (i.e., membership cards, member codes, member identification numbers, etc.).

6. All documents sufficient to evidence the total number of your customers who, from 2002 to the present, have utilized or taken advantage of any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to the customer by virtue of the customer's membership into any Webloyalty Subscription Based Program.

7. All documents sufficient to evidence the total monetary amount, beginning from 2002 to the present, of money saved, refunded or redeemed by your customers who have utilized or taken advantage of any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to a customer by virtue of the customer's membership into any Webloyalty Subscription Based Program.

8. All documents which evidence, refer, or relate to the terms, conditions, guidelines, instructions, policies, and protocol surrounding any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to the customer by virtue of the customer's membership into any Webloyalty Subscription Based Program.

9. All documents sufficient to evidence the total number of your customers who, from 2002 to the present, have purchased goods or services from you and used a rewards card, membership card, or member identification number associated with any Webloyalty Subscription Based Program, or who otherwise participated in any rewards or discount programs available to the customer by virtue of the customer's membership into any Webloyalty Subscription Based