# EXHIBIT C
# Part VII

Dockets.Justia.com

Program.

10.    All documents concerning any discounts, coupons, rebates, "best price guarantee," "rewards," or other "benefits" made available to your customers by virtue of your agreement and relationship with Webloyalty or any Webloyalty affiliate.

11.    All documents concerning any complaint or dispute with Webloyalty or with any Webloyalty affiliate, or with any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available by virtue of your agreement and relationship with Webloyalty.

12.    All marketing, promotional, or informational materials provided to you by Webloyalty or any Webloyalty affiliate.

13.    Documents concerning revenue you and Webloyalty received concerning the business relationship between you and Webloyalty, including, but not limited to, reports, analysis, spreadsheets, and bank statements showing any fund transfers.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

NORTHERN ————————————— GEORGIA
————————————— DISTRICT OF —————————————

In Re: Webloyalty.com, Inc. Marketing and Sales
Practices Litigation

**V.**

### SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1]   MDL 07-1820
Lead Case: 06-11620-JLT
District of Massachusetts

TO:   Home Depot, Inc.
2455 Paces Ferry Road
Atlanta, Georgia  30339-4024

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached "Exhibit A"

| PLACE<br>Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 120 E. Palmetto Park Road, Suite 500<br>Boca Raton, Florida  33432          Telephone: (561)750-3000; Facsimile: (561)750-3364 | DATE AND TIME<br>By July 23, 2007 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  |  |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David J. George, Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 120 E. Palmetto Park Road, Suite 500
Boca Raton, Florida  33432      Telephone: (561)750-3000      Facsimile: (561)750-3364

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| | June 22, 2007 | |

| SERVED | | |
|---|---|---|
| Home Depot, Inc. | | 2455 Paces Ferry Road, Atlanta, Georgia  30339-4024 |

SERVED ON (PRINT NAME)                  MANNER OF SERVICE

| David J. George | Attorney | Certified Mail/Return Receipt Requested |
|---|---|---|

SERVED BY (PRINT NAME)                TITLE

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___June 22, 2007___
DATE

SIGNATURE OF SERVER

120 E. Palmetto Park Road, Suite 500

ADDRESS OF SERVER

Boca Raton, Florida  33432

---

### Rule 45. Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

### I.    DEFINITIONS

1.    "Webloyalty" means defendant Webloyalty.com, Inc. and its parent companies, predecessors, successors, divisions, subsidiaries, and officers, directors, employees, agents, or anyone acting or purporting to act on their behalf.

2.    "Subscription-Based Program(s)" means Webloyalty.com's web-based programs, including but not limited to: Reservation Rewards, Travel Values Plus, Buyer Assurance, Wallet Shield, Shopper Discounts & Rewards, and Distinct Privileges.

### II.    RELEVANT PERIOD

Unless otherwise stated in this request, the "Relevant Period" for all requests is from September 11, 2000 until such time as production of responsive pleadings is complete.

### III.    DOCUMENTS TO BE PRODUCED

1.    Copies of any and all contracts or agreements between you and Webloyalty or any Webloyalty affiliate.

2.    All documents evidencing any communications between you and Webloyalty or any Webloyalty affiliate.

3.    All documents which evidence, refer, or relate to any monies exchanged or revenues shared between you and Webloyalty or any Webloyalty affiliate.

4.    All documents concerning any study, review, analysis, survey, investigation, or estimation as to the redemption or participation rates by your customers of any discounts, coupons, rebates, "best price guarantees," "rewards," or other "benefits" made available from you to your customers by virtue of the customer's membership into any Webloyalty Subscription Based Program.

5.    All documents which evidence, refer, or relate to the means and manner in which you are able to identify your customers who have utilized or taken advantage of any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to the customer by virtue of the customer's membership into any Webloyalty Subscription Based Program (i.e., membership cards, member codes, member identification numbers, etc.).

