# EXHIBIT C
# Part VIII

Dockets.Justia.com

Program.

10.  All documents concerning any discounts, coupons, rebates, "best price guarantee," "rewards," or other "benefits" made available to your customers by virtue of your agreement and relationship with Webloyalty or any Webloyalty affiliate.

11.  All documents concerning any complaint or dispute with Webloyalty or with any Webloyalty affiliate, or with any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available by virtue of your agreement and relationship with Webloyalty.

12.  All marketing, promotional, or informational materials provided to you by Webloyalty or any Webloyalty affiliate.

13.  Documents concerning revenue you and Webloyalty received concerning the business relationship between you and Webloyalty, including, but not limited to, reports, analysis, spreadsheets, and bank statements showing any fund transfers.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF ———— ARIZONA

In Re: Webloyalty.com, Inc. Marketing and Sales
Practices Litigation

V.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1]    MDL 07-1820
Lead Case: 06-11620-JLT
District of Massachusetts

TO:    US Airways
111 W. Rio Salado Parkway
Tempe, Arizona 85281

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached "Exhibit A"

| PLACE | DATE AND TIME |
|---|---|
| Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 120 E. Palmetto Park Road, Suite 500 Boca Raton, Florida 33432        Telephone: (561)750-3000; Facsimile: (561)750-3364 | By July 23, 2007 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  |  |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David J. George, Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 120 E. Palmetto Park Road, Suite 500
Boca Raton, Florida 33432        Telephone: (561)750-3000        Facsimile: (561)750-3364

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| | June 22, 2007 | |

| | SERVED |
|---|---|
| | US Airways    111 W. Rio Salado Parkway, Tempe, Arizona  85281 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE | |
|---|---|---|
| David J. George | Attorney | Certified Mail/Return Receipt Requested |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___June 22, 2007_____
                          DATE

SIGNATURE OF SERVER

120 E. Palmetto Park Road, Suite 500

ADDRESS OF SERVER

Boca Raton, Florida  33432

Rule 45. Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

### I.    DEFINITIONS

1.    "Webloyalty" means defendant Webloyalty.com, Inc. and its parent companies, predecessors, successors, divisions, subsidiaries, and officers, directors, employees, agents, or anyone acting or purporting to act on their behalf.

2.    "Subscription-Based Program(s)" means Webloyalty.com's web-based programs, including but not limited to: Reservation Rewards, Travel Values Plus, Buyer Assurance, Wallet Shield, Shopper Discounts & Rewards, and Distinct Privileges.

### II.    RELEVANT PERIOD

Unless otherwise stated in this request, the "Relevant Period" for all requests is from September 11, 2000 until such time as production of responsive pleadings is complete.

### III.    DOCUMENTS TO BE PRODUCED

1.    Copies of any and all contracts or agreements between you and Webloyalty or any Webloyalty affiliate.

2.    All documents evidencing any communications between you and Webloyalty or any Webloyalty affiliate.

3.    All documents which evidence, refer, or relate to any monies exchanged or revenues shared between you and Webloyalty or any Webloyalty affiliate.

4.    All documents concerning any study, review, analysis, survey, investigation, or estimation as to the redemption or participation rates by your customers of any discounts, coupons, rebates, "best price guarantees," "rewards," or other "benefits" made available from you to your customers by virtue of the customer's membership into any Webloyalty Subscription Based Program.

5.    All documents which evidence, refer, or relate to the means and manner in which you are able to identify your customers who have utilized or taken advantage of any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to the customer by virtue of the customer's membership into any Webloyalty Subscription Based Program (i.e., membership cards, member codes, member identification numbers, etc.).

6.    All documents sufficient to evidence the total number of your customers who, from 2002 to the present, have utilized or taken advantage of any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to the customer by virtue of the customer's membership into any Webloyalty Subscription Based Program.

7.    All documents sufficient to evidence the total monetary amount, beginning from 2002 to the present, of money saved, refunded or redeemed by your customers who have utilized or taken advantage of any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to a customer by virtue of the customer's membership into any Webloyalty Subscription Based Program.

8.    All documents which evidence, refer, or relate to the terms, conditions, guidelines, instructions, policies, and protocol surrounding any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available from you to the customer by virtue of the customer's membership into any Webloyalty Subscription Based Program.

9.    All documents sufficient to evidence the total number of your customers who, from 2002 to the present, have purchased goods or services from you and used a rewards card, membership card, or member identification number associated with any Webloyalty Subscription Based Program, or who otherwise participated in any rewards or discount programs available to the customer by virtue of the customer's membership into any Webloyalty Subscription Based

Program.

