# EXHIBIT C
# Part X

Dockets.Justia.com

## EXHIBIT A

### I.    DEFINITIONS

1.      "Webloyalty" means defendant Webloyalty.com, Inc. and its parent companies, predecessors, successors, divisions, subsidiaries, and officers, directors, employees, agents, or anyone acting or purporting to act on their behalf.

2.      "Subscription-Based Program(s)" means Webloyalty.com's web-based programs, including but not limited to: Reservation Rewards, Travel Values Plus, Buyer Assurance, Wallet Shield, Shopper Discounts & Rewards, and Distinct Privileges.

### II.    RELEVANT PERIOD

Unless otherwise stated in this request, the "Relevant Period" for all requests is from September 11, 2000 until such time as production of responsive pleadings is complete.

### III.    DOCUMENTS TO BE PRODUCED

1.      All documents evidencing any contracts or agreement between you and Webloyalty.

2.      All documents evidencing any communications between you and Webloyalty.

3.      All documents concerning the termination or severance of your business relationship with Webloyalty.

4.      All documents evidencing the reasons or basis for the termination or severance of your business relationship with Webloyalty.

5.      All documents which evidence, refer, or relate to any complaints communicated to you, whether verbally or in writing, concerning any Subscription Based Program offered by Webloyalty.

6.      All documents which evidence, refer, or relate to any complaints, disputes, or concerns any of your customers have had with Webloyalty or any charges from Webloyalty,

including charges for any Subscription Based Programs offered by Webloyalty.

7.    All documents which evidence, refer, or relate to any charge backs or refunds made to the accounts of any of your customers for charges or debits assessed by Webloyalty, including charges for any Subscription Based Programs offered by Webloyalty.

8.    All documents sufficient to evidence the number of charge backs or refunds you have issued to any of your customers for charges or debits assessed by Webloyalty, including charges for any Subscription Based Programs offered by Webloyalty.

9.    All documents sufficient to evidence the total number of complaints communicated to you concerning Webloyalty.

10.    All documents which evidence, refer, or relate to any communications received by you (including but not limited to complaint records) which concern charges for Subscription Based Programs offered by Webloyalty without the knowledge, permission or consent of the consumer.

11.    All documents concerning any monies refunded by you or Webloyalty to any purchaser of any Subscription Based Program offered at any time through your Website (define "Website").

12.    All documents concerning the cancellation of any membership (including total amount of cancellations) in any of Webloyalty's Subscription Based Programs offered at any time through your Website.

13.    Any and all marketing materials provided to you by Webloyalty.

14.    All documents evidencing content posted at any time on your website concerning any Subscription Based Program offered by Webloyalty.

15.    All reports, spreadsheets or other compilation concerning complaints received by you about the marketing or sale of any Subscription Based Program offered at any time through

your website.

16.    All documents which evidence, refer, or relate to any disputes between you and any merchant or service provider concerning any Subscription Based Programs offered by Webloyalty.

17.    All documents which evidence, refer, or relate to any communications between you and Webloyalty addressing complaints received from your customers about Webloyalty, including, but not limited to, spreadsheets and emails sent by you to Webloyalty.

18.    All documents sufficient to identify the number of consumers who redeemed any "Cash Back Reward" offered through your website.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

EASTERN _____ DISTRICT OF _____ NEW YORK

In Re: Webloyalty.com, Inc. Marketing and Sales
Practices Litigation

V.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1]    MDL 07-1820
Lead Case: 06-11620-JLT
District of Massachusetts

TO:
1800Flowers
One Old Country Road
Suite 500
Carle Place, New York  11514

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

See attached "Exhibit A"

| PLACE<br>Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 120 E. Palmetto Park Road, Suite 500<br>Boca Raton, Florida  33432          Telephone: (561)750-3000; Facsimile: (561)750-3364 | DATE AND TIME<br>By July 23, 2007 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more
officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each
person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  |  |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David J. George, Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 120 E. Palmetto Park Road, Suite 500
Boca Raton, Florida  33432          Telephone: (561)750-3000     Facsimile: (561)750-3364

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| June 22, 2007 | |

| SERVED | |
|--------|--|
| 1800Flowers | One Old Country Road, Suite 500, Carle Place, New York  11514 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
| David J. George | Attorney | Certified Mail/Return Receipt Requested |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___June 22, 2007___
                    DATE

SIGNATURE OF SERVER

120 E. Palmetto Park Road, Suite 500

ADDRESS OF SERVER

Boca Raton, Florida  33432

---

Rule 45. Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

### I.     DEFINITIONS

1.     "Webloyalty" means defendant Webloyalty.com, Inc. and its parent companies, predecessors, successors, divisions, subsidiaries, and officers, directors, employees, agents, or anyone acting or purporting to act on their behalf.

