UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: WEBLOYALTY.COM, INC. MARKETING AND SALES PRACTICES LITIGATION | MDL 07-01820<br><br>Lead Case: 06-11620-JLT |

# DECLARATION OF DAVID J. GEORGE MADE IN SUPPORT OF PLAINTIFFS' MOTION FOR RULE 56(F) DISCOVERY

Pursuant to 28 U.S.C. § 1746, I, David J. George, have personal knowledge of the facts stated below, and hereby declare under penalty of perjury that the following declaration is true and correct:

1.      My name is David J. George.

2.      I am over twenty-one years of age, and am fully competent to make the statements contained in this Declaration.

3.      I am a Partner with the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") working out of our firm's Boca Raton, Florida office. I am an attorney licensed to practice law in the State of Florida. I am also admitted to practice in the U.S. District Courts for the Southern District of Florida, the Middle District of Florida, and the Northern District of Florida, as well as the U.S. Court of Appeals for the First and Fifth Circuits. I have practiced law for sixteen years and I am AV rated by Martindale-Hubbell. I have been admitted in this case *pro*

*hac vice* by order dated October 4, 2006. I am co-counsel for the Plaintiffs Joe Kuefler, Monica Staaf, Kim Crouse, and Alcides Melo (collectively, "Plaintiffs").

4. I believe that Plaintiffs have filed their Rule 56(f) motion in a timely manner. Defendants filed their Motion for Summary Judgment on July 20, 2007; a little more than two weeks before the Plaintiffs filed their Rule 56(f) motion. In fact, the Special Master specifically ordered the Plaintiffs to file their Rule 56(f) motion by August 1, 2007.

5. Since this case was just recently consolidated, no discovery was taken prior to the filing of the Motion for Summary Judgment. As a result, I believe that there is good cause for the Plaintiffs not having yet obtained discovery to oppose the Motion for Summary Judgment. Indeed, the parties have not even had a Rule 16.1 Scheduling Conference which is scheduled to be held before the Special Master on August 21, 2007, to establish a discovery timeline.

6. Because the case raises numerous complex issues of fact and law regarding Defendants' wide-ranging sales and marketing scam, Plaintiffs request broad and comprehensive (yet directly relevant and critical) discovery both in connection with Defendants' Motion for Summary Judgment and the issue of class certification.

7. Plaintiffs have attached to their Rule 56(f) motion all of the discovery requests and third-party subpoenas they propose to serve, as well as a list of deponents they want to depose. Plaintiffs believe that all of this discovery is certainly appropriate and, in fact, necessary to properly respond to Defendants' Motion for Summary Judgment and to make a sufficient showing that class certification in this case should be granted. *See* Rule 56(f) Motion, Exs. C-D. The evidence that I expect to be obtained by this requested discovery is relevant and essential to filing an opposition to the Defendants' Motion for Summary Judgment and I believe that it will substantially influence the Court's decision on the merits of the Motion for Summary Judgment. I believe that the evidence

will also support Plaintiffs' contention that the Court should certify this action as a class action pursuant to Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

8.  The proposed depositions of representatives of the Defendants, as well as various third-party witnesses, we believe, will lead to the discovery of critical information concerning Webloyalty's web retailer business agreements, its computer integration systems, customer complaints, membership cancellations (and reasons behind the cancellations), the use by consumers of membership benefits and other related issues all of which are directly relevant to Defendants' purported basis for summary judgment. Indeed, all of the evidence obtained will be offered by Plaintiffs both in support of the prosecution of their claims and in opposition to Defendants' anticipated affirmative defenses. We expect to be able to use this substantial evidence in opposition to the Motion for Summary Judgment.

9.  More specifically, we believe that the discoverable information will show that the purported "disclosures" that Defendants claim to have made even if ever actually provided to consumers, are useless and legally insufficient to create "consent" to the Defendants' scheme. This evidence would, in my opinion, be material to the Court's determination of the factual and legal sufficiency of Defendants' alleged "disclosures."

10. The factual information that could be obtained from all of the individuals whom Plaintiffs seek to depose is specifically relevant to the issues raised in Defendants' Motion for Summary Judgment, especially concerning their computer systems, their claimed disclosures, their policies and procedures regarding customer complaints, and their knowledge that consumers are being duped into so-called "memberships" in their programs. The discoverable facts that will be obtained from these witnesses will, in my opinion, demonstrate the existence of numerous genuine issues of material fact, thus rendering summary judgment inappropriate.

