## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE WEBLOYALTY.COM, INC. MARKETING AND SALES PRACTICES LITIGATION | MDL No. 07-01820 - JLT<br><br>Lead Case: 06-11620-JLT |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RULE 56(f) DISCOVERY

### <u>INTRODUCTION</u>

Rule 56(f) is not a vehicle for obtaining boundless discovery concerning all aspects of a case. Instead, the Rule is explicitly limited to discovery that is "essential to justify the party's opposition" to a summary judgment motion. Fed. R. Civ. P. 56(f). In order to meet this standard, Rule 56(f) requires that affidavits of the moving party state the reasons why the opponent is unable to oppose the motion without discovery. <u>Id.</u> Completely ignoring the standard, language, or requirements of the Rule, Plaintiffs have instead filed hundreds of pages of extraneous materials that nowhere identify any fact contained in Defendants' Statement of Undisputed Facts, or relied upon in the motion,[1] that they contest or about which they need discovery. Not one of the four named plaintiffs has submitted an affidavit of any sort; let alone one (as is required by the Rule) identifying any fact that he or she contests or about which he or she claims to need discovery to rebut the legal issues presented by the summary judgment

---

[1] The only fact that Plaintiffs state that they contest is receipt of post-contract-formation email communications. However, as is clear from Defendants' papers, they are moving for summary judgment on the legal issues of contract formation, offer and acceptance -- not on subsequent communications.

Dockets.Justia.com

motion.[2]  In short, Plaintiffs' submission is a screed against the Defendants rather than an attempt to meet the requirements of Rule 56(f).

Defendants' summary judgment motion is limited to the legal consequences and significance of the Reservation Rewards enrollment page and Plaintiffs' consent to the terms of the offer, as expressed by their electronic signatures.  The motion is limited to the four named plaintiffs alone.  It neither raises nor relies on any facts outside of Plaintiffs' individual transactions, the web screens they saw, the disclosures made to them, and the steps they took to enroll in Reservation Rewards.  Rule 56(f) permits discovery only on facts essential to rebut the issues presented by the summary judgment motion – it has nothing to do with discovery that might be required for class certification or class-wide merits discovery.  Disregarding both the narrowness of the summary judgment motion and the limitations imposed by Rule 56(f), Plaintiffs make no attempt to connect their 346 pages of discovery requests and list of 88 proposed depositions to any issue raised by Defendants' summary judgment motion.  Such discovery would not be justified no matter what posture this case were in[3] -- it is particularly so in the context of a Rule 56(f) motion, which is to be used solely to obtain discovery essential to oppose summary judgment.

Defendants have submitted with their summary judgment motion the web pages the Plaintiffs saw, including the disclosures that were made to the Plaintiffs, and detailed affidavits outlining the steps each Plaintiff took to join.  This is all Plaintiffs need to respond to Defendants' motion.  Plaintiffs' counsel should not be permitted to engage in a broad fishing

---

[2]     Rule 56(f) requires an affidavit from a party.  An affidavit from counsel is not contemplated and does not suffice.  Here, not only are there no affidavits from any party, the affidavit from plaintiffs' counsel does not contain any of the information required by Rule 56(f).

[3]     *See* Local Rule 26.1, limiting discovery to ten depositions.

expedition into matters beyond those concerning the named Plaintiffs and their transactions. Such aimless discovery is not necessary to oppose Defendants' summary judgment motion, but is designed to impose unnecessary cost and expense on Defendants, whether to try to exert pressure or to try to find a case where one otherwise does not exist.[4]   Rule 56(f) plainly allows no such thing.  Only discovery that is likely to influence the outcome of a pending summary judgment motion and that is essential to the moving party's opposition may be sought *via* a Rule 56(f) motion.  Plaintiffs have not and cannot make the showing required to prevail on such a motion. Thus, Plaintiffs' Motion for Rule 56(f) Discovery should be denied in its entirety.

In the alternative, if the Court is inclined to permit the Plaintiffs to engage in discovery at this time, Defendants submit that the discovery should be limited to documents and witnesses concerning the named Plaintiffs' transactions.

