## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  WEBLOYALTY.COM, INC. MARKETING AND SALES PRACTICES LITIGATION | MDL No. 07-1820<br><br>Lead Case:  06-11620-JLT<br><br>**JOINT REPORT RE MEETING OF COUNSEL PURSUANT TO RULES 16 AND 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Date:  September 27, 2007<br>Time:  10:00 a.m.<br>Courtroom:  TBA<br><br>Before:  Special Master Mr. Gael Mahony |

Pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure, Rule 16.1 of the Local Rules for the U.S. District Court for the District of Massachusetts ("Local Rule 16.1"), and the Special Master's Order Re: Conference, the Parties respectfully submit the following Joint Report in advance of the September 27, 2007 Scheduling Conference.

## I.     SHORT STATEMENT OF THE CASE

### A.     *Plaintiffs' Statement*

This consolidated multidistrict class action is brought on behalf of large classes of consumers and entities who were charged any fees, or paid interest, as a result of becoming subscribed to Webloyalty's "Reservation Rewards" membership program, and any other membership programs maintained by Webloyalty (including, but not limited to "Shoppers Discount," "Shopper Discount and Rewards," "Travel Values Plus," and "Wallet Shield") without their knowledge and consent, along with all those whose personal credit or bank debit card information was improperly used to create such subscriptions.

Through partnerships it creates with online retailers (commonly referred to by Webloyalty as "e-tailers" or "retail partners"), Webloyalty uniformly sells memberships – by

-1-

US1DOCS 6369196v1

Dockets.Justia.com

unilaterally "subscribing" consumers without their knowledge or consent – in sham programs such as "Reservation Rewards" for which it charges members a monthly fee, typically between $7.00 and $10.00 per month.

The Membership Programs each purportedly provide benefits such as discounts on dining and tourist attractions, along with "travel protection" such as roadside assistance, hotel overbooking and baggage insurance. Yet, Plaintiffs allege that such Membership Programs provide virtually *no benefit at all*, either because the purported "benefits" do not exist or because the unwitting "subscribers" never attempt to access them because they are unaware of the membership programs they were enrolled in. The uniform business practice by which Webloyalty and its retail partners sell the Membership Programs compromises the confidential billing information (including credit and debit card information) of unsuspecting consumers who are deceived into clicking on a Membership Program advertisement.

During the course of a legitimate and intended online retail transaction with a Webloyalty retail partner, an advertisement appears on the consumer's computer screen, offering a monetary next purchase discount or coupon reward. All the consumer needs to do is click on a button and enter his or her e-mail address twice to redeem it. ***Defendants never simply require the consumer to <ins>re-enter</ins> their credit or debit card number***. Plaintiffs allege that when consumers do enter their email address and click their mouse button, their confidential credit card or bank debit card information – submitted to carry out the original, legitimate retail transaction – is obtained and/or intercepted by Webloyalty. Plaintiffs allege that Webloyalty then uses this confidential information to enroll these individuals in one of Webloyalty's Membership Programs for which Webloyalty collects monthly charges, usually after the expiration of an alleged 30-day "free trial" basis.

The enrollment is on a "negative option" basis, meaning that the consumer is continuously billed the monthly charge until he or she discovers it and manages to convince Webloyalty to cancel. The only reference to the charges on a consumer's bank or credit card statement is "WLI*RESERVATIONREWARDS.COM" for the Reservation Rewards, or a

**JOINT REPORT RE MEETING OF COUNSEL PURSUANT TO RULES 16 AND 26(f) OF THE FED. R. CIV. P.**

US1DOCS 6369196v1

similar entry for the other Membership Programs.  Because the amount charged (i.e., between $7.00 and $10.00) is so small, many months often go by with these Webloyalty charges going unnoticed.  Webloyalty then pays its e-tailer for each "subscriber" that is exposed to this business practice.

There are thousands of virtually identical complaints posted throughout the internet (and with the Connecticut Better Business Bureau) by frustrated consumers that support these uniform allegations.

**B.**    *Defendants' Statement*

No consumer is enrolled in any Webloyalty program until after he or she has received extensive disclosures about the terms of the program and has taken several affirmative steps to enroll.  The vast majority of the consumers to whom the Webloyalty discount programs are offered choose not to enroll.  A small percentage of consumers – after having received the same disclosures – choose to enroll.

