IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: WEBLOYALTY.COM, INC. MARKETING AND SALES PRACTICES LITIGATION | MDL No. 07-1820<br><br>Lead Case: 06-11620-JLT<br><br>**[PROPOSED] SCHEDULING ORDER** |

AND NOW, this 27th day of September, 2007, it is hereby ORDERED as follows:

**I.    DISCOVERY AND CLASS CERTIFICATION**

    A.    <u>Initial Disclosures</u>

        1.    All information and documents to be exchanged pursuant to Rule 26(a)(1) shall be served on opposing counsel no later than October 11, 2007.

    B.    <u>Fact Discovery and Class Certification Schedule</u>

        1.    All written discovery shall be completed by April 11, 2008.

        2.    All lay witness depositions shall be completed by July 18, 2008.

        3.    Plaintiffs shall file their motion(s) for class certification by August 29, 2008. To the extent Plaintiffs intend to rely upon an expert(s) in connection with their motion(s) for class certification, expert report(s) and related disclosures shall be included with Plaintiffs' motion(s). Plaintiffs shall make such expert(s), if any, available for deposition no later than fourteen (14) days before the deadline to respond to the motion(s).

        4.    Defendants shall file any response(s) in opposition to class certification no

later than forty-five (45) days after the filing of Plaintiffs' motion(s). To the extent Defendants intend to rely upon the testimony of any expert(s), the expert report(s) and related disclosures shall be served with the opposition. Defendants shall make such expert(s) available for deposition no later than ten (10) days before the deadline to file the reply to the opposition.

        5.    Any reply in support of a motion regarding class certification shall be filed no later than twenty-one (21) days after the filing of any opposition regarding class certification.

    C.    <u>Discovery Limitations</u>

        1.    Each side may take up to thirty (30) depositions (including both fact and expert).

        2.    The parties may serve no more than fifty (50) interrogatories per side.

## II. EXPERT DISCOVERY

    A.    Plaintiffs shall serve their expert reports on all issues other than class certification, if any, and related disclosures, no later than sixty (60) days after issuance of a ruling on class certification. Plaintiffs shall make their expert(s) available for deposition no later than thirty (30) days before Defendants must serve their expert reports, if any.

    B.    Defendants shall serve their expert reports on all issues other than class certification, if any, and related disclosures, no later than sixty (60) days after service of Plaintiffs' expert reports and related disclosures. Defendants shall make their expert(s) available for deposition no later than twenty-one (21) days before Plaintiffs must serve their rebuttal expert reports, if any.

    C.    Plaintiffs shall serve any rebuttal expert reports and related disclosures, if any, no later than forty-five (45) days after service of Defendants' expert reports and disclosures. Plaintiffs shall make any rebuttal expert(s) available for deposition no later than fourteen (14)

days after service of their rebuttal expert reports.

### III. MOTIONS FOR SUMMARY JUDGMENT

A. Motions for Summary Judgment shall be filed within thirty (30) days after the close of expert discovery.

B. Any party opposing any motion for summary judgment shall have forty-five (45) days to file an opposition.

C. Any reply brief shall be due within twenty-one (21) days after the filing of the response.

### IV. DESIGNATION OF LEAD PLAINTIFFS' COUNSEL

A. The Court designates Mark J. Tamblyn of Wexler Toriseva Wallace LLP and David J. George of Couglin Stoia Geller Rudman & Robbins LLP as Co-Lead Counsel for the Plaintiffs.

B. Plaintiffs' Co-Lead Counsel shall be generally responsible for coordinating the activities of plaintiffs during pretrial proceedings and shall:

1. Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;

2. Coordinate the initiation and conduct of discovery on behalf of plaintiffs consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(2), and 26(g), including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

3. Conduct settlement negotiations on behalf of plaintiffs, but not enter binding agreements except to the extent expressly authorized;

-4-

4. Delegate specific tasks to other counsel or committees of counsel, as authorized by the court, in a manner to ensure that pretrial preparation for the plaintiffs is conducted efficiently and effectively;

5. Enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

6. Prepare and distribute periodic status reports to the parties;

7. Maintain adequate time and disbursement records covering services as co-lead counsel;

8. Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

9. Perform such other duties as may be incidental to proper coordination of plaintiffs' pretrial activities or authorized by further order of the court.

Dated: _____    ENTERED:

_____
Special Master, Mr. Gael Mahony