# WILMERHALE

October 11, 2007

**Gabrielle R. Wolohojian**

+1 617 526 6167 (t)
+1 617 526 5000 (f)
gabrielle.wolohojian@wilmerhale.com

**By E-mail, First Class Mail, and ECF System**

Gael Mahony, Esq.
Daniel Hampton, Esq.
Holland & Knight LLP
10 St. James Avenue, 11th Floor
Boston, MA 02116

Re: <u>In re WebloyaltyMarketing and Sales Practices Litigation, MDL No. 07-01820 – JLT</u>

Dear Mr. Mahony:

I am writing in response to your request at the scheduling conference on September 20, 2007, that defendants submit a proposal regarding the handling of depositions in these consolidated actions.

In the Joint Report submitted by the parties, defendants proposed that all deposition testimony sought by plaintiffs be taken as Rule 30(b)(6) depositions, and that the total number of depositions be limited to 10 per side.

For the reasons previously explained in the Joint Report and during the scheduling conference, defendants continue to believe that Rule 30(b)(6) depositions of the defendants are the most efficient and sensible way for plaintiffs to obtain the information they seek. However, in order to permit additional depositions to take place upon a showing of need, defendants propose the following:

(1)   During the initial phase, only parties would be deposed, with the defendants being deposed *via* Rule 30(b)(6). At the moment, this would result in between six and nine entities being deposed, with a likelihood of an even greater number of witnesses depending on the scope and number of topics. The uncertainty in the range is a result of plaintiffs' naming in some of the actions multiple e-tailer defendants which are, in fact, related entities or for other reasons may not need to be deposed separately. In any event, there would be at least six Rule 30(b)(6) depositions of defendants and five depositions of the named plaintiffs during this initial phase.

(2)   If, at the conclusion of the initial phase, either side believes that there is additional discovery that they need by way of deposition for purposes of either class certification or summary judgment, then (if the parties cannot agree among themselves) the party seeking discovery could return to you to seek leave to take those additional depositions. Defendants would agree to waive the presumptive 10-deposition limit of the Rules for any depositions that are either agreed-to by the parties or ordered by the Court.

Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, Massachusetts 02109

Baltimore   Beijing   Berlin   Boston   Brussels   London   New York   Oxford   Palo Alto   Waltham   Washington

Dockets.Justia.com

WILMERHALE

Gael Mahony, Esq.
October 11, 2007
Page 2

I hope this addresses your question. If not, however, please let me know and I will endeavor to provide whatever further information you wish.

Sincerely,

Gabrielle R. Wolohojian

cc: David George, Esq. (by email)
    Mark Tamblyn, Esq. (by email)
    John Regan, Esq. (by email)
    Steve Lieberman, Esq. (by email)