IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: WEBLOYALTY.COM, INC. MARKETING AND SALES PRACTICES LITIGATION | Civil Action No. MDL 07-01820<br><br>Lead Case: 06-11620-JLT |

## SCHEDULING ORDER

The parties have been heard by the Special Master, through written submissions and oral argument, on the types and extent of discovery and the scheduling of discovery, class certification issues, and other pretrial matters. The parties have also been heard on the question of appropriate subject matters for discovery. Accordingly, the Special Master enters the following order regarding scheduling and pretrial matters in this case.

## PRETRIAL SCHEDULE

Based upon their differing views of the scope of appropriate discovery, the parties proposed different discovery schedules. The plaintiffs proposed a single discovery period followed by a single round of dispositive motions. The defendants proposed a phased discovery schedule with two rounds of dispositive motions.

Based on the Special Master's ruling regarding the scope of discovery as set forth below, the Special Master orders the following schedule for events in the case:

| Event | Deadline |
|---|---|
| Automatic disclosures | 11/14/07 |
| Amendments to the pleadings | 12/31/07 |
| Joinder of additional parties | 12/31/07 |
| Completion of written discovery | 4/11/08 |

| | |
|---|---|
| Completion of lay witness depositions | 7/18/08 |
| Plaintiffs' motion for class certification | 8/29/08 |
| Plaintiffs' class certification expert disclosures | With motion for class certification |
| Plaintiffs' class certification expert depositions | 9/30/08 |
| Defendants' response to class certification motion | 10/13/08 |
| Defendants' class certification expert disclosures | With response to class certification motion |
| Defendants' class certification expert depositions | 10/24/08 |
| Plaintiffs' reply on class certification | 11/3/08 |
| Expert reports on non-class issues for parties bearing the burden of proof | 60 days following ruling on motion for class certification |
| Expert depositions for non-class issues for parties bearing the burden of proof | 90 days following ruling on motion for class certification |
| Expert responsive reports on non-class issues | 120 days following ruling on motion for class certification |
| Expert depositions for responsive experts | 140 days following ruling on motion for class certification |
| Rebuttal reports | 160 days following ruling on motion for class certification |
| Rebuttal depositions and close of expert discovery | 180 days following ruling on motion for class certification |
| Summary judgment motions | 45 days after close of expert discovery |
| Summary judgment oppositions | 45 days after summary judgment motions |
| Summary judgment replies | 14 days after summary judgment oppositions |
| Pretrial conference | To be scheduled after decisions on dispositive motions |

By agreement of the parties, the following additional deadlines shall apply to the case of *DeDomenico v. Webloyalty.com, Inc., et al.,* C.A. No. 07-11696-JLT, filed in the District of Massachusetts:

1. Plaintiffs shall file their Second Amended Complaint by November 9, 2007;

2. Defendants shall file their Answer to Plaintiffs' Second Amended Complaint by November 27, 2007;

3. Initial mandatory disclosures shall be made by the new defendants by December 11, 2007.

## DISCOVERY EVENT LIMITATIONS

Each side shall be allowed fifty (50) interrogatories, including subparts.

Each side shall be allowed fifteen (15) depositions. Each 30(b)(6) deposition directed at an entity shall count as one deposition regardless of the number of topics on which examination is sought.

## SCOPE OF DISCOVERY

The parties presented very different proposals with respect to the scope of appropriate discovery. In order to minimize future discovery disputes, the parties are hereby informed of what the ground rules for discovery subject matter will be, subject to change only for good cause shown. These ground rules are intended as a guideline, and not an endorsement of any particular document production request, interrogatory, or category for 30(b)(6) deposition. Because the defendants' proposed subjects for discovery are subsumed within the plaintiffs' proposed subjects for discovery, these ground rules are directed to the plaintiffs' proposed subjects for discovery. Two threshold issues, discovery as to current non-defendant e-tailers and discovery as to former e-tailers, are central to the dispute, so the ruling on those issues is set forth first.

Discovery as to current Webloyalty e-tailers who are not defendants in the case shall not be allowed absent a particularized showing of good cause based on the discovery obtained from other sources. Discovery as to Webloyalty itself shall not be so limited. In other words, in the first instance, information regarding relevant communications between non-defendant Webloyalty e-tailers and Webloyalty may be obtained from Webloyalty itself.

Discovery as to former Webloyalty e-tailers shall not be allowed absent a particularized showing of good cause based upon the discovery obtained from other sources. Discovery as to Webloyalty itself shall not be so limited. In other words, in the first instance, information regarding relevant communications between former Webloyalty e-tailers and Webloyalty may be obtained from Webloyalty itself.

With respect to plaintiffs' category 1, details of the transaction, defendants have agreed to produce the transaction record showing the process of enrollment for consumers who signed up through defendant e-tailers enrolled in a Webloyalty program, and to produce 30(b)(6) designees to explain the enrollment system. To the extent that this discovery shows that different processes for other e-tailers are relevant to the claims or defenses in this case, the parties can revisit the question of discovery as to other e-tailers.

With respect to plaintiffs' categories 2 and 3, customer complaints and customer membership information respectively, defendants shall produce all written communications, customer complaints, cancellations, and related communications for Webloyalty customers who joined through one of the four e-tailer defendants, including but not limited to CSAT (customer service tool) reports. Plaintiffs shall be allowed discovery from third party "watchdog" groups as an initial matter only with respect to complaints from customers who joined Webloyalty through one of the four named-defendant e-tailers.

