UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE WEBLOYALTY.COM, INC.
MARKETING AND SALES PRACTICES
LITIGATION

MDL No. 07-01820 - JLT
Lead Case: 06-11620-JLT

[REVISED ~~PROPOSED~~] FINAL JUDGMENT AND
ORDER OF DISMISSAL WITH PREJUDICE

WHEREAS, a consolidated class action is pending in this Court against Defendants, and styled *In re Webloyalty.com, Inc. Marketing and Sales Practices Litigation*, Civil Action No. 07-01820-JLT (the "Litigation"); and

WHEREAS, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and by Order dated February 24, 2009, this Court certified the Action, for settlement purposes only, to proceed as a class action, with attorneys David A. George from the law firm of Coughlin Stoia, Geller, Rudman & Robbins LLP and Mark J. Tamblyn from the law firm of Wexler Wallace LLP to serve as Co-Lead Class Counsel, and with Settlement Class Representatives Joe Kuefler, Kim Crouse, Monica Staaf, Alcides Melo, and Paula DeDomenico appointed as Class Plaintiffs ("Class Plaintiffs");

WHEREAS, on January 29, 2009, the Parties submitted a proposed Stipulation of Settlement (the "January 29th Stipulation"), which they amended by motion on June 23, 2009 (the "Amendment") in order to provide additional settlement benefits to the Class (collectively, the January 29th Stipulation, as modified by the Amendment, is hereinafter referred to as the "Stipulation");

WHEREAS, this matter came before the Court for a Fairness Hearing pursuant to the Preliminary Approval Order of this Court dated February 24, 2009 on the application of the Parties for approval of the Settlement set forth in the Stipulation; and

WHEREAS, due and adequate notice having been given to the Settlement Class as required by the Stipulation and the Preliminary Approval Order entered by this Court on February 29, 2009, and the Court having considered all papers filed and proceedings had herein to be proper and good cause appearing to enter a Final Judgment and Order of Dismissal;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Order and Final Judgment incorporates by reference the definitions in the Stipulation and all terms used herein shall have the same meaning as set forth in the Stipulation.

2. The Court has jurisdiction over the subject-matter of the Litigation, and over all parties to the Litigation, including all Members of the Settlement Class.

3. Based on the record before the Court, including all submissions in support of the Stipulation, objections and responses thereto, as well as the terms set forth in the Stipulation, this Court finds that the applicable requirements of Federal Rule of Civil Procedure 23 have been satisfied with respect to the Settlement Class and the proposed settlement. The Settlement Class is certified under the applicable provisions of Federal Rule of Civil Procedure Rule 23(a) and 23(b)(3). Specifically, this Court finds that, with regard to the proposed settlement class, Rule 23(a) is satisfied in that (1) the Settlement Class, as defined below, is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to members of the Settlement Class; (3) Plaintiffs' claims are typical of the claims of members of the Settlement Class; and (4) Co-Lead Counsel and class representatives have fairly and adequately protected the interests of the Settlement Class.[1] Furthermore, with regard to the proposed Settlement Class, Rule 23(b)(3) is satisfied in that issues of law and fact that are common to the Class

---

[1] The Court notes that because certification is for settlement purposes only, and not for litigation purposes, the Court need not consider whether the case, if tried, would present intractable manageability problems.

EXHIBIT G TO AMENDMENT TO JANUARY 29TH STIPULATION OF SETTLEMENT

predominate over those affecting individual Class members and a class action is the superior method to adjudicate these claims. The litigation is permanently certified as a class action on behalf of the following persons (the "Settlement Class"):

> All consumers who enrolled in or were members of WLI's Reservation Rewards, Shoppers Discounts & Rewards, Member Specials, Buyer Assurance, Classmates Rewards, Distinctive Privileges, , PC Protection Plus, Travel Value, Travel Values Plus, and/or Wallet Shield program from September 11, 2000 through September 30, 2008.
>
> Excluded from the Settlement Class are (1) those consumers who both were residents in the United Kingdom and enrolled in a Webloyalty International, Ltd. program; (2) those consumers who received a complimentary Program membership; and (3) those WLI employees who were members of a Program for purposes of fulfilling their job functions.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Notice given to the Members of the Settlement Class (a) constituted the best practicable notice under the circumstances; (b) was reasonably calculated under the circumstances to apprise persons falling within the Settlement Class of the terms of the proposed Settlement, and their right to exclude themselves from, or comment in support of or in opposition to the proposed Settlement; (c) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (d) met all applicable requirements of due process and Massachusetts and federal law.

5. A full opportunity was afforded to the Settlement Class members to comment on, Opt Out and/or object to the Settlement, notice and claims procedure. The Court has been advised of all objections to the Settlement, and has given due consideration to such objections. Each of the objections is overruled [for the reasons stated in Plaintiffs' memoranda] [for the reasons stated in open Court].

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Stipulation, and the Settlement described therein, is, in all respects, fair, reasonable, and adequate as to the Members of the Settlement Class and each of the Parties.