6.    All documents sufficient to evidence the total number of your customers who, from 2002 to the present, have utilized or taken advantage of any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to the customer by virtue of the customer's membership into any Webloyalty Subscription Based Program.

7.    All documents sufficient to evidence the total monetary amount, beginning from 2002 to the present, of money saved, refunded or redeemed by your customers who have utilized or taken advantage of any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to a customer by virtue of the customer's membership into any Webloyalty Subscription Based Program.

8.    All documents which evidence, refer, or relate to the terms, conditions, guidelines, instructions, policies, and protocol surrounding any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to the customer by virtue of the customer's membership into any Webloyalty Subscription Based Program.

9.    All documents sufficient to evidence the total number of your customers who, from 2002 to the present, have purchased goods or services from you and used a rewards card, membership card, or member identification number associated with any Webloyalty Subscription Based Program, or who otherwise participated in any rewards or discount programs available to the customer by virtue of the customer's membership into any Webloyalty Subscription Based

Program.

10.    All documents concerning any discounts, coupons, rebates, "best price guarantee," "rewards," or other "benefits" made available to your customers by virtue of your agreement and relationship with Webloyalty or any Webloyalty affiliate.

11.    All documents concerning any complaint or dispute with Webloyalty or with any Webloyalty affiliate, or with any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available by virtue of your agreement and relationship with Webloyalty.

12.    All marketing, promotional, or informational materials provided to you by Webloyalty or any Webloyalty affiliate.

13.    Documents concerning revenue you and Webloyalty received concerning the business relationship between you and Webloyalty, including, but not limited to, reports, analysis, spreadsheets, and bank statements showing any fund transfers.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

NORTHERN ————————————— DISTRICT OF ————————————— ALABAMA

In Re: Webloyalty.com, Inc. Marketing and Sales
Practices Litigation

v.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1]   MDL 07-1820
Lead Case: 06-11620-JLT
District of Massachusetts

TO:   Sanpeggio's
3435 S. Shades Crest Road
Hoover, Alabama  35244

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached "Exhibit A"

| PLACE | DATE AND TIME |
|---|---|
| Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 120 E. Palmetto Park Road, Suite 500 Boca Raton, Florida 33432      Telephone: (561)750-3000; Facsimile: (561)750-3364 | By July 23, 2007 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  |  |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David J. George, Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 120 E. Palmetto Park Road, Suite 500
Boca Raton, Florida  33432      Telephone: (561)750-3000      Facsimile: (561)750-3364

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

---

### PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| | June 22, 2007 | |

| SERVED | | |
|---|---|---|
| | Sanpeggio's | 3435 S. Shades Crest Road, Hoover, Alabama  35244 |

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|
| David J. George | Attorney | Certified Mail/Return Receipt Requested |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___June 22, 2007___
                        DATE

SIGNATURE OF SERVER

120 E. Palmetto Park Road, Suite 500

ADDRESS OF SERVER

Boca Raton, Florida  33432

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

### I.   DEFINITIONS

1.   "Webloyalty" means defendant Webloyalty.com, Inc. and its parent companies, predecessors, successors, divisions, subsidiaries, and officers, directors, employees, agents, or anyone acting or purporting to act on their behalf.

2.   "Subscription-Based Program(s)" means Webloyalty.com's web-based programs, including but not limited to: Reservation Rewards, Travel Values Plus, Buyer Assurance, Wallet Shield, Shopper Discounts & Rewards, and Distinct Privileges.

### II.   RELEVANT PERIOD

Unless otherwise stated in this request, the "Relevant Period" for all requests is from September 11, 2000 until such time as production of responsive pleadings is complete.

### III.   DOCUMENTS TO BE PRODUCED

1.   Copies of any and all contracts or agreements between you and Webloyalty or any Webloyalty affiliate.

2.   All documents evidencing any communications between you and Webloyalty or any Webloyalty affiliate.

3.   All documents which evidence, refer, or relate to any monies exchanged or revenues shared between you and Webloyalty or any Webloyalty affiliate.