10.     All documents concerning any discounts, coupons, rebates, "best price guarantee," "rewards," or other "benefits" made available to your customers by virtue of your agreement and relationship with Webloyalty or any Webloyalty affiliate.

11.     All documents concerning any complaint or dispute with Webloyalty or with any Webloyalty affiliate, or with any discount, coupon, rebate, "best price guarantee," "reward" or other "benefit" available by virtue of your agreement and relationship with Webloyalty.

12.     All marketing, promotional, or informational materials provided to you by Webloyalty or any Webloyalty affiliate.

13.     Documents concerning revenue you and Webloyalty received concerning the business relationship between you and Webloyalty, including, but not limited to, reports, analysis, spreadsheets, and bank statements showing any fund transfers.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF ───── ARIZONA

In Re: Webloyalty.com, Inc. Marketing and Sales
Practices Litigation

**V.**

### SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1]  MDL 07-1820
Lead Case: 06-11620-JLT
District of Massachusetts

TO:
RipOffReport.com
Xcentric Ventures, LLC
2025 N. Third Street, Suite 200
Phoenix, Arizona 85004

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached "Exhibit A"

| PLACE | DATE AND TIME |
|---|---|
| Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 120 E. Palmetto Park Road, Suite 500 Boca Raton, Florida 33432      Telephone: (561)750-3000; Facsimile: (561)750-3364 | By July 23, 2007 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David J. George, Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 120 E. Palmetto Park Road, Suite 500
Boca Raton, Florida 33432      Telephone: (561)750-3000    Facsimile: (561)750-3364

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| | June 22, 2007 | |
| SERVED | RipOffReport.com/Xcentric Ventures, LLC | 2025 N. Third Street, Suite 200, Phoenix, Arizona  85004 |

SERVED ON (PRINT NAME)    MANNER OF SERVICE

| | | |
|---|---|---|
| David J. George | Attorney | Certified Mail/Return Receipt Requested |

SERVED BY (PRINT NAME)    TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____June 22, 2007_____
DATE

SIGNATURE OF SERVER

120 E. Palmetto Park Road, Suite 500

ADDRESS OF SERVER

Boca Raton, Florida  33432

## Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

### I.    DEFINITIONS

1.    "Webloyalty" means defendant Webloyalty.com, Inc. and its parent companies, predecessors, successors, divisions, subsidiaries, and officers, directors, employees, agents, or anyone acting or purporting to act on their behalf.

2.    "Subscription-Based Program(s)" means Webloyalty.com's web-based programs, including but not limited to: Reservation Rewards, Travel Values Plus, Buyer Assurance, Wallet Shield, Shopper Discounts & Rewards, and Distinct Privileges.

### II.    RELEVANT PERIOD

Unless otherwise stated in this request, the "Relevant Period" for all requests is from September 11, 2000 until such time as production of responsive pleadings is complete.

### III.    DOCUMENTS TO BE PRODUCED

1.    Copies of all consumer complaints you have received, whether posted online or not, concerning Subscription Based Programs offered by Webloyalty.

2.    Any documents you have obtained or received in your research/investigation of Webloyalty's practices which evidence, refer, or relate to the business practices, procedures, protocol, and online operations of Webloyalty or any of its online retail "partners."

3.    A listing by full name, address, telephone number, and email address of all individuals who have made or submitted to you, whether online, verbally, or in writing, a complaint, dispute, or concern about any Subscription Based Programs offered by Webloyalty.

4.    Copies of any communications you have had with Webloyalty.

5.    Copies of any communications you have had with any of Webloyalty's online retail "partners."

6.      Documents sufficient to identify all of Webloyalty's online retail "partners."

7.      All documents sufficient to evidence the total number of complaints you have received, whether posted online or not, concerning any Subscription Based Programs offered by Webloyalty.

8.      All documents concerning any lawsuits, arbitrations, or governmental investigations or enforcement actions (including Better Business Bureau investigations) that have been initiated against Webloyalty or any of its retail online "partners."

9.      Any documents you have provided or produced with respect to any legal proceeding, governmental investigation, enforcement action, Better Business Bureau investigation or inquiry, in response to a subpoena or any other request for information, concerning any Subscription Based Program offered by Webloyalty.