2.     "Subscription-Based Program(s)" means Webloyalty.com's web-based programs, including but not limited to: Reservation Rewards, Travel Values Plus, Buyer Assurance, Wallet Shield, Shopper Discounts & Rewards, and Distinct Privileges.

### II.     RELEVANT PERIOD

Unless otherwise stated in this request, the "Relevant Period" for all requests is from September 11, 2000 until such time as production of responsive pleadings is complete.

### III.     DOCUMENTS TO BE PRODUCED

1.     All documents evidencing any contracts or agreement between you and Webloyalty.

2.     All documents evidencing any communications between you and Webloyalty.

3.     All documents concerning the termination or severance of your business relationship with Webloyalty.

4.     All documents evidencing the reasons or basis for the termination or severance of your business relationship with Webloyalty.

5.     All documents which evidence, refer, or relate to any complaints communicated to you, whether verbally or in writing, concerning any Subscription Based Program offered by Webloyalty.

6.     All documents which evidence, refer, or relate to any complaints, disputes, or concerns any of your customers have had with Webloyalty or any charges from Webloyalty,

including charges for any Subscription Based Programs offered by Webloyalty.

7.    All documents which evidence, refer, or relate to any charge backs or refunds made to the accounts of any of your customers for charges or debits assessed by Webloyalty, including charges for any Subscription Based Programs offered by Webloyalty.

8.    All documents sufficient to evidence the number of charge backs or refunds you have issued to any of your customers for charges or debits assessed by Webloyalty, including charges for any Subscription Based Programs offered by Webloyalty.

9.    All documents sufficient to evidence the total number of complaints communicated to you concerning Webloyalty.

10.    All documents which evidence, refer, or relate to any communications received by you (including but not limited to complaint records) which concern charges for Subscription Based Programs offered by Webloyalty without the knowledge, permission or consent of the consumer.

11.    All documents concerning any monies refunded by you or Webloyalty to any purchaser of any Subscription Based Program offered at any time through your Website (define "Website").

12.    All documents concerning the cancellation of any membership (including total amount of cancellations) in any of Webloyalty's Subscription Based Programs offered at any time through your Website.

13.    Any and all marketing materials provided to you by Webloyalty.

14.    All documents evidencing content posted at any time on your website concerning any Subscription Based Program offered by Webloyalty.

15.    All reports, spreadsheets or other compilation concerning complaints received by you about the marketing or sale of any Subscription Based Program offered at any time through

your website.

16.    All documents which evidence, refer, or relate to any disputes between you and any merchant or service provider concerning any Subscription Based Programs offered by Webloyalty.

17.    All documents which evidence, refer, or relate to any communications between you and Webloyalty addressing complaints received from your customers about Webloyalty, including, but not limited to, spreadsheets and emails sent by you to Webloyalty.

18.    All documents sufficient to identify the number of consumers who redeemed any "Cash Back Reward" offered through your website.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN ———————————————— ILLINOIS
————————————— DISTRICT OF ——————————

In Re: Webloyalty.com, Inc. Marketing and Sales
Practices Litigation

V.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1]    MDL 07-1820
                   Lead Case: 06-11620-JLT
                   District of Massachusetts

TO:    FTD
       3113 Woodcreek Drive
       Downers Grove, Illinois  60515

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached "Exhibit A"

| PLACE | DATE AND TIME |
|---|---|
| Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 120 E. Palmetto Park Road, Suite 500 Boca Raton, Florida  33432          Telephone:  (561)750-3000; Facsimile:  (561)750-3364 | By July 23, 2007 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  |  |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David J. George, Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 120 E. Palmetto Park Road, Suite 500
Boca Raton, Florida  33432          Telephone:  (561)750-3000          Facsimile:  (561)750-3364

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| | June 22, 2007 | |

| SERVED | | |
|---|---|---|
| FTD | | 3113 Woodcreek Drive, Downers Grove, Illinois 60515 |

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|
| David J. George | Attorney | Certified Mail/Return Receipt Requested |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____June 22, 2007_____
                        DATE

SIGNATURE OF SERVER

120 E. Palmetto Park Road, Suite 500

ADDRESS OF SERVER

Boca Raton, Florida 33432

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

### I.    DEFINITIONS

1.    "Webloyalty" means defendant Webloyalty.com, Inc. and its parent companies, predecessors, successors, divisions, subsidiaries, and officers, directors, employees, agents, or anyone acting or purporting to act on their behalf.

2.    "Subscription-Based Program(s)" means Webloyalty.com's web-based programs, including but not limited to: Reservation Rewards, Travel Values Plus, Buyer Assurance, Wallet Shield, Shopper Discounts & Rewards, and Distinct Privileges.

### II.    RELEVANT PERIOD

Unless otherwise stated in this request, the "Relevant Period" for all requests is from September 11, 2000 until such time as production of responsive pleadings is complete.