11. The documents that are being requested are also aimed at procuring relevant information that is critical to Plaintiffs' ability to effectively oppose the Defendants' Motion for Summary Judgment. By simply comparing the factual assertions of the Consolidated Complaint with the computer screens and disclosures the Defendants claim Plaintiffs and anyone being enrolled in any of Webloyalty's membership programs saw, it is clear there is a vast discrepancy in the facts at this early stage in the litigation. Thus, the documents that we seek to obtain are designed to elicit facts that we expect will tend to refute the Defendants' proffered basis for summary judgment, and also directly, effectively and substantially contradict Defendants' positions.

12. Defendants would limit discovery in this case solely to the individual transactions undertaken by the named Plaintiffs, and the documents Defendants say Plaintiffs received (which Plaintiffs dispute) and would further cherry-pick other documents and deponents of their choosing that they have unilaterally decided would be sufficient for Plaintiffs to affectively respond to the Motion for Summary Judgment. However, Defendants and their counsel do not represent Plaintiffs and should not be permitted to dictate how Plaintiffs prosecute their case. Plaintiffs have alleged that Defendants uniformly perpetrate a class-wide, far-reaching scam designed to bilk consumers out of hundreds of millions of dollars. This is a class action, not an individual case, and Plaintiffs are entitled to prosecute it as such.

13. Given the fact that Defendants' Motion for Summary Judgment has been filed so early in the case and Plaintiffs have not been given any meaningful opportunity to take discovery, Plaintiffs will be severely prejudiced without the discovery attached to the Rule 56(f) Motion.

- 5 -

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

**FURTHER DECLARANT SAYETH NAUGHT**

Dated: This 1st day of August, 2007.      *<u>/s David J. George</u>*
                                                                                 David J. George

- 6 -

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 1, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                    */s David J. George*
                                    David J. George

I:\Webloyalty Consolidated\DECL of DJG in Support of Rule 56(f) Motion FINAL.doc

# Mailing Information for a Case 1:06-cv-11620-JLT

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ethan J. Brown**
  ethan.brown@lw.com
- **Stuart A. Davidson**
  sdavidson@lerachlaw.com,e_file_fl@lerachlaw.com
- **Andrew J. Garcia**
  agarcia@phillipsgarcia.com,info@phillipsgarcia.com,dmedeiros@phillipsgarcia.com
- **David J. George**
  dgeorge@lerachlaw.com,e_file_fl@lerachlaw.com
- **Eric A. Lee**
  lee@leeamlaw.com,leeamlawecf@gmail.com,zallen@leeamlaw.com
- **Joan S. Mitrou**
  Joan.Mitrou@wilmerhale.com
- **Carlin J Phillips**
  cphillips@phillipsgarcia.com,info@phillipsgarcia.com,dmedeiros@phillipsgarcia.com
- **John J. Regan**
  john.regan@wilmerhale.com
- **Mark J. Tamblyn**
  mjt@wtwlaw.us
- **Kenneth A. Wexler**
  kaw@wtwlaw.us,ecf@wtwlaw.us,ehs@wtwlaw.us,amn@wtwlaw.us
- **Gabrielle R. Wolohojian**
  gabrielle.wolohojian@wilmerhale.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
C. Nichole Gifford
Rothwell, Figg, Ernst & Manbeck, P.C.
Suite 800
1425 K Street, N.W.
Washington, DC 20005
```

- 8 -

**Michael L. Greenwald**

Lerach Coughlin Stoia Geller Rudman & Robbins LLP

Suite 500

120 E. Palmetto Park Road

Boca Raton, FL 33432

**Steven Lieberman**

Rothwell, Figg, Ernst & Manbeck

1425 K Street, N.W.

Suite 800

Washington, DC 20005

**Mark R. Miller**

Wexler, Toriseva, Wallace

One North LaSalle Street

Suite 2000

Chicago, IL 60602

**Anne M. Sterba**

Rothwell, Figg, Ernst & Manbeck

1425 K Street, N.W.

Suite 800

Washington, DC 20005

**Nathan L. Walker**

Wilmer, Cutler, Pickering, Hale & Dorr

1117 California Ave.

Palo Alto, CA 94304