## FACTUAL AND PROCEDURAL BACKGROUND

### Prior Case History

Before these cases were consolidated, Defendants in the Kuefler case filed a motion for summary judgment.  Plaintiffs did not file an opposition, but rather filed a Rule 56(f) motion, which Defendants opposed.  After those motions were filed, the Kuefler case was consolidated with Staaf, Crouse, and Melo, and Judge Tauro held a status conference in order to discuss how to handle the consolidated cases.  Judge Tauro neither heard nor decided the summary judgment motion filed in Kuefler.   Nor did he hear or decide the Rule 56(f) motion.  Instead, Judge Tauro determined that the Special Master should be appointed and, among other things, that "it may be that the master will think that the first thing that ought to be dealt with is a revised motion for

---

[4]     In addition, allowing Plaintiffs' requested discovery would have the undesirable and unfair effect of running up unwarranted and unnecessary class counsel fees.

summary judgment." See Transcript of Status Conference on April 24, 2007 at 14:9-11 attached

hereto in its entirety as Exhibit A.  Had Plaintiffs attached the full transcript of that hearing

(instead of only the first 7 pages) to their motion papers, it would have also shown that Plaintiffs'

counsel consented to having the summary judgment motion renewed, and to having the Special

Master proceed with such a motion at the outset:

> THE COURT: . . .And it may be that the master will think that the
> first thing that ought to be dealt with is a revised motion for
> summary judgment, if you have to tweak it in some fashion,
> because you're dealing with a consolidated complaint, or he may
> be dealing with a motion to dismiss the consolidated complaint.
>
> MR. GEORGE [*plaintiffs' counsel*]:  We have no objection to
> that, your honor.
>
> THE COURT:  And, you know, that – I can't anticipate, you know,
> everything that's going to come up, although I guess reasonably I
> can anticipate that, you know, a motion to dismiss the consolidated
> complaint may be filed, or a motion for summary judgment on the
> consolidated complaint might be filed.

Transcript p. 21.   Moreover, Judge Tauro explicitly stated that he was not deciding the merits of

either the summary judgment motion or of the Rule 56(f) motion, but rather than he was

referring those motions, once renewed, to the Special Master.  In addition, Judge Tauro stated

that he was expressing no view as to how those motions should be decided by the Special

Master:

> MS. WOLOHOJIAN:  Would the Rule 56(f) motion and summary
> judgment motion be referred to the discovery master?
>
> THE COURT:  Yes; for recommendation.
>
> MS. WOLOHOJIAN:  Including the –
>
> THE COURT:  The discovery master may agree with you and
> think that this should go – that should go first.  When I've
> appointed a discovery master in a case like this, I give – I don't
> have the discovery master on a string.

Transcript p. 14.   Judge Tauro's views were then incorporated into his Order appointing the Special Master, which states that the Kuefler summary judgment and Rule 56(f) motion were denied as moot, and "without prejudice to the refiling of motions challenging the Consolidated Amended Complaint."  Order dated June 18, 2007 ¶ 3.  In short, Plaintiffs' claim that Judge Tauro decided either the issues raised in the Kuefler summary judgment motion or in the Rule 56(f) motion is flatly incorrect.

**Current Motion**

Defendants have now filed the summary judgment motion that Judge Tauro anticipated and that Plaintiffs consented to have referred to the Special Master.  The summary judgment motion is narrowly focused on the legal and factual issues raised by Plaintiffs' individual transactions with Defendants: their enrollment in the Reservation Rewards program after their acceptance of an offer presented in connection with a transaction they conducted on the e-tailer Defendants' websites.  Defendants' motion papers raise ***absolutely no factual issue*** beyond those concerning Plaintiffs' individual transactions.  With respect to those four individual transactions, Defendants have submitted only a discrete and limited set of documents:  the web pages (containing the disclosures) displayed to Plaintiffs in the course of their enrollment in the Reservation Rewards program and communications with the Plaintiffs concerning their membership.  Defendants have also submitted Declarations describing the steps Plaintiffs took to join the program and give their consent to its terms, as expressed by their electronic signatures.  Thus, the motion and its associated papers are carefully limited to the legal issue presented:  namely, did these four particular plaintiffs consent to enrolling in the Reservation Rewards program.