These suits are brought by a handful of consumers who, having received full information about the program and having affirmatively chosen to enroll, now claim that they did not know what they were doing when they made that choice and took those affirmative steps.  When these consumers contacted Webloyalty and asked to cancel their membership, their requests were honored promptly – within a day.  When these consumers asked Webloyalty for a refund, those requests were also honored within a day.

Even assuming that the four named plaintiffs were genuinely confused (as opposed to not reading the disclosures before they enrolled, or changing their minds about the program after having chosen to enroll), the law recognizes no claim because they received full and adequate information about the program beforehand.  If they were confused, then it would have been a simple matter (in fact simpler) to click on a "No Thanks" button rather than to take the time to type their email addresses twice and click "YES".   Their choice to take one route rather than the other does not now give them a claim.  Where, as here, plaintiffs have chosen to enter into a contract having received full and accurate information about its terms at the time of its formation

**JOINT REPORT RE MEETING OF COUNSEL PURSUANT TO RULES 16 AND 26(f) OF THE FED. R. CIV. P.**

US1DOCS 6369196v1

and having taken several affirmative steps to signify their agreement and assent, they have no claim.

If, as plaintiffs contend, consumers' subjective state of mind – rather than the objective facts of disclosure and assent – are at issue in this case, then such claims cannot be adjudicated or maintained on a class-wide basis. Such individualized inquiries into consumers' thoughts, beliefs, or understandings, are not susceptible to class action treatment. If plaintiffs seek, as they do, to pursue their claims on a class-wide basis, then this case can only proceed under the ordinary law of contracts. If, on the other hand, subjective state of mind is at issue, then the case cannot proceed as a class action.

For these reasons, and the fact that the details concerning each individual's specific transaction and enrollment are not in dispute, the most efficient and logical way to proceed with this case is in phases that would permit no more discovery than is necessary to determine the threshold legal issue for that phase of the litigation. Only after those legal issues are decided, should class certification discovery, class-wide merits discovery on other issues, and expert discovery take place. Unless this case is phased, defendants shall be placed under an enormous discovery burden that may well be completely unnecessary. Discovery will certainly be overbroad and unfocused and will not be tied to any defined legal framework.

## II.    RULE 26(f) SUBJECTS

### A.    Rule 26(a) Initial Disclosures (Rule 26(f)(1))

*Plaintiffs' Proposal*:

All information and documents to be exchanged pursuant to Rule 26(a)(1) shall be served on opposing counsel no later than two weeks after entry of a scheduling order.

*Defendants' Proposal*:

As between Plaintiffs and Webloyalty, all information and documents to be exchanged pursuant to Rule 26(a)(1) shall be served on opposing counsel no later than two weeks after entry

US1DOCS 6369196v1

of a scheduling order.  The remaining defendants will produce such information no later than four weeks after entry of a scheduling order.

**B.      Discovery Subjects (Rule 26(f)(2))**

*Plaintiffs' Proposal*:

Plaintiffs believe that phasing of discovery is not feasible and would be inefficient in this action as the issues relating to class certification, described below, are intertwined with the merits.  *See*, 3 *Newberg on Class Actions* §§ 7:8, 9:44 (4th Ed. 2006); *Manual for Complex Litigation*, Fourth Ed. (2005), § 11.422.  Plaintiffs seek discovery on the following general subjects, which are relevant to class certification:

(1)      Details of the Transaction:  How information is displayed, how the transaction is conducted, how the website operates, how the consumer is billed (e.g., information shown to and collected from consumers, information transfers, marketing strategy);

(2)      Nature and extent of customer complaints, cancellations, reactions and relations;

(3)      Nature and extent of customer membership information (e.g., usage rates, membership duration, membership totals):

(4)      Financial Data from Webloyalty and its present and former retail partners, including profits from Membership Programs, costs of operating Membership Programs, payments to any retail partners, nature and extent of coupon or reward redemption with retail partners, and total amount of refunds including those provided by credit card companies;

(5)      Relationship between Webloyalty and its present and former retail partners, including agreements contracts, payments and communications between them;