With respect to plaintiffs' categories 4, 5, and 6, financial data, relationship between Webloyalty and e-tailers, and information regarding products and services offered through Webloyalty's membership programs respectively, at the outset of discovery, information regarding these categories is relevant for initial discovery with respect to Webloyalty's relationships with the four defendant e-tailers and customers who joined Webloyalty programs through one of the four defendant e-tailers.

With respect to plaintiffs' category 7, Webloyalty employee training and marketing materials, discovery into defendants' training and marketing materials with respect to customer complaints shall be discoverable.

With respect to plaintiffs' category 8, information regarding government investigations and pending lawsuits, the defendants have represented that the only lawsuits against the defendants related to the subject matter of this MDL are the pending suits by the plaintiffs (with the addition of one case in which all parties are represented by counsel to the MDL parties and which the parties anticipate may be added to the MDL). To the extent that additional lawsuits related to the subject matter of this MDL arise after the defendants' representation not prosecuted by counsel for plaintiffs, or there are investigations, defendants shall promptly disclose that fact and discovery in this category may proceed.

With respect to plaintiffs' category 9, decision-making regarding membership programs by executives, to the extent that this category is properly subject to discovery, it has been subsumed within the rulings on other categories and will not be subject to discovery as a separate category.

With respect to plaintiffs' category 10, customer marketing and/or advertising studies, surveys, analyses, forecasting reports and underlying documents, this material properly subject to discovery.

With respect to plaintiffs' category 11, defendants' insurance coverage, discovery in this category will be by automatic disclosure under Fed. R. Civ. P. 26(a)(1)(D).

With respect to plaintiffs' category 12, defendants' document retention policies, the parties have agreed to proceed on this topic by way of a Rule 30(b)(6) deposition.

With respect to plaintiffs' category 13, agreements, contracts, or terms and conditions between customers and defendants, the parties have agreed that this is an appropriate subject for discovery.

With respect to plaintiffs' category 14, defendants' information technology systems and electronic data, the parties have agreed to proceed on this topic by way of a Rule 30(b)(6) deposition.

These guidelines, by their nature, cannot be wholly comprehensive of all possible discovery disputes between the parties, whether limited to the scope of discovery or otherwise. By setting forth these guidelines, the special master does not intend to preclude the presentation by the parties of any specific discovery dispute that they are not able to resolve on their own. For example, the parties in their submissions have not explicitly addressed the subject of the proper time period that discovery should cover. Should the parties be unable to agree on a time period for discovery, they should submit their positions and rationale to the special master for determination.

**DESIGNATION OF LEAD PLAINTIFFS' COUNSEL**

At the request of the plaintiffs, with the assent of defendants, Mark J. Tamblyn of Wexler Toriseva Wallace LLP and David J. George of Coughlin Stoia Geller Rudman & Robbins LLP are designated as Co-Lead Counsel for the plaintiffs. Plaintiffs' Co-Lead Counsel shall be generally responsible for coordinating the activities of plaintiffs during pretrial proceedings and shall:

1. Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by designee) to the court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;

2. Coordinate the initiation and conduct of discovery on behalf of plaintiffs consistent with the requirements of Fed. R. Civ. P. 26, including the preparation of joint interrogatories and requests for production of documents ant the examination of witnesses in depositions;

3. Conduct settlement negotiations on behalf of plaintiffs, but not enter binding agreements except to the extent expressly authorized;

4. Delegate specific tasks to other counsel or committees of counsel, as authorized by the court, in a manner to ensure that pretrial preparation for the plaintiffs is conducted efficiently and effectively;

5. Enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

6. Prepare and distribute periodic status reports to the parties;

7. Maintain adequate time and disbursement records covering services as co-lead counsel;

8. Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

9. Perform such other duties as may be incidental to proper coordination of plaintiffs' pretrial activities or authorized by further order of the court.

Any action later instituted in, removed to, or transferred to this Court (including cases transferred for pretrial purposes under 28 U.S.C. section 1407), and which is related under Local Rule 40.1(G), shall be automatically subject to this section.

### OTHER MATTERS

The parties are ordered to provide monthly reports during the discovery period to advise the special master as to the status of discovery and any disputes that have arisen between the parties. These reports should be joint reports, to the extent that the parties can agree, but may contain separate statements as to each side's position to the extent necessary. The report should be submitted an the 15th of each month (or the first business day thereafter), with the first such report due December 17, 2007, to give the parties an opportunity to serve initial discovery requests.

Should the parties desire a telephone conference with the special master regarding any matter, they may call Linda Tropeano at (617) 305-2058 or Dan Hampton at (617) 573-5886 to determine whether the special master is available for an immediate conference or to set up a time for such a conference.

To the extent that additional cases are consolidated within the current MDL case, the parties are directed, when any case is so added, to file within one week of the addition a report

detailing any changes to the existing discovery schedule that they request be made as a result of the addition. The special master will rule on such requests promptly thereafter.

SO ORDERED

Dated: October __, 2007

Gael Mahony, Special Master

# 4879694_v2

US1DOCS 6432283v2