7. The Settlement is the product of good faith, arm's length negotiations between the Parties and their counsel.

8. The Stipulation, and the Settlement described therein, is hereby finally approved in all respects, and the Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

9. The Defendants are directed to make available to the Settlement Class Members all relief set forth in the Stipulation, in accordance with the terms set forth therein. The Court finds the relief set forth in the Stipulation to be fair, reasonable, and adequate.

10. The process for claims administration, as set forth in the Stipulation, is approved as fair and reasonable, and the Parties, their counsel, and the Settlement Administrator are directed to administer that process in accordance with the terms and provisions of the Stipulation.

11. The Litigation and all Released Claims therein are hereby dismissed with prejudice as to all Defendants and Released Parties.

12. Members of the Settlement Class and their respective predecessors, affiliates, heirs, agents, executors, administrators, attorneys, successors and assigns, and any persons they represent, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any of the Released Claims (as that term is

defined in the Stipulation) against any of the Defendants and/or Released Parties. On behalf of Class Plaintiffs and each Settlement Class Member (other than those listed on Exhibit 1 hereto who have validly excluded themselves from this Litigation), the Released Claims are hereby compromised, settled, released, discharged and dismissed as against the Defendants and/or Released Parties on the merits and with prejudice, as set forth in the Stipulation, by virtue of the proceedings herein and this Judgment.

13. Released Claims shall not include any claim against any person that is not a Released Party, any claim arising out of the Stipulation, and any claim between a Settlement Class Member and any Released Party that is unrelated to the Released Claims, including any product liability, personal physical injury or intellectual property claim.

14. The Defendants, and each of their successors and assigns, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all claims relating to the institution or prosecution of the Litigation (the "Settled Defendants' Claims") against any of the Class Plaintiffs, Settlement Class Members or their attorneys. The Settled Defendants' Claims are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Judgment.

15. Neither this Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, shall be:

(a) offered or received against the Defendants and/or Released Parties as evidence of, or construed as or deemed to be evidence of, any presumption, concession,

or admission by the Defendants and/or Released Parties with respect to the truth of any fact alleged by Class Plaintiffs or the validity of any claim that was or could have been asserted in the Class Action or in any litigation or other proceeding, or the deficiency of any defense that has been or could have been asserted in the Class Action or in any litigation or other proceeding, or of any liability, negligence, fault, or wrongdoing of the Defendants and/or Released Parties;

(b) offered or received against the Settling Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or document written, signed, approved or made by them or against the Class Plaintiffs and the Settlement Class Members as evidence of any infirmity in the claims of Class Plaintiffs and the Settlement Class Members;

(c) offered or received against the Defendants, the Released Parties or against the Class Plaintiffs and the Settlement Class Members as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Defendants and/or Released Parties may refer to the Stipulation to effectuate the liability protection granted them thereunder;

(d) construed against the Defendants, the Released Parties, or the Class Plaintiffs and the Settlement Class Members as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

EXHIBIT G TO AMENDMENT TO JANUARY 29TH STIPULATION OF SETTLEMENT

(e)  construed as or received in evidence as an admission, concession or presumption against Class Plaintiffs or the Settlement Class Members that any of their claims are without merit, or that damages recoverable pursuant to the Complaint would not have exceeded the amount paid by the Defendants in settlement.

16. The Court hereby awards Co-Lead Class Counsel attorneys' fees and the reimbursement of expenses in the total amount of $2.7 MILLION. The Court finds that this sum is fair and reasonable and that the request therefore is supported by the relevant factors, which have been considered by the Court. Payment of attorneys' fees and the reimbursement of expenses shall be made at the time and in the manner provided in the Stipulation, and shall be allocated in the discretion of Co-Lead Counsel

17. The Court hereby awards each of the Settlement Class Representative a cash payment in the amount of $2,000. Payment to the Settlement Class Representatives shall be made at the time and in the manner provided in the Stipulation.

18. The Court finds that all Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

19. Without affecting the finality of this judgment in any way, this Court hereby retains continuing jurisdiction over (a) the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order and Final Judgment; (b) any dispute over attorneys' fees or expenses sought in connection with the Litigation or the Settlement; and (c) determination whether, in the event an appeal is taken from any aspect of the Judgment approving the Settlement or any award of attorneys' fees, notice shall be given under Federal Rule of Civil Procedure 23(d), at the appellant's expense, to some or all Members of the

Settlement Class apprising them of the pendency of the appeal and such other matters as the Court may order.

20. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided for in the Stipulation and shall be vacated, and, in such event, the parties are deemed to have reverted to their respective status in the Litigation as of the date of the Stipulation.

21. There is no reason for delay in the entry of this Final Judgment and Order of Dismissal with Prejudice, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SIGNED this __13__ day of __July__ 2009.

JOSEPH L. TAURO
UNITED STATES DISTRICT JUDGE

EXHIBIT G TO AMENDMENT TO JANUARY 29TH STIPULATION OF SETTLEMENT