4.   All documents concerning any study, review, analysis, survey, investigation, or estimation as to the redemption or participation rates by your customers of any discounts, coupons, rebates, "best price guarantees," "rewards," or other "benefits" made available from you to your customers by virtue of the customer's membership into any Webloyalty Subscription Based Program.

5.    All documents which evidence, refer, or relate to the means and manner in which you are able to identify your customers who have utilized or taken advantage of any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to the customer by virtue of the customer's membership into any Webloyalty Subscription Based Program (i.e., membership cards, member codes, member identification numbers, etc.).

6.    All documents sufficient to evidence the total number of your customers who, from 2002 to the present, have utilized or taken advantage of any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to the customer by virtue of the customer's membership into any Webloyalty Subscription Based Program.

7.    All documents sufficient to evidence the total monetary amount, beginning from 2002 to the present, of money saved, refunded or redeemed by your customers who have utilized or taken advantage of any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to a customer by virtue of the customer's membership into any Webloyalty Subscription Based Program.

8.    All documents which evidence, refer, or relate to the terms, conditions, guidelines, instructions, policies, and protocol surrounding any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to the customer by virtue of the customer's membership into any Webloyalty Subscription Based Program.

9.    All documents sufficient to evidence the total number of your customers who, from 2002 to the present, have purchased goods or services from you and used a rewards card, membership card, or member identification number associated with any Webloyalty Subscription Based Program, or who otherwise participated in any rewards or discount programs available to the customer by virtue of the customer's membership into any Webloyalty Subscription Based

Program.

10.    All documents concerning any discounts, coupons, rebates, "best price guarantee," "rewards," or other "benefits" made available to your customers by virtue of your agreement and relationship with Webloyalty or any Webloyalty affiliate.

11.    All documents concerning any complaint or dispute with Webloyalty or with any Webloyalty affiliate, or with any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available by virtue of your agreement and relationship with Webloyalty.

12.    All marketing, promotional, or informational materials provided to you by Webloyalty or any Webloyalty affiliate.

13.    Documents concerning revenue you and Webloyalty received concerning the business relationship between you and Webloyalty, including, but not limited to, reports, analysis, spreadsheets, and bank statements showing any fund transfers.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

MIDDLE                                    GEORGIA
_____ DISTRICT OF _____

In Re: Webloyalty.com, Inc. Marketing and Sales
Practices Litigation
                         **V.**

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1]    MDL 07-1820
                   Lead Case: 06-11620-JLT
                   District of Massachusetts

TO:    Carmike Cinemas
       1301 1st Avenue
       Columbus, Georgia 31901

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached "Exhibit A"

| PLACE<br>Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 120 E. Palmetto Park Road, Suite 500<br>Boca Raton, Florida 33432        Telephone: (561)750-3000; Facsimile: (561)750-3364 | DATE AND TIME<br>By July 23, 2007 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  |  |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David J. George, Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 120 E. Palmetto Park Road, Suite 500
Boca Raton, Florida 33432        Telephone: (561)750-3000        Facsimile: (561)750-3364

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| | June 22, 2007 | | |

| SERVED | Carmike Cinemas | 1301 1st Avenue, Columbus, Georgia  31901 |
|---|---|---|

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|

| David J. George | Attorney | Certified Mail/Return Receipt Requested |
|---|---|---|

| SERVED BY (PRINT NAME) | | TITLE |
|---|---|---|

## DECLARATION OF SERVER

   I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____June 22, 2007_____        _____
                          DATE                              SIGNATURE OF SERVER

                                                120 E. Palmetto Park Road, Suite 500

                                                ADDRESS OF SERVER

                                                Boca Raton, Florida  33432

Rule 45. Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

   (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

   (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
      (iv) subjects a person to undue burden.