10.     All documents which evidence, refer, or relate to any third-party vendors or providers of any purported benefits made available through any Subscription Based Program offered by Webloyalty.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN ———————— DISTRICT OF ———————— ILLINOIS

In Re: Webloyalty.com, Inc. Marketing and Sales
Practices Litigation

V.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:[1]    MDL 07-1820
Lead Case: 06-11620-JLT
District of Massachusetts

TO:
Complaints.com
The John Hancock Center
875 N. Michigan Avenue, Suite 3100
Chicago, Illinois 60611-1962

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached "Exhibit A"

| PLACE | DATE AND TIME |
|---|---|
| Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 120 E. Palmetto Park Road, Suite 500 Boca Raton, Florida 33432    Telephone: (561)750-3000; Facsimile: (561)750-3364 | By July 23, 2007 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David J. George, Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 120 E. Palmetto Park Road, Suite 500
Boca Raton, Florida 33432    Telephone: (561)750-3000    Facsimile: (561)750-3364

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| June 22, 2007 | |

SERVED    Complaints.com   The John Hancock Center, 875 N. Michigan Avenue, Suite 3100, Chicago, IL  60611-1962

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
| David J. George        Attorney | Certified Mail/Return Receipt Requested |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____June 22, 2007____
DATE

SIGNATURE OF SERVER

120 E. Palmetto Park Road, Suite 500

ADDRESS OF SERVER

Boca Raton, Florida  33432

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

### I.    DEFINITIONS

1.    "Webloyalty" means defendant Webloyalty.com, Inc. and its parent companies, predecessors, successors, divisions, subsidiaries, and officers, directors, employees, agents, or anyone acting or purporting to act on their behalf.

2.    "Subscription-Based Program(s)" means Webloyalty.com's web-based programs, including but not limited to: Reservation Rewards, Travel Values Plus, Buyer Assurance, Wallet Shield, Shopper Discounts & Rewards, and Distinct Privileges.

### II.    RELEVANT PERIOD

Unless otherwise stated in this request, the "Relevant Period" for all requests is from September 11, 2000 until such time as production of responsive pleadings is complete.

### III.    DOCUMENTS TO BE PRODUCED

1.    Copies of all consumer complaints you have received, whether posted online or not, concerning Subscription Based Programs offered by Webloyalty.

2.    Any documents you have obtained or received in your research/investigation of Webloyalty's practices which evidence, refer, or relate to the business practices, procedures, protocol, and online operations of Webloyalty or any of its online retail "partners."

3.    A listing by full name, address, telephone number, and email address of all individuals who have made or submitted to you, whether online, verbally, or in writing, a complaint, dispute, or concern about any Subscription Based Programs offered by Webloyalty.

4.    Copies of any communications you have had with Webloyalty.

5.    Copies of any communications you have had with any of Webloyalty's online retail "partners."

6.    Documents sufficient to identify all of Webloyalty's online retail "partners."

7.    All documents sufficient to evidence the total number of complaints you have received, whether posted online or not, concerning any Subscription Based Programs offered by Webloyalty.

8.    All documents concerning any lawsuits, arbitrations, or governmental investigations or enforcement actions (including Better Business Bureau investigations) that have been initiated against Webloyalty or any of its retail online "partners."

9.    Any documents you have provided or produced with respect to any legal proceeding, governmental investigation, enforcement action, Better Business Bureau investigation or inquiry, in response to a subpoena or any other request for information, concerning any Subscription Based Program offered by Webloyalty.

10.    All documents which evidence, refer, or relate to any third-party vendors or providers of any purported benefits made available through any Subscription Based Program offered by Webloyalty.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

SOUTHERN                         DISTRICT OF                         NEW YORK

In Re: Webloyalty.com, Inc. Marketing and Sales
Practices Litigation
V.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1]    MDL 07-1820
Lead Case: 06-11620-JLT
District of Massachusetts

TO:  Consumerwebwatch.org
Consumers Union
101 Truman Avenue
Yonkers, New York  10703-1057

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached "Exhibit A"

| PLACE | DATE AND TIME |
|---|---|
| Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 120 E. Palmetto Park Road, Suite 500 Boca Raton, Florida  33432          Telephone:  (561)750-3000;  Facsimile:  (561)750-3364 | By July 23, 2007 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  |  |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David J. George, Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 120 E. Palmetto Park Road, Suite 500
Boca Raton, Florida  33432          Telephone:  (561)750-3000          Facsimile:  (561)750-3364

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| June 22, 2007 | |

SERVED

Consumerwebwatch.org   Consumers Union, 101 Truman Avenue, Yonkers, New York  10703-1057

SERVED ON (PRINT NAME)                                                    MANNER OF SERVICE

David J. George                     Attorney                    Certified Mail/Return Receipt Requested

SERVED BY (PRINT NAME)                                         TITLE

---

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    June 22, 2007

               DATE

SIGNATURE OF SERVER

120 E. Palmetto Park Road, Suite 500

ADDRESS OF SERVER

Boca Raton, Florida  33432

---

Rule 45. Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

### I.    DEFINITIONS

1.    "Webloyalty" means defendant Webloyalty.com, Inc. and its parent companies, predecessors, successors, divisions, subsidiaries, and officers, directors, employees, agents, or anyone acting or purporting to act on their behalf.