### III.    DOCUMENTS TO BE PRODUCED

1.    All documents evidencing any contracts or agreement between you and Webloyalty.

2.    All documents evidencing any communications between you and Webloyalty.

3.    All documents concerning the termination or severance of your business relationship with Webloyalty.

4.    All documents evidencing the reasons or basis for the termination or severance of your business relationship with Webloyalty.

5.    All documents which evidence, refer, or relate to any complaints communicated to you, whether verbally or in writing, concerning any Subscription Based Program offered by Webloyalty.

6.    All documents which evidence, refer, or relate to any complaints, disputes, or concerns any of your customers have had with Webloyalty or any charges from Webloyalty,

including charges for any Subscription Based Programs offered by Webloyalty.

7.    All documents which evidence, refer, or relate to any charge backs or refunds made to the accounts of any of your customers for charges or debits assessed by Webloyalty, including charges for any Subscription Based Programs offered by Webloyalty.

8.    All documents sufficient to evidence the number of charge backs or refunds you have issued to any of your customers for charges or debits assessed by Webloyalty, including charges for any Subscription Based Programs offered by Webloyalty.

9.    All documents sufficient to evidence the total number of complaints communicated to you concerning Webloyalty.

10.    All documents which evidence, refer, or relate to any communications received by you (including but not limited to complaint records) which concern charges for Subscription Based Programs offered by Webloyalty without the knowledge, permission or consent of the consumer.

11.    All documents concerning any monies refunded by you or Webloyalty to any purchaser of any Subscription Based Program offered at any time through your Website (define "Website").

12.    All documents concerning the cancellation of any membership (including total amount of cancellations) in any of Webloyalty's Subscription Based Programs offered at any time through your Website.

13.    Any and all marketing materials provided to you by Webloyalty.

14.    All documents evidencing content posted at any time on your website concerning any Subscription Based Program offered by Webloyalty.

15.    All reports, spreadsheets or other compilation concerning complaints received by you about the marketing or sale of any Subscription Based Program offered at any time through

your website.

16.     All documents which evidence, refer, or relate to any disputes between you and any merchant or service provider concerning any Subscription Based Programs offered by Webloyalty.

17.     All documents which evidence, refer, or relate to any communications between you and Webloyalty addressing complaints received from your customers about Webloyalty, including, but not limited to, spreadsheets and emails sent by you to Webloyalty.

18.     All documents sufficient to identify the number of consumers who redeemed any "Cash Back Reward" offered through your website.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the
# UNITED STATES DISTRICT COURT

WESTERN — DISTRICT OF — WASHINGTON

In Re: Webloyalty.com, Inc. Marketing and Sales
Practices Litigation

**V.**

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]  MDL 07-1820
Lead Case: 06-11620-JLT
District of Massachusetts

TO: Classmates Online, Inc.
2001 Lind Avenue S.W.
Suite 500
Renton, Washington 98055

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached "Exhibit A"

| PLACE<br>Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 120 E. Palmetto Park Road, Suite 500<br>Boca Raton, Florida 33432          Telephone: (561)750-3000; Facsimile: (561)750-3364 | DATE AND TIME<br>By July 23, 2007 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  |  |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David J. George, Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 120 E. Palmetto Park Road, Suite 500
Boca Raton, Florida 33432          Telephone: (561)750-3000          Facsimile: (561)750-3364

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | June 22, 2007 | |
| | Classmates Online, Inc. | 2001 Lind Avenue S.W., Suite 500, Renton, Washington 98055 |

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|
| David J. George | Attorney | Certified Mail/Return Receipt Requested |

SERVED BY (PRINT NAME)                                TITLE

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___June 22, 2007___
                    DATE

SIGNATURE OF SERVER

120 E. Palmetto Park Road, Suite 500

ADDRESS OF SERVER

Boca Raton, Florida 33432

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

### I.    DEFINITIONS

1.    "Webloyalty" means defendant Webloyalty.com, Inc. and its parent companies, predecessors, successors, divisions, subsidiaries, and officers, directors, employees, agents, or anyone acting or purporting to act on their behalf.

2.    "Subscription-Based Program(s)" means Webloyalty.com's web-based programs, including but not limited to: Reservation Rewards, Travel Values Plus, Buyer Assurance, Wallet Shield, Shopper Discounts & Rewards, and Distinct Privileges.

### II.    RELEVANT PERIOD

Unless otherwise stated in this request, the "Relevant Period" for all requests is from September 11, 2000 until such time as production of responsive pleadings is complete.

### III.    DOCUMENTS TO BE PRODUCED

1.    All documents evidencing any contracts or agreement between you and Webloyalty.

2.    All documents evidencing any communications between you and Webloyalty.

3.    All documents concerning the termination or severance of your business relationship with Webloyalty.

4.    All documents evidencing the reasons or basis for the termination or severance of your business relationship with Webloyalty.