Plaintiffs do not dispute the central fact that, in order to enroll in the program, a "consumer need[ed] to . . . click on a button and enter his or her e-mail address twice." Plaintiffs' Rule 56(f) Memorandum p. 6.  Nor do Plaintiffs dispute that they took these steps right in the enrollment pages describing the offer and the Reservation Rewards program.  Thus, the factual scope of the summary judgment motion, given the lack of any identified specific material fact that Plaintiffs dispute, is narrow.  In light of this, Plaintiffs need no discovery beyond the documents submitted with the summary judgment papers.[5]

Rather than confining their requests to information relevant to responding to Defendants' summary judgment motion, Plaintiffs attempt to improperly use the Rule 56(f) procedure to embark on a lengthy and expensive course of discovery that is unrelated to the issues raised by the summary judgment motion and also beyond that permitted by Local Rule 26.1.  Not one of the four named Plaintiffs has submitted an affidavit stating what, if any, factual issue pertaining to their individual transaction is contested such that discovery would be appropriate.  Without making even this minimal required effort or showing on their own part, Plaintiffs ask the Special Master to permit them to take **88** depositions (including 35 Rule 30(b)(6) depositions on an unspecified number of topics) and to propound hundreds of pages of discovery requests.  The sheer excess of their approach (let alone the unwarranted burden and expense) can be seen throughout, but a few examples are set out below:

● Plaintiffs seek to depose Webloyalty's in-house general counsel, Sloane Levy, who joined Webloyalty after the initiation of this lawsuit and after the four plaintiffs cancelled their memberships.  See Plaintiffs' List

---

[5]     Because they were previously provided voluntarily in informal discovery, Plaintiffs have had most of these documents already for many months.

of Witnesses for Deposition, Exhibit D to Plaintiffs' Motion for Rule 56(f) Discovery, No. 50.  She is not a percipient fact witness; nor does she have any non-privileged information.  As with many of the other 87 witnesses who are equally un-knowledgeable about any issue in the summary judgment motion, her deposition is sought for no legitimate purpose under Rule 26.

● Plaintiffs seek to depose one of Defendants' counsel *in this very litigation*, Steven Lieberman.   Again, there is no good faith basis for seeking such a deposition.  See id. at No. 55 (ii).[6]

● In their sixty-nine paragraph request for documents from each of the Defendants, Plaintiffs request such irrelevant materials as:

-- "[a]ny minutes, recordings (audio and video), or notes of any meeting in which any Webloyalty executive was present, including, but not limited to, those meetings held once a week in Norwalk, Connecticut"  (Request No. 32);

-- "[a]ll grading reports or sheets for any Webloyalty employee" (Request No. 27); and

-- "[d]ocuments concerning communications with Webloyalty's auditors and/or financial advisors reflecting revenue concerning

---

[6]     Moreover, federal courts have held that deposing opposing counsel "inherently constitutes an invitation to harass the attorney and parties, and to disrupt or delay the case" and that "deposing an opponent's attorney is a drastic measure and is infrequently proper."  See Dunkin Donuts v. Mandorico, Inc., 181 F.R.D. 208, 210 (D.P.R. 1998) (internal citations and quotations omitted).

the marketing and sale of Subscription-Based programs" (Request

No. 48).

●     Plaintiffs also propose serving twenty-six third-party subpoenas on

entities without providing even the most minimal explanation about how

any of those entities has any information concerning the four individual

plaintiffs to whom the summary judgment motion is limited.

Plaintiffs' requests are particularly egregious and overreaching when it comes to the e-

tailer Defendants. Plaintiffs' claims against the e-tailers are limited to their mistaken allegations

that the e-tailer Defendants transferred the applicable Plaintiff's name, address, and credit or

debit card information without their consent. Despite the narrow nature of Plaintiffs' claims

against the e-tailers – and the even more tailored basis upon which the e-tailer Defendants seek

summary judgment -- plaintiffs seek unlimited discovery from the e-tailers, including taking 39

depositions.