(6)      Information relating to the actual products and services offered through Webloyalty's "Membership Programs" (e.g., content concerning subscription-based programs, membership kits);

**JOINT REPORT RE MEETING OF COUNSEL PURSUANT TO RULES 16 AND 26(f) OF THE FED. R. CIV. P.**

US1DOCS 6369196v1

(7)     Webloyalty and present and former retail partner employee training and marketing materials regarding subscription-based programs; employee performance (e.g, scripts, marketing presentations, employee evaluation, etc.):

(8)     Information relating to any government investigations, oversight and ratings, pending lawsuits, attorney general or enforcement actions;

(9)     Decision-making and involvement by Webloyalty and its present and former retail partner executives as they relate to Membership Programs;

(10)    Consumer marketing and/or advertising studies, surveys, analyses, forecasting reports, along with responses and underlying documents relating to this category of information;

(11)    Defendants' insurance coverage;

(12)     Defendants' document retention policy(ies);

(13)    Nature and content of any purported agreements, contracts or terms and conditions between consumers and any defendants; and

(14)    Defendants' information technology systems, electronic data, databases, and sources of electronic data.

*Defendants' Proposal*:

Defendants believe that discovery should be limited to that which is "appropriate," as stated by the Special Master at the last conference and as set forth in the Special Master's Order dated August 21, 2007.  Plaintiffs' list of subject matters does not meet that standard, particularly when one looks at their actual proposed discovery requests (as opposed to the list of topics set out above).  Even their proposed list of subject matters shows the overbreadth of their approach to discovery:  For example, plaintiffs seek discovery concerning e-tailers who are not parties to this action and through whom no named plaintiff joined a Webloyalty program.

More startlingly, plaintiffs even seek discovery concerning non-party e-tailers who are not even currently involved with Webloyalty.  Such discovery is neither "appropriate" nor relevant.  No discovery from third-parties should be taken during the initial phase.  Defendants

**JOINT REPORT RE MEETING OF COUNSEL PURSUANT TO RULES 16 AND 26(f) OF THE FED. R. CIV. P.**

US1DOCS 6369196v1

believe that discovery should be phased so as not to place them under undue and unnecessary burdens, especially given that discovery in these matters will be largely one-sided.

All discovery should be sought only from defendants and be limited to consumers who joined through one of the named e-tailer defendants during a reasonable period of time.   Within those parameters, Defendants believe that discovery concerning the following is appropriate for the initial phase of the case:

1.      The disclosures made to such consumers.

2.      Written communications from the named defendants to such consumers.

3.      Written communications to the named defendants from such consumers.

4.      Documents sufficient to show each such consumer's customer history with Webloyalty, including the date(s) each such consumer joined, the date(s) each such consumer's membership terminated, fees charged to each such consumer, and any refunds to such consumers.

5.      Documents sufficient to show, and deposition testimony, concerning the process by which such consumers joined a Webloyalty program.

6.      Documents sufficient to show, and deposition testimony concerning, the process by which personal data is transferred from the e-tailer defendants to Webloyalty.

7.      Documents sufficient to show the benefits made available to consumers who joined through one of the named e-tailer defendants.

8.      Contracts between Webloyalty and the named e-tailer defendants concerning the Webloyalty programs.

9.      Documents sufficient to show the design of Webloyalty's enrollment web pages.

**C.      Discovery of Electronically Stored Information (Rule 26(f)(3))**

The parties have started to confer regarding the format and feasibility of producing documents in electronic form and the use of key words in searching electronic documents.

**JOINT REPORT RE MEETING OF COUNSEL PURSUANT TO RULES 16 AND 26(f) OF THE FED. R. CIV. P.**

US1DOCS 6369196v1

### D.    Discovery Limitations (Rule 26(f)(5))

*Plaintiffs' Proposal*:

This case involves expert testimony and discovery of ten defendants, five representative plaintiffs, a multitude of third parties, and numerous legal claims.  Due to the complex nature of this case, Plaintiffs propose that the presumptive limits of Federal Rules of Civil Procedure 30(a)(2)(A) (10 deposition limit) and 33(a) (25 interrogatory limit) be modified to permit a maximum of 30 depositions (including both fact and expert) and 50 interrogatories on each side.