   (B) If a subpoena

      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

   (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

   (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

### I.    DEFINITIONS

1.    "Webloyalty" means defendant Webloyalty.com, Inc. and its parent companies, predecessors, successors, divisions, subsidiaries, and officers, directors, employees, agents, or anyone acting or purporting to act on their behalf.

2.    "Subscription-Based Program(s)" means Webloyalty.com's web-based programs, including but not limited to: Reservation Rewards, Travel Values Plus, Buyer Assurance, Wallet Shield, Shopper Discounts & Rewards, and Distinct Privileges.

### II.    RELEVANT PERIOD

Unless otherwise stated in this request, the "Relevant Period" for all requests is from September 11, 2000 until such time as production of responsive pleadings is complete.

### III.    DOCUMENTS TO BE PRODUCED

1.    Copies of any and all contracts or agreements between you and Webloyalty or any Webloyalty affiliate.

2.    All documents evidencing any communications between you and Webloyalty or any Webloyalty affiliate.

3.    All documents which evidence, refer, or relate to any monies exchanged or revenues shared between you and Webloyalty or any Webloyalty affiliate.

4.    All documents concerning any study, review, analysis, survey, investigation, or estimation as to the redemption or participation rates by your customers of any discounts, coupons, rebates, "best price guarantees," "rewards," or other "benefits" made available from you to your customers by virtue of the customer's membership into any Webloyalty Subscription Based Program.

5.    All documents which evidence, refer, or relate to the means and manner in which you are able to identify your customers who have utilized or taken advantage of any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to the customer by virtue of the customer's membership into any Webloyalty Subscription Based Program (i.e., membership cards, member codes, member identification numbers, etc.).

6.    All documents sufficient to evidence the total number of your customers who, from 2002 to the present, have utilized or taken advantage of any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to the customer by virtue of the customer's membership into any Webloyalty Subscription Based Program.

7.    All documents sufficient to evidence the total monetary amount, beginning from 2002 to the present, of money saved, refunded or redeemed by your customers who have utilized or taken advantage of any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to a customer by virtue of the customer's membership into any Webloyalty Subscription Based Program.

8.    All documents which evidence, refer, or relate to the terms, conditions, guidelines, instructions, policies, and protocol surrounding any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to the customer by virtue of the customer's membership into any Webloyalty Subscription Based Program.

9.    All documents sufficient to evidence the total number of your customers who, from 2002 to the present, have purchased goods or services from you and used a rewards card, membership card, or member identification number associated with any Webloyalty Subscription Based Program, or who otherwise participated in any rewards or discount programs available to the customer by virtue of the customer's membership into any Webloyalty Subscription Based

Program.

      10.    All documents concerning any discounts, coupons, rebates, "best price guarantee," "rewards," or other "benefits" made available to your customers by virtue of your agreement and relationship with Webloyalty or any Webloyalty affiliate.

      11.    All documents concerning any complaint or dispute with Webloyalty or with any Webloyalty affiliate, or with any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available by virtue of your agreement and relationship with Webloyalty.

      12.    All marketing, promotional, or informational materials provided to you by Webloyalty or any Webloyalty affiliate.

      13.    Documents concerning revenue you and Webloyalty received concerning the business relationship between you and Webloyalty, including, but not limited to, reports, analysis, spreadsheets, and bank statements showing any fund transfers.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN       DISTRICT OF      GEORGIA

In Re: Webloyalty.com, Inc. Marketing and Sales
Practices Litigation

**V.**

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1]   MDL 07-1820
Lead Case: 06-11620-JLT
District of Massachusetts

TO:    AMC Theaters
3500 Peachtree Road, N.E.
Atlanta, Georgia  30326

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached "Exhibit A"

| PLACE | DATE AND TIME |
|---|---|
| Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 120 E. Palmetto Park Road, Suite 500 Boca Raton, Florida 33432        Telephone: (561)750-3000; Facsimile: (561)750-3364 | By July 23, 2007 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  |  |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David J. George, Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 120 E. Palmetto Park Road, Suite 500
Boca Raton, Florida 33432        Telephone: (561)750-3000        Facsimile: (561)750-3364