2.    "Subscription-Based Program(s)" means Webloyalty.com's web-based programs, including but not limited to: Reservation Rewards, Travel Values Plus, Buyer Assurance, Wallet Shield, Shopper Discounts & Rewards, and Distinct Privileges.

### II.    RELEVANT PERIOD

Unless otherwise stated in this request, the "Relevant Period" for all requests is from September 11, 2000 until such time as production of responsive pleadings is complete.

### III.    DOCUMENTS TO BE PRODUCED

1.    Copies of all consumer complaints you have received, whether posted online or not, concerning Subscription Based Programs offered by Webloyalty.

2.    Any documents you have obtained or received in your research/investigation of Webloyalty's practices which evidence, refer, or relate to the business practices, procedures, protocol, and online operations of Webloyalty or any of its online retail "partners."

3.    A listing by full name, address, telephone number, and email address of all individuals who have made or submitted to you, whether online, verbally, or in writing, a complaint, dispute, or concern about any Subscription Based Programs offered by Webloyalty.

4.    Copies of any communications you have had with Webloyalty.

5.    Copies of any communications you have had with any of Webloyalty's online retail "partners."

6.    Documents sufficient to identify all of Webloyalty's online retail "partners."

7.    All documents sufficient to evidence the total number of complaints you have received, whether posted online or not, concerning any Subscription Based Programs offered by Webloyalty.

8.    All documents concerning any lawsuits, arbitrations, or governmental investigations or enforcement actions (including Better Business Bureau investigations) that have been initiated against Webloyalty or any of its retail online "partners."

9.    Any documents you have provided or produced with respect to any legal proceeding, governmental investigation, enforcement action, Better Business Bureau investigation or inquiry, in response to a subpoena or any other request for information, concerning any Subscription Based Program offered by Webloyalty.

10.    All documents which evidence, refer, or relate to any third-party vendors or providers of any purported benefits made available through any Subscription Based Program offered by Webloyalty.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL         CALIFORNIA
————————————— DISTRICT OF —————————————

In Re: Webloyalty.com, Inc. Marketing and Sales
Practices Litigation

               **V.**

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1]   MDL 07-1820
                    Lead Case: 06-11620-JLT
                    District of Massachusetts

TO:   Consumer Affairs
11400 West Olympic Boulevard
Suite 200
Los Angeles, California  90064

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |
|  | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached "Exhibit A"

| PLACE | DATE AND TIME |
|---|---|
| Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 120 E. Palmetto Park Road, Suite 500 Boca Raton, Florida  33432      Telephone: (561)750-3000; Facsimile: (561)750-3364 | By July 23, 2007 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David J. George, Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 120 E. Palmetto Park Road, Suite 500
Boca Raton, Florida  33432      Telephone: (561)750-3000      Facsimile: (561)750-3364

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| | June 22, 2007 | |

SERVED     Consumer Affairs                11400 West Olympic Boulevard, Suite 200, Los Angeles, CA  90064

SERVED ON (PRINT NAME)                                        MANNER OF SERVICE

David J. George                    Attorney              Certified Mail/Return Receipt Requested

SERVED BY (PRINT NAME)                                  TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____June 22, 2007_____
                              DATE

                                                    SIGNATURE OF SERVER

                                                    120 E. Palmetto Park Road, Suite 500

                                                    ADDRESS OF SERVER

                                                    Boca Raton, Florida  33432

Rule 45. Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

### I.    DEFINITIONS

1.    "Webloyalty" means defendant Webloyalty.com, Inc. and its parent companies, predecessors, successors, divisions, subsidiaries, and officers, directors, employees, agents, or anyone acting or purporting to act on their behalf.

2.    "Subscription-Based Program(s)" means Webloyalty.com's web-based programs, including but not limited to: Reservation Rewards, Travel Values Plus, Buyer Assurance, Wallet Shield, Shopper Discounts & Rewards, and Distinct Privileges.