5.    All documents which evidence, refer, or relate to any complaints communicated to you, whether verbally or in writing, concerning any Subscription Based Program offered by Webloyalty.

6.    All documents which evidence, refer, or relate to any complaints, disputes, or concerns any of your customers have had with Webloyalty or any charges from Webloyalty,

including charges for any Subscription Based Programs offered by Webloyalty.

7.     All documents which evidence, refer, or relate to any charge backs or refunds made to the accounts of any of your customers for charges or debits assessed by Webloyalty, including charges for any Subscription Based Programs offered by Webloyalty.

8.     All documents sufficient to evidence the number of charge backs or refunds you have issued to any of your customers for charges or debits assessed by Webloyalty, including charges for any Subscription Based Programs offered by Webloyalty.

9.     All documents sufficient to evidence the total number of complaints communicated to you concerning Webloyalty.

10.     All documents which evidence, refer, or relate to any communications received by you (including but not limited to complaint records) which concern charges for Subscription Based Programs offered by Webloyalty without the knowledge, permission or consent of the consumer.

11.     All documents concerning any monies refunded by you or Webloyalty to any purchaser of any Subscription Based Program offered at any time through your Website (define "Website").

12.     All documents concerning the cancellation of any membership (including total amount of cancellations) in any of Webloyalty's Subscription Based Programs offered at any time through your Website.

13.     Any and all marketing materials provided to you by Webloyalty.

14.     All documents evidencing content posted at any time on your website concerning any Subscription Based Program offered by Webloyalty.

15.     All reports, spreadsheets or other compilation concerning complaints received by you about the marketing or sale of any Subscription Based Program offered at any time through

your website.

16.    All documents which evidence, refer, or relate to any disputes between you and any merchant or service provider concerning any Subscription Based Programs offered by Webloyalty.

17.    All documents which evidence, refer, or relate to any communications between you and Webloyalty addressing complaints received from your customers about Webloyalty, including, but not limited to, spreadsheets and emails sent by you to Webloyalty.

18.    All documents sufficient to identify the number of consumers who redeemed any "Cash Back Reward" offered through your website.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

CENTRAL —————————— DISTRICT OF ————— CALIFORNIA

In Re: Webloyalty.com, Inc. Marketing and Sales
Practices Litigation

V.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1]   MDL 07-1820
Lead Case: 06-11620-JLT
District of Massachusetts

TO:   Experian
475 Anton Boulevard
Costa Mesa, California 92626

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

See attached "Exhibit A"

| PLACE<br>Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 120 E. Palmetto Park Road, Suite 500<br>Boca Raton, Florida 33432         Telephone: (561)750-3000; Facsimile: (561)750-3364 | DATE AND TIME<br>By July 23, 2007 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more
officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each
person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David J. George, Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 120 E. Palmetto Park Road, Suite 500
Boca Raton, Florida 33432      Telephone: (561)750-3000      Facsimile: (561)750-3364

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
[1]  If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | June 22, 2007 | |
| Experian | | 475 Anton Boulevard, Costa Mesa, California 92626 |

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|
| David J. George | Attorney | Certified Mail/Return Receipt Requested |

| SERVED BY (PRINT NAME) | | TITLE |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____June 22, 2007_____
                              DATE

SIGNATURE OF SERVER

120 E. Palmetto Park Road, Suite 500

ADDRESS OF SERVER

Boca Raton, Florida  33432

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

### I.    DEFINITIONS

1.    "Webloyalty" means defendant Webloyalty.com, Inc. and its parent companies, predecessors, successors, divisions, subsidiaries, and officers, directors, employees, agents, or anyone acting or purporting to act on their behalf.

2.    "Subscription-Based Program(s)" means Webloyalty.com's web-based programs, including but not limited to: Reservation Rewards, Travel Values Plus, Buyer Assurance, Wallet Shield, Shopper Discounts & Rewards, and Distinct Privileges.

### II.    RELEVANT PERIOD

Unless otherwise stated in this request, the "Relevant Period" for all requests is from September 11, 2000 until such time as production of responsive pleadings is complete.

### III.    DOCUMENTS TO BE PRODUCED

1.    Copies of any and all contracts or agreements between you and Webloyalty or any Webloyalty affiliates.

2.    All documents evidencing any communications between you and Webloyalty or any Webloyalty affiliate.

3.    All documents which evidence, refer, or relate to any monies exchanged or revenues shared between you and Webloyalty or any Webloyalty affiliate.

4.    All documents concerning your services which are made available to individuals by virtue of your agreement and relationship with Webloyalty or any Webloyalty affiliate.

5.    All documents concerning revenue you received concerning the business relationship between you and Webloyalty.

6.    All marketing, promotional, or informational materials provided to you by

Webloyalty or any Webloyalty affiliate.