Plaintiffs' discovery requests are overwhelmingly broad and are not germane to any

factual issue raised by the summary judgment motion, which is limited to the four individual

transactions Plaintiffs conducted and the materials that were provided to them concerning the

Reservation Rewards program. Defendants have attached to their summary judgment motion all

information necessary to respond to the motion; therefore, Plaintiffs' motion should be denied in

its entirety.[7] In the alternative, Plaintiffs should be restricted to discovery specifically relating to

---

[7]     If the Court permits any discovery, Defendants are entitled to parallel discovery from Plaintiffs. Specifically, Defendants are entitled to: (1) take the Plaintiffs' depositions, and (2) all documents relating in any way to the transactions Plaintiffs allege they conducted on the e-tailer websites, or to the membership (including charges, benefits, or cancellation) they allege they had in Reservations Rewards or with Webloyalty. Defendants plan to take that discovery during the same period Plaintiffs take whatever discovery is permitted as a result of the Rule 56(f) motion.

their individual transactions with the e-tailers and their enrollment in the Reservation Rewards program.

## **ARGUMENT**

Rule 56(f) requires Plaintiffs to demonstrate that the discovery sought is "essential to justify the party's opposition." Fed. R. Civ. P. 56(f). Therefore, in order to succeed on a Rule 56(f) motion, Plaintiffs must establish that the sought facts, if found, will "influence the outcome of the pending motion for summary judgment." See Adorno v. Crowley Towing and Trans. Co., 443 F.3d 122, 127 (1st Cir. 2006) (internal quotations omitted); see also U.S. Steel v. M. DeMatteo Construction Co., 315 F.3d 43, 53 (1st Cir. 2002) (affirming denial of Rule 56(f) motion where the movant "did not seek discovery on an issue that could alter the outcome of [the defendant's] contention on summary judgment that, as a matter of contract law, [the plaintiff] was not entitled to any recovery"); C.B. Trucking, Inc. v. Waste Mgmt., Inc., 137 F.3d 41, 44 (1st Cir. 1998) (party relying on Rule 56(f) must "indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion") (internal quotations omitted). Plaintiffs are not entitled under Rule 56(f) to discovery that is unnecessary to meet the very limited factual issues raised by Defendants' summary judgment motion; namely (a) the offer that was presented to Plaintiffs; (b) the terms and conditions of the program in which Plaintiffs enrolled; and (c) the steps Plaintiffs took to accept the offer presented and enroll in the Reservation Rewards program.

Plaintiffs have made no attempt to indicate why or how any of the 346 pages of discovery they request, or the 88 depositions they propose, will affect the outcome of Defendants' summary judgment motion. Indeed, the Declaration of David J. George Made in Support of Plaintiffs' Motion for Rule 56(f) Discovery makes only conclusory statements by parroting the

language of the Rule, rather than identifying any particular disputed fact.  Aff. of George ¶ 7.

("The evidence I expect to be obtained by this requested discovery is relevant and essential to

filing an opposition to the Defendants' Motion for Summary Judgment and I believe that it will

substantially influence the Court's decision on the merits of the Motion for Summary

Judgment.")  The First Circuit has held that such conclusory statements cannot form the basis

under Rule 56(f):

> The affidavit appellants presented in support of their motion for relief under Rule 56(f)
> did little more than list the witnesses appellants wished to depose…The affidavit
> presented no plausible basis for asserting a belief that "specified" discoverable facts
> probably existed.  Nor did the affidavit demonstrate a realistic prospect that further
> discovery would disclose evidence sufficient to defeat the motion for summary
> judgment…Particularly, and most importantly, the Rule 56(f) affidavit merely
> conjectures that something might be discovered but provides no realistic basis for
> believing that further discovery would disclose evidence of [a genuine issue of material
> fact for trial]…Furthermore, appellants failed to *identify* any specific fact they would
> expect to discover.

Mattoon v. City of Pittsfield, 980 F.2d 1, 7-8 (1st Cir. 1992) (internal citations omitted)

(emphasis in original).