*Defendants' Proposal*:

**Interrogatories**:  Defendants agree to a maximum of 50 interrogatories, provided (a) subparts are counted; and (b) it is limited to 50 per *side*, not party.

**Depositions**:  Defendants believe that all deposition testimony sought by plaintiffs can be taken as Rule 30(b)(6) depositions.  In light of this, Defendants believe that  there is no need to exceed the 10 depositions specified by the Rule.  Defendants believe that further depositions would be sought merely to harass or unduly burden them.

### E.    Orders To Be Entered By The Court (Rule 26(f)(6))

In conjunction with the scheduling order to be entered in this case, Plaintiffs have included in their [Proposed] Scheduling Order provisions concerning the organization of plaintiffs' counsel and maintenance of time records.  Plaintiffs have been informed that defendants intend to seek the entry of a confidentiality order.  They will consider in good faith the proposed order provided to them by Defendants.

Defendants are submitting herewith a Scheduling Order that is consistent with what they propose in Section III below.

**JOINT REPORT RE MEETING OF COUNSEL PURSUANT TO RULES 16 AND 26(f) OF THE FED. R. CIV. P.**

US1DOCS 6369196v1

### III.    LOCAL RULE 16.1 SUBJECTS

#### A.    Discovery and Class Certification Schedule (Local Rule 16.1(d)(1) and 16.1(d)(2))

*Plaintiffs' Proposal*:

Written Discovery:  All written discovery shall be completed by April 11, 2008.

Fact Witness Depositions: All lay witness depositions shall be completed by July 18, 2008.

Class Certification Motion:

1.    *Opening Brief(s)*:

Plaintiffs shall file their motion(s) for class certification on or before August 29, 2008. To the extent Plaintiffs intend to rely upon an expert(s) in connection with their motions for class certification, expert report(s) and related disclosures shall be included with Plaintiffs' motion(s). Plaintiffs shall make such expert(s), if any, available for deposition no later than fourteen (14) days before the deadline to respond to the motion(s).

2.    *Defendants' Respons(es):*

Defendants shall file any responses in opposition to class certification no later than forty-five (45) days after the filing of Plaintiffs' motion(s).  To the extent Defendants intend to rely upon the testimony of any expert(s), the expert report(s) and related disclosures shall be served with the opposition.  Defendants shall make such expert(s) available for deposition no later than ten (10) days before the deadline to file the reply to the opposition.

3.    *Plaintiffs' Reply*:

Any reply in support of a motion regarding class certification shall be filed no later than twenty-one (21) days after the filing of any opposition regarding class certification.

#### B.    Expert Discovery

Plaintiffs shall serve their expert reports on all issues other than class certification, if any, and related disclosures, no later than sixty (60) days after issuance of a ruling on class

certification.  Plaintiffs shall make their expert(s) available for deposition no later than thirty (30) days before Defendants must serve their expert reports, if any.

Defendants shall serve their expert reports on all issues other than class certification, if any, and related disclosures, no later than sixty (60) days after service of Plaintiffs' expert reports and related disclosures.  Defendants shall make their expert(s) available for deposition no later than twenty-one (21) days before Plaintiffs must serve their rebuttal expert reports, if any.

Plaintiffs shall serve any rebuttal expert reports and related disclosures, if any, no later than forty (45) days after service of Defendants' expert reports and disclosures.  Plaintiffs shall make any rebuttal expert(s) available for deposition no later than fourteen (14) days after service of their rebuttal expert reports.