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | June 22, 2007 | |
| | AMC Theaters | 3500 Peachtree Road, N.E., Atlanta, Georgia 30326 |

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|
| David J. George | Attorney | Certified Mail/Return Receipt Requested |

SERVED BY (PRINT NAME)    TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___June 22, 2007___
DATE

SIGNATURE OF SERVER

120 E. Palmetto Park Road, Suite 500

ADDRESS OF SERVER

Boca Raton, Florida 33432

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

### I.    DEFINITIONS

1.    "Webloyalty" means defendant Webloyalty.com, Inc. and its parent companies, predecessors, successors, divisions, subsidiaries, and officers, directors, employees, agents, or anyone acting or purporting to act on their behalf.

2.    "Subscription-Based Program(s)" means Webloyalty.com's web-based programs, including but not limited to: Reservation Rewards, Travel Values Plus, Buyer Assurance, Wallet Shield, Shopper Discounts & Rewards, and Distinct Privileges.

### II.    RELEVANT PERIOD

Unless otherwise stated in this request, the "Relevant Period" for all requests is from September 11, 2000 until such time as production of responsive pleadings is complete.

### III.    DOCUMENTS TO BE PRODUCED

1.    Copies of any and all contracts or agreements between you and Webloyalty or any Webloyalty affiliate.

2.    All documents evidencing any communications between you and Webloyalty or any Webloyalty affiliate.

3.    All documents which evidence, refer, or relate to any monies exchanged or revenues shared between you and Webloyalty or any Webloyalty affiliate.

4.    All documents concerning any study, review, analysis, survey, investigation, or estimation as to the redemption or participation rates by your customers of any discounts, coupons, rebates, "best price guarantees," "rewards," or other "benefits" made available from you to your customers by virtue of the customer's membership into any Webloyalty Subscription Based Program.

5.    All documents which evidence, refer, or relate to the means and manner in which you are able to identify your customers who have utilized or taken advantage of any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to the customer by virtue of the customer's membership into any Webloyalty Subscription Based Program (i.e., membership cards, member codes, member identification numbers, etc.).

6.    All documents sufficient to evidence the total number of your customers who, from 2002 to the present, have utilized or taken advantage of any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to the customer by virtue of the customer's membership into any Webloyalty Subscription Based Program.

7.    All documents sufficient to evidence the total monetary amount, beginning from 2002 to the present, of money saved, refunded or redeemed by your customers who have utilized or taken advantage of any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to a customer by virtue of the customer's membership into any Webloyalty Subscription Based Program.

8.    All documents which evidence, refer, or relate to the terms, conditions, guidelines, instructions, policies, and protocol surrounding any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to the customer by virtue of the customer's membership into any Webloyalty Subscription Based Program.

9.    All documents sufficient to evidence the total number of your customers who, from 2002 to the present, have purchased goods or services from you and used a rewards card, membership card, or member identification number associated with any Webloyalty Subscription Based Program, or who otherwise participated in any rewards or discount programs available to the customer by virtue of the customer's membership into any Webloyalty Subscription Based

Program.

      10.    All documents concerning any discounts, coupons, rebates, "best price guarantee," "rewards," or other "benefits" made available to your customers by virtue of your agreement and relationship with Webloyalty or any Webloyalty affiliate.

      11.    All documents concerning any complaint or dispute with Webloyalty or with any Webloyalty affiliate, or with any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available by virtue of your agreement and relationship with Webloyalty.

      12.    All marketing, promotional, or informational materials provided to you by Webloyalty or any Webloyalty affiliate.

      13.    Documents concerning revenue you and Webloyalty received concerning the business relationship between you and Webloyalty, including, but not limited to, reports, analysis, spreadsheets, and bank statements showing any fund transfers.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

NORTHERN ———————— DISTRICT OF ———————— OKLAHOMA

In Re: Webloyalty.com, Inc. Marketing and Sales
Practices Litigation

V.

### SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1]  MDL 07-1820
Lead Case: 06-11620-JLT
District of Massachusetts

TO:
Alamo Car Rental/National Car Rental
6929 North Lakewood Avenue
Suite 100
Tulsa, Oklahoma 74117-1808

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached "Exhibit A"

| PLACE | DATE AND TIME |
|---|---|
| Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 120 E. Palmetto Park Road, Suite 500 Boca Raton, Florida 33432          Telephone: (561)750-3000; Facsimile: (561)750-3364 | By July 23, 2007 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David J. George, Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 120 E. Palmetto Park Road, Suite 500
Boca Raton, Florida 33432          Telephone: (561)750-3000          Facsimile: (561)750-3364

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| | June 22, 2007 | |

| SERVED | | |
|---|---|---|
| | Alamo Car Rental/National Car Rental | 6929 North Lakewood Avenue, Suite 100, Tulsa, OK 74117-1808 |

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|
| David J. George | Attorney | Certified Mail/Return Receipt Requested |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____ June 22, 2007 _____
DATE

SIGNATURE OF SERVER

120 E. Palmetto Park Road, Suite 500

ADDRESS OF SERVER

Boca Raton, Florida 33432

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

### I.    DEFINITIONS

1.    "Webloyalty" means defendant Webloyalty.com, Inc. and its parent companies, predecessors, successors, divisions, subsidiaries, and officers, directors, employees, agents, or anyone acting or purporting to act on their behalf.

2.    "Subscription-Based Program(s)" means Webloyalty.com's web-based programs, including but not limited to: Reservation Rewards, Travel Values Plus, Buyer Assurance, Wallet Shield, Shopper Discounts & Rewards, and Distinct Privileges.

### II.    RELEVANT PERIOD

Unless otherwise stated in this request, the "Relevant Period" for all requests is from September 11, 2000 until such time as production of responsive pleadings is complete.

### III.    DOCUMENTS TO BE PRODUCED

1.    Copies of any and all contracts or agreements between you and Webloyalty or any Webloyalty affiliate.

2.    All documents evidencing any communications between you and Webloyalty or any Webloyalty affiliate.

3.    All documents which evidence, refer, or relate to any monies exchanged or revenues shared between you and Webloyalty or any Webloyalty affiliate.

4.    All documents concerning any study, review, analysis, survey, investigation, or estimation as to the redemption or participation rates by your customers of any discounts, coupons, rebates, "best price guarantees," "rewards," or other "benefits" made available from you to your customers by virtue of the customer's membership into any Webloyalty Subscription Based Program.

5.    All documents which evidence, refer, or relate to the means and manner in which you are able to identify your customers who have utilized or taken advantage of any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to the customer by virtue of the customer's membership into any Webloyalty Subscription Based Program (i.e., membership cards, member codes, member identification numbers, etc.).

6.    All documents sufficient to evidence the total number of your customers who, from 2002 to the present, have utilized or taken advantage of any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to the customer by virtue of the customer's membership into any Webloyalty Subscription Based Program.

7.    All documents sufficient to evidence the total monetary amount, beginning from 2002 to the present, of money saved, refunded or redeemed by your customers who have utilized or taken advantage of any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to a customer by virtue of the customer's membership into any Webloyalty Subscription Based Program.

8.    All documents which evidence, refer, or relate to the terms, conditions, guidelines, instructions, policies, and protocol surrounding any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to the customer by virtue of the customer's membership into any Webloyalty Subscription Based Program.

9.    All documents sufficient to evidence the total number of your customers who, from 2002 to the present, have purchased goods or services from you and used a rewards card, membership card, or member identification number associated with any Webloyalty Subscription Based Program, or who otherwise participated in any rewards or discount programs available to the customer by virtue of the customer's membership into any Webloyalty Subscription Based