### II.    RELEVANT PERIOD

Unless otherwise stated in this request, the "Relevant Period" for all requests is from September 11, 2000 until such time as production of responsive pleadings is complete.

### III.    DOCUMENTS TO BE PRODUCED

1.    Copies of all consumer complaints you have received, whether posted online or not, concerning Subscription Based Programs offered by Webloyalty.

2.    Any documents you have obtained or received in your research/investigation of Webloyalty's practices which evidence, refer, or relate to the business practices, procedures, protocol, and online operations of Webloyalty or any of its online retail "partners."

3.    A listing by full name, address, telephone number, and email address of all individuals who have made or submitted to you, whether online, verbally, or in writing, a complaint, dispute, or concern about any Subscription Based Programs offered by Webloyalty.

4.    Copies of any communications you have had with Webloyalty.

5.    Copies of any communications you have had with any of Webloyalty's online retail "partners."

6.      Documents sufficient to identify all of Webloyalty's online retail "partners."

7.      All documents sufficient to evidence the total number of complaints you have received, whether posted online or not, concerning any Subscription Based Programs offered by Webloyalty.

8.      All documents concerning any lawsuits, arbitrations, or governmental investigations or enforcement actions (including Better Business Bureau investigations) that have been initiated against Webloyalty or any of its retail online "partners."

9.      Any documents you have provided or produced with respect to any legal proceeding, governmental investigation, enforcement action, Better Business Bureau investigation or inquiry, in response to a subpoena or any other request for information, concerning any Subscription Based Program offered by Webloyalty.

10.     All documents which evidence, refer, or relate to any third-party vendors or providers of any purported benefits made available through any Subscription Based Program offered by Webloyalty.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF ———— MASSACHUSETTS

In Re: Webloyalty.com, Inc. Marketing and Sales
Practices Litigation

V.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1]    MDL 07-1820
Lead Case: 06-11620-JLT
District of Massachusetts

TO:
Adam Kessel
36 Taft Hill Terrace
Roslindale, Massachusetts  02131

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached "Exhibit A"

| PLACE<br>Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 120 E. Palmetto Park Road, Suite 500<br>Boca Raton, Florida  33432          Telephone: (561)750-3000; Facsimile: (561)750-3364 | DATE AND TIME<br>By July 23, 2007 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  |  |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>David J. George, Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 120 E. Palmetto Park Road, Suite 500<br>Boca Raton, Florida  33432          Telephone: (561)750-3000     Facsimile: (561)750-3364 |
|---|

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| | June 22, 2007 | |

**SERVED**
Adam Kessel                                36 Taft Hill Terrace, Roslindale, Massachusetts  02131

SERVED ON (PRINT NAME)                                MANNER OF SERVICE

David J. George                Attorney                Certified Mail/Return Receipt Requested

SERVED BY (PRINT NAME)                                TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___June 22, 2007___
                        DATE

SIGNATURE OF SERVER

120 E. Palmetto Park Road, Suite 500

ADDRESS OF SERVER

Boca Raton, Florida  33432

---

Rule 45. Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

### I.    DEFINITIONS

1.    "Webloyalty" means defendant Webloyalty.com, Inc. and its parent companies, predecessors, successors, divisions, subsidiaries, and officers, directors, employees, agents, or anyone acting or purporting to act on their behalf.

2.    "Subscription-Based Program(s)" means Webloyalty.com's web-based programs, including but not limited to: Reservation Rewards, Travel Values Plus, Buyer Assurance, Wallet Shield, Shopper Discounts & Rewards, and Distinct Privileges.

### II.    RELEVANT PERIOD

Unless otherwise stated in this request, the "Relevant Period" for all requests is from September 11, 2000 until such time as production of responsive pleadings is complete.

### III.    DOCUMENTS TO BE PRODUCED

1.    Copies of all consumer complaints you have received, whether posted online or not, concerning Subscription Based Programs offered by Webloyalty.

2.    Any documents you have obtained or received in your research/investigation of Webloyalty's practices which evidence, refer, or relate to the business practices, procedures, protocol, and online operations of Webloyalty or any of its online retail "partners."

3.    A listing by full name, address, telephone number, and email address of all individuals who have made or submitted to you, whether online, verbally, or in writing, a complaint, dispute, or concern about any Subscription Based Programs offered by Webloyalty.

4.    Copies of any communications you have had with Webloyalty.

5.    Copies of any communications you have had with any of Webloyalty's online retail "partners."