Plaintiffs claim that they were enrolled in the Reservation Rewards program without

consenting to its terms.  (Complaint ¶ 2).   Thus, Plaintiffs' claims turn on whether they accepted

an optional offer to enroll in the Reservation Rewards program after being provided with full

disclosure as to the terms of the program.  The expansive discovery Plaintiffs seek will have no

bearing on whether Plaintiffs accepted an offer to enter into a contract after receiving

information about the terms of the contract at the time of its formation.  The fact that the

agreements at issue here were entered into on the internet does not alter the ordinary law of

contracts or merit discovery beyond what would be necessary in a case involving a paper contract.[8]

Because Plaintiffs have not submitted any affidavits, they have not even put at issue the question of whether they read or understood the agreement. However, even were they to claim they did not read or understand the agreement, it still would not merit broad discovery because a party's consent is not vitiated simply because he claims not to have read the relevant contract terms. See DeJohn v. The .TV Corp. Int'l, 245 F. Supp. 2d 913, 919 (C.D. Ill. 2003) (plaintiff entered into a binding online click-wrap agreement by clicking on an "I Agree" icon, which indicated he had read, understood, and agreed to the terms of the parties' contract; fact that plaintiff claimed he did not read the contract was irrelevant); E & F Construction Co., Inc. v. Rissil Construction Assocs., 181 Conn. 317, 321 (1980); Boynton v. American Exp. Co., 221 Mass. 237, 240 (1915); Tarulli v. Circuit City Stores, 333 F.Supp.2d 151, 156 (S.D.N.Y. 2004); Izzi v. Mesquite Country Club, 231 Cal. Rptr. 315, 319 (Ct. App. 1986); see also Restatement (Second) Torts § 892 ("If words or conduct are reasonably understood by another to be intended as consent, they constitute apparent consent and are as effective as consent in fact.").

Courts have enforced internet agreements similar to the one at issue here, where consumers manifest their assent to the terms of an agreement by clicking on an icon after the opportunity to review the terms and conditions of the agreement. In doing so, courts have interpreted the disclosures on their face. See I. Lan. Sys. v. Netscout Serv. Level Corp., 183 F.

---

[8]    The Uniform Electronic Transaction Act provides that a contract is of equal force even if entered into or signed electronically. *Codified in 46 states, including at* Mass. Gen. L. c. 110G §§ &(a) & (b); Conn. Gen. Stat. §§ 1-272(a) & (b); Cal. Civil Code §§ 1633.7(a) & (b); Texas Bus. and Commerce Code ch. 42, §§ 43.007(a) & (b). Likewise, federal law provides that a "signature [or] contract may not be denied legal effect, validity, or enforceability solely because it is in electronic form." 15 U.S.C. § 7001(a)(1).

Supp. 2d 328, 336 (D. Mass. 2002) (enforcing a clickwrap license agreement where the purchaser clicked "I agree" icon"); <u>Novak v. Overture Servs</u>., 309 F. Supp. 2d 446, 451 (E.D.N.Y. 2004) (enforcing a forum selection clause where plaintiff had to click button to accept terms of the agreement, plaintiff had a full and fair opportunity to refuse the terms of the contract, the terms were written in easy to read font and only seven and a half pages long, and plaintiff had no time limit for reading terms); <u>DeJohn v. The .TV Corp. Int'l</u>, 245 F. Supp. 2d at 919  (plaintiff entered into a binding online click-wrap agreement by clicking on an "I Agree" icon, which indicated he had read, understood, and agreed to the terms of the parties' contract; fact that plaintiff claimed he did not read the contract was irrelevant).  Accordingly, Plaintiffs' request for discovery pertaining to matters beyond their transactions and unrelated to the offer they affirmatively accepted is not necessary to prepare an opposition to the pending summary judgment motion.

Moreover, Plaintiffs are not entitled to broad discovery merely because they have pled their case as a class action.  Rule 56(f) discovery is defined by the scope of the summary judgment motion, not by the Complaint.  The fact that the summary judgment motion has been filed at the outset does not transform the analysis regarding discovery under Rule 56(f).  Indeed, an early summary judgment motion is designed to streamline the case – a purpose that would be utterly defeated were unnecessary discovery to be permitted despite the filing of the motion.  It is not unusual for courts to grant motions for summary judgment or motions to dismiss prior to class certification briefing when the named plaintiff(s) have no claim.  <u>See generally</u> <u>Ruiz v. Bally Total Fitness Holding Corp.</u>, 447 F.Supp.2d 23 (D. Mass. 2006) (granting motion to dismiss plaintiff's putative class action where contract did not violate law), *affirmed in* <u>Ruiz v. Bally Total Fitness Holding Corp.</u>, 2007 WL 2165126, No. 06-2254 (1st Cir. July 30, 2007); <u>Lee</u>