**C.    Dispositive Motions**

*Plaintiffs' Proposal*:

1.    Motions for Summary Judgment shall be filed no later than thirty (30) days after the close of expert discovery.

2.    Any party opposing any motion for summary judgment shall have forty-five (45) days to file an opposition.

3.    Any reply brief shall be due within twenty-one (21) days after the filing of the response.

*Defendants' Proposal*:

Defendants believe that plaintiffs' proposed schedule does not phase or limit discovery appropriately, as contemplated by Local Rule 16.1(D)(1)(b).  Defendants propose:

**A.**    Defendants agree to the ***timetable*** set out above in subsection A of Plaintiffs' proposal <u>provided</u> that

(1)    the ***scope*** of such discovery is limited to "appropriate" discovery related to Class Certification and Renewed Summary Judgment; and

(2)    summary judgment briefing be added as follows:

**JOINT REPORT RE MEETING OF COUNSEL PURSUANT TO RULES 16 AND 26(f) OF THE FED. R. CIV. P.**

US1DOCS 6369196v1

Defendants' Motion for Summary Judgment filed no later than September 15, 2008

Plaintiffs' Opposition filed by October 15, 2008

Defendants' Reply filed by November 7, 2008

**B & C.**        Defendants agree that there should be a subsequent phase after class certification and summary judgment briefing relating to any remaining issues or discovery. Given that the first phase should be of limited discovery, Defendants propose that the second phase be conducted as follows:

Written discovery on remaining issues to be completed no later than 90 days of the ruling on class certification or summary judgment, whichever is later.

Lay witness depositions on remaining issues to be completed no later than 90 days thereafter.

Plaintiffs' expert reports on remaining issues served no later than 30 days thereafter.

Defendants' expert reports on remaining issues served no later than 30 days thereafter.

Expert depositions on remaining issues completed no later than 60 days thereafter.

Dispositive motions, if any, filed no later than 30 days thereafter.

Oppositions filed no later than 30 days thereafter.

Replies filed no later 15 days thereafter.

**D.     Miscellaneous**

**Amendments to the Pleadings.**  Any amendments to the pleadings shall be filed no later than December  31, 2007.

**Joinder of Parties.**  Any motion to join additional parties shall be filed no later than December 31, 2007.

**Pretrial Conference and Trial.**  A final pretrial conference and trial date shall be determined by the Court.

**JOINT REPORT RE MEETING OF COUNSEL PURSUANT TO RULES 16 AND 26(f) OF THE FED. R. CIV. P.**

**OTHER ISSUES**

    1.  **Settlement Proposal Pursuant to Local Rule 16.1(c)**

On September 17, 2007, in accordance with Local Rule 16.1(c), and pursuant to Federal

Rule 408, Plaintiffs presented their written settlement proposal to Defendants.  Defendants intend

to respond to Plaintiffs' proposal.

    2.  **Certification Affirming Consideration of Costs Associated with Litigation and Use of Alternative Dispute Resolution (Locale Rule 16.1(d)(3))**

*Plaintiffs' Certification*:

Plaintiffs have separately filed their certification.

*Defendants' Certification*:

Counsel for defendants certifies that she has conferred with defendant Webloyalty.com,

Inc., on behalf of itself and the other named defendants being jointly represented, concerning the

costs of litigation and the use of alternate dispute resolution.

      /s/ Gabrielle Wolohojian

Dated:  September 20, 2007     Respectfully submitted,

     **WEXLER TORISEVA WALLACE LLP**

     By /s/ Mark J. Tamblyn
       MARK J. TAMBLYN

     **WEXLER TORISEVA WALLACE LLP**
     1610 Arden Way, Suite 290
     Sacramento, California 95815
     Tel:  (916) 568-1100
     Fax:  (916) 568-7890

     Kenneth A. Wexler
     **WEXLER TORISEVA WALLACE LLP**
     55 West Monroe Street, Suite 3300
     Chicago, Illinois 60603

**JOINT REPORT RE MEETING OF COUNSEL PURSUANT TO RULES 16 AND 26(f) OF THE FED. R. CIV. P.**

US1DOCS 6369196v1

Tel:  (312) 346-2222
Fax:  (312) 346-0022

David J. George
Stuart A. Davidson
**COUGHLIN STOIA GELLER RUDMAN
& ROBBINS LLP**
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Tel:  (561) 750-3000
Fax:  (561) 750-3364

Charles M. McCallum
R. Brent Irby
**McCALLUM HOAGLUND COOK & IRBY LLP**
2062 Columbiana Road
Vestavia Hills, Alabama 35216
Tel:  (205) 824-7767
Fax:  (205) 824-7768

Robert S. Green
Charles D. Marshall
**GREEN WELLING LLP**
595 Market Street, Suite 2750
San Francisco, California 94105
Tel:  (415) 477-6700
Fax:  (415) 477-6710