v. Life Insurance Company of North America, 23 F.3d 14 (1st Cir. 1994) (affirming dismissal of purported class action prior to class certification briefing); Taylor v. Hercules, 780 F.2d 171 (1st Cir. 1986) (affirming summary judgment for defendant in purported class action based on interpretation of a company handbook); Great Rivers Coop. of Southeastern Illinois v. Farmland Industries, Inc., 120 F.3d 893, 899 (8th Cir. 1997) (once claims of named Plaintiff are dismissed, entire action should be dismissed).

Plaintiffs' brief does not rely on or analyze relevant law regarding Rule 56(f). Instead, it points to two completely inapplicable cases. First, Plaintiffs mistakenly rely on Sanford v. Memberworks, Inc., 483 F.3d 956, 963 (9th Cir. 2007), a case involving a motion to compel arbitration, and not a Rule 56(f) motion, to argue that they are entitled to discovery beyond information regarding their own claims or their own transactions. Such information is entirely irrelevant to Defendants' summary judgment motion and cannot be considered by the Court where, as here, the terms of the agreement are unambiguous, the Plaintiffs' electronically signed agreements, and Defendants' summary judgment motion addresses only the individual Plaintiffs' transactions.

Second, Plaintiffs cite to F.T.C. v. Cyberspace.com, LLC, 453 F.3d 1196, 1201 (9th Cir. 2006), which was neither private civil litigation nor did it involve any of the claims Plaintiffs allege here. Instead, the case was brought by the FTC under § 5 of the FTC Act, 15 U.S.C. §45(a)(1), which does not permit private causes of action. See, e.g., Holloway v. Bristol-Myers Corp., 485 F.2d 986, 992 (D.C. Cir. 1973). Whatever information may be relevant in an enforcement action brought by a regulatory body pursuing an entirely different statutory claim has absolutely no bearing on the discovery that Plaintiffs should receive in this case. See U.S.

- 13 -

Steel, 315 F.3d at 53 (denying Rule 56(f) motion where the discovery requested could not alter the outcome of the summary judgment matter, which was decided as a matter of contract law).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion for Rule 56(f) Discovery in its entirety.   In the alternative, to the extent that the Court is inclined to permit Plaintiffs to obtain discovery, Defendants respectfully request that the Court limit such discovery to the named Plaintiffs' individual transactions.


Respectfully submitted,

DEFENDANTS

By Their Attorneys


/s/ Gabrielle R. Wolohojian_____
Gabrielle R. Wolohojian, BBO # 555704
John J. Regan, BBO # 415120
Joan S. Mitrou, BBO # 664499
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109
Tel:  617-526-6000
Fax:  617-526-5000

Steven Lieberman, *pro hac vice*
Anne M. Sterba, *pro hac vice*
C. Nichole Gifford, *pro hac vice*
Rothwell, Figg, Ernst & Manbeck P.C.
1425 K Street NW
Washington, DC 20005
Tel:  202-783-6040
Fax: 202-783-6031

Dated:  August 8, 2007

### Certificate of Service

I, Joan Mitrou, hereby certify that a true and accurate copy of the above document has been filed and served through the Court's electronic filing system, this 8th day of August, 2007. I also certify that I caused the above document to be served by email upon the counsel listed on the attached Service List who do not receive electronically Notices of Electronic filing and that a copy of the foregoing document was served by hand on Mr. Gael Mahony.

_/s/ Joan S. Mitrou_

# SERVICE LIST
# 1:07-md-01820-JLT

## Manual Notice List

**Michael L. Greenwald**
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
Suite 500
120 E. Palmetto Park Road
Boca Raton, FL 33432

**Mark R. Miller**
Wexler, Toriseva, Wallace
One North LaSalle Street
Suite 2000
Chicago, IL 60602

**Mark J. Tamblyn**
Wexler, Toriseva, Wallace
1610 Arden Way
Suite 290
Sacramento, CA 95815

US1DOCS 6296994v3