*Attorneys for Plaintiffs, individually and on behalf of all
others similarly situated*


Dated:  September 20, 2007          **WILMER CUTLER PICKERING HALE AND DORR
                                     LLP**


By _____/s/Gabrielle R. Wolohojian_____
     GABRIELLE R. WOLOHOJIAN, BBO # 555704

John J. Regan, BBO # 415120
Joan S. Mitrou, BBO # 665599
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
Tel:  (617) 526-6000
Fax:  (617) 526-5000

-13-
**JOINT REPORT RE MEETING OF COUNSEL PURSUANT TO RULES 16 AND 26(f) OF THE FED. R. CIV. P.**

US1DOCS 6369196v1

Steven M. Lieberman, *pro hac vice*
Anne M. Sterba, *pro hac vice*
C. Nicole Gifford, *pro hac vice*
Rothwell Figg Ernst & Manbeck, P.C.
1425 K Street NW
Washington, DC 20005
Tel:  (202) 783-6040
Fax:  (202) 783-6031

*Attorneys for All Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ David J. George
David J. George

**JOINT REPORT RE MEETING OF COUNSEL PURSUANT TO RULES 16 AND 26(f) OF THE FED. R. CIV. P.**

US1DOCS 6369196v1

## Mailing Information for a Case 1:06-cv-11620-JLT

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ethan J. Brown**
  ethan.brown@lw.com

- **Stuart A. Davidson**
  sdavidson@lerachlaw.com,e_file_fl@lerachlaw.com

- **Andrew J. Garcia**
  agarcia@phillipsgarcia.com,info@phillipsgarcia.com,dmedeiros@phillipsgarcia.com

- **David J. George**
  dgeorge@lerachlaw.com,e_file_fl@lerachlaw.com

- **Eric A. Lee**
  lee@leeamlaw.com,leeamlawecf@gmail.com,zallen@leeamlaw.com

- **Joan S. Mitrou**
  Joan.Mitrou@wilmerhale.com

- **Carlin J Phillips**
  cphillips@phillipsgarcia.com,info@phillipsgarcia.com,dmedeiros@phillipsgarcia.com

- **John J. Regan**
  john.regan@wilmerhale.com

- **Mark J. Tamblyn**
  mjt@wtwlaw.us

- **Kenneth A. Wexler**
  kaw@wtwlaw.us,ecf@wtwlaw.us,ehs@wtwlaw.us,amn@wtwlaw.us

- **Gabrielle R. Wolohojian**
  gabrielle.wolohojian@wilmerhale.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**C. Nichole Gifford**
Rothwell, Figg, Ernst & Manbeck, P.C.
Suite 800
1425 K Street, N.W.
Washington, DC 20005

**JOINT REPORT RE MEETING OF COUNSEL PURSUANT TO RULES 16 AND 26(f) OF THE FED. R. CIV. P.**

US1DOCS 6369196v1

**Michael L. Greenwald**
Coughlin Stoia Geller Rudman & Robbins LLP
Suite 500
120 E. Palmetto Park Road
Boca Raton, FL 33432

**Steven Lieberman**
Rothwell, Figg, Ernst & Manbeck
1425 K Street, N.W.
Suite 800
Washington, DC 20005

**Mark R. Miller**
Wexler, Toriseva, Wallace
One North LaSalle Street
Suite 2000
Chicago, IL 60602

**Anne M. Sterba**
Rothwell, Figg, Ernst & Manbeck
1425 K Street, N.W.
Suite 800
Washington, DC 20005

**Nathan L. Walker**
Wilmer, Cutler, Pickering, Hale & Dorr
1117 California Ave.
Palo Alto, CA 94304

**Gael Mahony, Esq.**
Holland & Knight
10 St. James Avenue, 11th Floor
Boston, MA 02116

**Dan Hampton, Esq.**
Holland & Knight
10 St. James Avenue, 11th Floor
Boston, MA 02116

**JOINT REPORT RE MEETING OF COUNSEL PURSUANT TO RULES 16 AND 26(f) OF THE FED. R. CIV. P.**

US1DOCS 6369196v1